No. 25-1399

# United States Court of Appeals for the Federal Circuit

---

NATIONAL ORGANIZATION OF VETERANS' ADVOCATES, INC.,
DEREK DEBUS, AND WESLEY A. MCCAULEY

*Petitioners,*

v.

SECRETARY OF VETERANS AFFAIRS,

*Respondent.*

---

## AMENDED PETITION FOR REVIEW

---

Roman Martinez
Christine C. Smith
Timothy Borgerson
LATHAM & WATKINS LLP
555 Eleventh Street, NW
Suite 1000
Washington, DC 20004
(202) 637-2200
roman.martinez@lw.com

January 30, 2025                    *Counsel for Petitioners*

## I. INTRODUCTION

The National Organization of Veterans' Advocates ("NOVA"), Derek Debus, and Wesley A. McCauley (collectively, "Petitioners") hereby petition this Court pursuant to 38 U.S.C. § 502 and Federal Circuit Rule 15(f) to review two final rules adopted by the Department of Veterans Affairs ("VA"). The first was published in the Federal Register at 57 Fed. Reg. 4088-01 on February 3, 1992 (Ex. A), was originally codified at 38 C.F.R. § 20.609(h)(1)(iii) (1992), and is now codified at 38 C.F.R. § 14.636(h)(1)(iii). The second was published in VA's Appeals and Reviews Manual M21-5 ("Manual"), Chapter 8, Section B(2)(i), on December 22, 2023 (Ex. B).

"[R]ecognizing the importance of retaining legal counsel in both judicial proceedings and administrative appeals," Congress has provided that veterans may hire paid counsel to assist with many aspects of the benefits claims process. *Mil.-Veterans Advoc. v. Sec'y of Veterans Affs. (MVA)*, 7 F.4th 1110, 1135 (Fed. Cir. 2021). The claims process is "very complex and can be very overwhelming" to many veterans. *Id.* at 1136 (quoting 152 Cong. Rec. H8995-02, at H9018 (daily ed. Dec. 8, 2006) (statement of Rep. Jeff Miller)). Paid representation—whether through

a VA-accredited attorney or agent—can make a significant difference to veterans in both their overall success rate and the amount of benefits they receive. *Cf.* Board of Veterans' Appeals, *Annual Report Fiscal Year (FY) 2023* at 53 (2023) (showing 13.1% benefits denial rate for veterans represented by an attorney compared to 21.6% for veterans with no representation).[1]

To encourage fair and efficient representation, federal law and regulations permit attorneys and agents to represent veterans on a contingency-fee basis, subject to guardrails. Such fee arrangements apply only to past-due benefits, and "the total fee payable to the agent or attorney may not exceed 20 percent of the total amount of any past-due benefits awarded." 38 U.S.C. § 5904(d)(1); *see also id.* § 5904(d)(3). This arrangement ensures veterans have the opportunity to hire experienced counsel and incentivizes that counsel to obtain the greatest possible benefit for the veteran, while also protecting veterans from owing fees if their counsel is not successful in increasing their disability benefits award.

---

[1] https://www.bva.va.gov/docs/Chairmans_Annual_Rpts/bva2023ar.pdf.

Despite Congress's recognition of the importance of representation in benefits cases, VA has repeatedly undermined veterans' access to representation by limiting contingency fees to a percentage of the cash payment a veteran *receives* rather than a percentage of the past-due benefit *awarded* (as required by Section § 5904(d)). *See, e.g.*, 38 C.F.R. § 14.636(h)(1)(iii); *Rosinski v. Wilkie*, 32 Vet. App. 264, 267-76 (2020); *Jackson v. McDonald*, 635 F. App'x 858, 860-64 (Fed. Cir. 2015); *Snyder v. Nicholson*, 489 F.3d 1213, 1215-20 (Fed. Cir. 2007).[2] This has the effect of limiting—or even zeroing out—the fee an attorney or agent would otherwise be entitled to receive.

An award of past-due benefits may not translate directly into a cash payment to the veteran for several reasons. For instance, federal law caps the amount of money that may be paid to incarcerated veterans. *See* 38 U.S.C. § 5313(a)(1). Federal law also prohibits veterans from

---

[2] This is just one part of VA's broader refusal to follow Congress's commands and to permit veterans to hire paid counsel. *See, e.g.*, *MVA*, 7 F.4th at 1135-41 (invalidating VA regulation prohibiting veterans from hiring paid counsel to assist with certain supplemental claims); Pet. for Review, *Nat'l Org. of Veterans' Advocs., Inc. v. Sec'y of Veterans Affs.*, No. 24-1530 (Fed. Cir. Mar. 1, 2024), Dkt. No. 1-2 (petition for review challenging VA rules prohibiting veterans from hiring paid counsel to assist with other supplemental claims).

receiving both military retirement pay and disability benefits if their disability rating is less than 50%.  *See* 10 U.S.C. § 1414; 38 U.S.C. § 5304.  And as most relevant here, federal law permits VA to withhold payments when a veteran has an outstanding debt to the United States.  *See* 38 U.S.C. § 5314(a)(1).  A veteran may have a debt to the United States if, for example, he was unable to make the required co-pay for his medical services, or if VA previously paid him or his school more than what he was entitled by mistake.  *See, e.g.*, Dep't of Veterans Affs., *VA Debt Management*, https://www.va.gov/resources/va-debt-management (last updated Mar. 27, 2024).  When that happens, VA will generally withhold some or all of the veteran's benefits until the debt is paid off.

Although VA has long had a regulation preventing attorneys and agents from receiving fees out of past-due benefits when those benefits do not result in a cash payment to the veteran, VA did not generally enforce that regulation against representatives of veterans with outstanding debts.  But in December 2023, VA changed the Manual to provide that "direct payment of fees under 38 U.S.C. § 5904(d) would be based on the amount available *after* [a veteran's] indebtedness [has been] satisfied," rather than the amount of past-due benefits awarded to the

veteran as provided in Section 5904(d). Ex. B § 8.B.2.i (emphasis added); *see also* December 2023 Key Changes Redline § 8.B.2.i (Ex. C). Following that change, VA began denying direct payment of fees based on past-due benefits to attorneys and agents who successfully represented veterans with debts to the United States when those debts exceeded the amount of past-due benefits awarded.

NOVA and its members, including Mr. Debus and Mr. McCauley, have been directly injured by this change in agency practice. Mr. Debus and Mr. McCauley have both been denied direct payment of fees, which prior to VA's change of the Manual, they would have been granted. *See* Derek Debus Decl. ¶ 7 (Ex. D); Wesley McCauley Decl. ¶ 6 (Ex. E). Because the challenged Manual provision and underlying regulation are directly contrary to the governing law and this Court's decisions, Petitioners petition this Court to set aside both rules as "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" and as "in excess of [VA]'s statutory jurisdiction." 5 U.S.C. § 706(2)(A), (C).

## II. JURISDICTION

This Court has jurisdiction over this petition for review pursuant to 38 U.S.C. § 502. Section 502 provides this Court with exclusive jurisdiction to review direct challenges to actions taken by VA "to which section 552(a)(1) or 553 of title 5 (or both) refers." 38 U.S.C. § 502. The challenged regulation is a notice-and-comment rule governed by Section 553, and the challenged Manual provision is an interpretive rule governed by Section 552(a)(1). *See Nat'l Org. of Veterans' Advocs., Inc. v. Sec'y of Veterans Affs.* (*NOVA*), 981 F.3d 1360, 1372-83 (Fed. Cir. 2020) (en banc).

This petition for review is timely under the relevant six-year statute of limitations because the challenged Manual provision was issued in December 2023. *See* 28 U.S.C. § 2401(a); Fed. Cir. R. 15(f)(1); *NOVA*, 981 F.3d at 1383-86. Although the challenged regulation was issued more than six years ago, VA had not previously enforced it against Mr. Debus and Mr. McCauley, who were first impacted by the regulation after VA changed its Manual in December 2023. *See* Ex. D ¶¶ 4-7; Ex. E ¶¶ 4-10. Under the Supreme Court's recent decision in *Corner Post, Inc. v. Board of Governors of the Federal Reserve System*, that renders their

challenge timely.  603 U.S. 799, 825 (2024) ("An APA claim does not accrue for purposes of § 2401(a)'s 6-year statute of limitations until the plaintiff is injured by final agency action.").  And because NOVA's associational standing is derivative of its members' injuries, Mr. Debus's and Mr. McCauley's recent injures render NOVA's challenge timely too. *See MVA*, 7 F.4th at 1123-28.

## III.  PARTIES ADVERSELY AFFECTED

NOVA, Mr. Debus, and Mr. McCauley are all adversely affected by the final rules and have standing to bring this challenge.  As described in further detail below, NOVA is a national, not-for-profit organization of attorneys and agents who act as advocates for veterans seeking disability benefits.  Mr. Debus is a VA-accredited attorney who routinely represents veterans seeking disability benefits, and Mr. McCauley is a VA-accredited agent who does the same.

Mr. Debus and Mr. McCauley have standing because the challenged regulation and Manual provision "directly affect[] [their] fees—by restricting fees for work performed" on certain claims.  *MVA*, 7 F.4th at 1128 (finding standing to challenge fee restriction).  "[T]o establish standing, a plaintiff must show (i) that he suffered an injury in fact that

is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021). Here, Mr. Debus and Mr. McCauley have suffered a concrete, particularized, and actual injury through VA's denial of fees as a result of its new Manual provision. *See* Ex. D ¶¶ 4-7; Ex. E ¶¶ 4-10. Indeed, Mr. McCauley was recently denied fees for representing a client who has long had a debt to the United States, even though Mr. McCauley previously received fees for representing that same client. *See* Ex. E ¶¶ 4-6. Worse still, Mr. McCauley has even had an initial grant of fees be *reversed* when VA subsequently determined that his client had an outstanding debt. *See id.* ¶¶ 7-10. If this Court were to vacate the challenged regulation and Manual provision, Mr. Debus's and Mr. McCauley's harms would be redressed. *See, e.g.*, *MVA*, 7 F.4th at 1128.

NOVA also has associational standing to bring this petition. To establish associational standing, an association must demonstrate that "(a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested

requires the participation of individual members in the lawsuit." *NOVA*, 981 F.3d at 1368 (quoting *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 343 (1977)). NOVA satisfies all three requirements. *See MVA*, 7 F.4th at 1128 (concluding veterans' service organization had standing to challenge fee restriction).

First, many of NOVA's members would themselves have standing. VA has relied on the Manual provision to deny fees to several NOVA members, including Mr. Debus and Mr. McCauley. *See* Ex. D ¶¶ 4-7; Ex. E ¶¶ 4-10; Diane Boyd Rauber Decl. ¶ 9 (Ex. F); *supra* at 7-8.

Second, this petition for review is germane to NOVA's purpose. As noted above, NOVA is a not-for-profit organization of attorneys and agents who act as advocates for disabled veterans. NOVA's purpose is to "aid veterans in obtaining benefits," *NOVA*, 981 F.3d at 1371, including by "provid[ing] support ... for the private bar representing veterans" and "develop[ing] and encourag[ing] high standards of service and representation," Nat'l Org. of Veterans' Advocates, *Mission Statement*, https://www.vetadvocates.org/cpages/mission-statement-2 (last visited Jan. 28, 2025); *see also* Ex. F ¶ 5; NOVA's Bylaws (Ex. F-1). This petition aligns with those goals because it seeks to support the veterans bar and

to ensure veterans continue to be able to hire private counsel, even when they have outstanding debts.

Third, the challenges to the final rules do not require the participation of NOVA's individual members. This petition for review presents a pure question of law: whether VA's promulgation of each rule was legally valid under the standards set forth in the Administrative Procedure Act. The resolution of that question does not require any individualized proof. *See MVA*, 7 F.4th at 1123.

## IV. FINAL RULES THAT REQUIRE THIS COURT'S REVIEW

The challenged regulation and Manual provision are inconsistent with the governing law and are arbitrary and capricious.

The Federal Circuit has repeatedly construed 38 U.S.C. § 5904(d)(1) to require payment as a percentage of the total amount of past-due benefits awarded, not the total cash payment to the veteran. As the Federal Circuit has explained, "the 'total amount of any past-due benefits awarded'" means "the sum of each month's unpaid compensation—as determined by the [veteran's] disability rating— beginning on the effective date and continuing through the date of the award." *Snyder*, 489 F.3d at 1218; *see also id.* at 1219 ("The word 'award'

is clear and unambiguous, and in the parlance of veterans' benefits it means the amount stated as the award for success in pursuit of a claim for benefits."). As the Court has further explained, "awarded compensation" is not always the same as "payable compensation." *Id.* at 1218. A veteran may be awarded past-due benefits but still not receive a cash payment due to, for instance, her incarceration or her receipt of military retirement benefits. *See id.*; *see Rosinski*, 32 Vet. App. at 265. Nevertheless, attorney's fees are calculated as a percentage of the past-due benefits awarded, not the cash payment the veteran receives. *Snyder*, 489 F.3d at 1219. Time and again, this Court has "rejected" VA's contrary "interpretation that the amount of an 'award,' as used in § 5904, depend[s] on 'the amount actually payable' to the veteran." *Jackson*, 635 F. App'x at 861 (citation omitted).

In the challenged regulation and Manual provision, VA once again seeks to limit attorney's and agent's fees based on whether the veteran has received a cash payment or not—this time, due to an outstanding debt. But again, the law and this Court's precedent is clear: "[N]othing in the statute requires . . . that money actually be paid out." *Id.* at 862.

In revising the Manual to deny fees when a veteran has an outstanding debt, VA cited to VA Office of General Counsel (OGC) Precedent 12-93, which states that direct payment of fees is limited to a percentage of the amount available after a veteran's indebtedness is satisfied. *See* Ex. B § 8.B.2.i; *see also* VA OGC, O.G.C. Precedent 12-93 (Dec. 21, 1993) ("Op. 12-93").[3] But that OGC opinion does not justify the challenged rules for several reasons.

First, the OGC opinion was issued in December 1993—more than ten years before this Court's decision in *Snyder*. Thus, the OGC opinion lacks the benefit of this Court's analysis of the governing statute in *Snyder* and follow-on cases. VA has never explained how its new Manual provision is consistent with that precedent.

Second, the main rationale of the OGC opinion was that the challenged regulation (then codified at 38 C.F.R. § 20.609(h)(1)(iii) (1992)) required VA to deny direct payment of fees when the veteran had a debt that exceeded those fees. But again, the validity of that regulation has been called into question by this Court's decision in *Snyder*. *See, e.g.*, *Snyder*, 489 F.3d at 1219-20 & n.2 (questioning the regulation but

_____

[3] https://www.va.gov/ogc/docs/1993/PRC12-93.pdf.

"leav[ing] unanswered the question of [its] validity" because it was "not properly before" the Court).

Finally, the OGC opinion reasoned that contingency-fee agreements operate as assignments, and therefore, an attorney or agent could have no greater right to a cash payment than the veteran. *See* Op. 12-93 at 6-7. But even assuming that is the correct analogy, the assignment is with respect to the past-due benefits awarded, not the veteran's cash payment. Thus, the attorney or agent has a right to 20% of the benefits awarded *before* those benefits are garnished by VA to offset the veteran's existing debt. This rationale likewise provides no justification for the challenged rules.

## V. CONCLUSION

For all of these reasons, NOVA and its members, including Mr. Debus and Mr. McCauley, are adversely affected by the unlawful final rules challenged above, and respectfully petition this Court to set aside both rules as "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" and "in excess of [VA]'s statutory jurisdiction." 5 U.S.C. § 706(2)(A), (C).

Dated: January 30, 2025

Respectfully submitted,

 /s/ Roman Martinez
Roman Martinez
Christine C. Smith
Timothy Borgerson
LATHAM & WATKINS LLP
555 Eleventh Street, NW
Suite 1000
Washington, DC 20004
(202) 637-2200
roman.martinez@lw.com

*Counsel for Petitioners*

## CERTIFICATE OF SERVICE

I hereby certify that on January 30, 2025, I caused a copy of the

foregoing Petition for Review to be served by CM/ECF upon the following:

> Director, Commercial Litigation Branch, Civil Division, U.S.
> Department of Justice
> United States Department of Justice
> Commercial Litigation Branch, Civil Division
> PO Box 480
> Ben Franklin Station
> Washington, DC 20044
> Email: c-natcourts.appeals@usdoj.gov


*/s/ Roman Martinez*
Roman Martinez

**EXHIBITS**

**TABLE OF CONTENTS**

| EXHIBIT | DESCRIPTION |
|---------|-------------|
| A | 57 Fed. Reg. 4088-01 (Feb. 3, 1992) (originally codified at 38 C.F.R. § 20.609(h)(1)(iii) (1992) and now codified at 38 C.F.R. § 14.636(h)(1)(iii)) |
| B | VA's Appeals and Reviews Manual M21-5, Chapter 8, Section B (last updated Nov. 19, 2024) |
| C | December 2023 Key Changes Redline |
| D | Declaration of Derek Debus, with Exhibit D-1 (Jan. 27, 2025) |
| E | Declaration of Wesley A. McCauley, with Exhibits E-1 to E-5 (Jan. 24, 2025) |
| F | Declaration of Diane Boyd Rauber, with Exhibit F-1 (Jan. 27, 2025) |

# EXHIBIT A

## DEPARTMENT OF VETERANS AFFAIRS

**38 CFR Parts 14, 19, and 20**

**RIN 2900-AE02**

## Appeals Regulations; Rules of Practice

**AGENCY:** Department of Veterans Affairs.

**ACTION:** Final regulations.

**SUMMARY:** The Department of Veterans Affairs (VA) is issuing final regulatory amendments revising the Board of Veterans' Appeals' (BVA) Appeals Regulations and Rules of Practice governing appeals practices and procedures within VA. Conforming amendments have also been made to other related VA regulations. The effect of these amendments will be to revise and update these regulations to reflect current law and practices and to provide information needed by individuals who wish to appeal decisions made by VA adjudicatory bodies to the BVA. The revisions are necessary in order to provide appellate procedures which conform to current law and to inform the public about those procedures.

**EFFECTIVE DATE:** These rules are effective March 4, 1992.

**FOR FURTHER INFORMATION CONTACT:** Mr. Steven L. Keller, Counsel to the Chairman (01C), Board of Veterans' Appeals, 810 Vermont Avenue NW., Washington, DC 20420 (202) 233-2978.

**SUPPLEMENTARY INFORMATION:** On August 18, 1989, VA published in the **Federal Register** (54 FR 34334) a notice proposing amendment of part 19 and the addition of part 20 of title 38, Code of Federal Regulations, to update the Appeals Regulations and Rules of Practice of the Board of Veterans' Appeals. Conforming revisions to part 14 were also proposed.

VA received ten comments on the proposed regulations—four from service organizations, two from legal services organizations allied with a service organization, two from Members of the Board of Veterans' Appeals, one from a VA employee, and one from a private attorney-at-law.

Some commenters have referred to various sections of the Veterans' Judicial Review Act (Pub. L. 100-687). In the remarks which follow, provisions of the Act which have been codified will be referred to by their section numbers in title 38, United States Code (as amended by Pub. L. 100-687), rather than by section numbers of the Act. All references to section numbers in title 38, United States Code, throughout this document have been revised to reflect

the renumbering accomplished by recent legislation.

There were several general comments, in addition to specific comments concerning individual amendments.

One commenter objected to moving the cross-references from individual sections, where they are currently located, to appendices to parts 19 and 20—asserting that this format was less helpful to the user of the regulations. VA agrees that this method of setting out cross-references is somewhat less desirable, but the change was made at the direction of the Office of the Federal Register. The BVA plans to issue an updated version of a pamphlet which includes these regulations (VA Pamphlet 1-1) within the next few months. This pamphlet version will use the old cross-reference format.

The same commenter suggested that the Rule of Practice references in part 20 be abandoned and that only the CFR citation be used. This suggestion has not been adopted. The Rule of Practice terminology is widely used by judicial and quasijudicial bodies, such as the BVA. The use of Rule numbers, as opposed to CFR citations for individual Rules of Practice, is common in appellate practice before the BVA. VA sees no benefit to be gained by abandoning this useful terminology, particularly at a time when attorneys-at-law who are very familiar with the terminology are becoming increasingly involved in appellate practice before VA field personnel and the BVA.

Finally, this commenter felt that the period of time allowed for public comment was too short—noting difficulty in preparing comments within the time allowed. With respect to this comment, the BVA notes that it is generally willing to grant reasonable requests for an extension of time within which to comment if such an extension proves necessary. This commenter did not request an extension.

One commenter suggested that regulations be promulgated "indicating specifically how BVA will handle 'errors' in previous AOJ or BVA decisions 'discovered' in the course of a current appellate review." Methods of addressing error in a prior BVA decision are set out in § 20.904; in § 20.1000, et seq.; and in a notice of proposed rulemaking published elsewhere in this issue of the **Federal Register**. VA does not believe that additional regulation on the subject of the correction of error in prior rating decisions by the agency of original jurisdiction is necessary at this time. The Board may always correct error in prior rating decisions which are properly before it on appeal and may call errors in determinations which are

not properly before it to the attention of the agency of original jurisdiction.

One commenter offered several paragraphs of criticism under the heading "General Comments." These were essentially conclusionary paragraphs summarizing the nature of complaints about specific amendments. Except to the extent that they are addressed in the next two paragraphs, these comments will be discussed in the context of specific amendments.

As might be expected with a proposal of this size, some of the comments were in opposition to each other and some of the comments were internally inconsistent. One commenter essentially suggested that many of these amendments are contrary to the letter and spirit of Public Law 100-687, while another observed that many of the proposed amendments were straightforward implementations of that Act. The former's criticisms included a complaint that the amendments were too adversarial, technical and legal, while at the same time requesting such additions as formal discovery proceedings.

Some commenters were generally complimentary, expressing the view that the amendments were well structured and would facilitate an orderly appellate process. One commenter noted that many of the amendments codified existing practices.

Comments concerning specific amendments are set out in the material which follows.

No comments, suggestions, or objections were received regarding the amendments to part 14 and to §§ 19.1 and 19.2. There was a typographical error in the heading of redesignated § 14.635 (formerly § 14.637). The word "office" was placed in the wrong location. This has been corrected. With this correction, these amendments are adopted as proposed.

Three comments were received concerning the amendment of § 19.3. One commenter suggested that paragraph (b) be revised to require that BVA Sections have three Members unless "overwhelming circumstances prevent this." This suggestion has not been adopted. The language proposed conforms to the provisions of 38 U.S.C. 7102. While the Chairman of the BVA has divided the BVA into three-Member Sections, circumstances might arise in the future which would require an en banc approach in some instances. In addition, as contemplated by 38 U.S.C. 7102(a)(2) and by paragraph (d) of this section, there will inevitably be times when less than three Members are available in an individual Section due to

the absence of a Member of the Section, a vacancy on the Board, or the inability of a Member assigned to a Section to serve.

One commenter charged that the language in paragraph (b), noting that a Chief Member may be redesignated as a Member, was added under the guise of being an editorial change and was an inappropriate provision allowing the "demotion" of "independent decision makers." This revision was not described as an editorial change. It was clearly identified in the notice of proposed rule making. (See 54 FR 34334.) The position of Chief Member of a BVA Section is one which adds administrative tasks, which are entirely separate and apart from decision making in individual cases before the BVA, to the normal duties of a Member of the BVA. It does not carry with it any increase in pay or entitlements. Chief Members, as such, are judged on their administrative skills and not on their decision making record. 38 U.S.C. 7102(a)(1) provides that the Chairman may designate the Chief Member of a BVA Section. This regulation merely makes clear what was implicit in that authority, that one individual may be designated in place of another when appropriate. Such a reassignment does not involve any loss of pay or entitlements and does not constitute a "demotion."

One commenter voiced the opinion that 38 U.S.C. 7102 and 7103 require that a minimum of two Members participate in an appeal and that the use of the word "Members" at the end of paragraph (d) is therefore contrary to law. VA does not agree with this statutory interpretation. While it would be unusual to have two vacancies, absences, or Members who were unable to serve in an individual section at any given time, VA is of the opinion that proceeding with one Member is permissible under 38 U.S.C. 7102(a)(2)(A)(iii) under such circumstances. The use of the plural does not represent a change from the prior regulation on which this paragraph was based.

The same commenter also objected to the use of the phrases "other good cause" and "participate effectively" in paragraph (d), asserting that these provisions are contrary to the provisions of 38 U.S.C. 7102(a)(2)(A) and violate a "claimant's" rights to an unbiased BVA panel. VA does not agree with this statutory interpretation, nor does this amendment bring about any impairment of an appellant's rights. VA does agree, however, that the terms objected to are somewhat vague and they have been

removed. In their place, a cross-reference to the more specific standards set out in § 19.12 has been added. Editorial changes have also been made in paragraph 19.3(a) to make it clearer that the Deputy Vice Chairmen are chosen from Members of the Board. With these changes, the amendment to § 19.3 is adopted.

No comments, suggestions, or objections were received regarding the amendment of § 19.4. This amendment is adopted as proposed.

Three comments were received concerning § 19.5. Each commenter noted that this section, which lists the criteria governing the disposition of appeals by the BVA, omitted a reference to decisions of the United States Court of Veterans Appeals (COVA). VA is of the opinion that no such reference is necessary. VA, of course, recognizes that the BVA will be bound by court decisions in some cases.

Proposed § 19.6 has been withdrawn and this section number is reserved. This paragraph concerned the composition of Board of Veterans' Appeals hearing panels, and it is being withdrawn because it was more restrictive than necessary regarding the composition of hearing panels. Two comments were received, neither of which relates to the reason for the withdrawal of this paragraph.

One comment was received on § 19.7. This commenter suggested that the phrase "and upon consideration of all evidence and material of record and applicable provisions of law and regulations," found in 38 U.S.C. 7104(a), be added to the closing sentence of paragraph (a). This suggestion has not been adopted. This paragraph already provides that decisions of the BVA are based upon the entire record. The "entire record" necessarily includes "all evidence and material of record." Governing criteria, such as the law and regulations, are the subject of § 19.5. Adding the suggested phrase would be redundant.

VA is withdrawing proposed paragraph 19.7(b). That paragraph suggested (in part) that issues on appeal could be disposed of by remand or by vacating a prior decision of the Board with respect to the issues. That was not accurate. A remand serves to direct further development prior to the appellate disposition of the issues. It does not "dispose" of an issue on appeal. Neither does vacating a prior Board decision dispose of an issue. When a prior decision is vacated, it is normally followed by a new decision which disposes of the issue.

Due to the withdrawal of proposed paragraph 19.7(b), proposed paragraph 19.7(c) has been redesignated as 19.7(b).

With these changes, the amendment is adopted.

No comments, suggestions, or objections were received regarding the amendments to §§ 19.8 and 19.9. Information has been added to § 19.8 to make it clearer that BVA decisions in contested claims which are provided to the contesting claimants will include only information pertinent to the contested issues. With this addition, these amendments are adopted as proposed.

Proposed § 19.10 has been withdrawn and this section number is reserved. The General Counsel of the Department of Veterans Affairs issued a Precedent Opinion on August 27, 1990, which concluded, in essence, that statutory changes brought about by the Veterans' Judicial Review Act (Pub. L. 100–687) had the effect of eliminating "obvious error" as the standard for review by a reconsideration Section after a motion for reconsideration has been granted. (See O.G.C. Precedent Opinion 89–90, 56 FR 1225.) This change also eliminated the principal basis for proposed § 19.10 which, in most cases, limited the evidence which could be considered by a reconsideration Section to that which was of record at the time that the decision being reconsidered was rendered.

One comment was received regarding § 19.11. Proposed paragraph (c) provided that when a traveling BVA Section is expanded to address the reconsideration of a prior BVA decision involving radiation, Agent Orange, or asbestos exposure, the additional Members of the expanded Section will include Members specializing in those issues. The commenter suggested that this requirement for Members specializing in particular issues be expanded to include post-traumatic stress disorder and "complex medical causation issues such as the dates of inception of a veteran's cancer or other disease."

This suggestion has been adopted in part. Post-traumatic stress disorder has been added, as suggested. Familiarity with this area is helpful in ensuring complete development of the appellate record. Material regarding medical causation issues has not been added. Medical causation issues must be decided on the basis of the evidence of record (see *Colvin* v. *Derwinski*, U.S. Vet. App. No. 90–196 (Mar. 8, 1991)). In cases of extraordinary complexity, Members have the option of seeking the

opinion of an independent medical specialist. (See § 20.901, infra.)

Section 19.11, as proposed, continued the long-existing practice of allowing a three-Member BVA Section to hear cases before the BVA on reconsideration when none of the Members who participated in the original decision is available. 38 U.S.C. 7103(b) now requires that all reconsideration actions be heard "by an expanded section of the Board." The references to three-Member Sections have therefore been withdrawn.

An editorial revision has been made to change the word "panel" to "Section" in the section heading and in the text of this section when the reference is to a reconsideration Section. This change has been made so that the amendment will parallel the language which appears in 38 U.S.C. 7103(b).

With these revisions, the proposed amendment is adopted.

Two comments were received concerning proposed section § 19.12. Essentially, the commenters feel that paragraph (c) gives the Chairman too much authority over other Members of the BVA, is beyond statutory authority, and should be removed. VA does not agree. This paragraph allows the Chairman to disqualify a Member of the Board from participating in a particular appeal if the Member gives the appearance of bias, has participated in a prior administrative appeal in the same case on the same issue (and who might naturally tend to be biased in favor of his or her prior decision), or is unable or unwilling to act in the case. VA believes that a procedure for Member disqualification under these circumstances is lawful and is essential. Impartiality is basic to an equitable appellate process. (See, for example, Canons 2 "A Judge should avoid impropriety and the appearance of impropriety in all his activities" and 3 "A Judge should perform the duties of his office impartially and diligently" of the ABA Code of Judicial Conduct.) BVA decisions are to be made on the basis of "the entire record in the proceeding and upon consideration of all evidence and material of record and applicable provisions of law and regulation." (38 U.S.C. 7104(a)). They are not to be made on the basis of personal prejudice. 38 U.S.C. 7102 provides options to the Chairman, including substitution of another Member, when a Member of a BVA Section is unable to serve. VA is of the opinion that a Member who is biased or who is unwilling to serve in a particular case has demonstrated an inability to serve within the meaning of this statutory provision. VA does feel that 38 U.S.C. 7104 should be included in

the statutory authority cited, however, and this authority has been added in the interest of clarity. With this addition, the amendment is adopted.

No comments, suggestions, or objections were received regarding the amendment of § 19.13. The General Counsel of the Department of Veterans Affairs issued a Precedent Opinion on May 17, 1990, which had the effect of invalidating the "administrative allowance" procedures of the BVA both in its current Rules of Practice and in these proposed regulations. (See O.G.C. Precedent Opinion 11–90, 55 FR 27756.) Such opinions are binding upon the BVA. (See 38 U.S.C. 7104(c).) Accordingly, all references to those procedures have been withdrawn from these proposed amendments. The material withdrawn includes proposed paragraph 19.13(b). Proposed paragraph 19.13(c) has been redesignated as 19.13(b). With these changes, this proposed amendment is adopted.

Proposed § 19.14 has been withdrawn. This proposed regulation dealt with the manner in which written decisions of the BVA should be prepared when the case involves a prior rating determination by the agency of original jurisdiction which has become final due to the failure to file a timely appeal to the BVA. Decisions by COVA, issued after this regulation was published in proposed form, have altered the BVA's traditional approach to prior "final" adjudicative actions. (E.g., see *Manio v. Derwinski*, U.S. Vet. App. No. 90–86 (Feb. 15, 1991); *Colvin v. Derwinski*, U.S. Vet. App. No. 90–196 (March 8, 1991); and *Smith v. Derwinski*, U.S. Vet. App. No. 89–13 (March 15, 1991).) The proposed regulation was not in complete accord with these decisions and COVA's opinions provide sufficient guidance concerning BVA decision preparation in this area.

No comments, suggestions, or objections were received regarding the amendments to §§ 19.15 and 19.25. Proposed § 19.15 has been redesignated as § 19.14 in view of the withdrawal of proposed § 19.14. The reference to proposed § 19.6, which has been withdrawn, has been deleted. With these revisions, these amendments are adopted as proposed.

No comments, suggestions, or objections were received regarding the amendment to § 19.26. However, this section has been revised in response to comments offered in connection with § 20.201. See the discussion concerning § 20.201, infra, for information concerning this change. The amendment, as revised, is adopted.

No comments, suggestions, or objections were received regarding the

amendments to §§ 19.27 and 19.28. These amendments are adopted as proposed.

Two comments were received concerning § 19.29.

One commenter suggested that this section be modified to require a discussion of applicable COVA case law and of any applicable precedent opinions of the General Counsel of the Department of Veterans Affairs in the Statement of the Case as an aid to unrepresented appellants. While VA appreciates the concern which motivated this suggestion, it has not been adopted. This regulation, and the statute upon which it is based, already requires that the Statement of the Case include the reasons for each determination of the agency of original jurisdiction with respect to which disagreement has been expressed. This would include decisions by courts of competent jurisdiction and opinions by the General Counsel when they are applicable.

The second commenter suggested that the phrase "and a discussion of how such laws and regulations affect the determination" be deleted from paragraph (b), contending that the phrase "would constitute a repetition of information already required by subparagraph (c)." This suggestion has not been adopted. The language in question is a direct quotation of language added to 38 U.S.C. 7105(d)(1) by Public Law 100–687. The language does not duplicate the language in paragraph (c). The new statutory language appears to require a discussion of why various statutes and regulations are applicable to a particular case while paragraph (c) requires a discussion of why a particular decision was made. This decision could be (and often is) on a purely factual basis as opposed to a technical legal basis. While there can be some overlap, the requirements of the two paragraphs are not interchangeable.

This amendment is adopted as proposed.

One comment was offered concerning § 19.30. The commenter suggested, in essence, that VA require that documents provided to representatives be sent by mail and that using a "drop-box," as is done at some VA Regional Offices, be forbidden. It was alleged that the "drop-box" service was not effective, but no explanation of why this is the case was given. This suggestion has not been adopted and the amendment is adopted as proposed. This delivery control is not proper subject matter for these regulations. Further, VA is not aware of any special problems with "drop-box" service, which is more expeditious than

mail delivery and which is a relatively convenient means of document delivery for both VA and representatives. It is suggested that any problem with document delivery at any particular field office be brought to the attention of the director of that office so that corrective action may be taken.

Three comments were received on § 19.31. The current equivalent regulation (38 CFR 19.122) provides, in part, that a Supplemental Statement of the Case is required when additional pertinent evidence is received and that a Supplemental Statement of the Case is not required following a hearing before field personnel when no additional pertinent evidence is received. The amended regulation makes it clear that the evidence referred to includes testimony concerning relevant facts or expert opinion, as well as documentary evidence, but that argument is not evidence.

Two commenters suggested that a Supplemental Statement of the Case be required to answer arguments advanced at a hearing held by the agency of original jurisdiction. VA does not believe that this further requirement is necessary or desirable. The purpose of Statements and Supplemental Statements of the Case is to provide appellants with the data which they need, but may not have, to prepare their appeal to the BVA—a summary of the pertinent evidence, information concerning pertinent laws and regulations, and the decision of each issue and a summary of the reasons for each decision. (38 U.S.C. 7105(d)(1)). They are not appellate decisions. Addressing arguments raised by appellants is the function of the appellate decision. The BVA is not bound by an agency of original jurisdiction's position with respect to arguments advanced by appellants and their representatives.

The third commenter asserted that language should be added to more clearly define the difference between testimony and argument, using as an example a situation in which a veteran might regard his or her own statement of facts concerning the symptomatology associated with his or her disability as testimony while a hearing officer "or other responsible person" might regard the same statement as argument. This suggestion has not been adopted. While there may be certain gray areas, these terms are relatively well understood. It is impossible to anticipate every variation which may arise. Disputes concerning what is testimonial evidence and what is argument are best resolved on a case by case basis. In the example

given, the veteran would certainly be correct and the hearing officer would be in error. A veteran's oral description of his or her symptoms in a case in which the nature or severity of a disability is at issue would very clearly be "testimony concerning the relevant facts" in the terms used by the amended regulation. Statements of fact made by appellants and witnesses are evidence which must be weighed by the decision maker.

While these comments have been considered, § 19.31 is adopted as proposed.

One comment was submitted concerning § 19.32. This commenter suggested that the word "response" in the second sentence be changed to "Substantive Appeal." VA agrees that this would be preferable. This section is adopted, with that change.

No comments, suggestions, or objections were received regarding the amendments to §§ 19.33 and 19.34. These amendments are adopted as proposed.

One comment was received on § 19.35. The commenter asked that language be included to require that the issues listed in the appeal certification (VA Form 1–8) be the same as the issues covered in the Statement of the Case and any Supplemental Statements of the Case. That is normally the correct practice. Nevertheless, this suggestion has not been adopted. Completion of VA Form 1–8 is accomplished for administrative purposes. Primarily, it serves as a last-minute appeal processing check list for use by VA field facilities prior to transfer of the appeal to the BVA. The appeal certification does not have any effect on the BVA's jurisdiction. Details of how the VA Form 1–8 is completed are best left to VA administrative manuals. For the same reason, other details concerning completion of the form have been withdrawn and the language of the section has been simplified. As simplified, the amendment is adopted.

Two comments were received concerning § 19.36.

One commenter suggested that the notice of certification of an appeal to the BVA include notification as to the issues being certified. VA does not believe that that is necessary. Appellants and their representatives are informed of the issues considered to be in an appellate status through the Statement and Supplemental Statements of the Case. The appeal certification primarily functions as a check list for the agency of original jurisdiction to insure that all appeal processing procedures have been completed prior to the transfer of the case to the BVA. The certification does

not serve to confer jurisdiction on the BVA with respect to a particular issue. The second commenter offered the same comment on this section as was offered on § 19.30 concerning the use of "drop-boxes" to deliver documents to representatives. The same response applies.

Proposed § 19.36 was essentially a duplicate of a proposed amendment of 38 CFR 19.174(a) which had been published for public comment on July 6, 1989. (54 FR 28445) The final version of 38 CFR 19.174 was published on May 15, 1990. (55 FR 20144) Several changes arising out of comments received were incorporated into the final rule. These included a requirement that appellants and their representatives be notified of various restrictions concerning changes in representation, requests for personal hearings, and the submission of additional evidence after an appeal has been certified to the BVA. A conforming revision has been made to § 19.36 and, with this revision, the amendment is adopted.

One comment was received on § 19.37. This commenter felt that paragraph (a) should be revised to delete the language providing that a Supplemental Statement of the Case need not be issued when duplicate evidence is received which has already been discussed in a Statement of the Case or Supplemental Statement of the Case. VA finds no merit in this suggestion. Appellants and representatives often submit duplicate copies of documents which they have submitted before or copies of records which they obtained from VA in the first place. No useful purpose is served by again discussing evidence which has already been discussed.

Two comments were received concerning § 19.38. The proposed section provides that development completed by the agency of original jurisdiction pursuant to a remand from the BVA should be reviewed by that agency to determine if that development shows that the benefit sought on appeal should be allowed. One commenter suggested that a review of the entire record be required and felt that the proposed section seemed to indicate that the review would be limited to only the information developed as a result of the remand. It is certainly not VA's intent that the post-remand development be reviewed in a vacuum. Changes have been made to make it clear that the review is to take into consideration the evidence which was previously of record. The other commenter noted that the 30-day period referenced in this section is in conflict with the provisions

of § 20.302(c). The commenter is correct and this error has been corrected. With these changes, the amendment is adopted.

No comments, suggestions, or objections were received regarding the amendments to §§ 19.50 through 19.53, 19.75 through 19.77, and 19.100 through 19.102. Material has been added to §§ 19.101 and 19.102 to make it clearer that information which is provided to the contesting claimants in contested claims is limited to information pertinent to the contested issues. With this addition, these amendments are adopted as proposed.

One commenter did suggest that VA's substantive appeal form (VA Form 1–9) be annotated to show that requests for hearings before traveling sections of the BVA should be submitted to the applicable VA field office, rather than to the BVA, as required by § 19.75. This form was extensively revised in October 1989 and now includes this information.

A commenter suggested that a cross-reference from § 19.76 to § 20.704 be added to appendix A to part 19. VA agrees that this would be helpful and this cross-reference has been added. References to proposed §§ 19.13(b) and 19.14, which have been withdrawn, have been removed. The appendix is adopted, with these revisions.

One comment was received on § 20.1. It was suggested that the introductory clause "In accordance with the agency's policy of providing assistance to the appellant," be restored to what is now paragraph (b). The operative language of the prior section "These rules are to be construed to secure a just and speedy decision in every appeal" has been retained. The omitted introductory clause adds nothing of substance. This amendment is adopted as proposed.

One comment was received regarding § 20.2. This commenter alleged that this section (which provides that the Chairman may prescribe procedures consistent with the provisions of title 38, United States Code, and the BVA's Rules of Practice when a situation arises which is not covered by any existing rule or procedure) removes authority from Chief Members which they previously had, that it is contrary to the intent of Public Law 100–687, and that it is inefficient inasmuch as Board Sections will be forced to delay processing of a case while it is routed through the Chairman's office. VA does not agree with these remarks and the amendment is adopted as proposed. This authority has not been removed from Chief Members. Section 20.102, paragraph (c), extends this authority to the Vice Chairman; the Deputy Vice Chairmen; and, in connection with

proceedings assigned to them, to other Members of the Board who have been designated as the Chief (or Acting Chief) Member of a Section or who are acting as the presiding Member of a hearing panel. It should also be borne in mind that the Chairman is, in fact, a Member of the Board (see 38 U.S.C. 7101) and has the same decision making authority as any other Member of the Board—in addition to special authority conferred by law in certain instances (e.g., see 38 U.S.C. 7103). In addition, he or she is the chief administrative officer of the Board in a position not unlike that of the chief judge of an appellate court. It is, of course, impossible to anticipate every procedural contingency when writing Rules of Practice and, from time to time, procedures must be devised to deal with unique situations. Occasions arise when special procedures must be devised in cases which are not yet before a BVA Section or in which Section action has been completed. The requirement that any necessary ad hoc procedure be consistent with existing statutory and regulatory authorities provides protection from abuse.

One comment was received concerning § 20.3. The commenter stated that "legal intern" should be defined as a law student, rather than as a graduate of a law school who has not yet been admitted to the bar, and that the definition of "legal intern" proposed was actually the appropriate definition of "law clerk." The proposed definition of "legal intern" is consistent with BVA practice and with the definition in "Black's Law Dictionary," which defines an intern as "an advanced student or recent graduate in a professional field." (Black's Law Dictionary 732 (5th ed. 1979). A separate definition of "law student" is provided. Inasmuch as these terms are clearly defined in this section, no confusion should result.

"Cemetery" has been added to the list of VA facilities which are included in the definition of "agency of original jurisdiction" as an editorial change. Cemeteries were previously included via the phrase "or other Department of Veterans Affairs facility."

Paragraph 20.3(k), as published, contained typographical errors. In the second sentence, "60 days" should read "90 days" and the reference to § 20.609(g) should have been to § 20.609(i). These errors have been corrected.

With these revisions, § 20.3 is adopted.

No comments, suggestions, or objections were received regarding the amendment of § 20.100. This amendment is adopted as proposed.

Two comments were received on § 20.101. With one exception, both concern the third sentence of paragraph (a), which is similar to language in proposed § 19.5, and both comments are essentially the same as the comments offered concerning § 19.5, supra. The same response applies. One of the commenters also felt that the statement in paragraph (c) that only the Board of Veterans' Appeals will make final decisions with respect to its jurisdiction might mislead readers to believe that the United States Court of Veterans Appeals could not review such a determination. The statement, of course, applies only to determination of BVA jurisdiction within VA. The statement has been modified to reflect that such a determination may be subject to judicial review. With this change, the amendment is adopted.

One comment was offered concerning § 20.102. The commenter indicated that the intent of paragraph (d) was unclear, inasmuch as it appeared to authorize any Member of the BVA to rule on a motion for a subpoena or to quash a subpoena under proposed § 20.711(e) and (f), respectively. VA agrees that clarification is in order. This comment and comments in response to § 20.609(i), infra, bring to light the fact that this proposed regulation did not make it clear that the various authority exercised by BVA Members assigned to BVA Sections is to be exercised in the context of proceedings which have been assigned to them for disposition in accordance with the provisions of 38 U.S.C. 7102(c). Appropriate material has been added to paragraphs (c) and (d) to clarify this aspect of the regulation. While not noted by a commenter, there is one typographical error in paragraph (d). The reference to § 20.609(g) should be to § 20.609(i). This error has been corrected. A reference to proposed § 20.1101, which has been withdrawn, has been removed. The amendment, with the revisions noted, is adopted.

No comments, suggestions, or objections were received regarding the amendment of § 20.200. This amendment is adopted as proposed.

Three comments were received concerning § 20.201.

One commenter noted that this section refers to filing a Notice of Disagreement with an adjudicative determination by an agency of original jurisdiction and suggested that a provision be included specifically addressing appeal of determinations by VA's Veterans Health Administration (VHA)—apparently under the mistaken belief that the term "agency of original jurisdiction" applies only to field

facilities of the Veterans Benefits Administration. When a VHA facility has made the determination being appealed, it is the "agency of original jurisdiction." (See § 20.3(a).)

The commenters raised objection to what are alleged to be unwarranted procedural requirements for Notices of Disagreement, including the use of the word "must" in the second sentence and the requirement that the issues with which disagreement is being expressed be identified. VA does not agree that these provisions are unwarranted. The word "must" to which the objection is raised occurs in the following sentence: "While special wording is not required, the Notice of Disagreement must be in terms which can be reasonably construed as disagreement with that determination and a desire for appellate review." VA has always been, and will continue to be, liberal in determining what constitutes a Notice of Disagreement. The continuation of this policy is demonstrated by the lack of a requirement for special wording and the use of the phrase "can be reasonably construed." Nevertheless, some indication which reasonable persons can construe as disagreement with a determination by an agency of original jurisdiction and a desire to appeal that determination is at the very heart of what constitutes a Notice of Disagreement. Without such an expression, the communication may be something, but it is not a Notice of Disagreement. Not much is required, but the communication must be recognizable as a Notice of Disagreement.

Important consequences flow from filing a Notice of Disagreement. As provided in 38 U.S.C. 7105(a), appellate review is initiated by a Notice of Disagreement. The Notice of Disagreement is jurisdictional—that is, without a Notice of Disagreement, the BVA does not have jurisdiction over an issue (except as provided in § 19.13). Further, it would not be fair for the BVA to assume jurisdiction over an issue before a claimant, who may still have months remaining before the time to appeal lapses, has completed his or her preparation and is ready to initiate an appeal as to that issue. Thus, it is vital that the BVA be able to tell which issues have been appealed when several determinations have been made which are appealable.

It is not VA's intent to deprive anyone of his or her right to appeal. As one commenter pointed out, a Department of Veterans Benefits operational manual (M21–1, paragraph 18.03b) requires that clarification sufficient to identify the

issue being appealed be requested when a Notice of Disagreement is received following a multiple-issue determination and it is not clear which issue, or issues, the claimant desires to appeal. VA strongly supports this policy and, in view of the concerns raised here, has made it applicable throughout VA by adding this requirement to § 19.26 "Action by agency of original jurisdiction on Notice of Disagreement." The BVA may also remand cases for issue clarification when necessary. With this addition, § 20.201 is adopted as proposed.

Three comments were also received concerning § 20.202.

One commenter objected to the requirement that the issues being appealed be identified. VA believes that this requirement is appropriate for the same reasons noted in conjunction with a similar objection to § 20.201. It is also noted that one of the purposes of the current statutory appellate process is to narrow appeals to those issues which an appellant really wants to appeal after the reasons for a determination have been explained to him or her in the Statement of the Case and that 38 U.S.C. 7105(d)(3) provides that the benefits sought on appeal must be clearly identified in the formal appeal.

Two commenters objected to the use of the word "must," rather than "should" in conjunction with the requirement that the Substantive Appeal set out specific argument relating to errors of fact or law made by the agency of original jurisdiction. This objection is well taken in view of the word "should" in the statute on which this provision is based (38 U.S.C. 7105(d)(3)) and this has been corrected.

One commenter stated that "we are very much concerned by the new authority created by this section which would allow the BVA to unilaterally dismiss an appeal which does not allege an error of fact or law." This authority is not new. 38 U.S.C. 7105(d)(5) specifically states that "The Board of Veterans' Appeals may dismiss any appeal which fails to allege specific error of fact or law in the determination being appealed." VA believes that it is appropriate that this fact be brought to the attention of appellants and their representatives in this Rule of Practice. VA also notes that the BVA has been, and will continue to be, very liberal in this area. This Rule of Practice also provides that "The Board will construe such arguments in a liberal manner for purposes of determining whether they raise issues on appeal * * *" and § 20.203 provides that appellants and representatives will be given notice and

an opportunity to contest the matter when the BVA questions the adequacy of the Substantive Appeal.

One commenter objected to a perceived requirement for "the claimant to lay out all specific arguments in the Substantive Appeal," observing that it had previously been sufficient to address issues in general terms and to be more specific in "the presentation to the BVA" (apparently a reference to formal and informal hearing presentations and/or appellate briefs). There is nothing in the proposed amendment which changes the practice described. That is, this amendment neither precludes nor discourages raising additional arguments, or further explaining prior arguments, concerning appealed issues in presentations subsequent to the Substantive Appeal.

This proposed amendment is adopted, with the correction described above.

No comments, suggestions, or objections were received regarding the amendments to §§ 20.203, 20.204, 20.300 and 20.301. These amendments are adopted as proposed.

One comment was received on § 20.302. This commenter feels that the language in paragraph (c) which extends the time to respond to a Supplemental Statement of the Case to 60 days should not be adopted and that the response time should remain at 30 days. As the commenter notes and as was set forth in the notice of proposed rulemaking, the reason for this change is that when new issues are included in a Supplemental Statement of the Case it becomes the Statement of the Case as to the new issues. The law provides that an appellant has 60 days after receiving a Statement of the Case within which to file a Substantive Appeal. (See 38 U.S.C. 7105(d)(3).) The commenter argues that new issues should not be included in Supplemental Statements of the Case. While VA understands that the "purest" procedure might arguably be to require a separate Statement of the Case concerning new issues raised, that is not the procedure used by VA regional offices in some cases. There is nothing legally wrong with consolidating the appeals, provided that the agency of original jurisdiction bears in mind that when a new issue is raised and denied, there must be a Notice of Disagreement with respect to the new issue before it is included in a Statement or Supplemental Statement of the Case. This amendment is adopted as proposed.

The same commenter raised an objection to § 20.303 with the following comment: "Please refer to comments pertaining to the "60-day period" under the preceding paragraph." The

paragraph referred to was the one containing the above objection to § 20.302. Apparently, the objection relates to the reference to a 60-day period for responding to a Supplemental Statement of the Case. The language in this amendment has not been modified for the same reasons noted in the discussion concerning § 20.302. The amendment is adopted as proposed.

No comments, suggestions, or objections were received regarding the amendment of § 20.304. This amendment is adopted as proposed.

One commenter feels that the presumption in § 20.305 that a document had been postmarked 5 days prior to it's receipt when the actual postmark is not available is too liberal and that a three day period is more appropriate. While VA agrees that this is perhaps liberal, this suggestion has not been adopted. This commenter also noted that mail service is provided on Saturday—in essence suggesting that the exclusion of Saturday in calculating the 5-day period is inappropriate. VA notes that mail service is not provided in all areas on Saturdays. The amendment is adopted as proposed.

No comments, suggestions, or objections were received regarding the amendment of § 20.306. "Martin Luther King, Jr.'s Birthday" has been changed to "Birthday of Martin Luther King, Jr." and the apostrophe has been removed from "Veterans Day" to conform with 5 U.S.C. 6103. This amendment is adopted with these revisions.

One comment was received concerning § 20.400. The commenter suggested that the fourth sentence be modified by adding the words "by the claimant or the claimant's representative," or similar words, after the word "argument" to make it clear that only the claimant or his or her representative may authorize a merged appeal. While that is already relatively clear from the proposed regulation, the suggested addition is accepted and the proposed amendment is adopted with this addition.

No comments, suggestions, or objections were received regarding the amendments to §§ 20.401 and 20.500. These amendments are adopted as proposed.

One comment was received regarding § 20.501. This commenter, who was also the only commenter on § 20.302, suggested revision of the last two sentences of paragraph (c) "for the same reasons previously eluded (sic) to in comments pertaining to 20.302, as proposed." Presumably, the objection is to the exclusion of inclusion of new issues in a Supplemental Statement of the Case. For the same reasons outlined in

response to the comments concerning § 20.302, this suggestion has not been adopted and the amendment is adopted as proposed.

No comments, suggestions, or objections were received regarding the amendments to §§ 20.502 through 20.504 and 20.600 through 20.605. Section 20.603(a), as proposed, was slightly more restrictive than 38 CFR 14.629(c) with respect to the documentation required to appoint an attorney-at-law as a representative in VA proceedings. Section 20.603(a) has been revised to make it consistent with 38 CFR 14.629(c). With this revision, these amendments are adopted as proposed.

Two comments were received concerning § 20.606, both addressed to paragraph (e) which notes that permission for a legal intern, law student, or paralegal to prepare and present cases before the Board may be withdrawn by the Chairman at any time if a lack of competence, unprofessional conduct, or interference with the appellate process is demonstrated by that individual. (This authority has also been delegated to the Vice Chairman, the Deputy Vice Chairmen, and Members of the Board. See § 20.102(d).)

One commenter felt that this paragraph "unlawfully" singles out legal interns, law students and paralegals for "an entirely new and separate discipline system for such representatives" and suggested that procedures such as those set out in 38 CFR 14.633(c) (pertaining to termination of recognition of representatives) be adopted. The second commenter felt that this paragraph was based upon an assumption that law students are more prone to engage in unprofessional conduct than are other representatives and cited the care used by law students utilized by the commenting organization in preparation for BVA hearings and the training which the commenting organization gives to law students participating in such hearings. Fear was expressed that an appellant's case would be prejudiced should a law student be disqualified during the course of a hearing and a supervising attorney, who had not established an equally close working relationship with the appellant, be required to complete the hearing. Fear was also expressed that various pre-hearing and hearing requests by students which might be inconvenient to the BVA's administrative staff and Board Members could be deemed "unprofessional" and that irritation with a "representative's" persistence might therefore cut off the representative's ability to properly develop the record.

The BVA has permitted law students, paralegals, and legal interns to

participate in hearings (with professional supervision by attorneys-at-law) for a number of years. VA makes no assumption that law students are especially prone to unprofessional conduct and recognizes that most of these individuals are sincere and dedicated. It also recognizes the valuable experience which such participation provides in the training of law students. Unless independently qualified, however, these individuals are not representatives. They may be future representatives in training, but they do not have the same status as representatives and they are not subject to the disciplinary procedures described in 38 CFR 14.633. Rather, they are permitted to assist an attorney-at-law who is the accredited representative as a courtesy to that representative. It is the supervising attorney-at-law who is responsible for the prosecution of the appeal.

While VA recognizes the valuable contribution which BVA experience may provide in the training of paralegals, law students, and interns and the valuable service which these individuals provide to appellants in most instances, the Board's primary responsibility is to insure that justice is done in each individual case and that appellants are not ill-served by inexperienced individuals in training.

The BVA encourages zeal in the prosecution of appeals. Thorough representation is very helpful to the BVA, as well as to appellants, in ensuring that all facts and applicable legal theories are brought to light so that justice may be served in each individual appeal. Nevertheless, BVA Board Members have a right to expect that they will be treated with professionalism in the course of appellate presentations. Further, training in professional responsibility is no less a proper part of a law students' education than is training in substantive and procedural law. The American Bar Association's "Model Rules of Professional Conduct" provide, in part, that a lawyer shall not engage in conduct intended to disrupt a tribunal. (Rule 3.5) The following comment, which follows that provision, is germane:

The advocate's function is to present evidence and argument so that the cause may be decided according to law. Refraining from abusive or obstreperous conduct is a corollary of the advocate's right to speak on behalf of litigants. A lawyer may stand firm against abuse by a judge but should avoid reciprocation; the judge's default is no justification for similar dereliction by an advocate. An advocate can present the cause, protect the record for subsequent review and preserve professional integrity by patient

firmness no less effectively than by belligerence or theatrics.

A mechanism such as that in paragraph (e) is necessary for the protection of the appellate process in those few cases where the privilege extended to these individuals is abused. Considering the status of these individuals, the elaborate procedures provided for the suspension or debarment of a representative set out in 38 CFR 14.633 are not appropriate. VA has no reason to believe that the authority described in this paragraph will be abused by any Member of the BVA. Should such a situation arise, the issue may be appropriately raised on appeal. If the supervising attorney performs his or her function appropriately and monitors the professionalism of the law student, legal intern, or paralegal who is assisting him or her at an appellate hearing; there will be no cause for excluding such an assistant during the course of a hearing. The supervising attorney is the representative of record. He or she is responsible for being thoroughly prepared for hearings in order, at the very least, to properly supervise his or her assistants. He or she should, and must, be prepared to take charge of any aspect of a hearing when required. This amendment is adopted as proposed.

Only one comment was received concerning § 20.607. The commenter voiced support for the provisions of this section, but noted that it conflicts with limitations imposed by § 20.1304 concerning a request for a change in representation following certification of an appeal and transfer of the appellate record to the BVA. A reference to this limitation has been added and, with this addition, the proposed amendment is adopted.

Two comments were received regarding § 20.608. Both deal with the restriction in paragraph (b) on a representative's right to withdraw from a case after an appeal has been certified to the BVA for review.

One commenter felt that there should be no restriction and expressed particular concern about a situation in which there might be an antagonistic relationship between a representative and appellant or disagreement between the representative and appellant on how to proceed in a particular case. VA feels that a limited restriction on the right of a representative to withdraw at the appellate level is justified. Unfortunately, there have been abuses in this area. For example, there have been cases in which representatives have left appellants unrepresented minutes before a hearing was to begin

because they had not taken the trouble to evaluate the case prior to the hearing or did not choose to continue with a case which they felt might not enhance their record of success. VA considers an undertaking to represent an appellant to be a very serious matter. The proposed section already provides that withdrawal will be permitted when good cause is shown and that good cause includes "factors which make the continuation of representation impractical or impossible." Clearly, the two situations mentioned by the commenter would fall into this category.

The second commenter noted that there could be situations in which a representative could be compelled to represent an appellant whom he or she had never agreed to represent, inasmuch as designations of representation can be filed by appellants without the prior agreement of the representative. This commenter suggested that, if the proposal were adopted, it should contain an exception for such cases. Concern was also expressed about placing representatives in a situation in which they might be forced to continue representation in situations where continued representation might be in violation of the "Code of Professional Responsibility." In this regard, it was suggested that "unethical" be added to "impractical" and "impossible" at the close of the second sentence of paragraph (b) and that representatives not be required to explain how or why continued representation would be unethical. VA agrees that these concerns are valid. The paragraph has been modified to provide that permission to withdraw is not required unless a representative has agreed to act in the case and the word "unethical" has been added as suggested. Language has also been added to make it clear that motions to withdraw should not include information which it would be unethical for the representative to reveal.

A list of examples of possible VA claimants and appellants other than veterans is given in several locations throughout these revisions, including this section. This list has been expanded to include fiduciaries appointed to receive an individual's VA benefits on his or her behalf. This revision has been made to provide additional information. It does not represent any change in existing practices.

The citation of authority has been expanded to include 38 U.S.C. 7105(a).

With these modifications, the proposed amendment was adopted.

Three comments were received concerning § 20.609.

Paragraph (f) of this section states that fees charged by attorneys-at-law

and agents in proceedings before VA will be presumed to be reasonable if they total no more than 20 percent of any past-due benefits awarded. One commenter asserted that this provision was contrary to law, inasmuch as 38 U.S.C. 5904(d)(1) limited the 20-percent test to contingent-fee cases, while a reasonableness test applies to other types of fee arrangements. In addition, the commenter argued that this provision would induce representatives to tailor their fees to approximate 20 percent even though they might be "grossly disproportionate" to the work required, that Congress meant the 20-percent figure to be a ceiling and not the norm, and that the presumption transferred the burden of proof from the representative to the claimant/appellant. With regard to the latter, concern was expressed about an unrepresented individual meeting this burden.

VA does not agree that this provision is unlawful and finds no evidence that it is contrary to the intent of Congress. 38 U.S.C. 5904(c)(2) provides, in essence, that the BVA is charged with determining what fees are reasonable. This presumption serves to announce that the BVA considers fees meeting the 20-percent test to be reasonable unless the contrary is shown. VA believes that it may be construed from the provisions of 38 U.S.C. 5904(d)(1) that it is the sense of the Congress that fees of 20 percent are not unreasonable. It is true that this presumption serves to shift the burden of proof, but VA does not feel that this transfer is unwarranted. Fees of 20 percent would be relatively modest in most cases. Attorneys' fees in many types of civil actions, for example, typically run to a greater amount. At least as to contingent fees, fees of 25 percent of past-due benefits have apparently become the norm in Social Security cases. (Department of Health & Human Services, Social Security Administration, Office of Hearings and Appeals; "Report to Congress, Attorney Fees Under Title II of the Social Security Act" 2 (1988).) Further, most cases allowed by the BVA do not result in large awards of past-due benefits.

VA has no reason to believe that abuse by representatives who would charge "grossly disproportionate" fees will arise except in unusual cases. Should there be any such abuse, this section and 38 U.S.C. 5904(c)(2) provide for review by the BVA to protect the claimant/appellant. As to unrepresented individuals, the BVA has not and will not penalize legally unsophisticated appellants—nor will it tolerate "grossly disproportionate" fees, even though they

may meet the 20-percent test. Obviously, if fees of 20-percent were grossly disproportionate to the amount of work done, the presumption of reasonableness would be overcome.

The same commenter urged that this regulation include a provision for notifying appellants of their right to file a motion for review of fee agreements under paragraph (i), possibly by inclusion of notice in the form used to designate attorneys and agents as representatives (VA Form 2-22a) and by a requirement that it be included in privately drawn designations of a representative which does not use the form. VA does not currently believe that the need for such notice is so strong as to justify the burden of imposing a regulatory duty of proving that such notice has been given to appellants by agents and attorneys who do not use the form mentioned.

The second commenter voiced disagreement with the indication in paragraph (c)(1) that a condition precedent to the charging of fees by attorneys-at-law and agents is a final BVA decision "with respect to the issue, or issues, involved." The commenter argues that the only criteria should be that there was a prior decision, not that the exact issue or issues were decided in that decision, and that this provision is contrary to the intent of Congress. VA does not find that this objection is well-founded. It was clearly not the intent of Congress that a BVA decision on any subject in the case of a particular veteran would open the door to fees by attorneys-at-law and agents with respect to every matter which might ever arise in the future. The statutory requirement that there be a final decision in the case makes little sense unless the intent is that the decision has been on point. The remarks of the Honorable Alan Cranston, United States Senate, in discussing Public Law 100-687 are instructive. These remarks include the following:

Let me be clear—I do not believe that most veterans with claims before the VA would be well advised to seek the assistance of an attorney. Certainly, were I asked, my first advice to a veteran with such a claim would be to contact a veterans' service officer. But the existence of the valuable, free resource of representation before the VA by veterans' service officers in claims adjudication is not a reason for precluding a veteran from seeking to obtain the services of an attorney at the end of the internal VA process if the veteran wishes to do so.

The compromise agreement before us today prohibits attorneys fees until after the BVA makes its first final decision, thus contemplating that the current practice of veterans being assisted by skilled veterans' service officers throughout the VA and initial BVA administrative processes would continue to operate exactly as it does now.

(134 Cong. Rec. S 16646 (daily ed. Oct. 18, 1988).)

Essentially, the idea is that attorneys and agents will not become involved in claims for particular benefits from VA on a fee basis until after the claim has been denied at the VA field facility level and, after an appeal, the BVA has had an opportunity to rule on the merits of the particular claim—in short, until after the normal administrative procedures have run their course. For example, the fact that there had been a recent BVA decision on the issue of entitlement to service connection for one disability would permit a fee agreement with respect to that issue (assuming that the other criteria were met), but it would not furnish a basis for a fee agreement on another entirely separate issue (e.g., entitlement to an increased evaluation for another disability) on which the BVA had not yet ruled. It should be noted that the term "issue" in the context of this regulation means the principal issue (e.g., entitlement to service connection for a particular disability). It is not the intent of this regulation to restrict fees for services performed in conjunction with the disposition of the collateral issues which must be addressed in order to reach a decision on the principal issue.

The same commenter felt that the words "applicable Board of Veterans' Appeals decision" in paragraph (c)(2) are confusing and objected that the right to obtain an attorney on a fee basis was unfairly restricted if the intent was to refer back to paragraph (c)(1). (While the comment is not clear in this regard, this objection is apparently on the same basis as the objection to paragraph (c)(1).)

The intent was, indeed, to refer back to paragraph (c)(1). Paragraphs (c)(1) through (c)(3) constitute an interconnected list of criteria which must be met. To remove any doubt, however, the language in paragraphs (c)(2) and (c)(3) has been amended to conform to the language in paragraph (c)(1). With respect to the appropriateness of the language, the comments concerning paragraph (c)(1) apply.

Also with respect to paragraph (c)(2), this commenter argues that there should be no requirement that the Notice of Disagreement received on or after November 18, 1988, must precede the BVA decision with respect to the issue, or issues, involved. Essentially, the commenter feels that the statute (38 U.S.C. 5904(c)(1)), read together with section 403 of Public Law 100-687, is satisfied if there is a final BVA decision and if there is a Notice of Disagreement filed on or after November 18, 1988, even though the decision predated the Notice of Disagreement. For example, the commenter argues that if there is a final BVA decision following a pre-November 18, 1988, Notice of Disagreement denying a benefit, the claim is reopened and again denied at the agency of original jurisdiction level, and a Notice of Disagreement is filed after November 18, 1988, on the reopened claim, there should be an immediate right to enter into a fee agreement rather than a necessity to await the BVA decision on the reopened claim.

VA has not found material in the legislative history which shows that this particular point was specifically considered in the drafting of Public Law 100-687. However, VA is of the opinion that the construction in this proposed amendment is the one which is the most logical. It appears that the intent with respect to the effective date for the allowance of fee agreements was that there would be a clear line of demarcation centered on the date of enactment of Public Law 100-687 (November 18, 1988) with an orderly progression of subsequent events, culminating in a BVA decision, before fee agreements are permitted. Independent analysts have also apparently arrived at the same conclusion. (e.g., see Stichman, "The Veterans' Judicial Review Act of 1988: Congress Introduces Courts and Attorneys to Veterans' Benefits proceedings," 41 Ad. L. Rev. 365 at 387, 388 (1989)).

Once the BVA denies an appeal, its decision is final and conclusive aside from the right to appeal to the United States Court of Veterans Appeals, or another Federal court, under some circumstances and a possible motion for reconsideration. (38 U.S.C. 7103(a)) When an appeal is denied by the Board, it may not thereafter be reopened and allowed on the same factual basis, but only on the basis of new and material evidence. (38 U.S.C. 5108 and 7104(b)) Thus, a reopened claim, even with a Notice of Disagreement filed on or after November 18, 1988, has little legal relationship to a prior denied appeal. The earlier appeal is, in essence, a separate case. Inasmuch as 38 U.S.C. 5904(c) bars payment of a fee for "services provided before the date on which the Board of Veterans' Appeals first makes a final decision in the case," VA believes that fees are payable only for service provided subsequent to a final BVA decision following upon a

Notice of Disagreement filed on or after November 18, 1988.

Moreover, Congress contemplated that the operative BVA decision, for the purposes of Public Law 100–687, would follow rather than precede the Notice of Disagreement. Regarding the effective date provisions, for example, Senator Cranston noted the following:

Given the fact that it currently takes on the average over 355 days from the issuance of the statement of the case—the step after the filing of the notice of disagreement—to the entry of a final BVA decision, the new court should have sufficient time before its effective date on September 1, 1989, in which to become fully operational before it receives its first significant number of cases.

(134 Cong. Rec. S 16650 (daily ed. Oct. 18, 1988))

Further, the judicial-review provisions and the attorney-fee provisions were enacted together, as an organic whole. The attorney-fee provisions were added primarily to assist veterans in retaining counsel for assistance in appealing BVA decisions to the United States Court of Veterans Appeals. Senator Cranston emphasized that veterans should be assisted by veterans service officers throughout VA field facility and initial BVA processes, concluding that the attorney-fee provisions would enable a veteran, "once he or she has received an initial BVA decision and has sought an attorney's assistance to appeal that decision, * * * to seek further BVA review with the assistance of counsel before going to court." (134 Cong. Rec. S 16646 (daily ed. Oct. 18, 1988)) To the extent a veteran has filed a Notice of Disagreement in a reopened claim, but has not received a BVA decision thereon, an appeal to the court would be premature. Thus, the need for counsel envisioned by Congress (i.e., to assist in an appeal to the COVA) has not arisen.

In an analogous situation, Congress expressed its desire to bar payment of fees where counsel is not retained within one year of the final BVA decision. Senator Cranston explained the effect of this provision in the context of stale appeals as follows:

This provision is not intended to limit a claimant from changing attorneys once an appeals process has begun, but rather to address the possibility of a claimant receiving a final BVA decision waiting a number of years without any action, and then retaining an attorney to request a reopening and pursuit of the claim at the regional office level. In such a case, no fee could be paid to the attorney until after a new final decision.

(134 Cong. Rec. S 16647 (daily ed. Oct. 18, 1988))

VA believes that the same analysis may be applied where there is a disjunction between a pre-Public Law 100–687 decision and a post-Public Law 100–687 Notice of Disagreement. There is no compelling reason to allow the payment of fees before a veteran has exhausted administrative procedures in a reopened claim and, as Senator Cranston's remarks suggest, there is every reason to bar the payment of fees in stale appeals.

Paragraph (b) of § 20.609 points out that agents and attorneys-at-law may receive fees, but that other representatives may not. This commenter also suggested that paragraph (b) be amended to specify when agents and attorneys-at-law who are also accredited representatives of recognized organizations may receive fees. Explanatory language has been added, as suggested. Only one representative may be recognized at any given time in the prosecution of a particular claim. (See § 20.601 and 38 U.S.C. 7105(b)(2).) An attorney-at-law or agent could also be an accredited representative of a recognized service organization. (See 38 CFR 14.628, "Recognition of organizations," and 14.629 "Requirements for accreditation of representatives, agents, and attorneys.") Whether he or she may charge fees for services performed in a particular case will depend upon the capacity in which he or she is acting at the time. If the organization has been designated as representative and he or she is acting in his or her capacity as an accredited representative of a recognized organization, it is the organization which is the representative in the case, not the accredited representative of the organization. Recognized organizations may not receive fees and the fact that the particular accredited representative who is working on the case for the organization may also happen to be an attorney-at-law or agent does not alter that fact. If he or she has been appropriately designated and is acting in his or her own capacity as an attorney-at-law or agent as the designated representative, then fees may be charged if the other criteria are also met. (Also see proposed § 20.603(b) concerning attorneys employed by recognized organizations.)

The third commenter suggested that the list of factors to be considered in determining whether fees charged by attorneys-at-law and agents are reasonable contained in paragraph (e) should include "the delay in payment" and "the contingent nature of the representation." VA assumes that the reference to "the contingent nature of the representation" is actually a reference to the contingent nature of payment in contingent fee cases. On that assumption, this part of the suggestion has been adopted. The suggestion concerning including delay in payment as an element for consideration has not been adopted. Potential difficulty in collecting fees from clients exists in every case. If the concern here is about the fact that payment must await the result in contingent fee cases, that would be part of the justification for higher fees in contingent fee cases and is contemplated by the inclusion of consideration of whether the payment of fees is contingent upon achieving a favorable result.

This commenter felt that paragraph (f), which provides that fees which total no more than 20 percent of any past-due benefits awarded will be presumed to be reasonable, should be "clarified" to show that fees over 20 percent would not be presumed to be unreasonable. VA believes that it is obvious that that would not be a reasonable construction of paragraph (f) and that no further clarification is necessary. (See the discussion concerning the first commenter's remarks regarding this paragraph.)

This commenter argues that paragraph (i) should provide that motions for the review of fee agreements should be ruled on by "the Board," rather than by the Chairman, citing the language in the section of Public Law 100–687 which has been codified as 38 U.S.C. 5904 and arguing that Board Members are in the best position to judge the quality and quantity of an attorney's work on a case. This suggestion has not been adopted.

Such motions are in fact reviewable by any of the Members of the Board when the motion is properly before them. (See § 20.102(d).) VA regrets any confusion which may have been caused in this regard by the typographical error which resulted in an erroneous reference to § 20.609(g), rather than § 20.609(i), in § 20.102(d).

Secondly, this comment seems to be based on the erroneous assumption that the Chairman is not a Member of the Board with decision-making authority at least equal to that of any other Member. Clearly, that is not the case. (See, for example, 38 U.S.C. 7101(b).)

Next, from an administrative standpoint, choosing which Members of the Board will dispose of motions is one of the Chairman's duties. Sections of the Board dispose of motions which are before them in connection with proceeding which have been specifically assigned to them by the Chairman. (See 38 U.S.C. 7102(c).)

Finally, VA agrees that Members of Board Sections will be in a good

position to rule on motions concerning fee agreements in matters in which they have been personally involved. It is contemplated that such Members will rule on motions concerning fee agreements which arise during the course of appeals or other proceedings which have been assigned to them in accordance with 38 U.S.C. 7102(c). (As a result of these comments, material has been added to § 20.102 to make this clearer.) However, motions concerning the reasonableness of fee agreements (as well as other motions) do not always arise in the context of appeals before Sections of the Board for disposition. Essentially, 38 U.S.C. 5904 charges the BVA with monitoring the reasonableness of fee agreements concerning cases brought throughout the Department regardless of whether they are in the context of an appeal. For example, an attorney-at-law may be hired to represent a claimant at the field level in a reopened claim which follows a recent BVA decision. The representative may be successful in the prosecution of the reopened claim and the case will never come before the BVA on appeal. Nevertheless the claimant could file a motion with the BVA for review of the reasonableness of the attorney's fees. Along the same lines, 38 U.S.C. 5904(c)(2) and these rules provide for filing a copy of any fee agreement with the BVA and that the Board may review agreements for reasonableness on its own motion. It seems clear that the BVA has the responsibility under this statute to conduct at least a preliminary screening of agreements filed with it to guard against the abuse of veterans and their survivors and dependents. Some centralized filing and initial review process at the Board is desirable both from the standpoint of reasonable administrative efficiency and from the standpoint of uniformity of approach.

A list of examples of possible VA claimants and appellants other than veterans is given in several locations throughout these revisions, including this section. This list has been expanded to include fiduciaries appointed to receive an individual's VA benefits on his or her behalf. This revision has been made to provide additional information. It does not represent any change in existing practices.

References to "agents" have been removed from paragraph (h), inasmuch as the provisions of 38 U.S.C. 5904(d) apply only to attorneys-at-law.

VA assumed when drafting these amendments that parties would submit such evidence as they might wish to the BVA in conjunction with a motion for

review of a fee agreement. Material has been added to paragraph (i) to make it clear that this is permitted and also to note that the ruling on the motion will be in the form of an order, as noted in 38 U.S.C. 5904(c)(2). Other editorial changes have been made to the paragraph to make it clear that the BVA need not file its own motions with itself.

The phrase "Department of Veterans Affairs personnel" has been changed to read "Department of Veterans Affairs field personnel" in the section heading and in paragraph (a) as an editorial change in the interest of clarity.

With the modifications described in the preceding paragraphs, § 20.609 is adopted.

One comment was received concerning § 20.610. This comment, like the commenter's remarks pertaining to § 20.609(i), suggests that notice of the availability of review of the reasonableness of representatives' expenses be included in VA Form 2–22a and any other designation of representation by an attorney-at-law or agent. The same response given in the discussion concerning § 20.609(i) applies.

This commenter also suggested that the BVA take into consideration, when reviewing motions pertaining to the reasonableness of representatives' expenses, whether expenses have been incurred for the services of experts which should have been provided by the representative rather than the expert. Normally, experts are used to provide opinions on technical matters, rather than to provide normal representational skills. Based upon past experience, VA does not currently perceive a significant potential for abuse in this area warranting regulation. VA notes that the list of criteria at the end of paragraph (d) is not intended to be all inclusive and that such a problem could be addressed under the regulation—as proposed—should abuse occur. If future experience should show that it is warranted, appropriate specific language can be added at a later time.

Finally, this commenter suggested that whether there was prior authorization of an expense by the claimant or appellant should be added to the list of criteria set out in paragraph (d) used to judge the reasonableness of expenses. In this regard, the commenter expressed concern about claimants not being aware of the cost of litigation. This regulation already contemplates that there will be an agreement between the parties as to whether a representative will be reimbursed for expenses. (See paragraph (b).) While VA recognizes and appreciates the concerns voiced by

this commenter, it is reluctant to impose what would in effect be a requirement for the approval of each individual litigation expense in advance in addition to a general agreement for expense reimbursement. Such a requirement would be very burdensome to both claimants/appellants and representatives. Consideration will be given to a requirement for advance approval with respect to large expenses, perhaps those exceeding a particular amount, in the future if experience indicates a need for further regulatory control. At this time, however, this suggestion has not been adopted.

A list of examples of possible VA claimants and appellants other than veterans is given in several locations throughout these revisions, including this section. This list has been expanded to include fiduciaries appointed to receive an individual's VA benefits on his or her behalf. This revision has been made to provide additional information. It does not represent any change in existing practices.

VA assumed when drafting these amendments that parties would submit such evidence as they might wish to the BVA in conjunction with a motion for review of a representative's bill for expenses. Material has been added to paragraph (d) to make it clear that this is permitted and also to note that the ruling on the motion will be in the form of an order.

The phrase "Department of Veterans Affairs personnel" has been changed to read "Department of Veterans Affairs field personnel" in the section heading and in paragraph (a) as an editorial change in the interest of clarity.

With the modifications described in the preceding paragraphs, § 20.610 is adopted.

One commenter objected to the provision in § 20.611 allowing a representative to continue representation in a case on behalf of survivors for the first year following the death of a claimant or appellant— alleging that the "lengthy period of recognition would constitute an unwarranted invasion of the privacy rights of any survivor(s)." It was suggested that the period be reduced to 30 or 60 days or that there should be a requirement incorporated in the regulation that any survivor who files a claim must be placed on notice of the "power-of-attorney" in effect and offered the opportunity to rescind, limit, or change it.

The suggested changes have not been adopted. A similar provision has been in effect for many years, except that the current regulation provides for

continuation of representation for a "reasonable" period. (See 38 CFR 19.155(c).) This amendment substitutes a one year period (or a period sufficient to complete any appeal pending at the time of the death of the claimant/appellant) for the rather vague standard of "a reasonable period." As is very clear from the proposed amendment, this provision does not preclude the survivor from changing representatives or terminating representation during the applicable period if he or she wishes. Rather, it serves the function of relieving distraught survivors from the burden of being forced to deal with such matters during the initial year following the death of an appellant or claimant and allows representatives to protect the interests of such survivors during this critical period. The amendment is adopted as proposed.

Four comments were received concerning § 20.700.

One commenter recommended that sworn testimony at a personal hearing be recognized as "primary" evidence and that the term "evidence" be defined to include testimony. The commenter argues that this regulation should provide that the BVA must state affirmative reasons for rejecting any testimony and that it should provide that the BVA may not "find a fact to be contrary to the veteran's testimony solely by reason that no reference to such fact exists or is contained in the service records."

That testimony by a veteran or any other witness is evidence is really not a matter which is open to debate. VA, of course, recognizes that it is. (See, for example, proposed § 19.31.) This point is so well settled that VA sees no need to include it in a definition in these rules of practice. The other suggestions from this commenter, described previously, pertain to the deliberative and decision-preparation process of Members of the Board. The weight to be accorded to any particular item of evidence, whether testimony or documentary evidence, is a matter for the triers of fact—in this case, Members of the Board—to determine. Many elements go into determining whether a witness is credible, including his or her demeanor while giving testimony. Little would be gained by a regulatory requirement that the Board specifically state that it did not find a particular witness to be trustworthy.

This commenter asked that paragraph (c) be revised to require that reasons for excluding evidence at hearings on the grounds of lack of relevancy or materiality or because of its repetitious nature be included in the final written decision by the BVA. The place for argument and discussion of why

evidence should or should not be excluded at a hearing is at the hearing. The reasons for a ruling on the admissibility of evidence will be articulated at that time. In the event that appeal is taken to a higher tribunal on the question of whether evidence was wrongfully excluded, the hearing transcript will be available.

This commenter objected to the provisions in paragraph (d) limiting informal hearing presentations to 30 minutes, asserting that this was not in the interest of the appellant. These presentations on audio cassette tapes are limited to 30 minutes because the tapes are transcribed by VA at no cost to the appellant or representative as a service to the appellant and representative. Government funds for this service are limited. The use of this procedure is optional. Appellants and their representatives may present recorded or written presentations of any length they wish at their own expense. VA also notes that the 30 minutes allowed is 30 minutes of actual dictation. Off-line time to compose comments is not included. Thus 30 minutes of actual dictation on tape may represent several hours of work. Thirty minutes of dictation tape translates, on the average, into approximately eleven pages of typed material, single spaced. In a 1987 sample survey, the average informal hearing presentation was just under two and one-half pages in length and the longest in the sample survey was five and one-half pages in length.

The other three commenters expressed concern about the provisions of this amendment which limit hearings solely for oral argument unless good cause for such a hearing is shown. Some pointed out that give-and-take discussions with Members of the Board are often very valuable in defining the issues. One commenter expressed concern about obtaining hearings in cases in which an appellant was unable to attend personally due to age or infirmities.

VA does not believe that, in most cases, the benefit to be gained justifies the time and expense necessary to conduct such hearings. In most cases, there is little which can be presented at oral argument which can not be presented equally well in briefs. The proposed regulation provides for exceptions in unusual cases. The amendment is adopted as proposed.

No comments, suggestions, or objections were received regarding the amendment of § 20.701. This amendment is adopted as proposed.

Two comments were received concerning § 20.702.

One commenter pointed out the error in the spelling of the word "appear" in the paragraph heading of paragraph (d). This was a typesetting error which has been corrected. This commenter also suggested that the sentence "Ordinarily, however, hearings will not be postponed more than 30 days" be added following the sixth sentence of paragraph (d). The suggested language duplicates language found in paragraph (c)(2) and VA agrees that the suggested addition is appropriate. This suggestion has been adopted.

The second commenter pointed out, in essence, that paragraph (d) has not been constructed to recognize hearings in which only representatives appear to present oral argument. This was an oversight which has been corrected. With these revisions, the amendment is adopted.

One commenter alleged that the discussion of an individual's right to a Travel Board hearing in § 20.703 was confusing and should be further clarified. Unfortunately, the commenter did not indicate why or how the discussion was considered to be confusing. Inasmuch as no explanation was given and inasmuch as the material in the amendment is relatively simple and straightforward, no change has been made.

A second commenter suggested that § 20.703 should be altered to provide that Travel Board hearings will not be granted concerning reconsideration of a prior BVA decision unless a motion for reconsideration has been granted. VA agrees that this is appropriate and this suggestion has been adopted.

This proposed section failed to mention that Travel Board hearings are available in an appeal of a claim reopened after a prior BVA decision. This oversight has been corrected.

With the changes described, the amendment is adopted.

Two comments were received concerning § 20.704.

Paragraph (c) of § 20.704 provides, in part, that requests for a change in a Travel Board hearing date may be made at any time prior to the scheduled date of the hearing if good cause is shown and that if good cause is not shown, the appellant and representative will be notified and given an opportunity to appear at the hearing previously scheduled. One commenter suggested, in essence, that this paragraph be modified to account for the situation in which the request for a change in the hearing date is received so late that notice of the denial of the request cannot be given until after the originally scheduled hearing date has passed. Suggested

language was proposed. The suggested language (which provided that if the original hearing date had already passed by the time that notice of the denial of the request for a new hearing date could be given, the request for the hearing would be deemed to have been withdrawn) has not been adopted. VA agrees, however, that a potential problem with the proposed amendment has been identified by this commenter. Obviously, a request for a new hearing date must be given far enough in advance of the originally scheduled hearing date for the agency of original jurisdiction to act on the request. This problem is solved in the section dealing with hearings other than Travel Board hearings by requiring that a request for a new hearing date must be submitted not later than two weeks prior to the scheduled hearing date. (See § 20.702(c).) The § 20.704 amendment has been revised to include a similar requirement.

The second commenter pointed out, in essence, that paragraph (d) has not been constructed to recognize hearings in which only representatives appear to present oral argument. This was an oversight which has been corrected.

For reasons noted in the following paragraph, the substance of the second sentence of proposed § 20.705(b) has been moved to paragraph (a) of § 20.704. With this correction, and the revisions described in the previous two paragraphs, the § 20.704 amendment is adopted.

One comment was received concerning § 20.705. The commenter suggested that the word "or" be moved from proposed paragraph (a) (paragraph (a)(1) as adopted) to the end of proposed paragraph (b) (paragraph (a)(2) as adopted) and that the second sentence of proposed paragraph (b) be placed in parentheses. VA agrees that the structure of this amendment could be improved, but is taking an alternative approach. The word "or" has been moved as suggested, but the substance of the second sentence of proposed paragraph (b) has been moved to § 20.704(a). The substance of the remainder of § 20.705 has not been changed, but it has been reorganized for greater clarity. With these changes, § 20.705 is adopted.

One comment was received concerning § 20.706. This commenter expressed concern about the reference to the presiding Member of a hearing panel in this section, and in several others, feeling that this was not sufficient to encompass the Hearing Officer program of the Veterans Benefits Administration. No specific changes have been made to mention this

program in these amendments. The proposed amendment is not incompatible with the program. The Hearing Officer would be a panel of one and would, of course, be the presiding Member of that panel. This amendment is adopted as proposed.

No comments, suggestions, or objections were received regarding the amendment of § 20.707. In response to a comment, post-traumatic stress disorder was added to the list of BVA Board Member specialties in § 19.11(c) to be taken into consideration when Section expansion is required because an issue presented to a traveling Section of the BVA involves reconsideration of a prior BVA decision. Post-traumatic stress disorder has been added to a similar list in this section for consistency.

An editorial revision has been made to change the word "panel" to "section" in the text of paragraph (b) when the reference is to a reconsideration section or to a traveling section. This change has been made so that the amendment will parallel the language which appears in 38 U.S.C. 7103(b) and 7110.

The proposed amendment is adopted, with these revisions.

The individual who commented on § 20.706 offered the same remarks concerning § 20.708. For the reasons noted in the discussion concerning § 20.706, the commenter's suggestion has not been adopted and the amendment is adopted as proposed.

Two comments were received pertaining to § 20.709.

This regulation provides for the procedures to be followed when the record is to be left open for a reasonable period of time following a personal hearing in order to allow an appellant and his or her representative to submit additional evidence. One commenter suggested that the amendment be revised to provide clarification of the nature of such evidence, to provide information concerning whether the development of the evidence is the sole responsibility of the appellant or representative, and to distinguish between evidence requested by the BVA as opposed to evidence volunteered by the appellant. This suggestion has not been adopted.

It is neither necessary nor desirable to define all of the types of potential evidence which might come to light during the course of a hearing. Any attempt at such a definition would likely be incomplete, inasmuch as it is virtually impossible to guess at the nature of all such evidence in advance, and little (if anything) would be gained by such an attempt. This is a matter best addressed on a case-by-case basis.

This regulation was not meant to be all inclusive with respect to post-hearing evidence development. It merely provides an opportunity for the record to be left open as a service to appellants and representatives so that they may submit additional evidence after the hearing if they indicate a desire to do so during the hearing. The BVA does not force appellants or representatives to submit evidence against their will, even when it is obvious that the evidence would help their cause. If the Board Members participating in the hearing feel that additional evidence is required, they may undertake the development administratively or through remand. That, however, is beyond the scope of this section governing practice by appellants and representatives before the Board.

The individual who commented on § 20.706 offered the same remarks concerning § 20.709. For the reasons noted in the discussion concerning § 20.706, the commenter's suggestion has not been adopted. The amendment is adopted as proposed.

No comments, suggestions, or objections were received regarding the amendment of § 20.710. This amendment is adopted as proposed.

Two comments were received regarding § 20.711.

The first commenter recommended that additional information be included as to who may be subpoenaed, noting that the regulation specifies that VA adjudication personnel are exempt but that the exemption did not appear to extend to personnel of the Department of Veterans Affairs' Veterans Health Administration, and that the amendment does not discuss "hostile" witnesses. No change has been made as a result of these comments. Essentially, any witness may be subpoenaed—provided that the requirements of the regulation concerning the need for a subpoena are met. In addition, no particular information concerning "hostile" witnesses is necessary. Obviously, some lack of voluntary cooperation is implicit in the need for a subpoena.

The second commenter complained because this amendment does not allow appeal of rulings on a motion to quash a subpoena, citing the provisions of 38 U.S.C. 7104 which (together with the provisions of 38 U.S.C. 511(a)) provide that all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans are subject to one review on appeal. VA agrees that this is a valid criticism. The restriction complained of, which

appeared in proposed paragraph (f), arose out of concern that appeals would be endlessly delayed due to appeals of interlocutory matters. This concern can also be addressed by providing that the various subpoena related motions are appealable, but that they are not subject to interlocutory appeals. Paragraphs (e) and (h) have been revised to take this less restrictive approach.

The second commenter also argued that the failure of this section to provide for deposing witnesses and its restriction of the issuance of subpoenas to those cases where the necessary evidence cannot be obtained in any other reasonable way are in violation of the provisions of 38 U.S.C. 5711. For the reasons set out below, VA does not agree and no modifications have been made as a result of this criticism.

VA agrees that 38 U.S.C. 5711 is broad enough to support a regulation permitting formal discovery proceedings and broader subpoena power, but the authority of the Secretary (and those to whom he or she chooses to delegate that authority) under this statute is discretionary. The statute confers subpoena power, but it does not compel the exercise of that power. The power to issue subpoenas has existed for a number of years, but its exercise has been limited. The provisions of this section are in conformance with existing procedures and are compatible with the authority which the Secretary has delegated to the Chairman of the BVA and the heads of regional offices and centers. (See 38 CFR 2.1.)

Some erosion of past simplicity of VA adjudication and appeal procedures is inevitable with the growing complexity of veterans' law, the involvement of attorneys-at-law in the adjudication and appeal processes, and the advent of judicial review of decisions of the BVA. VA recognizes the growing complexity of veterans' law and is willing to exercise more subpoena power than has been exercised in the past, but believes that this inherently adversarial process is best limited to those cases where no other reasonable approach will work. VA is also of the opinion that the complexity and adversarial nature of formal discovery proceedings are incompatible with the relatively informal VA adjudication and appeal process. Accordingly, such procedures will not be implemented at this time.

A comment concerning § 20.712 (infra) brought to light the absence of any instructions concerning the payment of witness fees in conjunction with the service of a subpoena. Material concerning this subject has been added.

With the revisions described, proposed § 20.711 is adopted.

One commenter urged that § 20.712 include clarification with regard to "how the appellant would 'incur' expenses other than for reproduction costs" and information on what, if any, reimbursement witnesses may claim and from whom.

In view of this comment, the section heading has been modified to more accurately reflect its intended scope. The purpose of this section is to alert appellants, representatives, and witnesses that VA cannot reimburse them for their expenses. The potential expenses of an appellant in conjunction with a hearing are many and varied. (Various travel and lodging expenses come immediately to mind as examples.) The nature and extent of expenses which an appellant may be willing to incur in conjunction with a hearing are really decisions which he or she must make in consultation with his or her representative. Apart from the availability of review for reasonableness of expenses charged to an appellant by a representative (see § 20.610), no need for regulation in this area is currently perceived. The reimbursement of witnesses is also a matter to be privately determined between the witness and the appellant or representative who requests his or her appearance, except that by law (38 U.S.C. 5711, 38 CFR 2.1(c)) witnesses who are subpoenaed are entitled to the same fees and mileage expenses as are paid witnesses in the district courts of the United States. This comment has brought to light the need for an additional paragraph in § 20.711 pertaining to fees. This paragraph has been added. Except for the modification to the section heading, however, § 20.712 is adopted as proposed.

One comment was received pertaining to § 20.713. This commenter pointed out that there were typographical errors in paragraph (b), in that references to § 20.702(c)(i) and (c)(ii) should be to § 20.702(c)(1) and (c)(2). These typographical errors have been corrected. Editorial changes have also been made to clarify paragraph (a). As originally proposed, it suggested that notices of hearings in simultaneously contested claims would always be given by the BVA itself. That was, of course, not accurate. With these corrections, the proposed amendment is adopted.

Two comments were received regarding § 20.714.

The first commenter suggested, in essence, that what is "good cause" for the preparation of a written transcript should be clarified. No suggested grounds were furnished by the commenter. This suggestion has not been adopted. The BVA has already

provided for the automatic transcription of hearings in those situations where a transcript is normally required. (See paragraphs (a)(2) through (a)(5) of the section.) The provision that a transcript will also be prepared when good cause is shown is provided to allow for unanticipated circumstances. This is a matter best determined on a case-by-case basis.

This commenter also suggested that provision be made for the automatic preparation of hearing transcripts when the hearing panel consists of fewer than three Members of the BVA. Such a requirement is not necessary. The audio tape recordings of hearings conducted by traveling Sections of the Board or by the BVA in Washington, DC, are available for review by any additional Board Members who may be assigned to the review of the case after a hearing has been conducted. Proposed § 20.714(a)(4)(iii), regarding the preparation of hearing transcripts in hearings by traveling Sections of the Board consisting of fewer than three Members of the Board, has been withdrawn.

The second commenter asked that "good cause" in paragraph (a)(1) be defined to specifically include situations in which the appellant or a representative wishes to examine a transcript in order to assess whether to appeal to the United States Court of Veterans Appeals. This request has not been granted. There may well be cases in which this would furnish good cause for the preparation of a written transcript, but defining good cause in such a manner as to result in the automatic preparation of a written transcript on this basis is not warranted. Appellants and their representatives will normally have been present at BVA hearings and are well aware of what transpired at the hearing. Further, hearing tape recordings are available to them for review upon request. Convenience alone is not an adequate basis for the considerable expenditure of government funds necessary to produce a written transcript.

Editorial changes have been made in paragraph (c).

This proposed amendment is adopted with the revisions noted.

No comments, suggestions, or objections were received regarding the amendment of § 20.715. This amendment is adopted as proposed, with the addition of minor editorial changes.

The individual who commented on § 20.706 offered the same remarks concerning § 20.716. For the reasons noted in the discussion concerning § 20.706, the commenter's suggestion has

not been adopted and the amendment is adopted as proposed, with minor editorial changes.

Two comments were received concerning § 20.717.

The first commenter asked that loss of hearing tapes and transcripts be defined to include instances where the tape is generally unintelligible and instances where a written transcript contains substantial errors in transcription. These suggestions have not been adopted. The proposed amendment already contemplates unintelligible recordings. For example, factors to be considered in determining whether a new hearing will be granted include "the extent of the loss of the record in those cases where only a portion of a hearing tape is unintelligible * * *." (See paragraph (d).) The remedy for correcting errors in transcription is a motion for the correction of the transcript. (See § 20.716.)

This commenter also suggested that provision be made for reimbursing appellants and representatives for expenses which they might incur in attending a new hearing which is required because of loss of the record of a prior hearing due to mishandling or loss of a tape recording or transcript of a hearing by VA. VA is unaware of any legal authority for such reimbursement and the commenter offered none. This comment has not been adopted.

The second commenter is the individual who commented on § 20.706. This individual offered the same remarks concerning § 20.717. For the reasons noted in the discussion concerning § 20.706, the commenter's suggestion has not been adopted and the amendment is adopted as proposed.

One comment was received concerning § 20.800. The comment pertains to the limitations set out in § 20.1304 which are merely cross-referenced in § 20.800. This objection will be addressed in the discussion of the comments concerning § 20.1304. Section 20.800 is adopted as proposed.

No comments, suggestions, or objections were received regarding the amendment to § 20.900. This amendment is adopted as proposed.

One comment was received regarding §§ 20.901 through 20.903. The commenter objected because these regulations do not refer to authority included in Public Law 100–687 for VA field facilities to obtain independent medical expert opinions. Regulations concerning obtaining opinions in the field are beyond the scope of these amendments, which pertain to practice before the Board of Veterans' Appeals. VA's Veterans Benefits Administration has already issued a final regulation

concerning obtaining independent medical opinions at the field level (55 FR 18601 dated May 3, 1990). Sections 20.901 through 20.903 are adopted as proposed.

The General Counsel of the Department of Veterans Affairs issued a Precedent Opinion on May 17, 1990, which had the effect of invalidating the "administrative allowance" procedures of the BVA both in its current Rules of Practice and in these proposed regulations. (See O.G.C. Precedent Opinion 11–90, 55 FR 27756 dated July 5, 1990.) Such opinions are binding upon the BVA. (See 38 U.S.C. 7104(c).) Accordingly, all references to those procedures have been withdrawn from these proposed amendments. The material withdrawn includes proposed § 20.904.

No comments, suggestions, or objections were received regarding proposed § 20.905. Due to the withdrawal of § 20.904, proposed § 20.905 has been redesignated as § 20.904. The proposed amendment, as redesignated, is adopted.

No comments, suggestions, or objections were received regarding the amendments in proposed §§ 20.1000 through 20.1002. The provisions concerning reconsideration of BVA decisions that were designated in the proposal as §§ 20.1000(d) and 20.1002 are withdrawn. This is necessary as it has been determined, after further consideration, that such provisions of the proposal are, in some respects, inconsistent with the statutory provisions contained in 38 U.S.C. 7103. Instead, VA is publishing additional provisions concerning reconsideration of BVA decisions as part of a proposal in a companion document in this issue of the **Federal Register.** The remainder of § 20.1000 is adopted as proposed.

A list of examples of possible VA claimants and appellants other than veterans is given in several locations throughout these revisions, including § 20.1001(a). This list has been expanded to include fiduciaries appointed to receive an individual's VA benefits on his or her behalf. This revision has been made to provide additional information. It does not represent any change in existing practices.

Section 20.1001 is adopted as proposed with this revision and with the addition of the words "or evidence" at the end of the second sentence of paragraph (c)(2) to make it clear that additional evidence may now be submitted once a motion for reconsideration has been granted.

Section 20.1002 is reserved.

Two comments were submitted regarding § 20.1003. These comments are similar to the comments offered with respect to proposed provisions in § 20.700 which restrict hearings solely for oral argument by a representative. The response to those comments applies. VA does agree, however, that the latitude permitted in this area in nonreconsideration hearings should also be permitted in the case of reconsideration hearings. Accordingly, modifications have been made to make this section compatible with the provisions of § 20.700(b). With these revisions, the amendment is adopted.

The provisions concerning finality of BVA decisions that were designated in the proposal as §§ 20.1100 and 20.1101 are withdrawn. This is necessary as it has been determined, after further consideration, that such provisions of the proposal are, in some respects, inconsistent with the statutory provisions contained in 38 U.S.C. 7103. Instead, VA is publishing revised provisions dealing with this topic in two separate formats. First, language merely interpreting existing statutory provisions is set forth in § 20.1100 as part of this final rule. (Its provisions constitute interpretative rules and, as such, are exempt from the notice and comment provisions of 5 U.S.C. 553.) Second, additional provisions concerning this topic are set forth as part of a proposal in a companion notice of proposed rulemaking in this issue of the **Federal Register.**

Section 20.1101 is reserved.

No comments, suggestions, or objections were received regarding the amendments to §§ 20.1102 through 20.1106, 20.1200, 20.1201, and 20.1300 through 1302. These amendments are adopted as proposed, with minor editorial changes to § 20.1300 and the editorial revisions to §§ 20.1105 and 20.1301 described in the following paragraphs.

As proposed, the first sentence of § 20.1105 read as follows: "When a claimant requests that a claim be reopened after an appellate decision has been promulgated and submits evidence in support thereof, a determination as to whether such evidence is new and material must be made and, if it is, as to whether it provides a new factual basis for allowing the claim." The requirement that a "new factual basis" be established was carried forward from current 38 CFR 19.194 which was, in turn, based on language contained in what is now 38 U.S.C. 7104(b) which provides that a claim may not again be considered "on the same factual basis" after it has been disallowed by the BVA.

While that statutory language still remains, revisions to 38 U.S.C. 7104(b) made by the Veterans' Judicial Review Act (Pub. L. 100–687) provide an exception in the case of claims reopened under what is now 38 U.S.C. 5108, a new section added by the same act as 38 U.S.C. 3006. Inasmuch as § 20.1105 applies to reopened claims, the words "new factual" have been withdrawn to make the first sentence of the section consistent with the new statutory provisions.

Paragraph (b) of § 20.1301 includes an example of a BVA decision locator number. The form of the locator numbers has recently changed due to the archiving of BVA decisions in computer records rather than on microfilm. Material indicating that the format of locator numbers has changed and an example of the new type of locator number have been added to the proposed amendment, inasmuch as the most recent BVA decisions have the new type of locator number. Material has also been added to note that the copies of BVA Index I–01–1 which are available for public review at the BVA in Washington, DC, are located in the BVA's Research Center. (Of course, BVA decisions are not made available to the public in a form permitting the identification of individuals.)

Two comments were received regarding § 20.1303.

One comment was that "it is suggested that the term 'nonprecedential' be more clearly defined and the relationship to decisions of the Court of Veterans Appeals." (sic) The meaning of the word "nonprecedential" (which appears in the section heading) is fully explained in the text of the section and there is little which would be useful which could be added. Nonprecedential has its usual meaning. That is, as has been VA's position for many years, a BVA decision in one case is not binding in another. This amendment, of course, applies only to BVA decisions and has no bearing on decisions by the United States Court of Veterans Appeals.

The second commenter objected to the removal of the first sentence of the Rule of Practice upon which this amendment was based (current § 19.197). That sentence read as follows: "The Board will strive for consistency in issuing its decisions." The commenter argued that removing the consistency provision was contrary to "due process" and Public Law 100–687.

VA perceives no violation of either "due process" or of Public Law 100–687 through the removal of the sentence in question and the commenter offered no explanation of why it was thought that

this was the case. The removal of the sentence was actually a matter of editorial judgment and did not represent any change in policy. In view of the concern expressed, however, similar language has been added.

The second commenter also argued that the Board should be attempting to achieve more consistent opinions, especially in light of the creation of the United States Court of Veterans Appeals, by using BVA decisions as precedential guides. This suggestion has not been adopted.

Several factors are behind the long-standing rule that BVA decisions are not precedential in nature. The majority of decisions by the BVA turn on unique fact situations. For example, the many facts which establish a particular degree of disability in one individual are almost never the same as in the case of another individual. Another, and perhaps the most important, factor is that proceedings before the BVA are ex parte in nature. Questions of fairness would arise by, in effect, making a BVA decision precedential when the Department has no opportunity to present and defend its position in the proceeding. Further, VA may not appeal a BVA decision to the United States Court of Veterans Appeals. (38 U.S.C. 7152(a)). In addition to these historical, and still valid, considerations, uniformity will be achieved on important questions through precedent decisions of the United States Court of Veterans Appeals.

With the addition previously described, the amendment is adopted.

Four comments were received regarding § 20.1304.

This proposed section was essentially a duplicate of a proposed amendment of 38 CFR 19.174 (b) through (e) which was published for public comment on July 6, 1989 (54 FR 28445). The final version of that regulation was published on May 15, 1990. (55 FR 20144). Several changes arising out of comments received were incorporated into the final version of 38 CFR 19.174.

One of the four commenters on proposed § 20.1304 incorporated its prior comments concerning the amendment of 38 CFR 19.174 by reference and submitted an affidavit in support of those comments. Two of the other three commenters offered objections similar to those raised concerning the amendment of 38 CFR 19.174. The comments concerning the amendment of 38 CFR 19.174 were exhaustively discussed in the Federal Register at the time that the final version of that regulation was adopted. These three commenters are referred to that discussion. As noted in that discussion,

several changes were made. These included extending the time limit for submitting a request for a change in representation, submitting a request for a personal hearing, and for submitting additional evidence following certification of an appeal to the BVA from 60 to 90 days, or until the date the appellate decision in the case is promulgated by the BVA, whichever comes first. Section 20.1304 has been modified to conform to the final version of 38 CFR 19.174.

The fourth commenter pointed out, correctly, that the reference to § 19.112(b) should be to § 19.37(b). This error has been corrected.

A list of examples of possible VA claimants and appellants other than veterans is given in several locations throughout these revisions, including this section. This list has been expanded to include fiduciaries appointed to receive an individual's VA benefits on his or her behalf. This revision has been made to provide additional information. It does not represent any change in existing practices.

Clarifying material has been added to the first sentence of paragraph (d) to point out that the only evidence provided to all contesting claimants in a contested claim is evidence which is pertinent to the matter contested.

With the revisions noted, this amendment is adopted.

Proposed § 20.1305 has been withdrawn. The purpose of that section was to provide transitional effective date rules in the event that these amendments were adopted prior to September 1, 1989—the effective date of many of the provisions of Public Law 100–687.

There was a typesetting error in Appendix A to part 20. The numbers "20.700–20.717" at the bottom of the left-hand column, beneath the number "20.1304," should have been printed in the second column after the comma which appears after the citation "38 CFR 3.103(c)" which is in the second column directly to the right of the number "20.1304" in the left-hand column. This error has been corrected. The appendix has also been corrected to reflect the changes discussed in previous pages. With these corrections, the appendix is adopted.

The Secretary has determined that these regulations do not contain a major rule as that term is defined by Executive Order 12291, Federal Regulation. The regulations will not have a $100 million annual effect on the economy and will not cause a major increase in costs or prices for anyone. They will have no significant adverse effects on

competition, employment, investment, productivity, innovation, or on the ability of United States-based enterprises to compete with foreign-based enterprises in domestic or export markets.

The Secretary hereby certifies that these regulatory amendments will not have a significant economic impact on a substantial number of small entities as they are defined in the Regulatory Flexibility Act, 5 U.S.C. 601–612. The reason for this certification is that the regulations have only a limited effect on claimants/appellants and their representatives. Pursuant to 5 U.S.C. 605(b), these regulations are therefore exempt from the initial and final regulatory flexibility analyses requirements of sections 603 and 604.

The information collection requirements contained in §§ 20.202, 20.608, 20.609, 20.610, 20.702, and 20.704 of these regulations have been approved by the Office of Management and Budget (OMB) under OMB control number 2900–0085.

There are no Catalog of Federal Domestic Assistance numbers associated with these regulatory amendments.

## List of Subjects

### 38 CFR Part 14

Claims, Foreign relations, Government employees, Lawyers, Legal services, Organization and functions (Government agencies), Reporting and recordkeeping requirements, Surety bonds, Trusts and trustees, Veterans.

### 38 CFR Part 19

Administrative practice and procedure, Claims, Veterans.

### 38 CFR Part 20

Administrative practice and procedure, Claims, Lawyers, Legal services, Veterans.

Approved: November 6, 1991.

**Edward J. Derwinski,**

*Secretary of Veterans Affairs.*

For the reasons set out in the preamble, 38 CFR parts 14 and 19 are amended, and 38 CFR part 20 is added, as set forth below:

## PART 14—LEGAL SERVICES, GENERAL COUNSEL

1. The authority citation for part 14 is revised to read as follows:

Authority: 38 U.S.C. 501, 5901–5905.

**§§ 14.634 and 14.635 [Removed]**

**§§ 14.636 and 14.637 [Redesignated as §§ 14.634 and 14.635]**

2. Sections 14.634 and 14.635 are removed and §§ 14.636 and 14.637 are redesignated as new §§ 14.634 and 14.635 respectively.

3. In newly designated § 14.634, the last sentence is removed and an authority citation and cross-references are added at the end of the section to read as follows:

**§ 14.634  Banks or trust companies acting as guardians.**

\* \* \* \* \*

(Authority: 38 U.S.C. 5903, 5904)

Cross-References: Payment of Representative's Fees in Proceedings Before Department of Veterans Affairs Personnel and Before the Board of Veterans' Appeals. See § 20.609 of this chapter. Payment of Representative's Expenses in Proceedings Before Department of Veterans Affairs Personnel and Before the Board of Veterans' Appeals. See § 20.610 of this chapter.

4. In newly designated § 14.635, cross-references are added at the end of the section to read as follows:

**§ 14.635  Office space and facilities.**

\* \* \* \* \*

Cross-References: Payment of Representative's Fees in Proceedings Before Department of Veterans Affairs Personnel and Before the Board of Veterans' Appeals. See § 20.609 of this chapter. Payment of Representative's Expenses in Proceedings Before Department of Veterans Affairs Personnel and Before the Board of Veterans' Appeals. See § 20.610 of this chapter.

5. 38 CFR Part 19, Board of Veterans' Appeals, is revised to read as follows:

## PART 19—BOARD OF VETERANS' APPEALS: APPEALS REGULATIONS

### Subpart A—Operation of the Board of Veterans' Appeals

Sec.
19.1   Establishment of the Board.
19.2   Composition of the Board.
19.3   Appointment, assignment, and rotation of Members.
19.4   Principal functions of the Board.
19.5   Criteria governing disposition of appeals.
19.6   [Reserved]
19.7   The decision.
19.8   Decision notification.
19.9   Remand for further development.
19.10   [Reserved]
19.11   Reconsideration Section.
19.12   Disqualification of Members.
19.13   Delegation of authority to Chairman and Vice Chairman, Board of Veterans' Appeals.
19.14   Delegation of authority—Appeals Regulations.
19.15–19.24   [Reserved]

### Subpart B—Appeals Processing by Agency of Original Jurisdiction

19.25   Notification by agency of original jurisdiction of right to appeal.
19.26   Action by agency of original jurisdiction on Notice of Disagreement.
19.27   Adequacy of Notice of Disagreement questioned within the agency of original jurisdiction.
19.28   Determination that a Notice of Disagreement is inadequate protested by claimant or representative.
19.29   Statement of the Case.
19.30   Furnishing the Statement of the Case and instructions for filing a Substantive Appeal.
19.31   Supplemental Statement of the Case.
19.32   Closing of appeal for failure to respond to Statement of the Case.
19.33   Timely filing of Notice of Disagreement or Substantive Appeal questioned within the agency of original jurisdiction.
19.34   Determination that Notice of Disagreement or Substantive Appeal was not timely filed protested by claimant or representative.
19.35   Certification of appeals.
19.36   Notification of certification of appeal and transfer of appellate record.
19.37   Consideration of additional evidence received by the agency of original jurisdiction after an appeal has been initiated.
19.38   Action by agency of original jurisdiction when remand received.
19.39–19.49   [Reserved]

### Subpart C—Administrative Appeals

19.50   Nature and form of administrative appeal.
19.51   Officials authorized to file administrative appeals and time limits for filing.
19.52   Notification to claimant of filing of administrative appeal.
19.53   Restriction as to change in payments pending determination of administrative appeals.
19.54–19.74   [Reserved]

### Subpart D—Hearings Before Traveling Sections of the Board of Veterans' Appeals

19.75   Travel Board hearing docket.
19.76   Notice of time and place of Travel Board hearing.
19.77   Providing Statement of the Case when Travel Board hearing has been requested.
19.78–19.99   [Reserved]

### Subpart E—Simultaneously Contested Claims

19.100   Notification of right to appeal in simultaneously contested claims.
19.101   Notice to contesting parties on receipt of Notice of Disagreement in simultaneously contested claims.
19.102   Notice of appeal to other contesting parties in simultaneously contested claims.

Appendix A to Part 19—Cross-References

(Authority: 38 U.S.C. 501(a).

## Subpart A—Operation of the Board of Veterans' Appeals

### § 19.1 Establishment of the Board.

The Board of Veterans' Appeals is established by authority of, and functions pursuant to, title 38, United States Code, chapter 71.

### § 19.2 Composition of the Board.

The Board consists of a Chairman, Vice Chairman, Deputy Vice Chairmen, Members, and professional, administrative, clerical and stenographic personnel.

(Authority: 38 U.S.C. 501(a), 512, 7101(a))

### § 19.3 Appointment, assignment, and rotation of Members.

(a) *Appointment of Members.* The Chairman is appointed by the President of the United States, by and with the advice and consent of the United States Senate. Members of the Board, including the Vice Chairman, are appointed by the Secretary upon the recommendation of the Chairman with the approval of the President of the United States. Deputy Vice Chairmen are Members of the Board who are appointed to that office by the Secretary upon the recommendation of the Chairman.

(Authority: 38 U.S.C. 501(a), 512, 7101(b))

(b) *Assignment.* The Chairman may divide the Board into Sections of three Members, assign Members of the Board to each such Section, and designate the Chief Member of each such Section. From time to time, a Member may be designated as a Chief Member or a Chief Member may be redesignated as a Member.

(Authority: 38 U.S.C. 7102)

(c) *Rotation.* The Chairman may from time to time rotate the Members of the Sections.

(Authority: 38 U.S.C. 7102)

(d) *Inability to serve.* If, as a result of a vacancy, absence, or for reasons set forth in § 19.12 of this part, a Member of a Section of the Board is unable to participate in the disposition of an appeal before the Section, the Chairman may assign or substitute another Member or direct the Section to proceed without any additional assignment or substitution of Members.

(Authority: 38 U.S.C. 7102)

### § 19.4 Principal functions of the Board.

The principal functions of the Board are to make determinations of appellate jurisdiction, consider all applications on appeal properly before it, conduct hearings on appeal, evaluate the evidence of record, and enter decisions

in writing on the questions presented on appeal.

(Authority: 38 U.S.C. 7102, 7104)

### § 19.5 Criteria governing disposition of appeals.

In the consideration of appeals, the Board is bound by applicable statutes, regulations of the Department of Veterans Affairs, and precedent opinions of the General Counsel of the Department of Veterans Affairs. The Board is not bound by Department manuals, circulars, or similar administrative issues.

(Authority: 38 U.S.C. 501(a), 7104(c))

### § 19.6 [Reserved]

### § 19.7 The decision.

(a) *Decisions based on entire record.* The appellant will not be presumed to be in agreement with any statement of fact contained in a Statement of the Case to which no exception is taken. Decisions of the Board are based on a review of the entire record.

(Authority: 38 U.S.C. 7104(a), 7105(d)(4))

(b) *Content.* The decision of the Board will be in writing and will set forth specifically the issue or issues under appellate consideration. Except with respect to issues remanded to the agency of original jurisdiction for further development of the case and appeals which are dismissed because the issue has been resolved by administrative action or because an appellant seeking nonmonetary benefits has died while the appeal was pending, the decision will also include separately stated findings of fact and conclusions of law on all material issues of fact and law presented on the record, the reasons or bases for those findings and conclusions, and an order granting or denying the benefit or benefits sought on appeal or dismissing the appeal.

(Authority: 38 U.S.C. 7104(d))

### § 19.8 Decision notification.

After a decision has been rendered by the Board, all parties to the appeal and the representatives, if any, will be notified of the results by the mailing of a copy of the written decision to the parties and their representatives at their last known addresses. In the case of appeals involving contesting claimants, the content of the Board's decision will be limited to that information which directly affects the payment or potential payment of the benefit(s) which is (are) the subject of the contested claim. Any Board decision in the same case, but involving separate appeal issues which are not a part of the contested claim, will be made the subject of a separate

written decision which will be mailed only to that appellant and his or her representative.

(Authority: 38 U.S.C. 7104(e))

### § 19.9 Remand for further development.

When, during the course of review, it is determined that further evidence or clarification of the evidence or correction of a procedural defect is essential for a proper appellate decision, a Section of the Board shall remand the case to the agency of original jurisdiction, specifying the action to be undertaken.

(Authority: 38 U.S.C. 7102, 7104(a))

### § 19.10 [Reserved]

### § 19.11 Reconsideration Section.

(a) *Assignment of members.* When a motion for reconsideration is allowed, the Chairman will assign a Section to conduct the reconsideration.

(b) *Number of Members constituting a reconsideration Section.* The number of Board Members assigned to the reviewing Section will be determined by increasing the number of Members who participated in the original decision by not less than three additional Members, in increments of three Members. Except when necessary to obtain a majority opinion, a reconsideration Section will not exceed nine Members.

(c) *Members included in the reconsideration Section.* The reconsideration Section will include those Members who participated in the original decision who are available, additional Members assigned by the Chairman to substitute for Members who participated in the decision being reconsidered who are no longer available, and additional Members assigned in accordance with paragraph (b) of this section. In the case of Travel Board hearings involving reconsideration of a prior Board decision, the Members of the traveling Section of the Board will be included in the expanded Section established pursuant to paragraph (b) of this section. If the prior Board decision being reconsidered involves questions concerning post-traumatic stress disorder or radiation, Agent Orange, or asbestos exposure, the traveling Section will be included in an expanded Section which also includes Board Members specializing in those issues.

(Authority: 38 U.S.C. 7102, 7103, 7110)

### § 19.12 Disqualification of Members.

(a) *General.* A Member of the Board will disqualify himself or herself in a hearing or decision on an appeal if that appeal involves a determination in

which he or she participated or had supervisory responsibility in the agency of original jurisdiction prior to his or her appointment as a Member of the Board, or where there are other circumstances which might give the impression of bias either for or against the appellant.

(Authority: 38 U.S.C. 7102, 7104)

(b) *Appeal on same issue subsequent to decision on administrative appeal.* Members of the Board who made the decision on an administrative appeal will disqualify themselves from acting on a subsequent appeal by the claimant on the same issue.

(Authority: 38 U.S.C. 7102, 7104, 7106)

(c) *Disqualification of Members by the Chairman.* The Chairman of the Board, on his or her own motion, may disqualify a Member from acting in an appeal on the grounds set forth in paragraphs (a) and (b) of this section and in those cases where a Member is unable or unwilling to act.

(Authority: 38 U.S.C. 7102, 7104, 7106)

**§ 19.13  Delegation of authority to Chairmen and Vice Chairman, Board of Veterans' Appeals.**

The Chairman and/or Vice Chairman have authority delegated by the Secretary of Veterans Affairs to:

(a) Approve the assumption of appellate jurisdiction of an adjudicative determination which has not become final in order to grant a benefit, and

(b) Order VA Central Office investigations of matters before the Board.

(Authority: 38 U.S.C. 303, 512(a))

**§ 19.14  Delegation of authority—Appeals Regulations.**

(a) The authority exercised by the Chairman of the Board of Veterans' Appeals described in §§ 19.3(b), 19.3(c), and 19.12(c) of this part may also be exercised by the Vice Chairman of the Board.

(b) The authority exercised by the Chairman of the Board of Veterans' Appeals described in §§ 19.3(d) and 19.11 of this part may also be exercised by the Vice Chairman of the Board and by Deputy Vice Chairmen of the Board.

(Authority: 38 U.S.C. 512(a), 7102, 7104)

**§§ 19.15–19.24  [Reserved]**

## Subpart B—Appeals Processing by Agency of Original Jurisdiction

**§ 19.25  Notification by agency of original jurisdiction of right to appeal.**

The claimant and his or her representative, if any, will be informed of appellate rights provided by 38 U.S.C. chapters 71 and 72, including the right to

a personal hearing and the right to representation. The agency of original jurisdiction will provide this information in each notification of an determination of entitlement or nonentitlement to Department of Veterans Affairs benefits.

(Authority: 38 U.S.C. 7105(a))

**§ 19.26  Action by agency of original jurisdiction on Notice of Disagreement.**

When a Notice of Disagreement is timely filed, the agency of original jurisdiction must reexamine the claim and determine if additional review or development is warranted. When a Notice of Disagreement is received following a multiple-issue determination and it is not clear which issue, or issues, the claimant desires to appeal, clarification sufficient to identify the issue, or issues, being appealed should be requested from the claimant or his or her representative. If no preliminary action is required, or when it is completed, the agency of original jurisdiction must prepare a Statement of the Case pursuant to § 19.29 of this part, unless the matter is resolved by granting the benefits sought on appeal or the Notice of Disagreement is withdrawn by the appellant or his or her representative.

(Authority: 38 U.S.C. 7105(d)(1))

**§ 19.27  Adequacy of Notice of Disagreement questioned within the agency of original jurisdiction.**

If, within the agency of original jurisdiction, there is a question as to the adequacy of a Notice of Disagreement, the procedures for an administrative appeal must be followed.

(Authority: 38 U.S.C. 7105, 7106)

**§ 19.28  Determination that a Notice of Disagreement is inadequate protested by claimant or representative.**

Whether a Notice of Disagreement is adequate is an appealable issue. If the claimant or his or her representative protests an adverse determination made by the agency of original jurisdiction with respect to the adequacy of a Notice of Disagreement, the claimant will be furnished a Statement of the Case.

(Authority: 38 U.S.C. 7105)

**§ 19.29  Statement of the Case.**

The Statement of the Case must be complete enough to allow the appellant to present written and/or oral arguments before the Board of Veterans' Appeals. It must contain:

(a) A summary of the evidence in the case relating to the issue or issues with which the appellant or representative has expressed disagreement;

(b) A summary of the applicable laws and regulations, with appropriate

citations, and a discussion of how such laws and regulations affect the determination; and

(c) The determination of the agency of original jurisdiction on each issue and the reasons for each such determination with respect to which disagreement has been expressed.

(Authority: 38 U.S.C. 7105(d)(1))

**§ 19.30  Furnishing the Statement of the Case and Instructions for filing a Substantive Appeal.**

(a) *To whom the Statement of the Case is furnished.* The Statement of the Case will be forwarded to the appellant at the latest address of record and a separate copy provided to his or her representative (if any).

(b) *Information furnished with the Statement of the Case.* With the Statement of the Case, the appellant and the representative will be furnished information on the right to file, and time limit for filing, a Substantive Appeal; information on hearing and representation rights; and a VA Form 1–9, "Appeal to Board of Veterans' Appeals."

(Authority: 38 U.S.C. 7105)

**§ 19.31  Supplemental Statement of the Case.**

A Supplemental Statement of the Case, so identified, will be furnished to the appellant and his or her representative, if any, when additional pertinent evidence is received after a Statement of the Case or the most recent Supplemental Statement of the Case has been issued, when a material defect in the Statement of the Case or a prior Supplemental Statement of the Case is discovered, or when, for any other reason, the Statement of the Case or a prior Supplemental Statement of the Case is inadequate. A Supplemental Statement of the Case will also be issued following development pursuant to a remand by the Board unless the only purpose of the remand is to assemble records previously considered by the agency of original jurisdiction and properly discussed in a prior Statement of the Case or Supplemental Statement of the Case or unless the Board specifies in the remand that a Supplemental Statement of the Case is not required. If the case is remanded to cure a procedural defect, a Supplemental Statement of the Case will be issued to assure full notification to the appellant of the status of the case, unless the Board directs otherwise. A Supplemental Statement of the Case is required following a hearing on appeal before field personnel when new documentary evidence or evidence in

the form of testimony concerning the relevant facts or expert opinion is presented, but is not required if only argument is presented.

(Authority: 38 U.S.C. 7105(d))

### § 19.32  Closing of appeal for failure to respond to Statement of the Case.

The agency of original jurisdiction may close the appeal without notice to an appellant or his or her representative for failure to respond to a Statement of the Case within the period allowed. However, if a Substantive Appeal is subsequently received within the 1-year appeal period (60-day appeal period for simultaneously contested claims), the appeal will be considered to be reactivated.

(Authority: 38 U.S.C. 7105(d)(3))

### § 19.33  Timely filing of Notice of Disagreement or Substantive Appeal questioned within the agency of original jurisdiction.

If, within the agency of original jurisdiction, there is a question as to the timely filing of a Notice of Disagreement or Substantive Appeal, the procedures for an administrative appeal must be followed.

(Authority: 38 U.S.C. 7105, 7106)

### § 19.34  Determination that Notice of Disagreement or Substantive Appeal was not timely filed protested by claimant or representative.

Whether a Notice of Disagreement or Substantive Appeal has been filed on time is an appealable issue. If the claimant or his or her representative protests an adverse determination made by the agency of original jurisdiction with respect to timely filing of the Notice of Disagreement or Substantive Appeal, the claimant will be furnished a Statement of the Case.

(Authority: 38 U.S.C. 7105)

### § 19.35  Certification of appeals.

Following receipt of the Substantive Appeal, the agency of original jurisdiction will certify the case to the Board of Veterans' Appeals. Certification is accomplished by the completion of VA Form 1–8, "Certification of Appeal." The certification is used for administrative purposes and does not serve to either confer or deprive the Board of Veterans' Appeals of jurisdiction over an issue.

(Authority: 38 U.S.C. 7105)

### § 19.36  Notification of certification of appeal and transfer of appellate record.

When an appeal is certified to the Board of Veterans' Appeals for appellate review and the appellate record is transferred to the Board, the appellant and his or her representative, if any, will be notified in writing of the certification and transfer and of the time limit for requesting a change in representation, for requesting a personal hearing, and for submitting additional evidence described in Rule of Practice 1304 (§ 20.1304 of this chapter).

(Authority: 38 U.S.C. 7105)

### § 19.37  Consideration of additional evidence received by the agency of original jurisdiction after an appeal has been initiated.

(a) *Evidence received prior to transfer of records to Board of Veterans' Appeals.* Evidence received by the agency of original jurisdiction prior to transfer of the records to the Board of Veterans' Appeals after an appeal has been initiated (including evidence received after certification has been completed) will be referred to the appropriate rating or authorization activity for review and disposition. If the Statement of the Case and any prior Supplemental Statements of the Case were prepared before the receipt of the additional evidence, a Supplemental Statement of the Case will be furnished to the appellant and his or her representative as provided in § 19.31 of this part, unless the additional evidence received duplicates evidence previously of record which was discussed in the Statement of the Case or a prior Supplemental Statement of the Case or the additional evidence is not relevant to the issue, or issues, on appeal.

(b) *Evidence received after transfer of records to the Board of Veterans' Appeals.* Additional evidence received by the agency of original jurisdiction after the records have been transferred to the Board of Veterans' Appeals for appellate consideration will be forwarded to the Board if it has a bearing on the appellate issue or issues. The Board will then determine what action is required with respect to the additional evidence.

(Authority: 38 U.S.C. 7105(d)(1))

### § 19.38  Action by agency of original jurisdiction when remand received.

When a case is remanded by the Board of Veterans' Appeals, the agency of original jurisdiction will complete the additional development of the evidence or procedural development required. Following completion of the development, the case will be reviewed to determine whether the additional development, together with the evidence which was previously of record, supports the allowance of all benefits sought on appeal. If so, the Board and the appellant and his or her representative, if any, will be promptly informed. If any benefits sought on appeal remain denied following this review, the agency of original jurisdiction will issue a Supplemental Statement of the Case concerning the additional development pertaining to those issues in accordance with the provisions of § 19.31 of this part. Following the 60-day period allowed for a response to the Supplemental Statement of the Case pursuant to Rule of Practice 302, paragraph (c) (§ 20.302(c) of this chapter), the case will be returned to the Board for further appellate processing unless the appeal is withdrawn or review of the response to the Supplemental Statement of the Case results in the allowance of all benefits sought on appeal. Remanded cases will not be closed for failure to respond to the Supplemental Statement of the Case.

(Authority: 38 U.S.C. 7105(d)(1))

### §§ 19.39–19.49  [Reserved]

## Subpart C—Administrative Appeals

### § 19.50  Nature and form of administrative appeal.

(a) *General.* An administrative appeal from an agency of original jurisdiction determination is an appeal taken by an official of the Department of Veterans Affairs authorized to do so to resolve a conflict of opinion or a question pertaining to a claim involving benefits under laws administered by the Department of Veterans Affairs. Such appeals may be taken not only from determinations involving dissenting opinions, but also from unanimous determinations denying or allowing the benefit claimed in whole or in part.

(b) *Form of Appeal.* An administrative appeal is entered by a memorandum entitled "Administrative Appeal" in which the issues and the basis for the appeal are set forth.

(Authority: 38 U.S.C. 7106)

### § 19.51  Officials authorized to file administrative appeals and time limits for filing.

The Secretary of Veterans Affairs authorizes certain officials of the Department of Veterans Affairs to file administrative appeals within specified time limits, as follows:

(a) *Central Office*—(1) *Officials.* The Chief Benefits Director or a Service Director of the Veterans Benefits Administration, the Chief Medical Director or a service director of the Veterans Health Administration, and the General Counsel.

(2) *Time limit.* Such officials must file an administrative appeal within 1 year

from the date of mailing notice of such determination to the claimant.

(b) *Agencies of original jurisdiction—* (1) *Officials.* Directors, adjudication officers, and officials at comparable levels in field offices deciding any claims for benefits, from any determination originating within their established jurisdiction.

(2) *Time limit.* The Director or comparable official must file an administrative appeal within 6 months from the date of mailing notice of the determination to the claimant. Officials below the level of Director must do so within 60 days from such date.

(c) *The date of mailing.* With respect to paragraphs (a) and (b) of this section, the date of mailing notice of the determination to the claimant will be presumed to be the same as the date of the letter of notification to the claimant.

(Authority: 38 U.S.C. 7106)

**§ 19.52 Notification to claimant of filing of administrative appeal.**

When an administrative appeal is entered, the claimant and his or her representative, if any, will be promptly furnished a copy of the memorandum entitled "Administrative Appeal," or an adequate summary thereof, outlining the question at issue. They will be allowed a period of 60 days to join in the appeal if they so desire. The claimant will also be advised of the effect of such action and of the preservation of normal appeal rights if he or she does not elect to join in the administrative appeal.

(Authority: 38 U.S.C. 7106)

**§ 19.53 Restriction as to change in payments pending determination of administrative appeals.**

If an administrative appeal is taken from a review or determination by the agency of original jurisdiction pursuant to §§ 19.50 and 19.51 of this part, that review or determination may not be used to effect any change in payments until after a decision is made by the Board of Veterans' Appeals.

(Authority: 38 U.S.C. 7106)

**§§ 19.54–19.74  [Reserved]**

**Subpart D—Hearings Before Traveling Sections of the Board of Veterans' Appeals**

**§ 19.75  Travel Board hearing docket.**

Travel Board hearings will be scheduled in the order in which requests for such hearings are received by Department of Veterans Affairs field facilities. Any requests submitted directly to the Board will be transferred to the appropriate field facility and will not be considered to have been filed for docketing purposes until received by the applicable field facility. Each Departmental facility generating appeals activity will:

(a) Mark each written request for a Travel Board hearing to show the date of receipt, and

(b) Maintain a formal log showing, in the order that each request for a Travel Board hearing is received:

(1) The date that each request for a Travel Board hearing was received,

(2) The name of the appellant,

(3) The name of the representative,

(4) The applicable Departmental file number,

(5) Whether the request for a Travel Board hearing has been withdrawn,

(6) And the date that the hearing was conducted or a notation that the appellant failed to appear for the hearing.

(Authority: 38 U.S.C. 7110)

**§ 19.76  Notice of time and place of Travel Board hearing.**

The agency of original jurisdiction will notify the appellant and his or her representative of the place and time of a Travel Board hearing not less than 60 days prior to the hearing date. This time limitation does not apply to hearings which have been rescheduled due to a postponement requested by an appellant, or on his or her behalf, or due to the prior failure of an appellant to appear at a scheduled Travel Board hearing with good cause. The requirement will also be deemed to have been waived if an appellant accepts an earlier hearing date due to the cancellation of another previously scheduled Travel Board hearing.

(Authority: 38 U.S.C. 7110)

**§ 19.77  Providing Statement of the Case when Travel Board hearing has been requested.**

If not previously furnished, the appellant and his or her representative will be provided with a Statement of the Case not later than the date on which the agency of original jurisdiction furnishes them with notification of the place and time of the Travel Board hearing. A Statement of the Case is not required when the only issue to be considered by the traveling Section of the Board is the reconsideration of a prior Board of Veterans' Appeals decision.

(Authority: 38 U.S.C. 7105(d)(1), 7110)

**§§ 19.78–19.99  [Reserved]**

**Subpart E—Simultaneously Contested Claims**

**§ 19.100  Notification of right to appeal in simultaneously contested claims.**

All interested parties will be specifically notified of the action taken by the agency of original jurisdiction in a simultaneously contested claim and of the right and time limit for initiation of an appeal, as well as hearing and representation rights.

(Authority: 38 U.S.C. 7105A(a))

**§ 19.101  Notice to contesting parties on receipt of Notice of Disagreement in simultaneously contested claims.**

Upon the filing of a Notice of Disagreement in a simultaneously contested claim, all interested parties and their representatives will be furnished a copy of the Statement of the Case. The Statement of the Case so furnished will contain only information which directly affects the payment or potential payment of the benefit(s) which is (are) the subject of that contested claim. The interested parties who filed Notices of Disagreement will be duly notified of the right to file, and the time limit within which to file, a Substantive Appeal and will be furnished with VA Form 1–9, "Appeal to Board of Veterans' Appeals."

(Authority: 38 U.S.C. 7105A(b))

**§ 19.102  Notice of appeal to other contesting parties in simultaneously contested claims.**

When a Substantive Appeal is filed in a simultaneously contested claim, the content of the Substantive Appeal will be furnished to the other contesting parties to the extent that it contains information which could directly affect the payment or potential payment of the benefit which is the subject of the contested claim.

(Authority: 38 U.S.C. 7105A(b))



APPENDIX A TO PART 19—CROSS-REFERENCES

| Sec. | Cross-reference | Title of cross-referenced material or comment |
|---|---|---|
| 19.5 | 38 CFR 14.507(b) | See re "precedent opinions" of the General Counsel of the Department of Veterans Affairs. |
|  | 38 CFR 20.1303 | *Rule 1303. Nonprecedential nature of Board decisions.* |
| 19.7 | 38 CFR 20.905 | *Rule 905. Vacating a decision.* |
| 19.13 | 38 CFR 2.66 | Contains similar provisions. |
| 19.25 | 38 CFR 19.52 | *Notification to claimant of filing of administrative appeal.* |
|  | 38 CFR 19.100 | *Notification of right to appeal in simultaneously contested claims.* |
| 19.26 | 38 CFR 20.302 | *Rule 302. Time limit for filing Notice of Disagreement, Substantive Appeal, and response to Supplemental Statement of the Case.* |
| 19.27 | 38 CFR 19.50–19.53 | See re administrative appeals. |
| 19.30 | 38 CFR 20.202 | *Rule 202. Substantive Appeal.* |
| 19.32 | 38 CFR 20.302 | *Rule 302. Time limit for filing Notice of Disagreement, Substantive Appeal, and response to Supplemental Statement of the Case.* |
|  | 38 CFR 20.501 | *Rule 501. Time limits for filing Notice of Disagreement, Substantive Appeal, and response to Supplemental Statement of the Case in simultaneously contested claims.* |
| 19.33 | 38 CFR 19.50–19.53 | See re administrative appeals. |
| 19.50 | 38 CFR 19.53 | Restriction as to change in payments pending determination of administrative appeals. |
| 19.76 | 38 CFR 20.704 | *Rule 704. Scheduling and notice of hearings conducted by traveling Sections of the Board of Veterans' Appeals at Department of Veterans Affairs field facilities.* |
| 19.100 | 38 CFR 20.713 | *Rule 713. Hearings in simultaneously contested claims.* |
| 19.101 | 38 CFR 19.30 | Furnishing the Statement of the Case and instructions for filing a Substantive Appeal. |

6. New Part 20, Board of Veterans' Appeals: Rules of Practice, is added to 38 CFR to read as follows:

## PART 20—BOARD OF VETERANS' APPEALS: RULES OF PRACTICE

### Subpart A—General

Sec.
20.1   Rule 1. Purpose and construction of Rules of Practice.
20.2   Rule 2. Procedure in absence of specific Rule of Practice.
20.3   Rule 3. Definitions.
20.4–20.99   [Reserved]

### Subpart B—The Board

20.100   Rule 100. Name, business hours, and mailing address of the Board.
20.101   Rule 101. Jurisdiction of the Board.
20.102   Rule 102. Delegation of authority—Rules of Practice.
20.103–20.199   [Reserved]

### Subpart C—Commencement and Perfection of Appeal

20.200   Rule 200. What constitutes an appeal.
20.201   Rule 201. Notice of Disagreement.
20.202   Rule 202. Substantive Appeal.
20.203   Rule 203. Decision as to adequacy of the Substantive Appeal.
20.204   Rule 204. Withdrawal of Notice of Disagreement or Substantive Appeal.
20.205–20.299   [Reserved]

### Subpart D—Filing

20.300   Rule 300. Place of filing Notice of Disagreement and Substantive Appeal.
20.301   Rule 301. Who can file an appeal.
20.302   Rule 302. Time limit for filing Notice of Disagreement, Substantive Appeal, and response to Supplemental Statement of the Case.
20.303   Rule 303. Extension of time for filing Substantive Appeal and response to Supplemental Statement of the Case.
20.304   Rule 304. Filing additional evidence does not extend time limit for appeal.
20.305   Rule 305. Computation of time limit for filing.

20.306   Rule 306. Legal holidays.
20.307–20.399   [Reserved]

### Subpart E—Administrative Appeals

20.400   Rule 400. Action by claimant or representative on notification of administrative appeal.
20.401   Rule 401. Effect of decision on administrative or merged appeal on claimant's appellate rights.
20.402–20.499   [Reserved]

### Subpart F—Simultaneously Contested Claims

20.500   Rule 500. Who can file an appeal in simultaneously contested claims.
20.501   Rule 501. Time limits for filing Notice of Disagreement, Substantive Appeal, and response to Supplemental Statement of the Case in simultaneously contested claims.
20.502   Rule 502. Time limit for response to notice of appeal by another contesting party in a simultaneously contested claim.
20.503   Rule 503. Extension of time for filing a Substantive Appeal in simultaneously contested claims.
20.504   Rule 504. Notices sent to last addresses of record in simultaneously contested claims.
20.505–20.599   [Reserved]

### Subpart G—Representation

20.600   Rule 600. Right to representation.
20.601   Rule 601. Only one representative recognized.
20.602   Rule 602. Representation by recognized organizations.
20.603   Rule 603. Representation by attorneys-at-law.
20.604   Rule 604. Representation by agents.
20.605   Rule 605. Other persons as representative.
20.606   Rule 606. Legal interns, law students and paralegals.
20.607   Rule 607. Revocation of a representative's authority to act.
20.608   Rule 608. Withdrawal of services by a representative.

20.609   Rule 609. Payment of representative's fees in proceedings before Department of Veterans Affairs field personnel and before the Board of Veterans' Appeals.
20.610   Rule 610. Payment of representative's expenses in proceedings before Department of Veterans Affairs field personnel and before the Board of Veterans' Appeals.
20.611   Rule 611. Continuation of representation following death of a claimant or appellant.
20.612–20.699   [Reserved]

### Subpart H—Hearings on Appeal

20.700   Rule 700. General.
20.701   Rule 701. Who may present oral argument.
20.702   Rule 702. Scheduling and notice of hearings conducted by the Board of Veterans' Appeals in Washington, DC, and by agency of original jurisdiction personnel acting on behalf of the Board of Veterans' Appeals at field facilities.
20.703   Rule 703. When right to Travel Board hearing arises.
20.704   Rule 704. Scheduling and notice of hearings conducted by traveling Sections of the Board of Veterans' Appeals at Department of Veterans Affairs field facilities.
20.705   Rule 705. Where hearings on appeal are conducted.
20.706   Rule 706. Functions of the presiding Member.
20.707   Rule 707. When a hearing panel makes the final appellate decision.
20.708   Rule 708. Prehearing conference.
20.709   Rule 709. Procurement of additional evidence following a hearing.
20.710   Rule 710. Witnesses at hearings.
20.711   Rule 711. Subpoenas.
20.712   Rule 712. Expenses of appellants, representatives, and witnesses incident to hearings not reimbursable by the Government.
20.713   Rule 713. Hearings in simultaneously contested claims.
20.714   Rule 714. Record of hearing.

20.715   Rule 715. Recording of hearing by appellant or representative.
20.716   Rule 716. Correction of hearing transcripts.
20.717   Rule 717. Loss of hearing tapes or transcripts—motion for new hearing.
20.718–20.799   [Reserved]

**Subpart I—Evidence**

20.800   Rule 800. Submission of additional evidence after initiation of appeal.
20.801–20.899   [Reserved]

**Subpart J—Action by the Board**

20.900   Rule 900. Order of consideration of appeals.
20.901   Rule 901. Medical opinions and opinions of the General Counsel.
20.902   Rule 902. Filing of requests for the procurement of opinions.
20.903   Rule 903. Notification of opinions secured by the Board and opportunity for response.
20.904   Rule 904. Vacating a decision.
20.905–20.999   [Reserved]

**Subpart K—Reconsideration**

20.1000   Rule 1000. When reconsideration is accorded.
20.1001   Rule 1001. Filing and disposition of motion for reconsideration.
20.1002   Rule 1002. [Reserved]
20.1003   Rule 1003. Hearings on reconsideration.
20.1004–20.1099   [Reserved]

**Subpart L—Finality**

20.1100   Rule 1100. Finality of decisions of the Board.
20.1101   Rule 1101. [Reserved]
20.1102   Rule 1102. Harmless error.
20.1103   Rule 1103. Finality of determinations of the agency of original jurisdiction where appeal is not perfected.
20.1104   Rule 1104. Finality of determinations of the agency of original jurisdiction affirmed on appeal.
20.1105   Rule 1105. New claim after promulgation of appellate decision.
20.1106   Rule 1106. Claim for death benefits by survivor—prior unfavorable decisions during veteran's lifetime.
20.1107–20.1199   [Reserved]

**Subpart M—Privacy Act**

20.1200   Rule 1200. Privacy Act request—appeal pending.
20.1201   Rule 1201. Amendment of appellate decisions.
20.1202–20.1299   [Reserved]

**Subpart N—Miscellaneous**

20.1300   Rule 1300. Access to Board records.
20.1301   Rule 1301. Disclosure of information.
20.1302   Rule 1302. Death of appellant during pendency of appeal.
20.1303   Rule 1303. Nonprecedential nature of Board decisions.
20.1304   Rule 1304. Request for change in representation, request for personal hearing, or submission of additional evidence following certification of an appeal to the Board of Veterans' Appeals.

**Appendix A to Part 20—Cross-References**

Authority: 38 U.S.C. 501(a).

## Subpart A—General

### § 20.1   Rule 1. Purpose and construction of Rules of Practice.

(a) *Purpose.* These rules establish the practices and procedures governing appeals to the Board of Veterans' Appeals.

(Authority: 38 U.S.C. 501(a), 7102, 7104)

(b) *Construction.* These rules are to be construed to secure a just and speedy decision in every appeal.

(Authority: 38 U.S.C. 501(a), 5107, 7104)

### § 20.2   Rule 2. Procedure in absence of specific Rule of Practice.

Where in any instance there is no applicable rule or procedure, the Chairman may prescribe a procedure which is consistent with the provisions of title 38, United States Code, and these rules.

(Authority: 38 U.S.C. 501(a), 512(a), 7102, 7104)

### § 20.3   Rule 3. Definitions.

As used in these Rules:

(a) *Agency of original jurisdiction* means the Department of Veterans Affairs regional office, medical center, clinic, cemetery, or other Department of Veterans Affairs facility which made the initial determination on a claim or, if the applicable records are later permanently transferred to another Department of Veterans Affairs facility, its successor.

(b) *Agent* means a person who has met the standards and qualifications for accreditation outlined in § 14.629(b) of this chapter and who has been properly designated under the provisions of Rule 604 (§ 20.604 of this part). It does not include representatives recognized under Rules 602, 603, or 605 (§ 20.602, 20.603, or § 20.605 of this part).

(c) *Appellant* means a claimant who has initiated an appeal to the Board of Veterans' Appeals by filing a Notice of Disagreement pursuant to the provisions of 38 U.S.C. 7105.

(d) *Attorney-at-law* means a member in good standing of a State bar.

(e) *Benefit* means any payment, service, commodity, function, or status, entitlement to which is determined under laws administered by the Department of Veterans Affairs pertaining to veterans and their dependents and survivors.

(f) *Claim* means application made under title 38, United States Code, and implementing directives for entitlement to Department of Veterans Affairs benefits or for the continuation or increase of such benefits, or the defense of a proposed agency adverse action concerning benefits.

(g) *Claimant* means a person who has filed a claim, as defined by paragraph (f) of this section.

(h) *Hearing on appeal* means a hearing conducted after a Notice of Disagreement has been filed in which argument and/or testimony is presented concerning the determination, or determinations, by the agency of original jurisdiction being appealed.

(i) *Law student* means an individual pursuing a Juris Doctor or equivalent degree at a school approved by a recognized accrediting association.

(j) *Legal intern* means a graduate of a law school, which has been approved by a recognized accrediting association, who has not yet been admitted to a State bar.

(k) *Motion* means a request that the Board rule on some question which is subsidiary to the ultimate decision on the outcome of an appeal. For example, the questions of whether a representative's fees are reasonable or whether additional evidence may be submitted more than 90 days after certification of an appeal to the Board are raised by motion (see Rule 609, paragraph (i), and Rule 1304, paragraph (b) §§ 20.609(i) and 20.1304(b) of this part). Unless raised orally at a personal hearing before Members of the Board, motions for consideration by the Board must be made in writing. No formal type of document is required. The motion may be in the form of a letter which contains the necessary information.

(l) *Paralegal* means a graduate of a course of paralegal instruction given by a school which has been approved by a recognized accrediting association, or an individual who has equivalent legal experience.

(m) *Simultaneously contested claim* refers to the situation in which the allowance of one claim results in the disallowance of another claim involving the same benefit or the allowance of one claim results in the payment of a lesser benefit to another claimant.

(n) *State* includes any State, possession, territory, or Commonwealth of the United States, as well as the District of Columbia.

(Authority: 38 U.S.C. 501(a))

### §§ 20.4–20.99   [Reserved]

## Subpart B—The Board

### § 20.100   Rule 100. Name, business hours, and mailing address of the Board.

(a) *Name.* The name of the Board is the Board of Veterans' Appeals.

(b) *Business hours.* The Board is open during business hours on all days except Saturday, Sunday and legal holidays.

Business hours are from 8 a.m. to 4:30 p.m.

(c) *Mailing address.* Except as otherwise noted in these Rules, mail to the Board must be addressed to: Chairman (01), Board of Veterans' Appeals, 810 Vermont Avenue NW., Washington, DC 20420.

(Authority: 38 U.S.C. 7101(a))

### § 20.101   Rule 101. Jurisdiction of the Board.

(a) *General.* All questions of law and fact necessary to a decision by the Secretary of Veterans Affairs under a law that affects the provision of benefits by the Secretary to veterans or their dependents or survivors are subject to review on appeal to the Secretary. Decisions in such appeals are made by the Board of Veterans' Appeals. In its decisions, the Board is bound by applicable statutes, the regulations of the Department of Veterans Affairs and precedent opinions of the General Counsel of the Department of Veterans Affairs. Examples of the issues over which the Board has jurisdiction include, but are not limited to, the following:

(1) Entitlement to, and benefits resulting from, service-connected disability or death (38 U.S.C. chapter 11).

(2) Dependency and indemnity compensation for service-connected death, including benefits in certain cases of inservice or service-connected deaths (38 U.S.C. 1312) and certification and entitlement to death gratuity (38 U.S.C. 1323).

(3) Benefits for survivors of certain veterans rated totally disabled at time of death (38 U.S.C. 1318).

(4) Entitlement to nonservice-connected disability pension, service pension and death pension (38 U.S.C. chapter 15).

(5) All-Volunteer Force Educational Assistance Program (38 U.S.C. chapter 30).

(6) Training and Rehabilitation for Veterans with Service-Connected Disabilities (38 U.S.C. chapter 31).

(7) Post-Vietnam Era Veterans' Educational Assistance (38 U.S.C. chapter 32).

(8) Veterans' Educational Assistance (38 U.S.C. chapter 34).

(9) Survivors' and Dependents' Educational Assistance (38 U.S.C. chapter 35).

(10) Veterans' Job Training (Pub. L. 98–77, as amended; 38 CFR 21.4600 et seq.).

(11) Educational Assistance for Members of the Selected Reserve (10 U.S.C. chapter 106).

(12) Educational Assistance Test Program (10 U.S.C. chapter 107; 38 CFR 21.5701 et seq.).

(13) Educational Assistance Pilot Program (10 U.S.C. chapter 107; 38 CFR 21.5290 et seq.).

(14) Matters arising under National Service Life Insurance and United States Government Life Insurance (38 U.S.C. chapter 19).

(15) Payment or reimbursement for unauthorized medical expenses (38 U.S.C. 1728).

(16) Burial benefits and burial in National Cemeteries (38 U.S.C. chapters 23 and 24).

(17) Benefits for persons disabled by medical treatment or vocational rehabilitation (38 U.S.C. 1151).

(18) Basic eligibility for home, condominium and mobile home loans as well as waiver of payment of loan guaranty indebtedness (38 U.S.C. chapter 37, 38 U.S.C. 5302).

(19) Waiver of recovery of overpayments (38 U.S.C. 5302).

(20) Forfeiture of rights, claims or benefits for fraud, treason, or subversive activities (38 U.S.C. 6102–6105).

(21) Character of discharge (38 U.S.C. 5303).

(22) Determinations as to duty status (38 U.S.C. 101(21)–(24)).

(23) Determinations as to marital status (38 U.S.C. 101(3), 103).

(24) Determination of dependency status as parent or child (38 U.S.C. 101(4), (5)).

(25) Validity of claims and effective dates of benefits (38 U.S.C. chapter 51).

(26) Apportionment of benefits (38 U.S.C. 5307).

(27) Payment of benefits while a veteran is hospitalized and questions regarding an estate of an incompetent institutionalized veteran (38 U.S.C. 5503).

(28) Benefits for surviving spouses and children of deceased veterans under Public Law 97–377, section 156 (38 CFR 3.812(d)).

(29) Eligibility for automobile and automobile adaptive equipment assistance (38 U.S.C. chapter 39).

(b) *Appellate jurisdiction of determinations of the Veterans Health Administration.* The Board's appellate jurisdiction extends to questions of eligibility for hospitalization, outpatient treatment, and nursing home and domiciliary care; for devices such as prostheses, canes, wheelchairs, back braces, orthopedic shoes, and similar appliances; and for other benefits administered by the Veterans Health Administration. Medical determinations, such as determinations of the need for and appropriateness of specific types of medical care and treatment for an

individual, are not adjudicative matters and are beyond the Board's jurisdiction. Typical examples of these issues are whether a particular drug should be prescribed, whether a specific type of physiotherapy should be ordered, and similar judgmental treatment decisions with which an attending physician may be faced.

(c) *Appeals as to jurisdiction.* All claimants have the right to appeal a determination made by the agency of original jurisdiction that the Board does not have jurisdictional authority to review a particular issue. This includes questions relating to the timely filing and adequacy of the Notice of Disagreement and the Substantive Appeal. Subject to review by courts of competent jurisdiction, only the Board of Veterans' Appeals will make final decisions with respect to its jurisdiction.

(Authority: 38 U.S.C. 511(a), 7104)

### § 20.102   Rule 102. Delegation of authority—Rules of Practice.

(a) The authority exercised by the Chairman of the Board of Veterans' Appeals described in Rule 900(c) (§ 20.900(c) of this part) MAY ALSO be exercised by the Vice Chairman of the Board.

(b) The authority exercised by the Chairman of the Board of Veterans' Appeals described in Rules 608(b), 717(d), and 1001(c) (§§ 20.608(b), 20.717(d), and 20.1001(c) of this part) may also be exercised by the Vice Chairman of the Board and by Deputy Vice Chairmen of the Board.

(c) The authority exercised by the Chairman of the Board of Veterans' Appeals described in Rule 2 (§ 20.2 of this part) may also be exercised by the Vice Chairman of the Board; by Deputy Vice Chairmen of the Board; and, in conjunction with a proceeding or motion in connection therewith assigned to them by the Chairman, by Members of the Board who have been designated as the Chief Member of a Section of the Board or as the Acting Chief Member of a Section of the Board and by a Member of the Board who is acting as the presiding Member of a hearing panel.

(d) The authority exercised by the Chairman of the Board of Veterans' Appeals described in Rules 606(e), 609(i), 610(d), 711(e), 711(f), and 1304(b) (§§ 20.606(e), 20.609(i), 20.610(d), 20.711(e), 20.711(f), and 20.1304(b) of this part) may also be exercised by the Vice Chairman of the Board and by Deputy Vice Chairmen of the Board. When, however, the matter arises in conjunction with an appeal or any proceeding instituted before the Board, or any motion in connection therewith,

assigned to a Section, or Sections, by the Chairman for a hearing and/or disposition, this authority shall be exercised by the Members of the Board Section, or Sections, involved.

(Authority: 38 U.S.C. 512(a), 7102, 7104)

§§ 20.103–20.199 [Reserved]

## Subpart C—Commencement and Perfection of Appeal

### § 20.200 Rule 200. What constitutes an appeal.

An appeal consists of a timely filed Notice of Disagreement in writing and, after a Statement of the Case has been furnished, a timely filed Substantive Appeal.

(Authority: 38 U.S.C. 7105)

### § 20.201 Rule 201. Notice of Disagreement.

A written communication from a claimant or his or her representative expressing dissatisfaction or disagreement with an adjudicative determination by the agency of original jurisdiction and a desire to contest the result will constitute a Notice of Disagreement. While special wording is not required, the Notice of Disagreement must be in terms which can be reasonably construed as disagreement with that determination and a desire for appellate review. If the agency of original jurisdiction gave notice that adjudicative determinations were made on several issues at the same time, the specific determinations with which the claimant disagrees must be identified. For example, if service connection was denied for two disabilities and the claimant wishes to appeal the denial of service connection with respect to only one of the disabilities, the Notice of Disagreement must make that clear.

(Authority: 38 U.S.C. 7105)

### § 20.202 Rule 202. Substantive Appeal.

A Substantive Appeal consists of a properly completed VA Form 1–9, "Appeal to Board of Veterans' Appeals," or correspondence containing the necessary information. If the Statement of the Case and any prior Supplemental Statements of the Case addressed several issues, the Substantive Appeal must either indicate that the appeal is being perfected as to all of those issues or must specifically identify the issues appealed. The Substantive Appeal should set out specific arguments relating to errors of fact or law made by the agency of original jurisdiction in reaching the determination, or determinations, being appealed. To the extent feasible, the argument should be related to specific items in the Statement of the Case and any prior Supplemental Statements of the Case. The Board will construe such arguments in a liberal manner for purposes of determining whether they raise issues on appeal, but the Board may dismiss any appeal which fails to allege specific error of fact or law in the determination, or determinations, being appealed. The Board will not presume that an appellant agrees with any statement of fact contained in a Statement of the Case or a Supplemental Statement of the Case which is not specifically contested. Proper completion and filing of a Substantive Appeal are the last actions the appellant needs to take to perfect an appeal.

(Authority: 38 U.S.C. 7105(d)(3)–(5))

(Approved by the Office of Management and Budget under control number 2900–0085)

### § 20.203 Rule 203. Decision as to adequacy of the Substantive Appeal.

A decision as to the adequacy of allegations of error of fact or law in a Substantive Appeal will be made by the Board of Veterans' Appeals. When the Board raises the issue of adequacy of the Substantive Appeal, the appellant and representative, if any, will be given notice of the issue and a period of 60 days following the date on which such notice is mailed to present written argument or to request a hearing to present oral argument on this question. The date of mailing of the notice will be presumed to be the same as the date of the letter of notification.

(Authority: 38 U.S.C. 7105(d)(3), 7108)

### § 20.204 Rule 204. Withdrawal of Notice of Disagreement or Substantive Appeal.

(a) *Notice of Disagreement.* A Notice of Disagreement may be withdrawn in writing before a timely Substantive Appeal is filed.

(Authority: 38 U.S.C. 7105(d)(1))

(b) *Substantive Appeal.* A Substantive Appeal may be withdrawn in writing at any time before the Board of Veterans' Appeals promulgates a decision.

(Authority: 38 U.S.C. 7105(d)(3))

(c) *Who May Withdraw.* Withdrawal may be by the appellant or by his or her authorized representative, except that a representative may not withdraw either a Notice of Disagreement or Substantive Appeal filed by the appellant personally without the express written consent of the appellant. The agency of original jurisdiction may not withdraw a Notice of Disagreement or a Substantive Appeal after filing of either or both.

(Authority: 38 U.S.C. 7105(b)(2))

§§ 20.205–20.299 [Reserved]

## Subpart D—Filing

### § 20.300 Rule 300. Place of filing Notice of Disagreement and Substantive Appeal.

The Notice of Disagreement and Substantive Appeal must be filed with the Department of Veterans Affairs office from which the claimant received notice of the determination being appealed unless notice has been received that the applicable Department of Veterans Affairs records have been transferred to another Department of Veterans Affairs office. In that case, the Notice of Disagreement or Substantive Appeal must be filed with the Department of Veterans Affairs office which has assumed jurisdiction over the applicable records.

(Authority: 38 U.S.C. 7105 (b)(1), (d)(3))

### § 20.301 Rule 301. Who can file an appeal.

(a) *Persons authorized.* A Notice of Disagreement and/or a Substantive Appeal may be filed by a claimant personally, or by his or her representative if a proper Power of Attorney or declaration of representation, as applicable, is on record or accompanies such Notice of Disagreement or Substantive Appeal.

(b) *Claimant rated incompetent by Department of Veterans Affairs or under disability and unable to file.* If an appeal is not filed by a person listed in paragraph (a) of this section, and the claimant is rated incompetent by the Department of Veterans Affairs or has a physical, mental, or legal disability which prevents the filing of an appeal on his or her own behalf, a Notice of Disagreement and a Substantive Appeal may be filed by a fiduciary appointed to manage the claimant's affairs by the Department of Veterans Affairs or a court, or by a person acting as next friend if the appointed fiduciary fails to take needed action or no fiduciary has been appointed.

(c) *Claimant under disability and able to file.* Notwithstanding the fact that a fiduciary may have been appointed for a claimant, an appeal filed by a claimant will be accepted.

(Authority: 38 U.S.C. 7105(b)(2))

### § 20.302 Rule 302. Time limit for filing Notice of Disagreement, Substantive Appeal, and response to Supplemental Statement of the Case.

(a) *Notice of Disagreement.* Except in the case of simultaneously contested claims, a claimant, or his or her representative, must file a Notice of Disagreement with a determination by the agency of original jurisdiction within

one year from the date that that agency mails notice of the determination to him or her. Otherwise, that determination will become final. The date of mailing the letter of notification of the determination will be presumed to be the same as the date of that letter for purposes of determining whether an appeal has been timely filed.

(Authority: 38 U.S.C. 7105(b)(1))

(b) *Substantive Appeal.* Except in the case of simultaneously contested claims, a Substantive Appeal must be filed within 60 days from the date that the agency of original jurisdiction mails the Statement of the Case to the appellant, or within the remainder of the 1-year period from the date of mailing of the notification of the determination being appealed, whichever period ends later. The date of mailing of the Statement of the Case will be presumed to be the same as the date of the Statement of the Case and the date of mailing the letter of notification of the determination will be presumed to be the same as the date of that letter for purposes of determining whether an appeal has been timely filed.

(Authority: 38 U.S.C. 7105 (b)(1), (d)(3))

(c) *Response to Supplemental Statement of the Case.* Where a Supplemental Statement of the Case is furnished, a period of 60 days from the date of mailing of the Supplemental Statement of the Case will be allowed for response. The date of mailing of the Supplemental Statement of the Case will be presumed to be the same as the date of the Supplemental Statement of the Case for purposes of determining whether a response has been timely filed. Provided a Substantive Appeal has been timely filed in accordance with paragraph (b) of this section, the response to a Supplemental Statement of the Case is optional and is not required for the perfection of an appeal, unless the Supplemental Statement of the Case covers issues that were not included in the original Statement of the Case. If a Supplemental Statement of the Case covers issues that were not included in the original Statement of the Case, a Substantive Appeal must be filed with respect to those issues within 60 days in order to perfect an appeal with respect to the additional issues.

(Authority: 38 U.S.C. 7105(d)(3))

## § 20.303 Rule 303. Extension of time for filing Substantive Appeal and response to Supplemental Statement of the Case.

An extension of the 60-day period for filing a Substantive Appeal, or the 60-day period for responding to a Supplemental Statement of the Case when such a response is required, may

be granted for good cause. A request for such an extension must be in writing and must be made prior to expiration of the time limit for filing the Substantive Appeal or the response to the Supplemental Statement of the Case. The request for extension must be filed with the Department of Veterans Affairs office from which the claimant received notice of the determination being appealed, unless notice has been received that the applicable records have been transferred to another Department of Veterans Affairs office. A denial of a request for extension may be appealed to the Board.

(Authority: 38 U.S.C. 7105(d)(3))

## § 20.304 Rule 304. Filing additional evidence does not extend time limit for appeal.

The filing of additional evidence after receipt of notice of an adverse determination does not extend the time limit for initiating or completing an appeal from that determination.

(Authority: 38 U.S.C. 7105)

## § 20.305 Rule 305. Computation of time limit for filing.

(a) *Acceptance of postmark date.* When these Rules require that any written document be filed within a specified period of time, a response postmarked prior to expiration of the applicable time limit will be accepted as having been timely filed. In the event that the postmark is not of record, the postmark date will be presumed to be five days prior to the date of receipt of the document by the Department of Veterans Affairs. In calculating this 5-day period, Saturdays, Sundays and legal holidays will be excluded.

(b) *Computation of time limit.* In computing the time limit for filing a written document, the first day of the specified period will be excluded and the last day included. Where the time limit would expire on a Saturday, Sunday, or legal holiday, the next succeeding workday will be included in the computation.

(Authority: 38 U.S.C. 7105)

## § 20.306 Rule 306. Legal holidays.

For the purpose of Rule 305 (§ 20.305 of this part), the legal holidays, in addition to any other day appointed as a holiday by the President or the Congress of the United States, are as follows: New Year's Day—January 1; Inauguration Day—January 20 of every fourth year or, if the 20th falls on a Sunday, the next succeeding day selected for public observance of the inauguration; Birthday of Martin Luther King, Jr.—Third Monday in January; Washington's

Birthday—Third Monday in February; Memorial Day—Last Monday in May; Independence Day—July 4; Labor Day—First Monday in September; Columbus Day—Second Monday in October; Veterans Day—November 11; Thanksgiving Day—Fourth Thursday in November; and Christmas Day—December 25. When a holiday occurs on a Saturday, the Friday immediately before is the legal public holiday. When a holiday occurs on a Sunday, the Monday immediately after is the legal public holiday.

(Authority: 5 U.S.C. 6103)

## §§ 20.307–20.399 [Reserved]

## Subpart E—Administrative Appeals

## § 20.400 Rule 400. Action by claimant or representative on notification of administrative appeal.

When an official of the Department of Veterans Affairs enters an administrative appeal, the claimant and his or her representative, if any, are notified and given a period of 60 days from the date of mailing of the letter of notification to join in the administrative appeal. The date of mailing of the letter of notification will be presumed to be the same as the date of the letter of notification. If the claimant, or the representative acting on his or her behalf, elects to join in the administrative appeal, it becomes a "merged appeal" and the rules governing an appeal initiated by a claimant are for application. The presentation of evidence or argument by the claimant or his or her representative in response to notification of the right to join in the administrative appeal will be construed as an election to join in the administrative appeal. If the claimant does not authorize the merger, he or she must hold such evidence or argument in abeyance until resolution of the administrative appeal.

(Authority: 38 U.S.C. 7106)

## § 20.401 Rule 401. Effect of decision on administrative or merged appeal on claimant's appellate rights.

(a) *Merged appeal.* If the administrative appeal is merged, the appellate decision on the merged appeal will constitute final disposition of the claimant's appellate rights.

(b) *Appeal not merged.* If the claimant does not authorize merger, normal appellate rights on the same issue are preserved, and a decision in a separate appeal perfected by the claimant will be entered by a Section of the Board which does not include Members who made the decision on the administrative appeal. The period of time from the date

of notification to the claimant of the administrative appeal to the date of the Board's decision on the administrative appeal is not chargeable to the claimant for purposes of determining the time limit for perfecting his or her separate appeal.

(Authority: 38 U.S.C. 7106)

## §§ 20.402–20.499 [Reserved]

## Subpart F—Simultaneously Contested Claims

### § 20.500 Rule 500. Who can file an appeal in simultaneously contested claims.

In a simultaneously contested claim, any claimant or representative of a claimant may file a Notice of Disagreement or Substantive Appeal within the time limits set out in Rule 501 (§ 20.501 of this part).

(Authority: 38 U.S.C. 7105(b)(2), 7105A)

### § 20.501 Rule 501. Time limits for filing Notice of Disagreement, Substantive Appeal, and response to Supplemental Statement of the Case in simultaneously contested claims.

(a) *Notice of Disagreement.* In simultaneously contested claims, the Notice of Disagreement from the person adversely affected must be filed within 60 days from the date of mailing of the notification of the determination to him or her; otherwise, that determination will become final. The date of mailing of the letter of notification will be presumed to be the same as the date of that letter for purposes of determining whether a Notice of Disagreement has been timely filed.

(Authority: 38 U.S.C. 7105A(a))

(b) *Substantive Appeal.* In the case of simultaneously contested claims, a Substantive Appeal must be filed within 30 days from the date of mailing of the Statement of the Case. The date of mailing of the Statement of the Case will be presumed to be the same as the date of the Statement of the Case for purposes of determining whether an appeal has been timely filed.

(Authority: 38 U.S.C. 7105A(b))

(c) *Supplemental Statement of the Case.* Where a Supplemental Statement of the Case is furnished by the agency of original jurisdiction in a simultaneously contested claim, a period of 30 days from the date of mailing of the Supplemental Statement of the Case will be allowed for response, but the receipt of a Supplemental Statement of the Case will not extend the time allowed for filing a Substantive Appeal as set forth in paragraph (b) of this section. The date of mailing of the Supplemental Statement of the Case will be presumed

to be the same as the date of the Supplemental Statement of the Case for purposes of determining whether a response has been timely filed. Provided a Substantive Appeal has been timely filed in accordance with paragraph (b) of this section, the response to a Supplemental Statement of the Case is optional and is not required for the perfection of an appeal, unless the Supplemental Statement of the Case covers issues that were not included in the original Statement of the Case. If a Supplemental Statement of the Case covers issues that were not included in the original Statement of the Case, a Substantive Appeal must be filed with respect to those issues within 30 days of the date of mailing of the Supplemental Statement of the Case in order to perfect an appeal with respect to the additional issues.

(Authority: 38 U.S.C. 7105(d)(3), 7105A(b))

### § 20.502 Rule 502. Time limit for response to notice of appeal by another contesting party in a simultaneously contested claim.

Notice of an appeal by another contesting party in a simultaneously contested claim is given by sending a copy of that party's Substantive Appeal to all other contesting parties. A period of 30 days from the date of mailing of the copy of the Substantive Appeal is allowed for filing a brief or argument in answer. The date of mailing of the copy will be presumed to be the same as the date of the letter which accompanies the copy.

(Authority: 38 U.S.C. 7105A(b))

### § 20.503 Rule 503. Extension of time for filing a Substantive Appeal in simultaneously contested claims.

An extension of the 30-day period to file a Substantive Appeal in simultaneously contested claims may be granted if good cause is shown. In granting an extension, consideration will be given to the interests of the other parties involved. A request for such an extension must be in writing and must be made prior to expiration of the time limit for filing the Substantive Appeal.

(Authority: 38 U.S.C. 7105A(b))

### § 20.504 Rule 504. Notices sent to last addresses of record in simultaneously contested claims.

Notices in simultaneously contested claims will be forwarded to the last address of record of the parties concerned and such action will constitute sufficient evidence of notice.

(Authority: 38 U.S.C. 7105A(b))

## §§ 20.505–20.599 [Reserved]

## Subpart G—Representation

**Cross-Reference:** In cases involving access to medical records relating to drug abuse, alcoholism, alcohol abuse, sickle cell anemia, or infection with the human immunodeficiency virus, also see 38 U.S.C. 7332.

### § 20.600 Rule 600. Right to representation.

An appellant will be accorded full right to representation in all stages of an appeal by a recognized organization, attorney, agent, or other authorized person.

(Authority: 38 U.S.C. 5901–5905, 7105(a))

### § 20.601 Rule 601. Only one representative recognized.

A specific claim may be prosecuted at any one time by only one recognized organization, attorney, agent or other person properly designated to represent the appellant.

(Authority: 38 U.S.C. 7105(b)(2))

### § 20.602 Rule 602. Representation by recognized organizations.

In order to designate a recognized organization as his or her representative, an appellant must execute a VA Form 21–22, "Appointment of Veterans Service Organization as Claimant's Representative." This form gives the organization power of attorney to represent the appellant. The designation will be effective when it is received by the agency of original jurisdiction or, if the appellate record has been certified to the Board for review, by the Board of Veterans' Appeals. A properly filed designation made prior to appeal will continue to be honored, unless it has been revoked by the appellant or unless the representative has properly withdrawn.

(Authority: 38 U.S.C. 7105(b)(2))

### § 20.603 Rule 603. Representation by attorneys-at-law.

(a) *Designation.* An attorney-at-law may be designated as an appellant's representative through a properly executed VA Form 2–22a, "Appointment of Attorney or Agent as Claimant's Representative." This form gives the attorney power of attorney to represent the appellant. In lieu thereof, an attorney may state in writing on his or her letterhead that he or she is authorized to represent the appellant in order to have access to information in the appellant's file pertinent to the particular claim presented. For an attorney to have complete access to all information in an individual's records, the attorney must provide a signed

consent from the appellant or the appellant's guardian. Such consent shall be equivalent to an executed power of attorney. The designation must be of an individual attorney, rather than a firm or partnership. An appellant may limit an attorney's right to act as his or her representative in an appeal to representation with respect to a specific claim for one or more specific benefits by noting the restriction in the written designation. Unless specifically noted to the contrary, however, designations of an attorney as a representative will extend to all matters with respect to claims for benefits under laws administered by the Department of Veterans Affairs. Designations are effective when they are received by the agency of original jurisdiction or, if the appellate record has been certified to the Board for review, by the Board of Veterans' Appeals. A properly filed designation made prior to appeal will continue to be honored, unless it has been revoked or unless the representative has properly withdrawn. Legal interns, law students, and paralegals may not be independently accredited to represent appellants under this Rule.

(b) *Attorneys employed by recognized organization.* A recognized organization may employ an attorney-at-law to represent an appellant. If the attorney so employed is not an accredited representative of the recognized organization, the signed consent of the appellant for the substitution of representatives must be obtained and submitted to the agency of original jurisdiction or, if the appellate record has been certified to the Board for review, to the Board of Veterans' Appeals. When the signed consent is received by the agency of original jurisdiction or the Board, as applicable, the attorney will be recognized as the appellant's representative in lieu of the organization.

(c) *Participation of associated or affiliated attorneys.* With the specific written consent of the appellant, an attorney associated or affiliated with the appellant's attorney of record, including an attorney employed by the same legal services office as the attorney of record, may assist in representation of the appellant and may have access to the appellant's Department of Veterans Affairs records to the same extent as the attorney of record. Unless revoked by the appellant, such consent will remain effective in the event the original attorney of record is replaced by another attorney who is a member of the same law firm or an attorney employed by the same legal services office. The

consent must include the name of the veteran; the name of the appellant if other than the veteran (e.g., a veteran's survivor, a guardian, or a fiduciary appointed to receive VA benefits on an individual's behalf); the applicable Department of Veterans Affairs file number; the name of the attorney of record; the consent of the appellant for the use of the services of the associated or affiliated attorney and for that individual to have access to applicable Department of Veterans Affairs records; and the name of the associated or affiliated attorney who will be assisting in the case. The consent must be filed with the agency of original jurisdiction or, if the appellate record has been certified to the Board for review, with the Board of Veterans' Appeals. The presiding Member at a hearing on appeal may require that not more than one attorney participate in the examination of any one witness or impose other reasonable limitations to ensure orderly conduct of the hearing.

(Authority: 38 U.S.C. 5901, 5904)

### § 20.604  Rule 604. Representation by agents.

(a) *Designation.* The designation of an agent will be by a duly executed power of attorney, VA Form 2–22a, "Appointment of Attorney or Agent as Claimant's Representative," or its equivalent. The designation must be of an individual, rather than a firm or partnership. The designation will be effective when it is received by the agency of original jurisdiction or, if the appellate record has been certified to the Board for review, by the Board of Veterans' Appeals. A properly filed designation made prior to appeal will continue to be honored, unless it has been revoked or unless the representative has properly withdrawn.

(b) *Admission to practice.* The provisions of 38 U.S.C. 5904 and of § 14.629(b) of this chapter are applicable to the admission of agents to practice before the Department of Veterans Affairs. Authority for making determinations concerning admission to practice rests with the General Counsel of the Department of Veterans Affairs, and any questions concerning admissions to practice should be addressed to: Office of the General Counsel (022A), Department of Veterans Affairs, 810 Vermont Avenue, NW., Washington, DC 20420.

(Authority: 38 U.S.C. 5904)

### § 20.605  Rule 605. Other persons as representative.

(a) *Scope of rule.* This section applies to representation other than by a

recognized organization, an agent admitted to practice before the Department of Veterans Affairs, or an attorney-at-law.

(b) *Who may act as representative.* Any competent person may be recognized as a representative for a particular claim, unless that person has been barred from practice before the Department of Veterans Affairs.

(c) *Designation.* The designation of an individual to act as an appellant's representative may be made by executing a VA Form 2–22a, "Appointment of Attorney or Agent as Claimant's Representative." This form gives the individual power of attorney to represent the appellant in all matters pertaining to the presentation and prosecution of claims for any and all benefits under laws administered by the Department of Veterans Affairs. In lieu of using the form, the designation may be by a written document signed by both the appellant and the individual representative, which may be in the form of a letter, which authorizes a named individual to act as the appellant's representative only with respect to a specific claim involving one or more specific benefits. The document must include the name of the veteran; the name of the appellant if other than the veteran (e.g., a veteran's survivor, a guardian, or a fiduciary appointed to receive VA benefits on an individual's behalf); the applicable Department of Veterans Affairs file number; the appellant's consent for the individual representative to have access to his or her Department of Veterans Affairs records; the name of the individual representative; a description of the specific claim for benefits to which the designation of representation applies; and a certification that no compensation will be charged or paid for the individual representative's services. The designation, in either form, must be filed with the agency of original jurisdiction or, if the appellate record has been certified to the Board for review, with the Board of Veterans' Appeals. The designation will be effective when it is received by the agency of original jurisdiction or, if the appellate record has been certified to the Board for review, by the Board of Veterans' Appeals. A properly filed designation made prior to appeal will continue to be honored, unless it has been revoked or unless the representative has properly withdrawn.

(d) *Representation of more than one appellant.* An individual recognized as an appellant's representative under this Rule may represent only one appellant. If an individual has been recognized as

a representative for one appellant and wishes to represent another appellant, he or she must obtain permission to do so from the Office of the General Counsel as provided in § 14.630 of this chapter.

(Authority: 38 U.S.C. 5903)

§ 20.606  Rule 606. Legal interns, law students and paralegals.

(a) *When services of legal interns, law students and paralegals may be used.* Not more than two legal interns, law students or paralegals may assist an attorney-at-law in the presentation of evidence and argument in appeals before the Board of Veterans' Appeals in Washington, DC, or before traveling Sections of the Board at Department of Veterans Affairs field facilities.

(b) *Consent of appellant.* If it is contemplated that a legal intern, law student, or paralegal will assist in the appeal, written consent must be obtained from the appellant. The written consent must include the name of the veteran; the name of the appellant if other than the veteran (e.g., a veteran's survivor, a guardian, or a fiduciary appointed to receive VA benefits on an individual's behalf); the applicable Department of Veterans Affairs file number; the name of the attorney-at-law; the consent of the appellant for the use of the services of legal interns, law students, or paralegals and for such individuals to have access to applicable Department of Veterans Affairs records; and the names of the legal interns, law students, or paralegals who will be assisting in the case. In the case of appeals before the Board in Washington, DC, the signed consent must be submitted to: Chief, Hearing Section (014B), Board of Veterans' Appeals, 810 Vermont Avenue, NW., Washington, DC 20420. In the case of appeals before traveling Sections of the Board, the consent must be presented to the presiding Member of the traveling Section as noted in paragraph (d). Unless revoked by the appellant, such consent will remain effective in the event the original attorney of record is replaced by another attorney who is a member of the same law firm or another attorney employed by the same legal services office.

(c) *Supervision.* Legal interns, law students and paralegals must be under the direct supervision of a recognized attorney-at-law in order to prepare and present cases before the Board of Veterans' Appeals.

(d) *Hearings.* Legal interns, law students and paralegals who desire to participate at a hearing before the Board in Washington, DC, must make advance arrangements with the Chief of the Hearing Section and submit written authorization from the attorney naming the individual who will be participating in the hearing. In the case of proceedings before traveling Sections of the Board in the field, the attorney-at-law must inform the office of the Department of Veterans Affairs official who gave notice of the Travel Board hearing date and time not more than 10 days prior to the scheduled hearing date that the services of a legal intern, law student, or paralegal will be used at the hearing. At the same time, a prehearing conference with the presiding Member of the traveling Section must be requested. At the conference, the written consent of the appellant for the use of the services of such an individual required by paragraph (b) must be presented and agreement reached as to the individual's role in the hearing. Legal interns, law students or paralegals may not present oral arguments at hearings either in the field or in Washington, DC, unless the recognized attorney-at-law is present. Not more than two such individuals may make presentations at a hearing. The presiding Member at a hearing on appeal may require that not more than one such individual participate in the examination of any one witness or impose other reasonable limitations to ensure orderly conduct of the hearing.

(e) *Withdrawal of permission for legal interns, law students, and paralegals to assist in the presentation of an appeal.* When properly designated, the attorney-at-law is the recognized representative of the appellant and is responsible for ensuring that an appeal is properly presented. Legal interns, law students, and paralegals are permitted to assist in the presentation of an appeal as a courtesy to the attorney-at-law. Permission for a legal intern, law student, or paralegal to prepare and present cases before the Board may be withdrawn by the Chairman at any time if a lack of competence, unprofessional conduct, or interference with the appellate process is demonstrated by that individual.

(Authority: 38 U.S.C. 5904, 7105(b)(2))

§ 20.607  Rule 607. Revocation of a representative's authority to act.

Subject to the provisions of § 20.1304 of this part, an appellant may revoke a representative's authority to act on his or her behalf at any time, irrespective of whether another representative is concurrently designated. Written notice of the revocation must be given to the agency of original jurisdiction or, if the appellate record has been certified to the Board for review, to the Board of Veterans' Appeals. The revocation is effective when notice of the revocation is received by the agency of original jurisdiction or the Board, as applicable. An appropriate designation of a new representative will automatically revoke any prior designation of representation. If an appellant has limited a designation of representation by an attorney-at-law to a specific claim under the provisions of Rule 603, paragraph (a) (§ 20.603(a) of this part), or has limited a designation of representation by an individual to a specific claim under the provisions of Rule 605, paragraph (c) (§ 20.605(c) of this part), such specific authority constitutes a revocation of an existing representative's authority to act only with respect to, and during the pendency of, that specific claim. Following the final determination of that claim, the existing representative's authority to act will be automatically restored in full, unless otherwise revoked.

(Authority: 38 U.S.C. 5901–5904)

§ 20.608  Rule 608. Withdrawal of services by a representative.

(a) *Withdrawal of services prior to certification of an appeal.* A representative may withdraw services as representative in an appeal at any time prior to certification of the appeal to the Board of Veterans' Appeals by the agency of original jurisdiction. The representative must give written notice of such withdrawal to the appellant and to the agency of original jurisdiction. The withdrawal is effective when notice of the withdrawal is received by the agency of original jurisdiction.

(b) *Withdrawal of services after certification of an appeal*—(1) *Applicability.* The restrictions on a representative's right to withdraw contained in this paragraph apply only to those cases in which the representative has previously agreed to act as representative in an appeal. In addition to express agreement, orally or in writing, such agreement shall be presumed if the representative makes an appearance in the case by acting on an appellant's behalf before the Board in any way after the appellant has designated the representative as such as provided in §§ 20.602 through 20.605 of this part. The preceding sentence notwithstanding, an appearance in an appeal solely to notify the Board that a designation of representation has not been accepted will not be presumed to constitute such consent.

(2) *Procedures.* After the agency of original jurisdiction has certified an appeal to the Board of Veterans' Appeals, a representative may not withdraw services as representative in the appeal unless good cause is shown

on motion. Good cause for such purposes is the extended illness or incapacitation of an agent admitted to practice before the Department of Veterans Affairs, an attorney-at-law, or other individual representative; failure of the appellant to cooperate with proper preparation and presentation of the appeal; or other factors which make the continuation of representation impossible, impractical, or unethical. Such motions must be in writing and must include the name of the veteran, the name of the claimant or appellant if other than the veteran (e.g., a veteran's survivor, a guardian, or a fiduciary appointed to receive VA benefits on an individual's behalf), the applicable Department of Veterans Affairs file number, and the reason why withdrawal should be permitted. Such motions should not contain information which would violate privileged communications or which would otherwise be unethical to reveal. Such motions must be filed at the following address: Office of Counsel to the Chairman (01C), Board of Veterans' Appeals, 810 Vermont Avenue, NW., Washington, DC 20420. The representative must mail a copy of the motion to the appellant, with a return receipt requested. The receipt, which must bear the signature of the appellant, must then be filed with the Board at the same address as proof of service of the motion. The appellant may file a response to the motion with the Board at the same address not later than 30 days following receipt of the copy of the motion. The appellant must mail a copy of any such response to the representative, with a return receipt requested. The receipt, which must bear the signature of the representative or an employee of the representative, must then be filed with the Board at the same address as proof of service of the response. The ruling on the motion will be made by the Chairman.

(Authority: 38 U.S.C. 5901–5904, 7105(a))

(Approved by the Office of Management and Budget under control number 2900–0085)

### § 20.609 Rule 609. Payment of representative's fees in proceedings before Department of Veterans Affairs field personnel and before the Board of Veterans' Appeals.

(a) *Applicability of rule.* The provisions of this section apply to the services of representatives with respect to benefits under laws administered by the Department of Veterans Affairs in all proceedings before Department of Veterans Affairs field personnel or before the Board of Veterans' Appeals regardless of whether an appeal has been initiated.

(b) *Who may charge fees for representation.* Only agents and attorneys-at-law may receive fees from claimants or appellants for their services. Recognized organizations (including their accredited representatives when acting as such) and individuals recognized pursuant to Rule 605 [§ 20.605 of this part) are not permitted to receive fees. An attorney-at-law or agent who may also be an accredited representative of a recognized organization may not receive such fees unless he or she has been properly designated as representative in accordance with Rule 603(a) or Rule 604(a) (§ 20.603(a) or § 20.604(a) of this part) in his or her individual capacity.

(c) *Circumstances under which fees may be charged.* Except as noted in paragraph (d) of this section, attorneys-at-law and agents may charge claimants or appellants for their services only if all of the following conditions have been met:

(1) A final decision has been promulgated by the Board of Veterans' Appeals with respect to the issue, or issues, involved;

(2) The Notice of Disagreement which preceded the Board of Veterans' Appeals decision with respect to the issue, or issues, involved was received by the agency of original jurisdiction on or after November 18, 1988; and

(3) The attorney-at-law or agent was retained not later than one year following the date that the decision by the Board of Veterans' Appeals with respect to the issue, or issues, involved was promulgated. (This condition will be considered to have been met with respect to all successor attorneys-at-law or agents acting in the continuous prosecution of the same matter if a predecessor was retained within the required time period.)

(d) *Payment of fee by disinterested third party.* An attorney-at-law or agent may receive a fee or salary from an organization, governmental entity, or other disinterested third party for representation of a claimant or appellant even though the conditions set forth in paragraph (c) of this section have not been met.

(e) *Fees permitted.* Fees permitted under paragraph (c) for services of an attorney-at-law or agent admitted to practice before the Department of Veterans Affairs must be reasonable. They may be based on a fixed fee, hourly rate, a percentage of benefits recovered, or a combination of such bases. Factors considered in determining whether fees are reasonable include:

(1) The extent and type of services the representative performed;

(2) The complexity of the case;

(3) The level of skill and competence required of the representative in giving the services;

(4) The amount of time the representative spent on the case;

(5) The results the representative achieved, including the amount of any benefits recovered;

(6) The level of review to which the claim was taken and the level of the review at which the representative was retained;

(7) Rates charged by other representatives for similar services; and

(8) Whether, and to what extent, the payment of fees is contingent upon the results achieved.

(f) *Presumption of reasonableness.* Fees which total no more than 20 percent of any past-due benefits awarded, as defined in paragraph (h)(3) of this section, will be presumed to be reasonable.

(g) *Fee agreements.* All agreements for the payment of fees for services of attorneys-at-law and agents must be in writing and signed by both the claimant or appellant and the attorney-at-law or agent. The agreement must include the name of the veteran, the name of the claimant or appellant if other than the veteran (e.g., a veteran's survivor, a guardian, or a fiduciary appointed to receive VA benefits on an individual's behalf), the applicable Department of Veterans Affairs file number, and the specific terms under which the amount to be paid for the services of the attorney-at-law or agent will be determined. A copy of the agreement must be filed with the Board of Veterans' Appeals within 30 days of its execution by mailing the copy to the following address: Office of Counsel to the Chairman (01C), Board of Veterans' Appeals, 810 Vermont Avenue NW., Washington, DC 20420. (Also see paragraph (h)(4) for information concerning additional filing requirements when fees are to be paid by the Department of Veterans Affairs from past-due benefits.)

(h) *Payment of fees by Department of Veterans Affairs directly to an attorney-at-law from past-due benefits.* (1) Subject to the requirements of the other paragraphs of this section, including paragraphs (c) and (e), the claimant or appellant and an attorney-at-law may enter into a fee agreement providing that payment for the services of the attorney-at-law will be made directly to the attorney-at-law by the Department of Veterans Affairs out of any past-due benefits awarded as a result of a

successful appeal to the Board of Veterans' Appeals or an appellate court or as a result of a reopened claim before the Department following a prior denial of such benefits by the Board of Veterans' Appeals or an appellate court. Such an agreement will be honored by the Department only if the following conditions are met:

(i) The total fee payable (excluding expenses) does not exceed 20 percent of the total amount of the past-due benefits awarded,

(ii) The amount of the fee is contingent on whether or not the claim is resolved in a manner favorable to the claimant or appellant, and

(iii) The award of past-due benefits results in a cash payment to a claimant or an appellant from which the fee may be deducted. (An award of past-due benefits will not always result in a cash payment to a claimant or an appellant. For example, no cash payment will be made to military retirees unless there is a corresponding waiver of retirement pay. (See 38 U.S.C. 5304(a) and § 3.750 et seq. of this chapter.))

(2) For purposes of this paragraph, a claim will be considered to have been resolved in a manner favorable to the claimant or appellant if all or any part of the relief sought is granted.

(3) For purposes of this paragraph, "past-due benefits" means a nonrecurring payment resulting from a benefit, or benefits, granted on appeal or awarded on the basis of a claim reopened after a denial by the Board of Veterans' Appeals or the lump sum payment which represents the total amount of recurring cash payments which accrued between the effective date of the award, as determined by applicable laws and regulations, and the date of the grant of the benefit by the agency of original jurisdiction, the Board of Veterans' Appeals, or an appellate court.

(i) When the benefit granted on appeal, or as the result of the reopened claim, is service connection for a disability, the "past-due benefits" will be based on the initial disability rating assigned by the agency of original jurisdiction following the award of service connection. The sum will equal the payments accruing from the effective date of the award to the date of the initial disability rating decision. If an increased evaluation is subsequently granted as the result of an appeal of the disability evaluation initially assigned by the agency of original jurisdiction, and if the attorney-at-law represents the claimant or appellant in that phase of the claim, the attorney-at-law will be paid a supplemental payment at the time that the appellant is paid retroactive

benefits based upon the increase granted on appeal, to the extent that the increased amount of disability is found to have existed between the initial effective date of the award following the grant of service connection and the date of the rating action implementing the appellate decision granting the increase.

(ii) Unless otherwise provided in the fee agreement between the claimant or appellant and the attorney-at-law, the attorney-at-law's fees will be determined on the basis of the total amount of the past-due benefits even though a portion of those benefits may have been apportioned to the claimant's or appellant's dependents.

(iii) If an award is made as the result of favorable action with respect to several issues, the past-due benefits will be calculated only on the basis of that portion of the award which results from action taken on issues concerning which the criteria in paragraph (c) of this section have been met.

(4) In addition to filing a copy of the fee agreement with the Board of Veterans' Appeals as required by paragraph (g) of this section, the attorney-at-law must notify the agency of original jurisdiction within 30 days of the date of execution of the agreement of the existence of an agreement providing for the direct payment of fees out of any benefits subsequently determined to be past due and provide that agency with a copy of the fee agreement. Payment of the attorney's share of any past due benefits will be made at the same time that any such benefits are paid to the claimant or appellant.

(i) *Motion for review of fee agreement.* The Board of Veterans' Appeals may review a fee agreement between a claimant or appellant and an attorney-at-law or agent upon its own motion or upon the motion of any party to the agreement and may order a reduction in the fee called for in the agreement if it finds that the fee is excessive or unreasonable in light of the standards set forth in paragraph (e) of this section. Such motions must be in writing and must include the name of the veteran, the name of the claimant or appellant if other than the veteran (e.g., a veteran's survivor, a guardian, or a fiduciary appointed to receive VA benefits on an individual's behalf), and the applicable Department of Veterans Affairs file number. Such motions must set forth the reason, or reasons, why the fee called for in the agreement is excessive or unreasonable. Such motions (other than motions by the Board) must be filed at the following address: Office of Counsel to the Chairman (01C), Board of Veterans'

Appeals, 810 Vermont Avenue, NW., Washington, DC 20420. They should be accompanied by all such evidence as the moving party desires to submit. The moving party must mail a copy of the motion and accompanying evidence to all other parties to the agreement, with return receipts requested. The receipts, which must bear the signatures of the other parties, must then be filed with the Board at the same address as proof of service of the motion. The other parties may file a response to the motion, with any accompanying evidence, with the Board at the same address not later than 30 days following the date of receipt of the copy of the motion. A copy of any such response and any accompanying evidence must be mailed to the moving party, with a return receipt requested. The receipt, which must bear the signature of the moving party, must then be filed with the Board at the same address as proof of service of the response. The ruling on the motion will be by the Chairman. Once there has been a ruling on the motion, an order shall issue which will constitute the final decision of the Board with respect to the motion. If a reduction in the fee is ordered, the attorney or agent must credit the account of the claimant or appellant with the amount of the reduction and refund any excess payment on account to the claimant or appellant not later than the expiration of the time within which the ruling may be appealed to the Court of Veterans Appeals. Failure to do so may result in proceedings under § 14.633 of this chapter to terminate the attorney's or agent's right to practice before the Department of Veterans Affairs and the Board of Veterans' Appeals and/or prosecution under the provisions of 38 U.S.C. 5905.

(Authority: 38 U.S.C. 5902, 5904, 5905)

(Approved by the Office of Management and Budget under control number 2900–0085)

**§ 20.610  Rule 610. Payment of representative's expenses in proceedings before Department of Veterans Affairs field personnel and before the Board of Veterans' Appeals.**

(a) *Applicability of rule.* The provisions of this section apply to the services of representatives with respect to benefits under laws administered by the Department of Veterans Affairs in all proceedings before Department of Veterans Affairs field personnel or before the Board of Veterans' Appeals regardless of whether an appeal has been initiated.

(b) *General.* Any representative may be reimbursed for expenses incurred on behalf of a veteran or a veteran's

dependents or survivors in the prosecution of a claim for benefits pending before the Department of Veterans Affairs. Whether such a representative will be reimbursed for expenses and the method of such reimbursement is a matter to be determined by the representative and the claimant or appellant. Expenses are not payable directly to the representative by the Department of Veterans Affairs out of benefits determined to be due to a claimant or appellant. Unless required in conjunction with a motion for the review of expenses filed in accordance with paragraph (d) of this section, agreements for the reimbursement of expenses need not be filed with the Department of Veterans Affairs or the Board of Veterans' Appeals.

(c) *Nature of expenses subject to reimbursement.* "Expenses" include nonrecurring expenses incurred directly in the prosecution of a claim for benefits upon behalf of a claimant or appellant. Examples of such expenses include expenses for travel specifically to attend a hearing with respect to a particular claim, the cost of copies of medical records or other documents obtained from an outside source, the cost of obtaining the services of an expert witness or an expert opinion, etc. "Expenses" do not include normal overhead costs of the representative such as office rent, utilities, the cost of obtaining or operating office equipment or a legal library, salaries of the representative and his or her support staff, the cost of office supplies, etc.

(d) *Expense charges permitted— motion for review of expenses.* Reimbursement for the expenses of a representative may be obtained only if the expenses are reasonable. The Board of Veterans' Appeals may review expenses charged by a representative upon the motion of the claimant or appellant and may order a reduction in the expenses charged if it finds that they are excessive or unreasonable. Such motions must be in writing. They must include the name of the veteran, the name of the claimant or appellant if other than the veteran (e.g., a veteran's survivor, a guardian, or a fiduciary appointed to receive VA benefits on an individual's behalf), and the applicable Department of Veterans Affairs file number. They must specifically identify which expenses charged are felt to be unreasonable and the reason, or reasons, why the amount of the expenses is felt to be excessive or unreasonable. Such motions must be filed at the following address: Office of Counsel to the Chairman (01C), Board of

Veterans' Appeals, 810 Vermont Avenue NW., Washington, DC 20420. They should be accompanied by all such evidence as the moving party desires to submit. The appellant or claimant, as applicable, must mail a copy of the motion and any accompanying evidence to the representative, with a return receipt requested. The receipt, which must bear the signature of the representative or an employee of the representative, must then be filed with the Board at the same address as proof of service of the motion. The representative may file a response to the motion, with any accompanying evidence, with the Board at the same address not later than 30 days following the date of receipt of the copy of the motion. The representative must mail a copy of any such response and any accompanying evidence to the appellant, with a return receipt requested. The receipt, which must bear the signature of the appellant, must then be filed with the Board at the same address as proof of service of the response. The ruling on the motion will be by the Chairman. Factors considered in determining whether expenses are excessive or unreasonable include the complexity of the case, the potential extent of benefits recoverable, whether travel expenses are in keeping with expenses normally incurred by other representatives, etc. Once there has been a ruling on the motion, an order shall issue which will constitute the final decision of the Board with respect to the motion.

(Authority: 38 U.S.C. 5904)

(Approved by the Office of Management and Budget under control number 2900–0065)

**§ 20.611  Rule 611. Continuation of representation following death of a claimant or appellant.**

A recognized organization, attorney, agent, or person properly designated to represent a claimant or appellant will be recognized as the representative of his or her survivors for a period of one year following the death of the claimant or appellant. A representative may also continue to act with respect to any appeal pending upon the death of the claimant or appellant until such time as a final decision has been promulgated by the Board of Veterans' Appeals. The provisions of this section do not apply to any survivor who has appointed another representative in accordance with these rules or who has indicated in writing that he or she does not wish to be represented by the claimant's or appellant's representative. Written notice that a survivor does not wish to be represented by the claimant's or appellant's representative will be

effective when received by the agency of original jurisdiction or, if the case has been certified to the Board for appellate review, by the Board of Veterans' Appeals.

(Authority: 38 U.S.C. 5902–5904)

**§§ 20.612–20.699  [Reserved]**

**Subpart H—Hearings on Appeal**

**§ 20.700  Rule 700. General.**

(a) *Right to a hearing.* A hearing on appeal will be granted if an appellant, or an appellant's representative acting on his or her behalf, expresses a desire to appear in person.

(b) *Purpose of hearing.* The purpose of a hearing is to receive argument and testimony relevant and material to the appellate issue. It is contemplated that the appellant and witnesses, if any, will be present. A personal hearing will not normally be scheduled solely for the purpose of receiving argument by a representative. Such argument should be submitted in the form of a written brief. Oral argument may also be submitted on audio cassette for transcription for the record in accordance with paragraph (d) of this section. Requests for appearances by representatives alone to personally present argument to Members of the Board may be granted if good cause is shown. Whether good cause has been shown will be determined by the presiding Member of the hearing panel involved.

(c) *Nonadversarial proceedings.* Hearings conducted by and for the Board are ex parte in nature and nonadversarial. Parties to the hearing will be permitted to ask questions, including follow-up questions, of all witnesses but cross-examination will not be permitted. Proceedings will not be limited by legal rules of evidence, but reasonable bounds of relevancy and materiality will be maintained. The presiding Member may set reasonable time limits for the presentation of argument and may exclude documentary evidence, testimony, and/or argument which is not relevant or material to the issue, or issues, being considered or which is unduly repetitious.

(d) *Informal hearings.* This term is used to describe situations in which the appellant cannot, or does not wish to, appear. In the absence of the appellant, the authorized representative may present oral arguments, not exceeding 30 minutes in length, to the Board on an audio cassette without personally appearing before a Board of Veterans' Appeals hearing panel. These arguments will be transcribed by Board personnel for subsequent review by the panel

members. This procedure will not be construed to satisfy an appellant's request to appear in person.

(Authority: 38 U.S.C. 7102, 7104(a), 7105(a))

**§ 20.701 Rule 701. Who may present oral argument.**

Only the appellant and/or his or her authorized representative may appear and present argument in support of an appeal. At the request of an appellant, a Veterans Benefits Counselor of the Department of Veterans Affairs may present the appeal at a hearing before the Board of Veterans' Appeals or before Department of Veterans Affairs field personnel acting for the Board.

(Authority: 38 U.S.C. 7102, 7104(a), 7105)

**§ 20.702 Rule 702. Scheduling and notice of hearings conducted by the Board of Veterans' Appeals in Washington, DC, and by agency of original jurisdiction personnel acting on behalf of the Board of Veterans' Appeals at field facilities.**

(a) *General.* To the extent that officials scheduling hearings for or on behalf of the Board of Veterans' Appeals determine that necessary physical resources and qualified personnel are available, hearings will be scheduled at the convenience of appellants and their representatives, with consideration of the travel distance involved. While a Statement of the Case should be prepared prior to the hearing, it is not a prerequisite for a hearing and an appellant may request that the hearing be scheduled prior to issuance of the Statement of the Case.

(Authority: 38 U.S.C. 7102, 7104(a), 7105(a))

(b) *Notification of hearing.* When a hearing is scheduled, the person requesting it will be notified of its time and place, and of the fact that the Government may not assume any expense incurred by the appellant, the representative or witnesses attending the hearing.

(Authority: 38 U.S.C. 7102, 7104(a), 7105(a))

(c) *Requests for changes in hearing dates.* (1) The appellant or the representative may request a different date for the hearing within 60 days from the date of the letter of notification of the time and place of the hearing, or not later than two weeks prior to the scheduled hearing date, whichever is earlier. The request must be in writing, but the grounds for the request need not be stated. Only one such request for a change of the date of the hearing will be granted, subject to the interests of other parties if a simultaneously contested claim is involved. In the case of hearings to be conducted by the Board of Veterans' Appeals in Washington, DC, such requests for a new hearing date

must be filed with: Chief, Hearing Section (014B), Board of Veterans' Appeals, 810 Vermont Avenue, NW., Washington, DC 20420. In the case of hearings conducted for the Board by agency of original jurisdiction personnel, the requests must be filed with the office of the official of the Department of Veterans Affairs who signed the notice of the original hearing date.

(2) After the period described in paragraph (c)(1) of this section has passed, or after one change in the hearing date is granted based on a request received during such period, the date of the hearing will become fixed. After a hearing date has become fixed, an extension of time for appearance at a hearing will be granted only for good cause, with due consideration of the interests of other parties if a simultaneously contested claim is involved. Examples of good cause include, but are not limited to, illness of the appellant and/or representative, difficulty in obtaining necessary records, and unavailability of a necessary witness. The motion for a new hearing date must be in writing and must explain why a new hearing date is necessary. If good cause is shown, the hearing will be rescheduled for the next available hearing date after the appellant or his or her representative gives notice that the contingency which gave rise to the request for postponement has been removed. Ordinarily, however, hearings will not be postponed more than 30 days. An adverse determination by the agency of original jurisdiction as to whether good cause for postponement has been shown is an appealable issue. In the case of a hearing conducted by the Board of Veterans' Appeals in Washington, DC, whether good cause for establishing a new hearing date has been shown will be determined by the presiding Member of the hearing panel assigned to conduct the hearing. In the case of hearings to be conducted by the Board of Veterans' Appeals in Washington, DC, the motion for a new hearing date must be filed with: Chief, Hearing Section (014B), Board of Veterans' Appeals, 810 Vermont Avenue, NW., Washington, DC 20420. In the case of hearings conducted for the Board by agency of original jurisdiction personnel, the motion must be filed with the office of the official of the Department of Veterans Affairs who signed the notice of the original hearing date.

(Authority: 38 U.S.C. 7102, 7104(a), 7105(a), 7105A)

(d) *Failure to appear for a scheduled hearing.* If an appellant (or when a hearing only for oral argument by a

representative) has been authorized, the representative) fails to appear for a scheduled hearing and a request for postponement has not been received and granted, the case will be processed as though the request for a hearing had been withdrawn. No further request for a hearing will be granted in the same appeal unless such failure to appear was with good cause and the cause for the failure to appear arose under such circumstances that a timely request for postponement could not have been submitted prior to the scheduled hearing date. A motion for a new hearing date following a failure to appear must be in writing; must be submitted not more than 15 days following the original hearing date; and must set forth the reason, or reasons, for the failure to appear at the originally scheduled hearing and the reason, or reasons, why a timely request for postponement could not have been submitted. In the case of hearings to be conducted by the Board of Veterans' Appeals in Washington, DC, the motion must be filed with: Chief, Hearing Section (014B), Board of Veterans' Appeals, 810 Vermont Avenue, NW., Washington, DC 20420. In the case of hearings conducted for the Board by agency of original jurisdiction personnel, the motion must be filed with the office of the official of the Department of Veterans Affairs who signed the notice of the original hearing date. If good cause is shown, the hearing will be rescheduled for the next available hearing date after the appellant or his or her representative gives notice that the contingency which gave rise to the failure to appear has been removed. Ordinarily, however, hearings will not be postponed more than 30 days. An adverse determination by the agency of original jurisdiction as to whether good cause for failure to appear has been shown is an appealable issue. In the case of hearings before the Board of Veterans' Appeals in Washington, DC, whether good cause for such failure to appear has been established will be determined by the presiding Member of the hearing panel to which the case was assigned.

(Authority: 38 U.S.C. 7102, 7104(a), 7105(a), 7105A)

(e) *Withdrawal of hearing requests.* A request for a hearing may be withdrawn by an appellant at any time before the date of the hearing. A request for a hearing may not be withdrawn by an appellant's representative without the consent of the appellant. In the case of hearings to be conducted by the Board of Veterans' Appeals in Washington, DC, the notice of withdrawal must be

sent to: Chief, Hearing Section (014B), Board of Veterans' Appeals, 810 Vermont Avenue, NW., Washington, DC 20420. In the case of hearings conducted for the Board by agency of original jurisdiction personnel, the notice must be sent to the office of the official of the Department of Veterans Affairs who signed the notice of the original hearing date.

(Authority: 38 U.S.C. 7102, 7104(a), 7105(a))

(Approved by the Office of Management and Budget under control number 2900–0085)

### § 20.703 Rule 703. When right to Travel Board hearing arises.

A Travel Board hearing is a "hearing on appeal". Accordingly, there is no right to a hearing before a traveling Section of the Board until such time as a Notice of Disagreement has been filed. Any request for such a hearing filed with a Notice of Disagreement, or filed subsequent to the filing of a Notice of Disagreement, will be accepted by the agency of original jurisdiction. Requests for such hearings before a Notice of Disagreement has been filed, or after the Board has entered a final decision in the case on the issue (or issues) appealed will be rejected, except for requests for such hearings after a Notice of Disagreement has been filed appealing a denial of benefits in a reopened claim which followed a prior Board decision or after a motion for reconsideration of a prior Board decision has been granted.

(Authority: 38 U.S.C. 7105(a), 7110)

### § 20.704 Rule 704. Scheduling and notice of hearings conducted by traveling Sections of the Board of Veterans' Appeals at Department of Veterans Affairs field facilities.

(a) *General.* Travel Board hearings are conducted by traveling Sections of the Board of Veterans' Appeals during prescheduled visits to Department of Veterans Affairs facilities having adequate physical resources and personnel for the support of such hearings. The hearings will be scheduled during such visits in the order in which requests for such hearings were received by the agency of original jurisdiction. Requests for Travel Board hearings must be submitted to the agency of original jurisdiction, in writing, and should not be submitted directly to the Board of Veterans' Appeals.

(b) *Notification of hearing.* When a hearing is scheduled, the person requesting it will be notified of its time and place, and of the fact that the Government may not assume any expense incurred by the appellant, the representative or witnesses attending the hearing.

(c) *Requests for changes in hearing dates.* Requests for a change in a Travel Board hearing date may be made at any time up to two weeks prior to the scheduled date of the hearing if good cause is shown. Such requests must be in writing, must explain why a new hearing date is necessary, and must be filed with the office of the official of the Department of Veterans Affairs who signed the notice of the original hearing date. Examples of good cause include, but are not limited to, illness of the appellant and/or representative, difficulty in obtaining necessary records, and unavailability of a necessary witness. If good cause is shown, the Travel Board hearing will be rescheduled for the next available Travel Board hearing date after the appellant or his or her representative gives notice that the contingency which gave rise to the request for postponement has been removed. If good cause is not shown, the appellant and his or her representative will be promptly notified and given an opportunity to appear at the hearing as previously scheduled. If the appellant elects not to appear at the rescheduled date, the request for a Travel Board hearing will be considered to have been withdrawn. In such cases, however, the record will be submitted to the presiding Member of the traveling Section for review when the traveling Section of the Board arrives at the agency of original jurisdiction to conduct Travel Board hearings. If the presiding Member does not concur with the determination that good cause has not been shown, the Travel Board hearing will be rescheduled for the next available Travel Board hearing date after the contingency which gave rise to the request for postponement has been removed.

(d) *Failure to appear for a scheduled hearing.* If an appellant (or when a hearing only for oral argument by a representative has been authorized, the representative) fails to appear for a scheduled Travel Board hearing and a request for postponement has not been received and granted, the case will be processed as though the request for a hearing had been withdrawn. No further request for a hearing will be granted in the same appeal unless such failure to appear was with good cause and the cause for the failure to appear arose under such circumstances that a timely request for postponement could not have been submitted prior to the scheduled hearing date. A motion for a new hearing date following a failure to appear for a scheduled Travel Board hearing must be in writing, must be filed within 15 days of the originally

scheduled hearing date, and must explain why the appellant failed to appear for the hearing and why a timely request for a new hearing date could not have been submitted. Such motions must be filed with: Travel Board Secretary (0141F1), Board of Veterans' Appeals, 810 Vermont Avenue, NW., Washington, DC 20420. If good cause is shown, the hearing will be rescheduled for the next available hearing date after the contingency which gave rise to the failure to appear has been removed. Whether good cause for such failure to appear has been established will be determined by the presiding Member of the traveling Section of the Board. If good cause is shown, the Travel Board hearing will be rescheduled for the next available Travel Board hearing date after the appellant or his or her representative gives notice that the contingency which gave rise to the failure to appear has been removed.

(e) *Withdrawal of Travel Board hearing requests.* A request for a Travel Board hearing may be withdrawn by an appellant at any time before the date of the hearing. A request for a Travel Board hearing may not be withdrawn by an appellant's representative without the consent of the appellant. Notices of withdrawal must be forwarded to the office of the Department of Veterans Affairs official who signed the notice of the hearing date.

(Authority: 38 U.S.C. 7104(a), 7110)

(Approved by the Office of Management and Budget under control number 2900–0085)

### § 20.705 Rule 705. Where hearings on appeal are conducted.

(a) *General.* A hearing on appeal may be held in one of the following places at the option of the appellant:

(1) Before a Section of the Board of Veterans' Appeals in Washington, DC,

(2) Before a traveling Section of the Board of Veterans' Appeals, or

(3) Before appropriate personnel in the Department of Veterans Affairs facility having original jurisdiction over the claim at issue, acting as a hearing agency for the Board of Veterans' Appeals. Personnel conducting such hearings as agents for the Board of Veterans' Appeals will allow the appellant and/or representative to present any argument and testimony, as well as any witnesses before the panel, subject to the exclusion of testimony, documentary evidence, and/or argument which is not relevant or material to the issues being considered or which is unduly repetitious. Rule 706 (§ 20.706 of this part) and Rules 709 through 713 (§§ 20.709–20.713 of this part) are applicable to such hearings.

(b) *Request for hearing at an alternate Department of Veterans Affairs field facility.* If the appellant desires a hearing before Department of Veterans Affairs personnel acting as a hearing agency for the Board of Veterans' Appeals as specified in paragraph (a)(3) of this section, but resides within the jurisdiction of, or in closer proximity to, a Department of Veterans Affairs facility other than the one that rendered the determination at issue, the appellant may request that the hearing be conducted at the more convenient facility. That request will be granted upon the certification of the director of the second facility that that facility has appropriate physical and personnel resources, including personnel with expertise in the issues involved, available to conduct such a hearing within a reasonable period of time.

(Authority: 38 U.S.C. 7102, 7104(a), 7105(a), 7110)

### § 20.706  Rule 706. Functions of the presiding Member.

The presiding Member of a hearing panel is responsible for the conduct of the hearing, administration of the oath or affirmation, and for ruling on questions of procedure. The presiding Member will assure that the course of the hearing remains relevant to the issue, or issues, on appeal and that there is no cross-examination of the parties or witnesses. The presiding Member may take such steps as may be necessary to maintain good order at hearings and may terminate a hearing or direct that the offending party leave the hearing if an appellant, representative, or witness persists in disruptive behavior.

(Authority: 38 U.S.C. 7102, 7104(a), 7105(a))

### § 20.707  Rule 707. When a hearing panel makes the final appellate decision.

(a) *Hearings in Washington, DC.* Hearings held before a Section of the Board of Veterans' Appeals in Washington, DC, are normally held before Members who will make the final decision on the appeal.

(b) *Hearings held before traveling Sections of the Board.* Hearings held before traveling Board Sections are normally held before Members who will make the final decision on the appeal unless an issue on appeal involves radiation, Agent Orange, or asbestos exposure; the case involves the reconsideration of a prior Board of Veterans' Appeals decision; or the hearing panel consists of fewer than three Members of the Board. Appeals involving radiation, Agent Orange, or asbestos exposure issues will be decided by Board Members specializing in those issues. Decisions in appeals

involving reconsideration of a prior Board of Veterans' Appeals decision on the same issue, or issues, may involve Board Members in addition to those Members making up the traveling Section. An expanded reconsideration Section considering issues involving post-traumatic stress disorder or radiation, Agent Orange, or asbestos exposure will include both the traveling Section and Board Members specializing in those issues. If a Travel Board Section is comprised of fewer than three Board Members, the Chairman may assign an additional Member, or Members, to constitute a three-Member Section which will make the final decision in Washington, DC.

(Authority: 38 U.S.C. 7102, 7104(a), 7110)

### § 20.708  Rule 708. Prehearing conference.

An appellant's authorized representative may request a prehearing conference with the presiding Member of a hearing panel in order to clarify the issues to be considered at a hearing on appeal, obtain rulings on the admissibility of evidence, develop stipulations of fact, establish the length of argument which will be permitted, or take other steps which will make the hearing itself more efficient and productive. With respect to hearings to be held before Members of the Board at Washington, DC, arrangements for a prehearing conference must be made through: Chief, Hearing Section (014B), Board of Veterans' Appeals, 810 Vermont Avenue, NW., Washington, DC 20420. Requests for prehearing conferences in cases involving hearings to be held before traveling Sections of the Board and hearings to be held before Department of Veterans Affairs personnel acting as agents for the Board must be addressed to the office of the Department of Veterans Affairs official who signed the letter giving notice of the time and place of the hearing.

(Authority: 38 U.S.C. 7102, 7104(a), 7105(a))

### § 20.709  Rule 709. Procurement of additional evidence following a hearing.

If it appears during the course of a hearing that additional evidence would assist in the review of the questions at issue, the presiding Member may direct that the record be left open so that the appellant and his or her representative may obtain the desired evidence. The presiding Member will determine the period of time during which the record will stay open, considering the amount of time estimated by the appellant or representative as needed to obtain the evidence and other factors adduced during the hearing. Ordinarily, the period will not exceed 60 days, and will

be as short as possible in order that appellate consideration of the case not be unnecessarily delayed.

(Authority: 38 U.S.C. 7102, 7104(a), 7105(a))

### § 20.710  Rule 710. Witnesses at hearings.

(a) *General.* The testimony of witnesses, including appellants, will be heard. Testimony may include presentations by Members of the Congress or Congressional staff members appearing on an appellant's behalf.

(b) *Testimony under oath.* All testimony must be given under oath unless excused because of religious principles or other good cause. If the witness declines to take an oath, he or she must be informed that testimony will be permitted on affirmation. The witness must then be requested to make a solemn declaration as to the truth of the testimony about to be given. The witness may use such words as he or she considers binding on his or her conscience. Administration of the oath for the sole purpose of presenting contentions and argument is not required.

(Authority: 38 U.S.C. 7102, 7104(a), 7105(a))

### § 20.711  Rule 711. Subpoenas.

(a) *General.* An appellant, or his or her representative, may arrange for the production of any tangible evidence or the voluntary appearance of any witnesses desired. When necessary evidence cannot be obtained in any other reasonable way, the appellant, or his or her representative, may move that a subpoena be issued to compel the attendance of witnesses residing within 100 miles of the place where a hearing on appeal is to be held and/or to compel the production of tangible evidence. A subpoena will not be issued to compel the attendance of Department of Veterans Affairs adjudicatory personnel.

(b) *Contents of motion for subpoena.* The motion for a subpoena must be in writing, must clearly show the name and address of each witness to be subpoenaed, must clearly identify all documentary or other tangible evidence to be produced, and must explain why the attendance of the witness and/or the production of the tangible evidence cannot be obtained without a subpoena.

(c) *Where motion for subpoena is to be filed.* In cases in which the appellate record has been transferred to the Board of Veterans' Appeals in Washington, DC, motions for a subpoena must be filed with the Office of Counsel to the Chairman (01C), Board of Veterans' Appeals, 810 Vermont Avenue, NW., Washington, DC 20420. In those cases

where the appellate record has not been transferred to the Board, such motions must be filed with the Director of the Department of Veterans Affairs facility where the appellate record is located.

(d) *When motion for subpoena is to be filed in cases involving a hearing on appeal.* Motions for the issuance of a subpoena for the attendance of a witness, or the production of documents or other tangible evidence, at a hearing on appeal must be filed not later than 30 days prior to the hearing date.

(e) *Ruling on motion for subpoena.* In cases in which the appellate record has been transferred to the Board of Veterans' Appeals in Washington, DC, the ruling on the motion will be made by the Chairman. In those cases where the appellate record has not been transferred to the Board, the ruling on the motion will be made by the Director of the Department of Veterans Affairs facility where the appellate record is located. In cases where the production of documents or other tangible evidence is sought, the granting of the motion may be conditioned upon the advancement by the appellant of the reasonable cost of producing the books, papers, documents, or other tangible evidence requested. The question of whether denial of a motion for a subpoena by a Director of a Department of Veterans Affairs facility was proper may be appealed as a part of the overall appeal, but is not subject to a separate interlocutory appeal.

(f) *Fees.* Any person who is required to attend a hearing as a witness shall be allowed and paid the same fees and mileage as are paid witnesses in the district courts of the United States. A subpoena will not be served unless that party on whose behalf the subpoena is issued delivers a check in an amount equal to the fee for one day's attendance and the mileage allowed by law, made payable to the witness, to the official issuing the subpoena. Except for checks on the business accounts of attorneys-at-law, agents, and recognized service organizations, such checks must be in the form of certified checks or cashiers checks.

(g) *Service of subpoenas.* The official issuing the subpoena will serve the subpoena by certified mail, return receipt requested. The check for fees and mileage described in paragraph (f) of this section shall be mailed with the subpoena. The receipt, which must bear the signature of the witness or of the custodian of the tangible evidence, and a copy of the subpoena will be filed in the claims folder, loan guaranty folder, or other applicable Department of Veterans Affairs records folder.

(h) *Motion to quash or modify subpoena.* If an individual served with a subpoena considers the subpoena to be unreasonable or oppressive, he or she may move that the subpoena be quashed or modified. Such motions must be in writing and must explain why the subpoena is unreasonable or oppressive and what relief is sought. Such motions must be filed with the office of the official who issued the subpoena not more than 10 days following receipt of the subpoena. Rulings on such motions will be made by the official who issued the subpoena, who will inform all interested parties of the ruling in writing. The quashing of any subpoena shall be conditional upon the return of the check for fees and mileage to the party on whose behalf the subpoena was issued. The question of whether the ruling by a Director of a Department of Veterans Affairs facility on a motion to quash or modify a subpoena was proper may be appealed as a part of the overall appeal, but is not subject to a separate interlocutory appeal.

(Authority: 38 U.S.C. 5711, 7102(c), 7104(a))

### § 20.712  Rule 712. Expenses of appellants, representatives, and witnesses incident to hearings not reimbursable by the Government.

No expenses incurred by an appellant, representative, or witness incident to attendance at a hearing may be paid by the Government.

(Authority: 38 U.S.C. 111)

### § 20.713  Rule 713. Hearings in simultaneously contested claims.

(a) *General.* If a hearing is scheduled for any party to a simultaneously contested claim, the other contesting claimants and their representatives, if any, will be notified and afforded an opportunity to be present. The appellant will be allowed to present opening testimony and argument. Thereafter, any other contesting party who wishes to do so may present testimony and argument. The appellant will then be allowed an opportunity to present testimony and argument in rebuttal. Cross-examination will not be allowed.

(b) *Requests for changes in hearing dates.* Any party to a simultaneously contested claim may request a change in a hearing date in accordance with the provisions of Rule 702, paragraph (c) (§ 20.702(c) of this part), or Rule 704, paragraph (c) (§ 20.704(c) of this part), as applicable. In order to obtain a new hearing date under the provisions of Rule 702, paragraph (c)(1), the consent of all other interested parties must be obtained and submitted with the request for a new hearing date. If such consent is not obtained, paragraph (c)(2) of that rule will apply even though the request is submitted within 60 days from the date of the letter of notification of the time and place of the hearing. A copy of any motion for a new hearing date required by these rules must be mailed to all other interested parties by certified mail, return receipt requested. The receipts, which must bear the signatures of the other interested parties, and a letter explaining that they relate to the motion for a new hearing date and containing the applicable Department of Veterans Affairs file number must be filed at the same address where the motion was filed as proof of service of the motion. Each interested party will be allowed a period of 10 days from the date that the copy of the motion was received by that party to file written argument in response to the motion.

(Authority: 38 U.S.C. 7105A)

### § 20.714  Rule 714. Record of hearing.

(a) *Board of Veterans' Appeals.* A hearing before Members of the Board, whether held in Washington, DC, or before a traveling Section, will be recorded on audio tape. In those instances where a complete written transcript is prepared, that transcript will be the official record of the hearing and the tape recording will be retained at the Board for a period of 12 months following the date of the hearing as a duplicate record of the hearing. Tape recordings of hearings that have not been transcribed will be maintained by the Board as the official record of hearings and retained in accordance with retention standards approved by the National Archives and Records Administration. A transcript will be prepared and incorporated as a part of the claims folder, loan guaranty folder, or other applicable Department of Veterans Affairs records folder if one or more of the following conditions have been met:

(1) The appellant or representative has shown good cause why such a written transcript should be prepared. (The presiding Member of the hearing panel will determine whether good cause has been shown. Requests that recordings of hearing proceedings be transcribed may be made orally at the time of the hearing. Requests made subsequent to the hearing must be in writing and must explain why transcription is necessary. They must be filed with: Chief, Hearing Section (014B), Board of Veterans' Appeals, 810 Vermont Avenue, NW., Washington, DC 20420.)

(2) Testimony and/or argument has been presented at the hearing pertaining

to an issue which is to be remanded to the agency of original jurisdiction for further development or an issue which is not in appellate status which is to be referred to the agency of original jurisdiction for consideration.

(3) The hearing involves an issue relating to National Service Life Insurance or United States Government Life Insurance.

(4) With respect to hearings conducted by a traveling Section of the Board:

(i) An issue on appeal involves radiation, Agent Orange, or asbestos exposure;

(ii) The appeal involves reconsideration of a prior Board of Veterans' Appeals decision on the same issue; or

(5) The Board's decision on an issue addressed at the hearing has been appealed to the United States Court of Veterans Appeals.

(b) *Field offices.* The hearing proceedings before field office personnel after the filing of a Notice of Disagreement will be recorded and a copy of the complete written transcript incorporated as a part of the claims folder, loan guaranty folder, or other applicable Department of Veterans Affairs records folder as the official record of the hearing.

(c) *Copy of hearing tape recording or written transcript.* One copy of the tape recording of hearing proceedings before the Board of Veterans' Appeals, or the written transcript of such proceeding when such a transcript has been prepared in accordance with the provisions of paragraph (a) of this section, and/or a copy of the written transcript of field office appellate hearing proceedings shall be furnished without cost to the appellant or representative if a request is made in accordance with § 1.577 of this chapter.

(Authority: 38 U.S.C. 7102, 7104(a), 7105(a))

**§ 20.715   Rule 715. Recording of hearing by appellant or representative.**

An appellant or representative may record the hearing with his or her own equipment. Filming, videotaping or televising the hearing may only be authorized when prior written consent is obtained from all appellants and contesting claimants, if any, and made a matter of record. In no event will such additional equipment be used if it interferes with the conduct of the hearing or the official recording apparatus. In all such situations, advance arrangements must be made. In the case of hearings held before Members of the Board of Veterans' Appeals in Washington, DC, arrangements must be made with the

Chief of the Hearing Section (014B), Board of Veterans' Appeals, 810 Vermont Avenue, NW., Washington, DC 20420. In the case of hearings held before traveling Sections of the Board or before Department of Veterans Affairs personnel acting as agents for the Board, arrangements must be made through the office of the Department of Veterans Affairs official who signed the letter giving notification of the time and place of the hearing.

(Authority: 38 U.S.C. 7102, 7104(a), 7105(a))

**§ 20.716   Rule 716. Correction of hearing transcripts.**

The tape recording on file at the Board of Veterans' Appeals or a transcript prepared by the Board of Veterans' Appeals or by Department of Veterans Affairs personnel acting as agents for the Board is the only official record of a hearing on appeal. Alternate transcript versions prepared by the appellant and representative will not be accepted. If an appellant wishes to seek correction of perceived errors in a hearing transcript, the appellant or his or her representative should move for the correction of the hearing transcript within 30 days after the date that the transcript is mailed to the appellant. The motion must be in writing and must specify the error, or errors, in the transcript and the correct wording to be substituted. In the case of hearings held before Members of the Board of Veterans' Appeals, whether in Washington, DC, or in the field, the motion must be filed with the Chief, Hearing Section (014B), Board of Veterans' Appeals, 810 Vermont Avenue, NW., Washington, DC 20420. In the case of hearings held before Department of Veterans Affairs personnel acting as agents for the Board, the motion must be filed with the office of the Department of Veterans Affairs official who signed the letter giving notification of the time and place of the hearing. The ruling on the motion will be made by the presiding Member of the hearing panel concerned.

(Authority: 38 U.S.C. 7102, 7104(a), 7105(a), 7110)

**§ 20.717   Rule 717. Loss of hearing tapes or transcripts—motion for new hearing.**

(a) *Motion for new hearing.* In the event that a hearing has not been recorded in whole or in part due to equipment failure or other cause, or the official transcript of the hearing is lost or destroyed and the recording upon which it was based is no longer available, an appellant or his or her representative may move for a new hearing. The motion must be in writing and must specify why prejudice would

result from the failure to provide a new hearing.

(b) *Time limit for filing motion for a new hearing.* The motion will not be granted if there has been no request for a new hearing within a period of 120 days from the date of a final Board of Veterans' Appeals decision or, in cases appealed to the United States Court of Veterans Appeals, if there has been no request for a new hearing within a reasonable period of time after the appeal to that Court has been filed.

(c) *Where motion for a new hearing is filed.* In the case of hearings held before Members of the Board of Veterans' Appeals, whether in Washington, DC, or in the field, the motion must be filed with: Chief, Hearing Section (014B), Board of Veterans' Appeals, 810 Vermont Avenue, NW., Washington, DC 20420. In the case of hearings held before Department of Veterans Affairs personnel acting as agents for the Board, the motion must be filed with the office of the Department of Veterans Affairs official who signed the letter giving notification of the time and place of the hearing unless the appellant has received notice that the case has been transferred to the Board of Veterans' Appeals for appellate review or unless a final Board of Veterans' Appeals decision has already been promulgated with respect to the appeal in question. In such cases, the motion must be filed with the Board at the address specified herein.

(d) *Ruling on motion for a new hearing.* Except as noted hereinafter, the ruling on the motion for a new hearing will be made by the presiding Member of the hearing panel concerned. If the presiding Member of the hearing panel is no longer available, the ruling on the motion may be made by any other member of the hearing panel who is available. In cases in which a hearing was held before Department of Veterans Affairs personnel acting as agents for the Board and the appellate record has been transferred to the Board of Veterans' Appeals for appellate review, or in which a final Board of Veterans' Appeals decision has already been promulgated with respect to the appeal in question, the ruling on the motion will be by the Chairman of the Board. Factors to be considered in ruling on the motion include, but will not be limited to, the extent of the loss of the record in those cases where only a portion of a hearing tape is unintelligible or only a portion of a transcript has been lost or destroyed, and the extent and reasonableness of any delay in moving for a new hearing. If a new hearing is granted in a case in which a final Board

of Veterans' Appeals decision has already been promulgated, a supplemental decision will be issued.

(Authority: 38 U.S.C. 7102, 7104(a), 7105(a), 7110)

## §§ 20.718–20.799 [Reserved]

## Subpart I—Evidence

### § 20.800  Rule 800. Submission of additional evidence after initiation of appeal.

Subject to the limitations set forth in Rule 1304 (§ 20.1304 of this part), an appellant may submit additional evidence, or information as to the availability of additional evidence, after initiating an appeal.

(Authority: 38 U.S.C. 7105(d)(1))

## §§ 20.801–20.899 [Reserved]

## Subpart J—Action by the Board

### § 20.900  Rule 900. Order of consideration of appeals.

(a) *Docketing of appeals.* Applications for review on appeal are docketed in the order in which they are received. Cases returned to the Board following action pursuant to a remand assume their original places on the docket.

(b) *Appeals considered in docket order.* Appeals are considered in the order in which they are entered on the docket.

(c) *Advancement on the docket.* A case may be advanced on the docket if it involves an interpretation of law of general application affecting other claims or for other good cause. Examples of such good cause include terminal illness, extreme hardship which might be relieved in whole or in part if the benefits sought on appeal were granted, etc. Advancement on the docket is requested by motion. Such motions must be in writing and must identify the law of general application affecting other claims or other good cause involved. They must also include the name of the veteran, the name of the appellant if other than the veteran (e.g., a veteran's survivor, a guardian, or a fiduciary appointed to receive VA benefits on an individual's behalf), and the applicable Department of Veterans Affairs file number. The motion must be filed with: Director, Administrative Service (O14), Board of Veterans' Appeals, 810 Vermont Avenue, NW., Washington, DC 20420. The ruling on the motion will be by the Chairman. If a motion to advance a case on the docket is denied, the appellant and his or her representative will be immediately notified. If the motion to advance a case on the docket is granted, that fact will

be noted in the Board's decision when rendered.

(Authority: 38 U.S.C. 7107)

### § 20.901  Rule 901. Medical opinions and opinions of the General Counsel.

(a) *Opinion of the Chief Medical Director.* The Board may obtain a medical opinion from the Chief Medical Director of the Veterans Health Administration of the Department of Veterans Affairs on medical questions involved in the consideration of an appeal when, in its judgment, such medical expertise is needed for equitable disposition of an appeal.

(Authority: 38 U.S.C. 5107(a))

(b) *Armed Forces Institute of Pathology opinions.* The Board may refer pathologic material to the Armed Forces Institute of Pathology and request an opinion based on that material.

(Authority: 38 U.S.C. 7109(a))

(c) *Opinion of the General Counsel.* The Board may obtain an opinion from the General Counsel of the Department of Veterans Affairs on legal questions involved in the consideration of an appeal.

(Authority: 38 U.S.C. 7104(c))

(d) *Independent medical expert opinions.* When, in the judgment of the Board, additional medical opinion is warranted by the medical complexity or controversy involved in an appeal, the Board may obtain an advisory medical opinion from one or more medical experts who are not employees of the Department of Veterans Affairs. Opinions will be secured, as requested by the Chairman of the Board, from recognized medical schools, universities, clinics, or medical institutions with which arrangements for such opinions have been made by the Secretary of Veterans Affairs. An appropriate official of the institution will select the individual expert, or experts, to give an opinion.

(Authority: 38 U.S.C. 7109)

(e) For purposes of this section, the term "the Board" includes the Chairman, the Vice Chairman, any Deputy Vice Chairman, and any Member of a Section of the Board before whom a case is pending.

(Authority: 38 U.S.C. 5107(a), 7104(c), 7109)

### § 20.902  Rule 902. Filing of requests for the procurement of opinions.

The appellant or representative may request that the Board obtain an opinion under Rule 901 (§ 20.901 of this part). The request must be in writing. It will be granted upon a showing of good cause,

such as the identification of a complex or controversial medical or legal issue involved in the appeal which warrants such an opinion.

(Authority: 38 U.S.C. 5107(a), 7102(c), 7104(c), 7109)

### § 20.903  Rule 903. Notification of opinions secured by the Board and opportunity for response.

When an opinion is requested by the Board pursuant to Rule 901 (§ 20.901 of this part), the Board will notify the appellant and his or her representative, if any. When the opinion is received by the Board, a copy of the opinion will be furnished to the appellant's representative or, subject to the limitations provided in 38 U.S.C. 5701(b)(1), to the appellant if there is no representative. A period of 60 days from the date of mailing of a copy of the opinion will be allowed for response. The date of mailing will be presumed to be the same as the date of the letter or memorandum which accompanies the copy of the opinion for purposes of determining whether a response was timely filed.

(Authority: 38 U.S.C. 7109(c))

### § 20.904  Rule 904. Vacating a decision.

An appellate decision may be vacated by the Board of Veterans' Appeals at any time upon request of the appellant or his or her representative, or on the Board's own motion, on the following grounds:

(a) *Denial of due process.* Examples of circumstances in which denial of due process of law will be conceded are:

(1) When the appellant was denied his or her right to representation through action or inaction by Department of Veterans Affairs or Board of Veterans' Appeals personnel,

(2) When a Statement of the Case or required Supplemental Statement of the Case was not provided, and

(3) When there was a prejudicial failure to afford the appellant a personal hearing. (Where there was a failure to honor a request for a hearing and a hearing is subsequently scheduled, but the appellant fails to appear, the decision will not be vacated.)

(b) *Allowance of benefits based on false or fraudulent evidence.* Where it is determined on reconsideration by the Board that an allowance of benefits by the Board has been materially influenced by false or fraudulent evidence submitted by or on behalf of the appellant, the prior decision will be vacated only with respect to the issue or issues to which, within the judgment of the Board, the false or fraudulent evidence was material.

(Authority: 38 U.S.C. 7104(a))

## §§ 20.905–20.999 [Reserved]

## Subpart K—Reconsideration

### § 20.1000 Rule 1000. When reconsideration is accorded.

Reconsideration of an appellate decision may be accorded at any time by the Board of Veterans' Appeals on motion by the appellant or his or her representative or on the Board's own motion:

(a) Upon allegation of obvious error of fact or law;

(b) Upon discovery of new and material evidence in the form of relevant records or reports of the service department concerned; or

(c) Upon allegation that an allowance of benefits by the Board has been materially influenced by false or fraudulent evidence submitted by or on behalf of the appellant.

(Authority: 38 U.S.C. 7103, 7104)

### § 20.1001 Rule 1001. Filing and disposition of motion for reconsideration.

(a) *Application requirements.* A motion for Reconsideration must be in writing and must include the name of the veteran; the name of the claimant or appellant if other than the veteran (e.g., a veteran's survivor, a guardian, or a fiduciary appointed to receive VA benefits on an individual's behalf); the applicable Department of Veterans Affairs file number; and the date of the Board of Veterans' Appeals decision, or decisions, to be reconsidered. It must also set forth clearly and specifically the alleged obvious error, or errors, of fact or law in the applicable decision, or decisions, of the Board or other appropriate basis for requesting Reconsideration. If the applicable Board of Veterans' Appeals decision, or decisions, involved more than one issue on appeal, the motion for reconsideration must identify the specific issue, or issues, to which the motion pertains. Issues not so identified will not be considered in the disposition of the motion.

(b) *Filing of motion for reconsideration.* A motion for reconsideration of a prior Board of Veterans' Appeals decision may be filed at any time. Such motions must be filed at the following address: Director, Administrative Service (014), Board of Veterans' Appeals, 810 Vermont Avenue, NW., Washington, DC 20420.

(c) *Disposition.* The Chairman will review the sufficiency of the allegations set forth in the motion and, depending upon the decision reached, proceed as follows:

(1) *Motion denied.* The appellant and representative or other appropriate party will be notified if the motion is denied. The notification will include reasons why the allegations are found insufficient. This constitutes final disposition of the motion.

(2) *Motion allowed.* If the motion is allowed, the appellant and his or her representative, if any, will be notified. The appellant and the representative will be given a period of 60 days from the date of mailing of the letter of notification to present additional arguments or evidence. The date of mailing of the letter of notification will be presumed to be the same as the date of the letter of notification. The Chairman will assign a Reconsideration panel in accordance with § 19.11 of this chapter.

(Authority: 38 U.S.C. 7103, 7108)

### § 20.1002 Rule 1002. [Reserved]

### § 20.1003 Rule 1003. Hearings on reconsideration.

After a motion for reconsideration has been allowed, a hearing will be granted if an appellant desires to appear in person. A personal hearing will not normally be scheduled solely for the purpose of receiving argument by a representative. Such argument should be submitted in the form of a written brief. Oral argument may also be submitted on audio cassette for transcription for the record in accordance with Rule 700(d) (§ 20.700(d) of this part.). Requests for appearances by representatives alone to personally present argument to Members of the Board may be granted if good cause is shown. Whether good cause has been shown will be determined by the presiding Member of the hearing panel involved.

(Authority: 38 U.S.C. 7102, 7103, 7104(a), 7105(a))

### §§ 20.1004–20.1099 [Reserved]

## Subpart L—Finality

### § 20.1100 Rule 1100. Finality of decisions of the Board.

(a) *General.* All decisions of the Board are by majority decision and will be stamped with the date of mailing on the face of the decision. Unless the Chairman of the Board orders reconsideration, and with the exception of matters listed in paragraph (b) of this section, all Board decisions are final on the date stamped on the face of the decision. With the exception of matters listed in paragraph (b) of this section, the decision rendered by the reconsideration Section in an appeal in which the Chairman has ordered reconsideration is final.

(b) *Exceptions.* Final Board decisions are not subject to review except as provided in 38 U.S.C. 1975 and 1984 and 38 U.S.C. chapters 37 and 72. A remand is in the nature of a preliminary order and does not constitute a final decision of the Board.

(Authority: 38 U.S.C. 511(a), 7103, 7104(a))

### § 20.1101 Rule 1101. [Reserved]

### § 20.1102 Rule 1102. Harmless error.

An error or defect in any decision by the Board of Veterans' Appeals which does not affect the merits of the issue or substantive rights of the appellant will be considered harmless and not a basis for vacating or reversing such decision.

(Authority: 38 U.S.C. 7103)

### § 20.1103 Rule 1103. Finality of determinations of the agency of original jurisdiction where appeal is not perfected.

A determination on a claim by the agency of original jurisdiction of which the claimant is properly notified is final if an appeal is not perfected as prescribed in Rule 302 (§ 20.302 of this part).

(Authority: 38 U.S.C. 7105)

### § 20.1104 Rule 1104. Finality of determinations of the agency of original jurisdiction affirmed on appeal.

When a determination of the agency of original jurisdiction is affirmed by the Board of Veterans' Appeals, such determination is subsumed by the final appellate decision.

(Authority: 38 U.S.C. 7104(a))

### § 20.1105 Rule 1105. New claim after promulgation of appellate decision.

When a claimant requests that a claim be reopened after an appellate decision has been promulgated and submits evidence in support thereof, a determination as to whether such evidence is new and material must be made and, if it is, as to whether it provides a basis for allowing the claim. An adverse determination as to either question is appealable.

(Authority: 38 U.S.C. 5108, 7104)

### § 20.1106 Rule 1106. Claim for death benefits by survivor—prior unfavorable decisions during veteran's lifetime.

Except with respect to benefits under the provisions of 38 U.S.C. 1318 and certain cases involving Department of Veterans Affairs benefits which have been forfeited for treason or for subversive activities under the provisions of 38 U.S.C. 6104 and 6105, issues involved in a survivor's claim for death benefits will be decided without

regard to any prior disposition of those issues during the veteran's lifetime.

(Authority: 38 U.S.C. 7104(b))

## §§ 20.1107–20.1199  [Reserved]

## Subpart M—Privacy Act

### § 20.1200  Rule 1200. Privacy Act request—appeal pending.

When a Privacy Act request is filed under § 1.577 of this chapter by an individual seeking records pertaining to him or her and the relevant records are in the custody of the Board, such request will be reviewed and processed prior to appellate action on that individual's appeal.

(Authority: 5 U.S.C. 552a; 38 U.S.C. 7107)

### § 20.1201  Rule 1201. Amendment of appellate decisions.

A request for amendment of an appellate decision under the Privacy Act (5 U.S.C. 552a) may be entertained. However, such a request may not be used in lieu of, or to circumvent, the procedures established under Rules 1000 through 1003 (§§ 20.1000–20.1003 of this part). The Board will review a request for correction of factual information set forth in a decision. Where the request to amend under the Privacy Act is an attempt to alter a judgment made by the Board and thereby replace the adjudicatory authority and functions of the Board, the request will be denied on the basis that the Act does not authorize a collateral attack upon that which has already been the subject of a decision of the Board. The denial will satisfy the procedural requirements of § 1.579 of this chapter. If otherwise appropriate, the request will be considered one for reconsideration under Rules 1000 through 1003 (§§ 20.1000–20.1003 of this part).

(Authority: 5 U.S.C. 552a(d); 38 U.S.C. 7103, 7108)

## §§ 20.1202–20.1299  [Reserved]

## Subpart N—Miscellaneous

**Cross-Reference:** In cases involving access to patient information relating to a Department of Veterans Affairs program for, or the treatment of, drug abuse, alcoholism, alcohol abuse, sickle cell anemia, or infection with the human immunodeficiency virus, also see 38 U.S.C. 7332.

### § 20.1300  Rule 1300. Access to Board records.

(a) *Removal of records.* No original record, paper, document or exhibit certified to the Board may be taken from the Board except as authorized by the Chairman or except as may be necessary to furnish copies or to

transmit copies for other official purposes.

(Authority: 38 U.S.C. 5701)

(b) *Release of information.* Information requested from records, including copies of such records in the custody of the Board of Veterans' Appeals, may be furnished to a requester only when permitted by law and in accordance with Department of Veterans Affairs regulations.

(Authority: 5 U.S.C. 552, 552a; 38 U.S.C. 5701)

(c) *Fees.* The fees to be charged and collected for the release of information and for any copies will be in accordance with §§ 1.526, 1.555, and 1.577 of this chapter.

(Authority: 38 U.S.C. 5702(b))

(d) *Waiver of fees.* When information is requested from records certified to and in the custody of the Board, the required fee may be waived if such information is requested in connection with the requestor's pending appeal.

(Authority: 38 U.S.C. 5702(b))

(e) *Review of records.* Information in the records may be reviewed by Board of Veterans' Appeals employees who have a need to do so in the performance of their duties.

(Authority: 5 U.S.C. 552a(b)(1))

### § 20.1301  Rule 1301. Disclosure of information.

(a) *Policy.* It is the policy of the Board of Veterans' Appeals for the full text of appellate decisions, Statements of the Case, and Supplemental Statements of the Case to be disclosed to appellants. In those situations where disclosing certain information directly to the appellant would not be in conformance with 38 U.S.C. 5701, that information will be removed from the decision, Statement of the Case, or Supplemental Statement of the Case and the remaining text will be furnished to the appellant. A full-text appellate decision, Statement of the Case, or Supplemental Statement of the Case will be disclosed to the designated representative, however, unless the relationship between the appellant and representative is such (for example, a parent or spouse) that disclosure to the representative would be as harmful as if made to the appellant.

(Authority: 38 U.S.C. 7105(d)(2))

(b) *Index to decisions.* The appellate decisions of the Board of Veterans' Appeals have been indexed to facilitate access to the contents of the decisions (BVA Index I–01–1). The index, which is published quarterly in microfiche form with an annual cumulation, is available

for review at Department of Veterans Affairs regional offices and at the Research Center at the Board of Veterans' Appeals in Washington, DC. The index can be used to locate citations to decisions with issues similar to those of concern to an appellant. Each indexed decision has a locator number assigned to it. The manner in which the locator number is written will depend upon the age of the decision. Decisions archived prior to late 1989 will have a number such as *82–07–0001.* Decisions archived at a later date will have a number such as *BVA–90–12345.* This number must be used when requesting a paper copy of that decision. These requests must be directed to the Appellate Index and Retrieval Staff (01C1), Board of Veterans' Appeals, 810 Vermont Avenue, NW., Washington, DC 20420. Microfiche copies of BVA Index I–01–1 can be obtained from Promisel and Korn, Inc., 7201 Wisconsin Avenue, suite 460, Bethesda, MD 20814.

(Authority: 5 U.S.C. 552(a)(2))

### § 20.1302  Rule 1302. Death of appellant during pendency of appeal.

When an appeal is pending before the Board of Veterans' Appeals at the time of the appellant's death, the Board may complete its action on the issues properly before it without application from the survivors.

(Authority: 38 U.S.C. 7104(a))

### § 20.1303  Rule 1303. Nonprecedential nature of Board decisions.

Although the Board strives for consistency in issuing its decisions, previously issued Board decisions will be considered binding only with regard to the specific case decided. Prior decisions in other appeals may be considered in a case to the extent that they reasonably relate to the case, but each case presented to the Board will be decided on the basis of the individual facts of the case in light of applicable procedure and substantive law.

(Authority: 38 U.S.C. 7104(a))

### § 20.1304  Rule 1304. Request for change in representation, request for personal hearing, or submission of additional evidence following certification of an appeal to the Board of Veterans' Appeals.

(a) *Request for a change in representation, request for a personal hearing, or submission of additional evidence within 90 days following notification of certification and transfer of records.* An appellant and his or her representative, if any, will be granted a period of 90 days following the mailing of notice to them that an appeal has been certified to the Board for appellate

review and that the appellate record has been transferred to the Board, or until the date the appellate decision is promulgated by the Board of Veterans' Appeals, whichever comes first, during which they may submit a request for a personal hearing, additional evidence, or a request for a change in representation. Any such request or additional evidence must be submitted directly to the Board and not to the agency of original jurisdiction. The date of mailing of the letter of notification will be presumed to be the same as the date of that letter for purposes of determining whether the request was timely made or the evidence was timely submitted. Any evidence which is submitted at a hearing on appeal which was requested during such period will be considered to have been received during such period, even though the hearing may be held following the expiration of the period. Any pertinent evidence submitted by the appellant or representative is subject to the requirements of paragraph (c) of this section and, if a simultaneously contested claim is involved, the requirements of paragraph (d) of this section.

(b) *Subsequent request for a change in representation, request for a personal hearing, or submission of additional evidence.* Following the expiration of the period described in paragraph (a) of this section, the Board of Veterans' Appeals will not accept a request for a change in representation, a request for a personal hearing, or additional evidence except when the appellant demonstrates on motion that there was good cause for the delay. Examples of good cause include, but are not limited to, illness of the appellant or the representative which precluded action during the period; death of an individual representative; illness or incapacity of an individual representative which renders it impractical for an appellant to continue with him or her as representative; withdrawal of an individual representative; the discovery of evidence that was not available prior to the expiration of the period; and delay in transfer of the appellate record

to the Board which precluded timely action with respect to these matters. Such motions must be in writing and must include the name of the veteran; the name of the claimant or appellant if other than the veteran (e.g., a veteran's survivor, a guardian, or a fiduciary appointed to receive VA benefits on an individual's behalf); the applicable Department of Veterans Affairs file number; and an explanation of why the request for a change in representation, the request for a personal hearing, or the submission of additional evidence could not be accomplished in a timely manner. Such motions must be filed at the following address: Director, Administrative Service (014), Board of Veterans' Appeals, 810 Vermont Avenue, NW., Washington, DC 20420. The ruling on the motion will be by the Chairman. Depending upon the ruling on the motion, action will be taken as follows:

(1) *Good cause not shown.* If good cause is not shown, the request for a change in representation, the request for a personal hearing, or the additional evidence submitted will be referred to the agency of original jurisdiction upon completion of the Board's action on the pending appeal without action by the Board concerning the request or additional evidence. Any personal hearing granted as a result of a request so referred or any additional evidence so referred may be treated by that agency as the basis for a reopened claim, if appropriate. If the Board denied a benefit sought in the pending appeal and any evidence so referred which was received prior to the date of the Board's decision, or testimony presented at a hearing resulting from a request for a hearing so referred, together with the evidence already of record, is subsequently found to be the basis of an allowance of that benefit, the effective date of the award will be the same as if the benefit had been granted by the Board as a result of the appeal which was pending at the time that the hearing request or additional evidence was received.

(2) *Good cause shown.* If good cause is shown, the request for a change in

representation or for a personal hearing will be honored. Any pertinent evidence submitted by the appellant or representative will be accepted, subject to the requirements of paragraph (c) of this section and, if a simultaneously contested claim is involved, the requirements of paragraph (d) of this section.

(c) *Consideration of additional evidence by agency of original jurisdiction.* Any pertinent evidence submitted by the appellant or representative which is accepted by the Board under the provisions of this section, as well as any such evidence referred to the Board by the originating agency under § 19.37(b) of this chapter, must be referred to the agency of original jurisdiction for review and preparation of a Supplemental Statement of the Case unless this procedural right is waived by the appellant or unless the Board determines that the benefit, or benefits, to which the evidence relates may be allowed on appeal without such referral. Such waiver must be in writing or, if a hearing on appeal is conducted, formally entered on the record orally at the time of the hearing.

(d) *Simultaneously contested claims.* In simultaneously contested claims, if pertinent evidence which directly affects payment, or potential payment, of the benefit sought is submitted by any claimant and is accepted by the Board under the provisions of this section, the substance of such evidence will be mailed to each of the other claimants who will then have 60 days from the date of mailing of notice of the new evidence within which to comment upon it and/or submit additional evidence in rebuttal. The date of mailing of the letter of notification of the new evidence will be presumed to be the same as the date of that letter for purposes of determining whether such comment or evidence in rebuttal was timely submitted. No further period will be provided for response to such comment or rebuttal evidence.

(Authority: 38 U.S.C. 7104, 7105, 7105A)

## APPENDIX A TO PART 20—Cross-References

| Sec. | Cross-reference | Title of cross-referenced material or comment |
|---|---|---|
| 20.1 | 38 CFR 3.103(a) | *Statement of policy.* |
| 20.100 | 38 CFR 20.306 | *Rule 306. Legal holidays.* |
| 20.200 | 38 CFR 20.201 | *Rule 201. Notice of Disagreement.* |
| | 38 CFR 20.202 | *Rule 202. Substantive Appeal.* |
| | 38 CFR 20.300–20.306 | See re filing Notices of Disagreement and Substantive Appeals. |
| 20.202 | 38 CFR 19.29 | *Statement of the Case.* |
| | 38 CFR 19.31 | *Supplemental Statement of the Case.* |
| 20.301 | 38 CFR 20.500 | *Rule 500. Who can file an appeal in simultaneously contested claims.* |
| | 38 CFR 20.602 | *Rule 602. Representation by recognized organizations.* |

## Appendix A to Part 20—Cross-References—Continued

| Sec. | Cross-reference | Title of cross-referenced material or comment |
|---|---|---|
| | 38 CFR 20.603 | *Rule 603. Representation by attorneys-at-law.* |
| | 38 CFR 20.604 | *Rule 604. Representation by agents.* |
| | 38 CFR 20.605 | *Rule 605. Other persons as representative.* |
| 20.302 | 38 CFR 20.501 | *Rule 501. Time limits for filing Notice of Disagreement, Substantive Appeal, and response to Supplemental Statement of the Case in simultaneously contested claims.* |
| 20.303 | 38 CFR 20.304 | *Rule 304. Filing additional evidence does not extend time limit for appeal.* |
| | 38 CFR 20.503 | *Rule 503. Extension of time for filing a Substantive Appeal in simultaneously contested claims.* |
| 20.305 | 38 CFR 20.306 | *Rule 306. Legal holidays.* |
| 20.400 | 38 CFR 19.50–19.53 | See also re administrative appeals. |
| 20.401 | 38 CFR 19.50–19.53 | See also re administrative appeals. |
| | 38 CFR 20.302–20.306 | See re time limits for perfecting an appeal. |
| | 38 CFR 20.501, 20.503 | See re time limits for perfecting an appeal in simultaneously contested claims. |
| 20.500 | 38 CFR 20.713 | *Rule 713. Hearings in simultaneously contested claims.* |
| 20.501 | 38 CFR 20.305 | *Rule 305. Computation of time limit for filing.* |
| | 38 CFR 20.306 | *Rule 306. Legal holidays.* |
| | 38 CFR 20.713 | *Rule 713. Hearings in simultaneously contested claims.* |
| 20.502 | 38 CFR 20.305 | *Rule 305. Computation of time limit for filing.* |
| | 38 CFR 20.306 | *Rule 306. Legal holidays.* |
| | 38 CFR 20.713 | *Rule 713. Hearings in simultaneously contested claims.* |
| 20.503 | 38 CFR 20.713 | *Rule 713. Hearings in simultaneously contested claims.* |
| 20.504 | 38 CFR 20.713 | *Rule 713. Hearings in simultaneously contested claims.* |
| 20.600 | 38 CFR 14.626 et seq. | See also re representation. |
| | 38 CFR 20.602 | *Rule 602. Representation by recognized organizations.* |
| | 38 CFR 20.603 | *Rule 603. Representation by attorneys-at-law.* |
| | 38 CFR 20.604 | *Rule 604. Representation by agents.* |
| | 38 CFR 20.605 | *Rule 605. Other persons as representative.* |
| 20.602 | 38 CFR 14.628 | *Recognition of organizations.* |
| | 38 CFR 14.631 | *Powers of attorney.* |
| | 38 CFR 20.100 | *Rule 100. Name, business hours, and mailing address of the Board.* |
| | 38 CFR 20.607 | *Rule 607. Revocation of a representative's authority to act.* |
| | 38 CFR 20.608 | *Rule 608. Withdrawal of services by a representative.* |
| | 38 CFR 20.609 | *Rule 609. Payment of representative's fees in proceedings before Department of Veterans Affairs field personnel and before the Board of Veterans' Appeals.* |
| | 38 CFR 20.610 | *Rule 610. Payment of representative's expenses in proceedings before Department of Veterans Affairs field personnel and before the Board of Veterans' Appeals.* |
| 20.603 | 38 CFR 14.629 | *Requirements for accreditation of representatives, agents, and attorneys.* |
| | 38 CFR 14.631 | *Powers of attorney.* |
| | 38 CFR 20.100 | *Rule 100. Name, business hours, and mailing address of the Board.* |
| | 38 CFR 20.606 | *Rule 606. Legal interns, law students and paralegals.* |
| | 38 CFR 20.607 | *Rule 607. Revocation of a representative's authority to act.* |
| | 38 CFR 20.608 | *Rule 608. Withdrawal of services by a representative.* |
| | 38 CFR 20.609 | *Rule 609. Payment of representative's fees in proceedings before Department of Veterans Affairs field personnel and before the Board of Veterans' Appeals.* |
| | 38 CFR 20.610 | *Rule 610. Payment of representative's expenses in proceedings before Department of Veterans Affairs field personnel and before the Board of Veterans' Appeals.* |
| 20.604 | 38 CFR 14.631 | *Powers of attorney.* |
| | 38 CFR 20.100 | *Rule 100. Name, business hours, and mailing address of the Board.* |
| | 38 CFR 20.607 | *Rule 607. Revocation of a representative's authority to act.* |
| | 38 CFR 20.608 | *Rule 608. Withdrawal of services by a representative.* |
| | 38 CFR 20.609 | *Rule 609. Payment of representative's fees in proceedings before Department of Veterans Affairs field personnel and before the Board of Veterans' Appeals.* |
| | 38 CFR 20.610 | *Rule 610. Payment of representative's expenses in proceedings before Department of Veterans Affairs field personnel and before the Board of Veterans' Appeals.* |
| 20.605 | 38 CFR 14.630 | *Authorization for a particular claim.* |
| | 38 CFR 14.631 | *Powers of attorney.* |
| | 38 CFR 20.100 | *Rule 100. Name, business hours, and mailing address of the Board.* |
| | 38 CFR 20.607 | *Rule 607. Revocation of a representative's authority to act.* |
| | 38 CFR 20.608 | *Rule 608. Withdrawal of services by a representative.* |
| | 38 CFR 20.609 | *Rule 609. Payment of representative's fees in proceedings before Department of Veterans Affairs field personnel and before the Board of Veterans' Appeals.* |
| | 38 CFR 20.610 | *Rule 610. Payment of representative's expenses in proceedings before Department of Veterans Affairs field personnel and before the Board of Veterans' Appeals.* |
| 20.606 | 38 CFR 20.603 | *Rule 603. Representation by attorneys-at-law.* |
| 20.607 | 38 CFR 14.631(d) | See also re revocation of powers of attorney. |
| 20.609 | 38 CFR 14.629 | *Requirements for accreditation of representatives, agents, and attorneys.* |
| | 38 CFR 20.603 | *Rule 603. Representation by attorneys-at-law.* |
| | 38 CFR 20.604 | *Rule 604. Representation by agents.* |
| | 38 CFR 20.606 | *Rule 606. Legal interns, law students and paralegals.* |
| | 38 CFR 20.610 | *Rule 610. Payment of representative's expenses in proceedings before Department of Veterans Affairs field personnel and before the Board of Veterans' Appeals.* |
| 20.610 | 38 CFR 20.609 | *Rule 609. Payment of representative's fees in proceedings before Department of Veterans Affairs field personnel and before the Board of Veterans' Appeals.* |
| 20.611 | 38 CFR 1.525(d), 14.631(e) | See also re continuation of authority conferred by powers of attorney upon the death of a claimant. |
| 20.701 | 38 CFR 20.710 | *Rule 710. Witnesses at hearings.* |
| 20.702 | 38 CFR 20.704 | *Rule 704. Scheduling and notice of hearings conducted by traveling Sections of the Board of Veterans' Appeals at Department of Veterans Affairs facilities.* |
| | 38 CFR 20.713 | *Rule 713. Hearings in simultaneously contested claims.* |
| 20.703 | 38 CFR 20.201 | *Rule 201. Notice of Disagreement.* |

## Appendix A to Part 20—Cross-References—Continued

| Sec. | Cross-reference | Title of cross-referenced material or comment |
|------|-----------------|----------------------------------------------|
| 20.704 | 38 CFR 20.702 | *Rule 702. Scheduling and notice of hearings conducted by the Board of Veterans' Appeals in Washington, DC, and by agency of original jurisdiction personnel acting on behalf of the Board of Veterans' Appeals at field facilities.* |
| 20.706 | 38 CFR 20.700(c) | See also re the presiding Member's role in the conduct of hearings. |
| | 38 CFR 20.708 | *Rule 708. Prehearing conference.* |
| | 38 CFR 20.709 | *Rule 709. Procurement of additional evidence following a hearing.* |
| 20.707 | 38 CFR 19.11 | *Reconsideration Section.* |
| 20.708 | 38 CFR 20.606(d) | See re the prehearing conference required when a legal intern, law student, or paralegal is to participate in a hearing held before a traveling Section of the Board. |
| 20.709 | 38 CFR 19.37 | *Consideration of additional evidence received by the agency of original jurisdiction after an appeal has been initiated.* |
| | 38 CFR 20.1304 | *Rule 1304. Request for change in representation, request for personal hearing, or submission of additional evidence following certification of an appeal to the Board of Veterans' Appeals.* |
| 20.710 | 38 CFR 20.711 | *Rule 711. Subpoenas.* |
| 20.711 | 38 CFR 2.1 | See for further information on subpoenas, including action to be taken in the event of noncompliance. |
| 20.713 | 38 CFR 20.702 | *Rule 702. Scheduling and notice of hearings conducted by the Board of Veterans' Appeals in Washington, DC, and by agency of original jurisdiction personnel acting on behalf of the Board of Veterans' Appeals at field facilities.* |
| | 38 CFR 20.704 | *Rule 704. Scheduling and notice of hearings conducted by traveling Sections of the Board of Veterans' Appeals at Department of Veterans Affairs facilities.* |
| 20.715 | 38 CFR 20.706 | *Rule 706. Functions of the presiding Member.* |
| 20.800 | 38 CFR 20.304 | *Rule 304. Filing additional evidence does not extend time limit for appeal* |
| | 38 CFR 20.709 | *Rule 709. Procurement of additional evidence following a hearing.* |
| | 38 CFR 20.1304 | *Rule 1304. Request for change in representation, request for personal hearing, or submission of additional evidence following certification of an appeal to the Board of Veterans' Appeals.* |
| 20.901 | 38 CFR 14.507 | See re opinions of the General Counsel of the Department of Veterans Affairs. |
| 20.903 | 38 CFR 20.305 | *Rule 305. Computation of time limit for filing.* |
| | 38 CFR 20.306 | *Rule 306. Legal holidays.* |
| 20.1003 | 38 CFR 20.700(b) | See re submission of written brief and of oral argument on audio cassette. |
| 20.1105 | 38 CFR 3.156 | *New and material evidence.* |
| | 38 CFR 3.160(e) | *Reopened claim.* |
| | 38 CFR 20.1304(b)(1) | See re request for a personal hearing or submission of additional evidence more than 60 days after a case has been certified to the Board of Veterans' Appeals as possible basis for a reopened claim. |
| 20.1106 | 38 CFR 3.22(a)(2) | See re correction of a rating, after a veteran's death, based on clear and unmistakable error, in cases involving claims for benefits under the provisions of 38 U.S.C. 1318. |
| 20.1300 | 38 CFR 1.500–1.527 | See re the release of information from Department of Veterans Affairs claimant records. |
| | 38 CFR 1.550–1.559 | See re the release of information from Department of Veterans Affairs records other than claimant records. |
| | 38 CFR 1.575–1.584 | See re safeguarding personal information in Department of Veterans Affairs records. |
| | 38 CFR 20.1301 | *Rule 1301. Disclosure of information.* |
| 20.1301 | 38 CFR 1.577 | *Access to records.* |
| 20.1302 | 38 CFR 20.611 | *Rule 611. Continuation of representation following death of a claimant or appellant.* |
| 20.1304 | 36 CFR 3.103(c), 20.700–20.717 | See also re hearings. |
| | 38 CFR 3.156 | *New and material evidence.* |
| | 38 CFR 3.160(e) | *Reopened claim.* |
| | 38 CFR 20.305 | *Rule 305. Computation of time limit for filing.* |
| | 38 CFR 20.306 | *Rule 306. Legal holidays.* |

[FR Doc. 92–1971 Filed 1–31–92; 8:45 am]

**BILLING CODE 8320-01-M**

## DEPARTMENT OF VETERANS AFFAIRS

**38 CFR Parts 19 and 20**

**RIN 2900–AE78**

**Appeals Regulations; Rules of Practice**

**AGENCY:** Department of Veterans Affairs.

**ACTION:** Proposed regulations.

**SUMMARY:** The Department of Veterans Affairs (VA) is publishing final Appeals Regulations and Board of Veterans' Appeals Rules of Practice in a companion document in this issue of the **Federal Register**. The notice of proposed rulemaking which preceded the publication of those final regulations was published in the **Federal Register** in August 1989. (54 FR 34334) Further review of some of the originally proposed regulations, and experience which has been gained in some areas, have shown the need for further additions and revisions to some of the Appeals Regulations and Rules of Practice. This document accomplishes that purpose. This action is necessary in order to further clarify these regulations and, in some instances, to provide revised regulations which more accurately reflect current statutory authority. The intended effect of this action is to complete the thorough revision of the Appeals Regulations and Rules of Practice which began with the August 1989 publication in order to provide an efficient and equitable administrative appeal process.

**DATES:** Comments must be submitted on or before March 4, 1992. Comments will be available for public inspection until March 16, 1992. It is proposed to make these changes effective 30 days after the date of their final publication in the **Federal Register**.

**ADDRESSES:** Send written comments to the Secretary of Veterans Affairs (271A), Department of Veterans Affairs, 810 Vermont Avenue, NW., Washington, DC 20420. All written comments will be available for public inspection only in the Veterans Services Unit, room 170 at the address above, between the hours of 8 a.m. and 4:30 p.m., Monday through Friday (except holidays) until March 16, 1992.

A copy of any comments that concern information collection requirements should also be sent to the Office of Management and Budget at the address contained in the Paperwork Reduction section of this preamble.

**FOR FURTHER INFORMATION CONTACT:** Steven L. Keller, Counsel to the Chairman (01C), Board of Veterans'

Appeals, Department of Veterans Affairs, 810 Vermont Avenue, NW., Washington, DC 20420 (202–233–2978).

**SUPPLEMENTARY INFORMATION:**
*Paperwork Reduction Act:* Section 20.1001 of this regulation contains an information collection requirement. The public reporting burden for this collection is 1 hour per response. This includes the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.

As required by section 3504(h) of the Paperwork Reduction Act, the Department of Veterans Affairs is submitting to the Office of Management and Budget (OMB) a request that it approve this information collection requirement. Organizations and individuals desiring to submit comments for consideration by OMB on this proposed information collection requirement should address them to the Office of Information and Regulatory Affairs, OMB, room 3002, New Executive Office Building, Washington, DC 20503, Attention: Joseph F. Lackey.

The following changes have been made in part 19:

Section 19.3(a) has been restructured to include information on how temporary and acting Members of the Board of Veterans' Appeals are appointed.

Section 19.10 has been added. The General Counsel of the Department of Veterans Affairs issued a Precedent Opinion on August 27, 1990, which concluded, in essence, that statutory changes brought about by the Veterans' Judicial Review Act (Pub. L. 100–687) had the effect of eliminating "obvious error" as the standard for review after a motion for reconsideration has been granted. (See O.G.C. Precedent Opinion 89–90, 56 FR 1225) This change also eliminated the principal basis for the prior regulatory provision which, in most cases, limited the evidence which could be considered on reconsideration to that which was of record at the time that the decision being reconsidered was rendered. This amendment serves to announce that remands to obtain additional development may now be made in reconsideration cases to the same extent as in other cases.

Section 19.14(a) has been updated to include the delegation of authority to the Vice Chairman to appoint acting and temporary Board Members.

Section 19.36 has been revised to show that the notice described in that section is sent to the last known address of record of the appellant and his or her representative, if any.

Section 19.39 has been added to provide a uniform rule for the various subdivisions of the Department of Veterans Affairs generating appeals activity to follow with respect to adjudicative determinations on the same issue which intervene between a determination which has been appealed and the decision by the Board of Veterans' Appeals on that issue.

Appendix A has been updated.

The following changes have been made in part 20:

Section 20.3 has been amended to include several additional definitions. Editorial changes have been made in paragraphs (h) and (q).

Section 20.101 has been amended to include a new paragraph which describes the original jurisdiction of the Board of Veterans' Appeals with respect to the review of representatives' fee agreements.

Section 20.102(b) has been updated to reflect delegations of authority pertaining to new procedures relating to the correction of harmless error in the record under § 20.905 and to show the change in location of the rule relating to the review and disposition of motions for reconsideration from § 20.1001(c) to § 20.1002.

Section 20.201, pertaining to Notices of Disagreement, has been restructured. Paragraph (a) contains essentially the same information contained in the version of § 20.201 which has been adopted as final in a companion document published in this edition of the **Federal Register**. Additional information has been added concerning the form and content of Notices of Disagreement. Paragraph (b), which specifies that only one Notice of Disagreement is required with respect to any one issue, has been added.

Section 20.605 has also been restructured. All of the material which appears in the version of paragraph (d) of this regulation which has been adopted as final in a companion document published in this edition of the **Federal Register** has been moved to paragraph (b). Paragraph (c) has been revised to change the method of designation as representatives of individuals who are neither accredited agents, attorneys-at-law, nor employees of recognized organizations. The use of VA Form 2–22a was previously permitted for this purpose, but that form was designed for another purpose and its use is not suitable. Information about the filing of the designation which previously appeared in paragraph (c) has been moved to paragraph (d).

For many years, the Board of Veterans' Appeals implemented its

statutory authority to correct "an obvious error in the record" through its reconsideration procedures. With the passage of Public Law 100–687, the reconsideration procedure concept was codified. (38 U.S.C. 7103) However, the concept as codified conflicted with existing procedures. The General Counsel of the Department of Veterans Affairs issued a Precedent Opinion on August 27, 1990, which concluded, in essence, that statutory changes brought about by Public Law 100–687 had the effect of eliminating "obvious error" as the standard for review when a motion for reconsideration has been granted. (See O.G.C. Precedent Opinion 89–90, 56 FR 1225.) These events have prompted several changes in the Board's Rules of Practice which are described in the paragraphs which follow.

The Board will correct obvious error in the record through vacating a prior Board decision in certain circumstances and through less drastic procedures when the error was harmless. Section 20.904 has been revised to provide additional information on vacating decisions of the Board of Veterans' Appeals in whole or in part.

New § 20.905 describes how the Board will correct harmless errors in the record.

Revised § 20.1000 and new §§ 20.1001 and 20.1002 provide for new reconsideration procedures. These new procedures are analogous to a petition for rehearing in a Federal appellate court.

A motion for reconsideration, like a petition for rehearing, must now be filed within a specified period after the decision of the Board is entered. A 45-day time period has been chosen.

There has been no time limit for filing a motion for reconsideration in the past. This historical liberality was primarily due to the lack of any other means for obtaining review of decisions by the Board of Veterans' Appeals. That changed with the passage of the Veterans' Judicial Review Act (Pub. L. 100–687) in 1988. The Board is no longer the final arbiter in claims for veterans' benefits and the old policy is no longer valid. The Board's decisions may now be appealed to the United States Court of Veterans Appeals (the Court).

In addition, the Court has held that when an appellant files a motion for reconsideration with the Board during the 120-day period during which an appeal of a Board decision may be filed with the Court, a new 120-day period to appeal to the Court begins to run on the date on which the Board mails notice of the denial of the motion or on the date that the Board receives notice of the

withdrawal of the motion. (*Rosler* v. *Derwinski*, U.S. Vet. App. No. 90–370 (May 13, 1991)) The *Rosler* opinion notes the following:

We are mindful that the rule we announce today might, in the words of Judge Becker in *Newark* [*Cities of Newark, New Castle and Seaford, Delaware* v. *FERC*, 763 F.2d 533], permit a claimant to "frustrate" the judicial review period by filing "dilatory, repetitive" motions for reconsideration. *Newark,* 763 F.2d at 542–43. This case is not presently before us and can be dealt with by the Court should such a case arise and should the Court find that the application of the tolling rule would frustrate judicial review. Alternatively, as the court noted in *Newark,* if the administrative agency is concerned about such a prospect, it can address it by regulation. *Ibid.* (Slip op. at 15.)

This regulatory change addresses the concern described. The Board's decisions need to be final and ripe for appellate review by the Court at some point in time. Under the existing procedure, since there is no limit for filing motions for reconsideration, the finality of a Board decision and the time within which an appeal must be filed with the Court could be delayed indefinitely by filing one motion for reconsideration after another as each 120-day appeal period following denial of the prior motion for reconsideration expires.

The material in the version of § 20.1100 adopted as final in this companion document in this edition of the Federal Register has been restructured for clarity. Material has been added concerning the procedures to be followed when a Section of the Board is unable to reach a majority decision in an appeal.

Section 20.1101, which explains exactly when decisions of the Board become final, has been added.

Material has been added to § 20.1201 to explain that action may be taken by the Board pursuant to §§ 20.904 and 20.905 when factual information has been deleted from a Board decision in accordance with a Privacy Act request for amendment of the decision.

Appendix A has been updated.

VA has determined that these proposed regulations do not contain a major rule as that term is defined by Executive Order 12291, Federal Regulation. The proposed regulations will not have a $100 million annual effect on the economy and will not cause a major increase in costs or prices for anyone. They will have no significant adverse effects on competition, employment, investment, productivity, innovation, or on the ability of United States-based enterprises to compete with foreign-

based enterprises in domestic or export markets.

The Secretary hereby certifies that these proposed regulatory amendments will not, if promulgated, have a significant economic impact on a substantial number of small entities as they are defined in the Regulatory Flexibility Act, 5 U.S.C. 601–612. The reason for this certification is that the proposed regulations will have only a limited effect on individual VA claimants and their representatives before the Board of Veterans' Appeals. Pursuant to 5 U.S.C. 605(b), these proposed regulations are therefore exempt from the initial and final regulatory flexibility analyses requirements of sections 603 and 604.

There are no Catalog of Federal Domestic Assistance numbers associated with these proposed regulatory amendments.

## List of Subjects

### 38 CFR Part 19

Administrative practice and procedure, Claims, Veterans.

### 38 CFR Part 20

Administrative practice and procedure, Claims, Lawyers, Legal services, Veterans.

Approved: November 6, 1991.

**Edward J. Derwinski,**

*Secretary of Veterans Affairs.*

38 CFR parts 19 and 20, are proposed to be amended as follows:

## PART 19—[AMENDED]

1. In subpart A, § 19.3 is amended by revising paragraph (a) and the authority citation to paragraph (a), § 19.10 is added, and § 19.14 is amended by revising paragraph (a) and revising the authority citation to § 19.14 to read as follows:

### § 19.3  Appointment, assignment, and rotation of Members.

(a) *Appointment*— (1) *Chairman.* The Chairman is appointed by the President of the United States, by and with the advice and consent of the United States Senate.

(2) *Members other than the Chairman or temporary or acting Members.* Other members of the Board (including the Vice Chairman, but excluding acting and temporary Members) are appointed by the Secretary upon the recommendation of the Chairman with the approval of the President of the United States.

(3) *Deputy Vice Chairmen.* Deputy Vice Chairmen are Members of the Board who are appointed to the

additional office of Deputy Vice Chairman by the Secretary upon the recommendation of the Chairman.

(4) *Acting and temporary Members.* Acting and temporary Members of the Board are appointed by the Chairman in written memoranda. Acting and temporary Members are chosen from among the employees of the Board who have been licensed to practice law or medicine in a "state," as that term is defined in § 20.3 of this chapter.

(i) No temporary Member shall be appointed when there are fewer than 65 Members of the Board. Any one appointment of an individual as a temporary Member shall be for a term not exceeding one year and no individual may serve as a temporary Member of the Board for more than 24 months during any 48-month period.

(ii) Acting Members may be appointed to serve in a Section of the Board when the Section is composed of fewer than three Members as a result of the absence of a Member, a vacancy on the Board, or the inability of a Member assigned to the section to serve in that section. Any one appointment of an individual as an acting Member shall be for a term not exceeding 90 days and no individual may serve as an acting Member of the Board for more than 270 days during any 12-month period.

(iii) At any one time, a Section of the Board shall not have among its Members more than one individual who is a temporary or acting Member.

(Authority: 38 U.S.C. 501(a), 512, 7101(b), 7102(a))

* * * * *

## § 19.10  Remands in reconsideration cases.

A Section of the Board assigned to reconsider a decision of the Board pursuant to § 19.11 of this part may remand that case in accordance with § 19.9 of this part.

(Authority: 38 U.S.C. 7102, 7103, 7104(a))

## § 19.14  Delegation of authority—Appeals Regulations.

(a) The authority exercised by the Chairman of the Board of Veterans' Appeals described in §§ 19.3(a)(4), 19.3(b), 19.3(c), and 19.12(c) of this part may also be exercised by the Vice Chairman of the Board.

* * * * *

(Authority: 38 U.S.C. 501(a), 512(a), 7102, 7104)

2. In subpart B, § 19.36 is amended by revising its authority citation and adding a new sentence to the end of that section, and § 19.39 is added to read as follows:

## § 19.36  Notification of certification of appeal and transfer of appellate record.

* * * Service of such notice will be accomplished by mailing a copy of the notice to the appellant and to his or her representative, if any, at their last known addresses.

(Authority: 38 U.S.C. 501(a), 7105)

## § 19.39  Action to be taken by the agency of original jurisdiction when an appealed determination is modified by a subsequent determination while an appeal is pending.

(a) *Applicability.* The procedures set forth in this section will be followed by the agency of original jurisdiction when any adjudicative determination is made which modifies a prior adjudicative determination which a claimant has appealed by filing a Notice of Disagreement unless one or more of the following applies:

(1) The Notice of Disagreement has been withdrawn,

(2) The prior adjudicative determination involved several issues, some of which were appealed and some of which were not appealed, and the modification concerns an issue which was not appealed, or

(3) The Board of Veterans' Appeals has issued a final decision on the appeal.

(b) *Subsequent determination results in a lesser benefit.* When the subsequent determination results in a lesser benefit than that sought on appeal with respect to an appealed issue, normal appellate processing will continue.

(c) *All benefits sought on appeal granted.* If it is clear that all benefits sought on appeal have been granted by the subsequent determination, the appellant and his or her representative (if any) will be informed of that fact and given notice that the appeal has been closed.

(d) *Less than a complete grant of all benefits sought on appeal.* If the subsequent determination grants only a portion of the benefits sought on appeal with respect to any appealed issue, normal appellate processing will continue with respect to that issue. If more than one issue was appealed and the benefits sought on appeal were granted in full with respect to less than all of the appealed issues, the appeal will be closed with respect to the issues involving fully granted benefits and normal appellate processing will continue with respect to any remaining issue, or issues. If there is any question about whether the subsequent determination has granted all benefits sought on appeal with respect to any issue, the appellant and his or her representative, if any, will be notified of the determination and the appellant will be asked whether the action taken satisfies his or her appeal. If he or she responds in the negative, or if he or she fails to respond, normal appellate processing will continue.

(Authority: 38 U.S.C. 501(a))

3. Appendix A to part 19 is revised to read as follows:

APPENDIX A TO PART 19—CROSS-REFERENCES

| Sec. | Cross-reference | Title of cross-referenced material or comment |
|---|---|---|
| 19.5 | 38 CFR 14.507(b) | See re "precedent opinions" of the General Counsel of the Department of Veterans Affairs. |
| | 38 CFR 20.1303 | Rule 1303. Nonprecedential nature of Board decisions. |
| 19.7 | 38 CFR 20.904 | Rule 904. Vacating a decision. |
| 19.10 | 38 CFR 20.1000–20.1003 | See regarding reconsideration of Board of Veterans' Appeals decisions. |
| 19.11 | 38 CFR 20.1000–20.1003 | See regarding reconsideration of Board of Veterans' Appeals decisions. |
| 19.13 | 38 CFR 2.66 | Contains similar provisions. |
| 19.25 | 38 CFR 19.52 | Notification to claimant of filing of administrative appeal. |
| | 38 CFR 19.100 | Notification of right to appeal in simultaneously contested claims. |
| 19.26 | 38 CFR 20.302 | Rule 302. Time limit for filing Notice of Disagreement, Substantive Appeal, and response to Supplemental Statement of the Case. |
| 19.27 | 38 CFR 19.50–19.53 | See re administrative appeals. |
| 19.30 | 38 CFR 20.202 | Rule 202. Substantive Appeal. |
| 19.32 | 38 CFR 20.302 | Rule 302. Time limit for filing Notice of Disagreement, Substantive Appeal, and response to Supplemental Statement of the Case. |
| | 38 CFR 20.501 | Rule 501. Time limits for filing Notice of Disagreement, Substantive Appeal, and response to Supplemental Statement of the Case in simultaneously contested claims. |
| 19.33 | 38 CFR 19.50–19.53 | See re administrative appeals. |

APPENDIX A TO PART 19—CROSS-REFERENCES—Continued

| Sec. | Cross-reference | Title of cross-referenced material or comment |
|---|---|---|
| 19.39 | 38 CFR 20.1100 | Finality of decisions of the Board. |
| | 38 CFR 20.1101 | When decisions of the Board become final. |
| 19.50 | 38 CFR 19.53 | Restriction as to change in payments pending determination of administrative appeals. |
| 19.76 | 38 CFR 20.704 | Rule 704. Scheduling and notice of hearings conducted by traveling Sections of the Board of Veterans' Appeals at Department of Veterans Affairs field facilities. |
| 19.100 | 38 CFR 20.713 | Rule 713. Hearings in simultaneously contested claims. |
| 19.101 | 38 CFR 19.30 | Furnishing the Statement of the Case and instructions for filing a Substantive Appeal. |

## PART 20—[AMENDED]

4. In subpart A, § 20.3 is amended by redesignating existing paragraphs (m) and (n) as paragraphs (q) and (r), redesignating existing paragraphs (i), (j), (k), and (l) as paragraphs (l), (m), (n), and (o), respectively, redesignating paragraph (h) as paragraph (j), and redesignating existing paragraphs (a) through (g) as paragraphs (b) through (h). New paragraphs (a), (i), (k), and (p) are added and newly designated paragraphs (h) and (q) are revised to read as follows:

### § 20.3  Rule 3. Definitions.

As used in these rules:

(a) *Accredited representative* means an employee of a recognized organization who has been accredited in accordance with the provisions of § 14.629(a) of this chapter.

* * * * *

(h) *Claimant* means a person who has filed a claim, as defined by paragraph (g) of this rule.

(i) *Decision* may have the following meanings, depending upon the context in which the term is used:

(1) The end result of the deliberative process through which the Board determines the outcome of some matter before it after consideration of applicable facts and law. Examples include determinations by the Board on controversies such as whether the Board has jurisdiction over a particular question, whether a Substantive Appeal is adequate, whether a particular benefit sought on appeal should or should not be granted, etc. (E.g., see 38 U.S.C. 7104(a) and Rules 101(c), 203 and 707 (§§ 20.101(c), 20.203 and 20.707 of this part).)

(2) The document in which the Board announces the end result of the deliberative process through which it has determined the outcome of some matter before it after consideration of applicable facts and law. (E.g., see 38 U.S.C. 7104(d) and Rules 717(b), 900(c), 1201, and 1301 (§§ 20.717(b), 20.900(c), 20.1201, and 20.1301 of this part).)

(3) Both the end result of the deliberative process through which the Board determines the outcome of some

matter before it after consideration of applicable facts and law and the document in which the Board announces that result. (E.g., see 38 U.S.C. 7104(e) and Rules 904 and 1303 (§§ 20.904 and 20.1303 of this part).)

* * * * *

(k) *Issue,* unless the context otherwise requires, means the ultimate question to be decided in determining whether or not a particular benefit sought on appeal will be granted. It includes all subsidiary questions which must be resolved in reaching that determination. Examples of *issues* include whether service connection should be granted for a particular disability, whether an increased evaluation should be granted for a particular disability which is already service-connected, and whether an appellant is entitled to waiver of recovery of an indebtedness to the government.

* * * * *

(p) *Recognized organization* means an organization which has been recognized pursuant to the provisions of § 14.628 of this chapter whose principal function is to provide services to veterans and their dependents and survivors.

(q) *Simultaneously contested claim* refers to the situation in which the allowance of one claim results in the disallowance of another claim from another claimant involving the same benefit or the allowance of one claim results in the payment of a lesser benefit to another claimant.

* * * * *

5. In subpart B, § 20.101 is amended by revising the heading of paragraph (a), redesignating existing paragraph (c) as paragraph (d), adding new paragraph (c), and revising the authority at the end of the section and § 20.102 is amended by revising paragraph (b) to read as follows:

### § 20.101  Rule 101. Jurisdiction of the Board.

(a) *General appellate jurisdiction.*

* * * * *

(c) *Original jurisdiction.* The Board exercises original jurisdiction with respect to the review for reasonableness

of agreements between claimants or appellants and attorneys-at-law or agents for the payment of fees for services to be performed by the attorney-at-law or agent in connection with proceedings before the Department of Veterans Affairs (38 U.S.C. 5904(c)).

* * * * *

(Authority: 38 U.S.C. 511(a), 5904(c), 7104)

### § 20.102  Rule 102. Delegation of authority—Rules of Practice.

* * * * *

(b) The authority exercised by the Chairman of the Board of Veterans' Appeals described in Rules 608(b), 717(d), 905(b), and 1002 (§§ 20.608(b), 20.717(d), 20.905(b), and 20.1002 of this part) may also be exercised by the Vice Chairman of the Board and by Deputy Vice Chairmen of the Board.

* * * * *

6. In subpart C, § 20.201 and its authority citation are revised to read as follows:

### § 20.201  Rule 201. Notice of Disagreement.

(a) *Form and content.* A written communication from a claimant or his or her representative expressing dissatisfaction or disagreement with an adjudicative determination by the agency of original jurisdiction and a desire to contest the result will constitute a Notice of Disagreement. No special format or printed form is required. A letter providing the necessary information will be sufficient. While special wording is not required, the Notice of Disagreement must be in terms which can be reasonably construed as disagreement with an adjudicative determination and a desire for appellate review. The Notice of Disagreement should also include the name of the veteran, the name of the claimant if other than the veteran (e.g., a veteran's survivor, a guardian, or a fiduciary appointed to receive VA benefits on an individual's behalf), and the applicable Department of Veterans Affairs file number. If the agency of original jurisdiction gave notice that adjudicative determinations were made on several issues at the same time, the

specific determinations with which the claimant disagrees must be identified. For example, if service connection was denied for two disabilities and the claimant wishes to appeal the denial of service connection with respect to only one of the disabilities, the Notice of Disagreement must make that clear.

(b) *Only one Notice of Disagreement required.* Only one Notice of Disagreement is required, and only one Notice of Disagreement will be accepted, with respect to any one adjudicative determination concerning any one issue. Once a Notice of Disagreement has been filed, that Notice of Disagreement shall remain in force and shall extend to all subsequent adjudicative determinations by the agency of original jurisdiction with respect to the same issue until the first of the following has occurred:

(1) The Notice of Disagreement has been withdrawn,

(2) A Statement of the Case has been issued by the agency of original jurisdiction and the time within which the appeal must be perfected by the filing of a Substantive Appeal has expired without such filing,

(3) The full benefit sought on appeal has been granted by the agency of original jurisdiction prior to the promulgation of a final appellate decision by the Board, or

(4) A final appellate decision has been promulgated by the Board.

(Authority: 38 U.S.C. 501(a), 7105)

7. In subpart G, § 20.605 is amended by adding two sentences to the end of paragraph (b) and revising paragraphs (c) and (d) and the authority citation to § 20.605 to read as follows:

§ 20.605   **Rule 605. Other persons as representative.**

*   *   *   *   *

(b) * * * An individual recognized as an appellant's representative under this rule may represent only one appellant. If such an individual has been recognized as a representative for one appellant and wishes to represent another appellant, he or she must obtain permission to do so from the Office of the General Counsel as provided in § 14.630 of this chapter.

(c) *Designation.* The designation of an individual to act as an appellant's representative in accordance with this rule shall consist of a writing, which may be in the form of a letter, signed by the individual and the appellant. The writing must include the following information:

(1) The name of the veteran;

(2) The name of the appellant if other than the veteran (e.g., a veteran's

survivor, a guardian, or a fiduciary appointed to receive VA benefits on an individual's behalf);

(3) The name of the individual representative;

(4) The applicable Department of Veterans Affairs file number;

(5) A statement to the effect that the individual agrees to represent the appellant in all proceedings before the Department of Veterans Affairs or, if representation is to be limited to representation with respect to a particular claim, a description of the specific claim for benefits to which the designation of representation applies and a statement to the effect that the individual agrees to represent the appellant in all proceedings before the Department with respect to that claim;

(6) The appellant's consent for the individual representative to have access to his or her Department of Veterans Affairs records; and

(7) A certification that no compensation will be charged or paid for the individual representative's services.

(d) *Filing and effective date of designation.* The designation must be filed with the agency of original jurisdiction or, if the appellate record has been certified and transferred to the Board of Veterans' Appeals for review, with the Board. The designation will be effective when it is received by the agency of original jurisdiction or, if the appellate record has been certified and transferred to the Board for review, by the Board of Veterans' Appeals. A properly filed designation made prior to appeal will continue to be honored, unless it has been revoked or unless the representative has properly withdrawn.

(Authority: 38 U.S.C. 501(a), 5903)

8. In subpart J, § 20.904 and its authority citation are revised and § 20.905 is added to read as follows:

§ 20.904   **Rule 904. Vacating a decision.**

(a) *General.* (1) This Rule, together with Rule 905 (§ 20.905 of this part), provide procedures for the correction of an obvious error in the record on the Board's own motion pursuant to 38 U.S.C. 7103(c). Requests for the correction of error from appellants and their representatives will not be entertained under this rule.

(2) An appellate decision of the Board of Veterans' Appeals may be vacated with respect to one or more issues disposed of in that decision upon the grounds specified in this rule by the Members of the Board who entered that decision at any time upon their own motion or, if none of the Members who participated in the decision are still

serving as Members of the Board, upon the motion of the Chairman. The ruling on the motion to vacate the decision will be by the majority of such Members. If a majority decision can not be reached, the procedures in paragraph (c) of Rule 1100 (§ 20.1100(c) of this part) shall be followed.

(b) *Grounds.* Any of the following shall be grounds for vacating a decision under the provisions of this rule:

(1) *Denial of due process of law.* Examples of circumstances in which denial of due process of law will be conceded for purposes of a motion to vacate a prior Board decision are:

(i) When the appellant was denied his or her right to representation with respect to the matters decided through action or inaction by Department of Veterans Affairs or Board of Veterans' Appeals personnel,

(ii) When a Statement of the Case or required Supplemental Statement of the Case was not provided, and

(iii) When there was a prejudicial failure to afford the appellant a personal hearing with respect to the matters decided. (Where there was a failure to honor a request for a hearing and a hearing is subsequently scheduled, but the appellant fails to appear for that hearing, the decision will not be vacated.)

(2) *Allowance of benefits based on false or fraudulent evidence.* Where it is determined that an allowance of benefits by the Board has been materially influenced by false or fraudulent evidence submitted by or on behalf of the appellant, the prior decision will be vacated with respect to the issue or issues to which, within the judgment of the Board, the false or fraudulent evidence was material.

(3) *Discovery of additional service department or Department of Veterans Affairs records.* All relevant, existing records and reports prepared by a service department at the time that a veteran served on active or inactive duty relating to such service, and all relevant, existing Department of Veterans Affairs records dated not later than 30 days prior to the date that the agency of original jurisdiction certifies the appeal and transfers the appellate record to the Board, shall be deemed to be constructively of record at the time that the Board considers an appeal. If such records, or adequate copies of extracts thereof, were not physically before the Board at the time that it entered a decision, the Board may, upon the discovery of such records, correct the decision. If the lack of such records resulted in harmless error, as defined in Rule 1102 (§ 20.1102 of this part), the

procedures in Rule 905 (§ 20.905 of this part) shall be followed. A lack of such records resulting in more than harmless error shall be grounds for vacating the decision in accordance with the provisions of this Rule. For purposes of this paragraph, "Department of Veterans Affairs records" shall not include fee basis medical treatment records.

(c) *Action taken when motion is granted.* When a motion to vacate a decision with respect to one or more issues has been granted, that action will be announced by a memorandum decision. The Chairman will then assign a Section of the Board which did not participate in the vacated decision to enter a new decision on the issue, or issues, involved. The new decision shall be made as though the original decision had never been entered. The original decision, which will remain a part of the applicable Department of Veterans Affairs records folder(s), shall be appropriately marked to show the issue(s) with respect to which it has been vacated.

(Authority: 38 U.S.C. 7103(c), 7104(a), 7105)

**§ 20.905  Rule 905. Correction of harmless error in the record.**

(a) *General.* This Rule, together with Rule 904 (§ 20.904 of this part), provide procedures for the correction of an obvious error in the record on the Board's own motion pursuant to 38 U.S.C. 7103(c). Requests for the correction of error from appellants and their representatives will not be entertained under this Rule.

(b) *Correction of harmless errors.* Harmless errors in a prior decision of the Board, as defined in Rule 1102 (§ 20.1102 of this part), may be corrected by the issuance of one or more corrected pages, by the issuance of a supplemental decision, or by the issuance of a complete corrected decision. The corrected page(s), supplemental decision, or corrected decision shall be signed by all Members of the Board who participated in the decision being corrected who are still serving as Members of the Board. If none of the Members of the Board who participated in the original decision being corrected are still serving as Members of the Board, the Chairman shall assign a Section of the Board to make the necessary correction(s).

(Authority: 38 U.S.C. 7103(c))

9. In subpart K, §§ 20.1000 and 20.1001 and their authority citations are revised and § 20.1002 is added to read as follows:

**§ 20.1000  Rule 1000. When reconsideration is accorded.**

Reconsideration of an appellate decision of the Board of Veterans' Appeals may be accorded at any time by the Chairman on the grounds set forth in Rule 1002 (§ 20.1002 of this part) upon his or her own motion, or upon the timely motion of an appellant or his or her representative filed in accordance with the provisions of Rule 1001 (§ 20.1001 of this part). Reconsideration of remands; of ancillary matters, such as rulings or orders on motions; and of decisions by Reconsideration Sections will not be granted.

(Authority: 38 U.S.C. 7103)

**§ 20.1001  Rule 1001. Motion for reconsideration.**

(a) *Form and content of motion.* A motion for reconsideration of a decision of the Board from an appellant or his or her representative shall be in writing, but no special format or printed form is required. A letter containing the necessary information will be sufficient. The motion must include the following:

(1) The name of the veteran and, unless he or she is deceased or his or her address is unknown, the address of the veteran;

(2) The name and address of the appellant if other than the veteran (e.g., a veteran's survivor, a guardian, or a fiduciary appointed to receive VA benefits on an individual's behalf);

(3) The applicable Department of Veterans Affairs file number;

(4) The date of the decision which is the subject of the motion;

(5) If the decision involved more than one issue, the identification of the issue, or issues, with respect to which reconsideration is sought; and,

(6) As to each issue with respect to which reconsideration is sought, the grounds specified in paragraph (a) of Rule 1002 (§ 20.1002(a) of this part) which are the bases for the motion for reconsideration and the specific reasons why reconsideration is warranted on such grounds.

(b) *Filing of motion for reconsideration.* A motion for reconsideration of a decision of the Board from an appellant or his or her representative must be filed with the Board at the address which follows not later than 45 days after the date shown upon the face of the decision: Office of Counsel to the Chairman (01C), Board of Veterans' Appeals, 810 Vermont Avenue, NW., Washington, DC 20420. Whether a motion is timely filed will be determined in accordance with the provisions of Rule 305 (§ 20.305 of this part). A motion for reconsideration

which does not meet the requirements of this rule will not be accepted for filing.

(Authority: 38 U.S.C. 501(a), 7103)

**§ 20.1002  Rule 1002. Review and disposition of motion for reconsideration.**

(a) *Review.* The Chairman will review the decision of the Board which is the subject of a motion for reconsideration. When the motion is from an appellant or his or her representative, the written motion of the appellant or representative will be considered, but oral argument will not be permitted. The Chairman may order reconsideration of the decision if he or she finds any one or more of the following:

(1) That the Members of the Board who entered the decision may have overlooked or misinterpreted controlling statutory or regulatory provisions,

(2) That the Members of the Board who entered the decision may have misconstrued the record,

(3) That the finding(s) of fact or conclusion(s) of law set forth in the decision may not be supported by the evidence, or

(4) That, in the judgment of the Chairman, the decision is manifestly unjust.

(b) *Disposition*—(1) *Motion denied.* If the motion was by an appellant or his or her representative, the appellant and representative will be notified if the motion is denied. The notification will include reasons why the motion was found to be insufficient. This constitutes final disposition of the motion.

(2) *Motion allowed.* If the motion is allowed, the following actions will be accomplished:

(i) The appellant and his or her representative, if any, will be notified. They will be given a period of 60 days from the date of mailing of the letter of notification to present additional argument or evidence, or to request a hearing in accordance with the provisions of Rule 1003 (§ 20.1003 of this part). The date of mailing of the letter of notification will be presumed to be the same as the date of the letter of notification.

(ii) The Chairman will assign a Reconsideration Section in accordance with § 19.11 of this chapter and will identify for the Members of that Section the issue, or issues, addressed in the original decision which are to be reconsidered. The Reconsideration Section shall enter a new decision with respect to those issues, applying the same standard of review which was legally applicable at the time that the original decision was entered.

(3) *Motion denied in part and allowed in part.* If the motion is denied with

respect to some issues addressed in the original decision and allowed with respect to others, the notices described in paragraphs (b)(1) and (b)(2)(i) of this rule shall be combined.

(4) *Effect of allowance of motion on decision to which the motion pertains.* When a motion for reconsideration has been granted, the decision of the Board to which the motion pertains is no longer of any force and effect with respect to the issue(s) addressed in that decision which are to be reconsidered. The original decision, which will remain a part of the applicable Department of Veterans Affairs records folder(s), shall be appropriately marked to show the issue(s) which have been reconsidered.

(Authority: 38 U.S.C. 501(a), 7103)

10. In subpart L, § 20.1100 and its authority citation are revised and § 20.1101 is added to read as follows:

### § 20.1100  Finality of decisions of the Board.

(a) *General.* Subject to reconsideration, ordered in accordance with Rule 1000 (§ 20.1000 of this part), a decision by a majority of the Members of a Section of the Board is final and is not subject to review except as provided in 38 U.S.C. 1975 and 1984 and 38 U.S.C. chapters 37 and 72.

(b) *Decisions by Reconsideration Sections.* The decision of the majority of the Members of a Reconsideration Section is the final decision of the Board with respect to the issue, or issues, reconsidered.

(c) *Failure to reach a majority decision.* If a regular or Reconsideration Section of the Board fails to reach a majority decision with respect to any issue in a case assigned to it for disposition, the Chairman may assign additional Members to that Section for the purpose of disposing of such issues. The additional Members will be assigned in increments of three Members until a majority decision is reached.

(d) *Remands.* A remand is in the nature of a preliminary order and does not constitute a final decision of the Board.

(Authority: 38 U.S.C. 501(a), 511, 7102, 7103, 7104(a))

### § 20.1101  When decisions of the Board become final.

Decisions of the Board of Veterans' Appeals are promulgated and become final when signed copies of the decision are mailed to the appellant and his or her representative, if any, at their last known addresses. The date of such mailing shall be stamped upon the face of each such decision. Prior to such mailing, the decision is a draft decision which may be replaced or modified by the Members of the Board to whom the appeal was assigned, regardless of whether the decision may have been signed.

(Authority: 38 U.S.C. 501(a), 7103, 7104)

11. In subpart M, § 20.1201 is revised to read as follows:

### § 20.1201  Rule 1201. Amendment of appellate decisions.

A request for amendment of an appellate decision under the Privacy Act (5 U.S.C. 552a) may be entertained. However, such a request may not be used in lieu of, or to circumvent, the procedures established under Rules 1000 through 1003 (§§ 20.1000–20.1003 of this part). The Board will review a request for correction of factual information set forth in a decision. In any case where such factual information relied upon in a decision is deleted or amended, the Board may review the decision under Rules 904 and 905 (§§ 20.904 and 20.905 of this part) to determine whether any further action is indicated. However, where the request to amend under the Privacy Act is an attempt to alter a judgment made by the Board and thereby replace the adjudicatory authority and functions of the Board, the request will be denied on the basis that the Act does not authorize a collateral attack upon that which has already been the subject of a decision of the Board. The denial will satisfy the procedural requirements of § 1.579 of this chapter. If otherwise appropriate, the request will be considered one for reconsideration under Rules 1000 through 1003 (§§ 20.1000–20.1003 of this part).

(Authority: 5 U.S.C. 552a(d); 38 U.S.C. 7103, 7108)

12. Appendix A to part 20 is revised to read as follows:

### APPENDIX A TO PART 20—CROSS-REFERENCES

| Sec. | Cross-reference | Title of cross-referenced material or comment |
|---|---|---|
| 20.1 | 38 CFR 3.103(a) | Statement of policy. |
| 20.100 | 38 CFR 20.306 | Rule 306. Legal holidays. |
| 20.200 | 38 CFR 20.201 | Rule 201. Notice of Disagreement. |
|  | 38 CFR 20.202 | Rule 202. Substantive Appeal. |
|  | 38 CFR 20.300–20.306 | See re filing Notices of Disagreement and Substantive Appeals. |
| 20.201 | 38 CFR 20.1101 | When decisions of the Board become final. |
| 20.202 | 38 CFR 19.29 | Statement of the Case. |
|  | 38 CFR 19.31 | Supplemental Statement of the Case. |
| 20.301 | 38 CFR 20.500 | Rule 500. Who can file an appeal in simultaneously contested claims. |
|  | 38 CFR 20.602 | Rule 602. Representation by recognized organizations. |
|  | 38 CFR 20.603 | Rule 603. Representation by attorneys-at-law. |
|  | 38 CFR 20.604 | Rule 604. Representation by agents. |
|  | 38 CFR 20.605 | Rule 605. Other persons as representative. |
| 20.302 | 38 CFR 20.501 | Rule 501. Time limits for filing Notice of Disagreement, Substantive Appeal, and response to Supplemental Statement of the Case in simultaneously contested claims. |
| 20.303 | 38 CFR 20.304 | Rule 304. Filing additional evidence does not extend time limit for appeal. |
|  | 38 CFR 20.503 | Rule 503. Extension of time for filing a Substantive Appeal in simultaneously contested claims. |
| 20.305 | 38 CFR 20.306 | Rule 306. Legal holidays. |
| 20.400 | 38 CFR 19.50–19.53 | See also re administrative appeals. |
| 20.401 | 38 CFR 19.50–19.53 | See also re administrative appeals. |
|  | 38 CFR 20.302–20.306 | See re time limits for perfecting an appeal. |
|  | 38 CFR 20.501, 20.503 | See re time limits for perfecting an appeal in simultaneously contested claims. |
| 20.500 | 38 CFR 20.713 | Rule 713. Hearings in simultaneously contested claims. |
| 20.501 | 38 CFR 20.305 | Rule 305. Computation of time limit for filing. |
|  | 38 CFR 20.306 | Rule 306. Legal holidays. |
|  | 38 CFR 20.713 | Rule 713. Hearings in simultaneously contested claims. |
| 20.502 | 38 CFR 20.305 | Rule 305. Computation of time limit for filing. |
|  | 38 CFR 20.306 | Rule 306. Legal holidays. |
|  | 38 CFR 20.713 | Rule 713. Hearings in simultaneously contested claims. |
| 20.503 | 38 CFR 20.713 | Rule 713. Hearings in simultaneously contested claims. |

APPENDIX A TO PART 20—CROSS-REFERENCES—Continued

| Sec. | Cross-reference | Title of cross-referenced material or comment |
|---|---|---|
| 20.504 | 38 CFR 20.713 | Rule 713. Hearings in simultaneously contested claims. |
| 20.600 | 38 CFR 14.626 et seq | See also re representation. |
| | 38 CFR 20.602 | Rule 602. Representation by recognized organizations. |
| | 38 CFR 20.603 | Rule 603. Representation by attorneys-at-law. |
| | 38 CFR 20.604 | Rule 604. Representation by agents. |
| | 38 CFR 20.605 | Rule 605. Other persons as representative. |
| 20.602 | 38 CFR 14.628 | Recognition of organizations. |
| | 38 CFR 14.631 | Powers of attorney. |
| | 38 CFR 20.100 | Rule 100. Name, business hours, and mailing address of the Board. |
| | 38 CFR 20.607 | Rule 607. Revocation of a representative's authority to act. |
| | 38 CFR 20.608 | Rule 608. Withdrawal of services by a representative. |
| | 38 CFR 20.609 | Rule 609. Payment of representative's fees in proceedings before Department of Veterans Affairs field personnel and before the Board of Veterans' Appeals. |
| | 38 CFR 20.610 | Rule 610. Payment of representative's expenses in proceedings before Department of Veterans Affairs field personnel and before the Board of Veterans' Appeals. |
| 20.603 | 38 CFR 14.629 | Requirements for accreditation of representatives, agents, and attorneys |
| | 38 CFR 14.631 | Powers of attorney. |
| | 38 CFR 20.100 | Rule 100. Name, business hours, and mailing address of the Board. |
| | 38 CFR 20.606 | Rule 606. Legal interns, law students and paralegals. |
| | 38 CFR 20.607 | Rule 607. Revocation of a representative's authority to act. |
| | 38 CFR 20.608 | Rule 608. Withdrawal of services by a representative. |
| | 38 CFR 20.609 | Rule 609. Payment of representative's fees in proceedings before Department of Veterans Affairs field personnel and before the Board of Veterans' Appeals. |
| | 38 CFR 20.610 | Rule 610. Payment of representative's expenses in proceedings before Department of Veterans Affairs field personnel and before the Board of Veterans' Appeals. |
| 20.604 | 38 CFR 14.629 | Requirements for accreditation of representatives, agents, and attorneys. |
| | 38 CFR 14.631 | Powers of attorney. |
| | 38 CFR 20.100 | Rule 100. Name, business hours, and mailing address of the Board. |
| | 38 CFR 20.607 | Rule 607. Revocation of a representative's authority to act. |
| | 38 CFR 20.608 | Rule 608. Withdrawal of services by a representative. |
| | 38 CFR 20.609 | Rule 609. Payment of representative's fees in proceedings before Department of Veterans Affairs field personnel and before the Board of Veterans' Appeals. |
| | 38 CFR 20.610 | Rule 610. Payment of representative's expenses in proceedings before Department of Veterans Affairs field personnel and before the Board of Veterans' Appeals. |
| 20.605 | 38 CFR 14.630 | Authorization for a particular claim. |
| | 38 CFR 14.631 | Powers of attorney. |
| | 38 CFR 20.100 | Rule 100. Name, business hours, and mailing address of the Board |
| | 38 CFR 20.607 | Rule 607. Revocation of a representative's authority to act. |
| | 38 CFR 20.608 | Rule 608. Withdrawal of services by a representative. |
| | 38 CFR 20.609 | Rule 609. Payment of representative's fees in proceedings before Department of Veterans Affairs field personnel and before the Board of Veterans' Appeals. |
| | 38 CFR 20.610 | Rule 610. Payment of representative's expenses in proceedings before Department of Veterans Affairs field personnel and before the Board of Veterans' Appeals. |
| 20.606 | 38 CFR 20.603 | Rule 603. Representation by attorneys-at-law. |
| 20.607 | 38 CFR 14.631(d) | See also re revocation of powers of attorney. |
| 20.609 | 38 CFR 14.629 | Requirements for accreditation of representatives, agents, and attorneys. |
| | 38 CFR 20.603 | Rule 603. Representation by attorneys-at-law. |
| | 38 CFR 20.604 | Rule 604. Representation by agents. |
| | 38 CFR 20.606 | Rule 606. Legal interns, law students and paralegals. |
| | 38 CFR 20.610 | Rule 610. Payment of representative's expenses in proceedings before Department of Veterans Affairs field personnel and before the Board of Veterans' Appeals. |
| 20.610 | 38 CFR 20.609 | Rule 609. Payment of representative's fees in proceedings before Department of Veterans Affairs field personnel and before the Board of Veterans' Appeals. |
| 20.611 | 38 CFR 1.525(d), 14.631(e) | See also re continuation of authority conferred by powers of attorney upon the death of a claimant. |
| 20.700 | 38 CFR 20.1003 | Hearings on reconsideration. |
| 20.702 | 38 CFR 20.704 | Rule 704. Scheduling and notice of hearings conducted by traveling Sections of the Board of Veterans' Appeals at Department of Veterans Affairs facilities. |
| | 38 CFR 20.713 | Rule 713. Hearings in simultaneously contested claims. |
| 20.703 | 38 CFR 20.201 | Rule 201. Notice of Disagreement. |
| 20.704 | 38 CFR 20.702 | Rule 702. Scheduling and notice of hearings conducted by the Board of Veterans' Appeals in Washington, DC, and by agency of original jurisdiction personnel acting on behalf of the Board of Veterans' Appeals at field facilities. |
| 20.706 | 38 CFR 20.700(c) | See also re the presiding Member's role in the conduct of hearings. |
| | 38 CFR 20.708 | Rule 708. Prehearing conference. |
| | 38 CFR 20.709 | Rule 709. Procurement of additional evidence following a hearing. |
| 20.707 | 38 CFR 19.11 | Reconsideration Section. |
| 20.708 | 38 CFR 20.606(d) | See re the prehearing conference required when a legal intern, law student, or paralegal is to participate in a hearing held before a traveling Section of the Board. |
| 20.709 | 38 CFR 19.37 | Consideration of additional evidence received by the agency of original jurisdiction after an appeal has been initiated. |
| | 38 CFR 20.1304 | Rule 1304. Request for change in representation, request for personal hearing, or submission of additional evidence following certification of an appeal to the Board of Veterans' Appeals. |
| 20.710 | 38 CFR 20.711 | Rule 711. Subpoenas. |
| 20.711 | 38 CFR 2.1 | See for further information on subpoenas, including action to be taken in the event of noncompliance. |
| 20.712 | 38 CFR 20.610 | Rule 610. Payment of representative's expenses in proceedings before Department of Veterans Affairs field personnel and before the Board of Veterans' Appeals. |

APPENDIX A TO PART 20—CROSS-REFERENCES—Continued

| Sec. | Cross-reference | Title of cross-referenced material or comment |
|---|---|---|
| 20.713.............. | 38 CFR 20.702 ............................................... | Rule 702. Scheduling and notice of hearings conducted by the Board of Veterans' Appeals in Washington, DC, and by agency of original jurisdiction personnel acting on behalf of the Board of Veterans' Appeals at field facilities. |
| | 38 CFR 20.704 ............................................... | Rule 704. Scheduling and notice of hearings conducted by traveling Sections of the Board of Veterans' Appeals at Department of Veterans Affairs facilities. |
| 20.715.............. | 38 CFR 20.706 ............................................... | Rule 706. Functions of the presiding Member. |
| 20.800.............. | 38 CFR 20.304 ............................................... | Rule 304. Filing additional evidence does not extend time limit for appeal. |
| | 38 CFR 20.709 ............................................... | Rule 709. Procurement of additional evidence following a hearing. |
| | 38 CFR 20.1304 ............................................. | Rule 1304. Request for change in representation, request for personal hearing, or submission of additional evidence following certification of an appeal to the Board of Veterans' Appeals. |
| 20.901.............. | 38 CFR 14.507 ............................................... | See re opinions of the General Counsel of the Department of Veterans Affairs. |
| 20.903.............. | 38 CFR 20.305 ............................................... | Rule 305. Computation of time limit for filing. |
| | 38 CFR 20.306 ............................................... | Rule 306. Legal holidays. |
| 20.1000............ | 38 CFR 20.1001 ............................................. | Rule 1001. Motion for reconsideration. |
| | 38 CFR 20.1002 ............................................. | Rule 1002. Review and disposition of motion for reconsideration. |
| | 38 CFR 20.1003 ............................................. | Rule 1003. Hearings on reconsideration. |
| 20.1001............ | 38 CFR 20.1000 ............................................. | Rule 1000. When reconsideration is accorded. |
| | 38 CFR 20.1002 ............................................. | Rule 1002. Review and disposition of motion for reconsideration. |
| | 38 CFR 20.1003 ............................................. | Rule 1003. Hearings on reconsideration. |
| 20.1002............ | 38 CFR 20.1000 ............................................. | Rule 1000. When reconsideration is accorded. |
| | 38 CFR 20.1001 ............................................. | Rule 1001. Motion for reconsideration. |
| | 38 CFR 20.1003 ............................................. | Rule 1003. Hearings on reconsideration. |
| 20.1003............ | 38 CFR 20.700–20.717 .................................... | See for further information on hearings. |
| | 38 CFR 20.1000 ............................................. | Rule 1000. When reconsideration is accorded. |
| | 38 CFR 20.1001 ............................................. | Rule 1001. Motion for reconsideration. |
| | 38 CFR 20.1002 ............................................. | Rule 1002. Review and disposition of motion for reconsideration. |
| 20.1100............ | 38 CFR 20.1101 ............................................. | When decisions of the Board become final. |
| 20.1101............ | 38 CFR 20.1100 ............................................. | Finality of decisions of the Board. |
| 20.1102............ | 38 CFR 20.905 ............................................... | Correction of harmless error in the record. |
| 20.1105............ | 38 CFR 3.156 ................................................. | New and material evidence. |
| | 38 CFR 20.1304(b)(1) ..................................... | See re request for a personal hearing or submission of additional evidence more than 90 days after a case has been certified to the Board of Veterans' Appeals as possible basis for a reopened claim. |
| 20.1106............ | 38 CFR 3.22(a)(2) ........................................... | See re correction of a rating, based on clear and unmistakable error, after a veteran's death in cases involving claims for benefits under the provisions of 38 U.S.C. 1318. |
| 20.1300............ | 38 CFR 1.500–1.527 ....................................... | See re the release of information from Department of Veterans Affairs claimant records. |
| | 38 CFR 1.550–1.559 ....................................... | See re the release of information from Department of Veterans Affairs records other than claimant records. |
| | 38 CFR 1.575–1.584 ....................................... | See re safeguarding personal information in Department of Veterans Affairs records. |
| | 38 CFR 20.1301 ............................................. | Rule 1301. Disclosure of information. |
| 20.1301............ | 38 CFR 1.577 ................................................. | Access to records. |
| 20.1302............ | 38 CFR 20.611 ............................................... | Rule 611. Continuation of representation following death of a claimant or appellant. |
| 20.1304............ | 38 CFR 3.103(c) and 20.700–20.717 ................. | See also re hearings. |
| | 38 CFR 3.156 ................................................. | New and material evidence. |
| | 38 CFR 3.160(e) ............................................. | Reopened claim. |
| | 38 CFR 20.305 ............................................... | Rule 305. Computation of time limit for filing. |
| | 38 CFR 20.306 ............................................... | Rule 306. Legal holidays. |

[FR Doc. 92–1970 Filed 1–31–92; 8:45 am]

**BILLING CODE 8320-01-M**

# EXHIBIT B

## M21-5, Chapter 8, Section B - Processing a Case Seeking Direct Payment of Fees

<-- Previous Section   Next Section -->

## Overview

In This Section

This section contains the following topics:

| Topic | Topic Name |
|-------|-----------|
| 1 | Process for Considering Direct Payment of Fees |
| 2 | Making Funds Available for Potential Payment of Fees and Authorizing the Claimant's Award |
| 3 | Making the Fee Eligibility Decision and Sending Decision Notice |
| 4 | Releasing Funds and Appeals of Eligibility Determinations |
| 5 | Reasonableness Review of Fees by the Office of General Counsel (OGC) |
| 6 | Corrective Action for Failure to Make Funds Available for Payment of Fees and Recouping Fee Payments |
| 7 | Exhibit 1:  Decision Notice – *Direct Pay Fee Agreement Filed by More Than One Agent/Attorney* |
| 8 | Exhibit 2:  Decision Notice – *No Direct Pay Fee Agreement was Filed* |
| 9 | Exhibit 3: Decision Notice - *Fee Cases Involving Debts to the United States Government* |

## 1.  Process for Considering Direct Payment of Fees

Introduction

This topic contains information on the process for considering direct payment of fees, including

- process for possible direct payment of fees, and
- direct payment of fees when incompetency is proposed.

July 15, 2024

**Change Date**

8.B.1.a.  Process for Possible Direct Payment of Fees

The table below describes the process to follow for the possible direct payment of fees. AAFCs should reference M21-5, Chapter 8, Section B.2.a to determine when a fee deduction is required.

| Stage | Who Is Responsible | Description | Reference |
|---|---|---|---|
| 1 | AAFC (Initial reviewer) | <ul><li>In VBMS-A, enters all necessary award decisions (ex: dependency, offsets, basic eligibility) **prior to** navigating to the "Agent/Attorney Fee" tab</li><li>Calculates the amount of fees using the VBMS-A *Automated Fee Calculator* found in the "Agent/Attorney Fee" tab, unless there is an exception. See M21-5, Chapter 8, Section B, 2.a-b<ul><li>Enter the "Fee Percentage"</li><li>Enter the "Calculate Through Date" (Date of Decision)</li><li>If there is no assessment fee, uncheck "Apply Assessment Fee" box</li><li>Click "Calculate Agent/Attrny Fee"</li></ul></li><li>Completes the manual *Agent/Attorney Fee*</li></ul> | <ul><li>M21-5, Chapter 8, Section A, 2.b, and</li><li>M21-5, Chapter 8, Section B, 2.b-g</li></ul> |

| Stage | Who Is Responsible | Description | Reference |
|-------|--------------------|-------------|-----------|
| | | *Calculator* and ensures the automated VBMS-A *Automated Fee Calculator* amounts match <ul><li>If there is a discrepancy *greater than one cent*, use the override functionality</li></ul> • Generates the award as specified in M21-1, Part VI, Subpart i, 1.A.2.c<br>• Adds the "Attorney Fee" tracked item with a three-day suspense, and<br>• routes the award to an AAFC authorizer, making the *Agent/Attorney Fee Calculator* available for review. | |

| Stage | Who Is Responsible | Description | Reference |
|-------|--------------------|-------------|-----------|
| 2 | AAFC (Authorizer) | Verifies the "Fee Percentage," "Calculate Through Date," and "Apply Assessment Fee" fields have been correctly entered in VBMS-A. Verifies accuracy of the *Agent/Attorney Fee Calculator*.<br>• If correct, the processing moves on to Stage 3.<br>• If incorrect, uses the deferral functionality in VBMS to return for correction. | • M21-5, Chapter 8, Section A, 2.b, and<br>• M21-5, Chapter 8, Section B, 2.f. |

| Stage | Who Is Responsible | Description | Reference |
|---|---|---|---|
| 3 | AAFC (Authorizer) | <ul><li>Uploads the calculator to the eFolder, including the names of the preparer and approver</li><li>takes and uploads a screenshot of all applicable current award lines from the "Award Information" screen</li><li>prepares decision notices on direct payment of fees to the claimant and agent/attorney</li><li>performs a one-time clear of EP 290, with date the fee decision notice is generated as the date of claim</li><li>review the award information screen to determine if there is an existing debt to the United States Government, see M21-5, Chapter 8, Section B.2.i</li><li>ensures decision notice to the claimant and representative are released</li><li>establishes an End Product (EP) 400 for control as specified in M21-4,</li></ul> | <ul><li>M21-5, Chapter 8, Section A, 2.b, and</li><li>M21-5, Chapter 8, Section B, 2.f.</li></ul> |

| Stage | Who Is Responsible | Description | Reference |
|-------|-------------------|-------------|-----------|
| | | Appendix B with date the decision notice is generated as the date of claim, and<br>• establish "Attorney Fee" tracked item to the EP 400, updating the suspense to reflect 65 days from the date on the fee decision notice.<br><br>***Note***: If the EP 400 above is the result of an HLR Return (DTA error or DoO), add the *Appeal Issue Intertwined* special issue. | |
| 4 | Board of Veterans' Appeals (Board)/U.S. Court of Appeals for Veterans Claims (CAVC) | Determines the issue of entitlement to direct payment fees.<br><br>***Important***:  In fee cases where there is no appeal, the processing moves from Stage 3 to 5. | M21-5, Chapter 8, Section B, 4. |

| Stage | Who Is Responsible | Description | Reference |
|---|---|---|---|
| 5 | AAFC | When the 65-day period has expired for direct appeal to Board and no appeal or reasonableness review has been filed (or an appellate decision has been issued on a fee matter),<br><br>• prepares and sends *Fee Release Memorandum* instructing finance activity to release funds<br>• uploads *memo* to the eFolder, and<br>• establishes "Attorney Fee Release" tracked item to the EP 400 with a 10-day suspense. | • M21-5, Chapter 8, Section A, 2.b<br>• M21-5, Chapter 8, Section B, 4, and<br>• M21-5, Chapter 8, Section B, 2.g. |
| 6 | finance activity | Releases funds and uploads verification to the eFolder that funds have been released. | M21-5, Chapter 8, Section B, 4. |
| 7 | AAFC | Clears EP 400. | • M21-5, Chapter 8, Section A, 2.b and<br>• M21-5, Chapter 8, Section B, 4. |

**8.B.1.b. Direct Payment of Fees When Incompetency is Proposed**

The table below describes additional procedures to complete a *Pending Fiduciary Withholding Calculator* in conjunction with the guidance outlined in M21-5, Chapter 8, Section B, 1.a for the possible direct payment of fees when there is a proposal of incompetency.

| Stage | Who Is Responsible | Description |
|-------|--------------------|-------------|
| 1 | AAFC (Initial reviewer) | • After completing the *Agent/Attorney Fee Calculator* and the VBMS-A *Automated Fee Calculator*, calculates the amount of retroactive funds to be withheld using the *Pending Fiduciary Withholding Calculator,* and<br>• enters individual withholding lines for "pending appointment of fiduciary" on the "Other Adjustments" tab in VBMS-A.<br><br>***Important***:  The net effect on the award must reflect the exact amount of fees due to the agent/attorney. |
| 2 | AAFC (Authorizer) | Verifies the accuracy of "Fee Percentage," "Calculate Through Date," and "Apply Assessment Fee" fields in the VBMS-A *Automated Fee Calculator.* Verifies the accuracy of the *Pending Fiduciary Withholding Calculator* and ensures the "pending appointment of fiduciary" withholding lines were entered correctly. Verifies the net effect matches the "Agent/Attorney Fee" deduction amount in VBMS-A.<br>• If correct, the processing moves on to Stage 3.<br>• If incorrect, uses the deferral functionality in VBMS to return for correction. |
| 3 | AAFC (Authorizer) | • Uploads the *Pending Fiduciary Withholding Calculator* to the eFolder and<br>• continues processing the case by following the guidance outlined in M21-5, Chapter 8, Section B, 1.a. |

**Important**:

- *Do not* hold agent/attorney fees approved under the eligibility decision until a fiduciary is appointed, as this could result in considerable delay of payment to the agent/attorney.
- The calculators referred to in the table above are evidentiary and must be included in the claims folder.
- Authorization and payment of the remaining past-due amount (funds not made available for direct fee payment) in a case of an incompetent claimant must follow the guidance in M21-1, Part X, Subpart ii, 6.D.2.

**Reference**: For more information on general authorization information on incompetency and fiduciary cases, see M21-1, Part X, Subpart ii, 6.C.

## 2. Making Funds Available for Potential Payment of Fees and Authorizing the Claimant's Award

**Introduction**

This topic contains information on requesting finance activity transactions in preparation for potential payment of fees and authorizing the claimant's award, including

- when to request finance transactions or use award actions for possible direct payment of fees
- VBMS-A Automated Fee Calculator overrides
- calculating the amount needed for possible payment of fees
- period to use for calculating past-due benefits
- mandatory agent/attorney fee calculator
- calculation of past-due benefits – reductions, offsets, and overpayment
- taking action based on the past-due benefit calculation
- handling cases involving Equal Access to Justice Act (EAJA) fees, and
- handling cases involving an existing debt to the United States Government.

**Change Date**

September 17, 2024

**8.B.2.a. When to Request Finance Transactions or Use Award Actions for Possible Direct Payment of Fees**

The AAFC must use award actions in VBMS-A or request that the finance activity perform finance transactions to make funds for possible payment of fees in a case when

- substantive and procedural requirements in 38 CFR 14.636(g) have been met
- contains additional fee terms specified in 38 CFR 14.636(h) to the extent consistent with case law, and
- an award of past-due benefits has been prepared by AAFC authorization activity and is in pending status.

**Note**: A fee deduction is required when a grant of benefits is made under any of the AMA decision review lanes (supplemental claim, higher-level review, or direct appeal to the Board) as well as grants of individual unemployability and clear and unmistakable error under any claim type. The AAFC will make the final adjudication determining whether direct payment of fees are payable or not payable. A deduction of fees does not always represent fee entitlement.

The manual Agent/Attorney Fee Calculator requires only a single AAFC review/signature when it is being routed through finance for an upfront fee deduction as finance personnel complete the second review of the audit.

**Important**: Effective April 23, 2023, new functionality in VBMS-A automated calculations of the agent/attorney fee amount. Users are still required to complete the manual *Agent/Attorney Fee Calculator*.

In all cases, except for decisions involving eligibility to the month of the Veteran's death, and apportionments, AAFCs are required to use VBMS-A to process the fee deduction amount to make funds available for the potential direct payment of fees. The "Agent/Attorney Fee" amount displayed in VBMS-A should reflect the entire fee amount, including the assessment fee if applicable, to be paid even if the total fee amount is greater than the retroactive payment of past-due benefits to the claimant.

This policy applies

- even if, in designated cases, there will be no payout to the claimant from which fees can be withheld
- even if the agent or attorney is no longer the representative, unless the agent or attorney has waived any entitlement to fees in writing (in any form approved for submissions including but not necessarily limited to submissions by mail or e-mail), and
- each time the amount of past-due benefits arising from a particular rating decision changes, including
  - when dependency information is received within 1 year of the date of the rating decision, or

- when the Veteran is subsequently found eligible for concurrent receipt of military retired pay (MRP) for any time during the past-due benefits period.

***References***:  For more information on

- when entering finance transactions into VBMS-A occurs in the process for direct payment of fees and who performs the tasks, see M21-5, Chapter 8, Section B, 1.a
- what constitutes a valid fee agreement, see
  - 38 CFR 14.636(g)(1) and (2), and
  - M21-5, Chapter 8, Section A, 1.b and d
- regulatory standard for the amount of past-due benefits, see 38 CFR 14.636(h)(3)
- calculation of past-due benefits for direct fee purposes in reduction or offset cases where there may not be a payout, see M21-5, Chapter 8, Section B, 2.e, and
- handling cases where funds were not made available for potential payment of fees, see M21-5, Chapter 8, Section B, 6.

**8.B.2.b.   VBMS-A Agent/Attorney Fee Calculator Overrides**

The VBMS-A *Automated Fee Calculator* cannot be used for awards involving the following:

- requirement to use the entry of priors
- requirement to use the generate award override (GAO)
- use of pension protected rates
- unprocessed Cost of Living Adjustment (COLA) adjustments

The "Calculator Override" box must be selected to input the correct fee deduction amount in the cases listed above, and during other scenarios that would prohibit the automated calculation.

Users must complete the *Agent/Attorney Fee Calculator* as referenced in M21-5, Chapter 8, Section B, 2.e. The AAFC must enter the "Retroactive Amount for Fees," "Agent/Attorney Fee," and the "Assessment Fee Amount" fields. The "Agent/Attorney Fee" amount in VBMS-A should reflect the entire fee amount, includeing the assessment fee if applicable.

***Note***: The override functionality should also be utilized when the VBMS-A *Automated Fee Calculator* results in incorrect amounts, *greater than one cent*, that are identified/verified through comparison of the *Agent/Attorney Fee Calculator*.

***References***: For more information on the

- regulatory standard for the amount of past-due benefit, see 38 CFR 14.636(h)(3)
- period to use for calculating the past-due benefit amount, see M21-5, Chapter 8, Section B, 2.c, and
- mandatory use of the *Agent/Attorney Fee Calculator*, see M21-5, Chapter 8, Section B, 2.e.

---

**8.B.2.c. Calculating the Amount Needed for Possible Payment of Fees**

The Amount that must be made available for potential payment of fees is 20 percent or less (as specified in the direct pay fee agreement) of the past-due benefit, defined in the regulation as the total amount of recurring payments that accrued during the defined period.

***References***: For more information on the

- regulatory standard for the amount of past-due benefit, see 38 CFR 14.636(h)(3)
- period to use for calculating the past-due benefit amount, see M21-5, Chapter 8, Section B, 2.d, and
- mandatory use of the *Agent/Attorney Fee Calculator*, see M21-5, Chapter 8, Section B, 2.e.

**8.B.2.d.  Period to Use for Calculating Past-Due Benefits**

38 CFR 14.636 states that in calculating the past-due benefit, total the payments that accrued during the period

- *from* the effective date of the award
- *through* the *date* of the decision awarding benefits, not the
    - date of the notification letter, or
    - last day of the month in which the decision awarding benefits was made.

**Important**:  38 CFR 14.636(h)(3) provides that past-due benefits accrue between the effective date of the award and the date of the grant of the benefit by the agency of original jurisdiction (AOJ), Board, or an appellate court.  However, in some cases the RO, in implementing an award, must decide a matter that the Board did not (for example initial evaluation and effective date).  38 CFR 14.636(h)(3)(i) explains that when the benefit granted is service connection (SC) then the past-due benefits will be based on an initial disability rating assigned by the AOJ. In that case, the past-due benefit sum is calculated from the effective date of the award to the date of the initial disability rating.  Although not explicitly discussed in the regulation, anytime the AOJ is required to assign the effective date of the award the period should also be calculated through the date of the implementing rating by the AOJ.  Where a decision by the Board addresses everything needed to implement the decision, such as evaluation and effective date, use the date of the Board decision awarding benefits.

**Note**:  Non-monetary benefits such as dependents educational assistance (DEA) do not impact the period for which fees are entitled.

**References**:  For more information on
- past-due benefits, see
    - VAOPGCPREC 18-1995, and
    - 38 CFR 14.636(h)(3), and
- mandatory use of the *Agent/Attorney Fee Calculator*, see M21-5, Chapter 8, Section B, 2.e.

| | |
|---|---|
| 8.B.2.e.<br><br>Mandatory<br><br>Agent/Attorney<br><br>Fee Calculator | When the AAFC takes action to make funds available for potential payment of fees under M21-5, Chapter 8, Section B, 2.a, the AAFC will use the *Agent/Attorney Fee Calculator* to calculate the<br><br>- amount of past-due benefits awarded<br>- agent or attorney fee, if entitlement to a fee is established<br>- amount that will be paid to the Veteran/beneficiary, if fees are payable, and<br>- applicable assessment.<br><br>The worksheet of calculator results must be uploaded to VBMS.<br><br>**Note**:  When using the calculator to correct a prior VA administrative error in the calculation of fees on an award do not charge an additional assessment.<br><br>**References**:  For more information on<br><br>- the role of the AAFC in calculating the amount of past-due benefits and the amount to be made available for fees, see M21-5, Chapter 8, Section B, 1.a<br>- the amount of past-due benefits to make available for potential payment, see M21-5, Chapter 8, Section B, 2.b<br>- the period to use when calculating past-due benefits, see M21-5, Chapter 8, Section B, 2.d, and<br>- assessments, see M21-5, Chapter 8, Section B, 3.e. |

**8.B.2.f.**

**Calculation of Past-Due Benefits – Reductions, Offsets, and Overpayment**

In some cases, the gross amount of an award of past-due benefits will require adjustment due to operation of another legal provision, such as those relating to concurrent receipt. In those cases, the claimant will not receive the full amount or value of the award and might not receive any payment.

Calculating the past-due award amount for fee purposes using the post-adjustment amount and requiring a non-recurring payment to the claimant as opposed to using the full award amount based on evaluation and effective date in these cases can affect the value of the agent's or attorney's fee.

The court, in *Rosinski v. Wilkie*, 32 Vet. App. 264 (Fed. Cir. 2020), addressed VA's obligations to agents/attorneys under 38 U.S.C. 5904(d) in cases when deciding entitlement to direct payment of fees, but an applicable statutory provision requires a reduction or elimination of payment. The court held that in a case involving MRP, fees must be calculated and directly paid to the agent/attorney based on the pre-reduction amount of the award. A non-recurring payment to the claimant is not a pre-requisite to payment of fees under a direct pay fee agreement.

In the following categories of cases, which implicate award adjustments, calculate past-due benefits based on the award amounts prior to reduction. For all attorney fee calculations, use gross rates for both the new and old award amounts.
- MRP
- drill pay
- severance or separation pay
- benefits payable under 38 U.S.C. 1151 after settlement of a tort claim
- limits on compensation payments to incarcerated Veterans under 38 U.S.C. 5313, and
- Survivor Benefit Plan payments.

Where an agent/attorney seeks direct payment of fees based on the invalidation of a debt or the waiver of an overpayment, the amount of past-due benefits is the total that VA has recouped from the claimant as of the date of the decision invalidating the debt or granting the waiver, *not* the full amount of the debt.

***References***: For more information on
- elections and waivers in MRP cases and concurrent entitlement, see M21-1, Part VI, Subpart ii, 4.A
- prohibition against duplication of VA compensation and certain separation benefits and recoupment, see M21-1, Part VI, Subpart ii, 2
- effects of incarceration on VA benefits, see M21-1, Part VI, Subpart iii, 1.A
- fees in cases involving limitations to compensation for incarcerated Veterans under 38 U.S.C. 5313, see *Snyder v. Nicholson*, 489 F.3d. 1213 (Fed. Cir. 2007)

- fees involving representation on invalidation of a debt or waiver of overpayment, see *Gumpenberger v. Wilkie*, 973 F. 3d 1779 (Fed.Cir. 2020)
- recovering fee amounts paid by VA when, due to reduction, there was not a non-recurring payment to the claimant from which to directly pay fees, see M21-5, Chapter 8, Section B, 6.e, and
- withholding, paying fees, and corrective action for failure to withhold prior to the January 30, 2020, decision in *Rosinski*, see the historical M21-1, Part I, Chapter 3.C attachment *Historical_M21-1I_3_SecC_1-24-20.docx*.

**8.B.2.g. Taking Action Based on the Past-Due Benefit Calculation**

The table below provides guidance on the next action to take based on the past-due benefit amount calculation derived from M21-5, Chapter 8, Section B, 2.c-e.

| If the calculated amount of past-due benefits awarded (before offset or reduction as applicable) is ... | Then ... |
|---|---|
| is $0 | <ul><li>perform a one-time clear of EP 290, *Attorney Fee Eligibility Determination*, and</li><li>deny direct payment of fees</li></ul> ***Note***:  The award of past-due benefits (before offset or reduction) must result in a non-recurrent payment to the claimant in order for an agent/attorney to be eligible for direct payment of fees. Use the *No Change in Combined Evaluation* letter type to deny eligibility to direct payment of fees when the grant of benefits did *not* change the combined evaluation and, as such, the award of past-due benefits did not result in a retroactive payment to the claimant. |
| is greater than $0 | Follow the guidance in M21-5, Chapter 8, Section B, 1.a, outlining the process of direct payment of fees. |

***References***:  For more information on
- duties of the AAFC, see M21-5, Chapter 8, Section A, 2.b
- requesting transactions to make funds available for payment of fees, see M21-5, Chapter 8, Section B, 2.h
- making a direct pay fee decision, see M21-5, Chapter 8, Section B, 3
- EPs 290 and 400, see M21-4, Appendix B, and
- releasing fee amounts, see M21-5, Chapter 8, Section B, 4.

| | |
|---|---|
| 8.B.2.h.  Handling Cases Involving Equal Access to Justice Act (EAJA) Fees | Equal Access to Justice Act (EAJA) fees are payments that a court has ordered VA to pay to an attorney for representation before the court.

***Important***:  EAJA fees are not paid from the claimant's award.  They may appear on the Veteran's electronic record as a payment made jointly to the claimant and the attorney but should never be offset from a direct payment of fees, even when VA fails to withhold fees.

Where a claimant's attorney receives fees for the same work under VA's fee statute and EAJA, the attorney is responsible for refunding the amount of the smaller fee to the claimant.

***References***:  For more information on
- the EAJA offset provision, see *Ravin v. Wilkie*, 30 Vet.App. 310 (2019), and
- failure to enter transactions to make funds available for payment of fees, see
  - M21-5, Chapter 8, Section B, 6, and
  - VAOPGCPREC 12-1997. |
| 8.B.2.i.  Handling Cases Involving an Existing Debt to the United States Government | In some cases, requirements for the entitlement to agent/attorney fees exist; however, there is an existing debt to the United States Government that may reduce or remove the amount of fees that VA is able to pay the attorney directly.

In VAOPGCPREC 12-93 Payment of Attorney Fees from Past-due Benefits when Veteran's Indebtedness to the U.S. Exceeds Total Amount of Past-due Benefits, the Office of General Counsel concluded that the direct payment of fees under 38 U.S.C. § 5904(d) would be based on the amount available after the indebtedness was satisfied.

AAFCs must review the file to determine if the past-due benefits will be used to satisfy an existing debt. If an existing debt will reduce or remove VA's ability to pay attorney fees directly, the AAFC is responsible for using the fee eligibility decision verbiage found in M21-5, Chapter 8, Section B.9.a. |

## 3.  Making the Fee Eligibility Decision and Sending Decision Notice

| Introduction | This topic contains information on making an agent or attorney fee eligibility decision and sending decision notice, including |
|---|---|
| | - when to make a fee decision and send decision notice |
| | - responsibility for making the fee decision and sending decision notice |
| | - criteria for determining eligibility to direct payment of fees |
| | - generating decision notice for a fee decision, and |
| | - calculating agent or attorney assessments when making the fee decision. |

| Change Date | November 19, 2024 |
|---|---|

| 8.B.3.a. When to Make a Fee Decision and Send Decision Notice | A Summary of Case Fee decision notice letter is required when there is a valid fee agreement of record, executed during the retroactive period, and valid representation as stated in M21-5, Chapter 8, Section B, 2.a. |
|---|---|
| | **Note**: Fee eligibility decisions are required in all circumstances except if the rating or non-rating decision only denies and/or confirms and continues benefits. |
| | When generating the fee eligibility decision notice, perform a one-time clear of EP 290, *Attorney Fee Eligibility Determination*. |
| | **References**: For more information on |
| | - the stages in the process for direct payment of fees, see M21-5, Chapter 8, Section B, 1.a |
| | - making a decision on the basis that the calculated past-due benefits is $0, see M21-5, Chapter 8, Section B, 2.g |
| | - use of EP 290 for fee case, see M21-4, Appendix B, and |
| | - the claim label *Attorney Fee Eligibility Determination*, see M21-4, Appendix C. |

| 8.B.3.b. Responsibility for Making the Fee Decision and Sending Decision Notice | The Authorizing AAFC at the station that processes the represented claimant's award of past-due benefits is responsible for determining eligibility to direct payment of fees and generating and sending decision notice. |
|---|---|

| | |
|---|---|
| 8.B.3.c.  Criteria for Determining Eligibility to Direct Payment of Fees | Determine eligibility by evaluating whether the facts meet the regulatory criteria from 38 CFR 14.636, as discussed in M21-5, Chapter 8, Section A, 1.

**Important**:  For fee cases to which the guidance in effect prior to February 19, 2019, is applicable, previously issued guidance can be found in the historical M21-1, Part I, 3.C attachment *Historical_M21-1I_3_SecC_4-28-17.docx*. |
| 8.B.3.d. Generating Decision Notice for a Fee Decision | The decision notice on direct payment of fees is created using the "Summary of Case Fee Decision Notice Letter" section of the Agent/Attorney Fee Tab in VBMS-A.

**Note**: The Letter Creator tool may be used in scenarios that would prohibit the use of VBMS-A fee decision notice functionality.

**Important**: Send the OGC Fact Sheet, "How to Challenge a Fee," with the fee decision notification.

**References**:  For more information on
- the letter to send when a representative is not accredited, see M21-5, Chapter 8, Section A, 3.b
- providing notice when a fee agreement is submitted by an agent or attorney but there is no *VA Form 21-22a* of record, see M21-5, Chapter 8, Section A, 3.c
- the letter to send when a fee agreement is unacceptable, see M21-5, Chapter 8, Section A, 3.d, and
- Letter Creator tool, see the *Letter Creator User Guide*. |
| 8.B.3.e. Calculating Agent or Attorney Assessments When Making the Fee Decision | 38 CFR 14.636(h) provides that VA will charge and collect an assessment in the amount of 5 percent of the awarded fee not to exceed $100.

The actual collection of the assessment amount does not occur until fee amounts are released and this in turn is dependent on whether there is an appeal on the fee eligibility decision.  However, the AAFC must calculate the assessment at the time the fee decision is made and information on the assessment must be included in the decision notice. |

## 4. Releasing Funds and Appeals of Eligibility Determinations

| | |
|---|---|
| Introduction | This topic contains information on releasing funds and appeals of eligibility determinations, including<br><br>• fee eligibility appeals<br>• prohibitions on releasing funds and appeal rights<br>• releasing funds<br>    ○ when the fee decision is not appealed, and<br>    ○ when an assessment<br>        ○ is required, and<br>        ○ is not required<br>• taking action if the claimant dies before the decision is promulgated, and<br>• mandatory use of the *Fee Release Memorandum* |
| **Change Date** | December 12, 2023 |

| 8.B.4.a.  Fee Eligibility Appeals | A claimant may file an appeal to the Board from an RO eligibility determination that fees are payable from past-due benefits.  Bases may include that |

A claimant may file an appeal to the Board from an RO eligibility determination that fees are payable from past-due benefits.  Bases may include that

- the case for which a fee is being sought was not decided on a qualifying review from an initial decision
- the claimant did not sign a *VA Form 21-22a* authorizing representation from the agent or attorney seeking a fee, or
- the claimant did not sign a written agreement to pay an agent/attorney fee from past-due benefits.

***Important***:  Appeals from fee eligibility decisions are considered contested.  A party to a contested claim must file an appeal directly to the Board within 60 days of the date of the decision notice.  Decision notices on fee eligibility attach the VA Form 20-0998, Your Right to Seek Review of Our Decision, which provides information on how to appeal to the Board and time limits for appeals of contested claims.

***References***:  For more information on

- contested claims and appeals, see M21-1, Part VI, Subpart iii, 3
- reasonableness reviews, see M21-5, Chapter 8, Section B, 5
- organizational responsibility for handling appeals from direct pay fee eligibility determinations, see M21-5, Chapter 8, Section A, 2.a, and
- historical guidance on appeals prior to February 19, 2019, see the historical M21-1, Part I, 3.C attachment *Historical_M21-1I_3_SecC_4-28-17.docx*.

---

**8.B.4.b.**

**Prohibitions on Releasing Funds and Appeal Rights**

Regardless of whether the decision on eligibility to fees is an award or denial of fees, do not release funds until the period has expired for direct appeal to the Board or the Board has issued a decision on eligibility to fees.

***Important***:  VA does not honor requests to expedite payment of fees, even when the claimant and/or the agent or attorney have waived the right to appeal.

***Note***: The AAFC can determine if an appeal has been filed, and whether an appeal that has been filed is still pending, by reviewing the Board's Caseflow applications or the Veterans Appeals Control and Locator System (VACOLS) for legacy appeals.

***References***:  For more information on releasing funds when a fee determination

- has been appealed, see M21-5, Chapter 8, Section B, 4.c, and
- has not been appealed, see M21-5, Chapter 8, Section B, 4.d.

---

**8.B.4.c.**

**Releasing Funds When the Fee Decision Is Not Appealed**

The AAFC will check Caseflow (or VACOLS for legacy appeals) 65 days after the issuance of the direct pay fee decision to determine if an appeal was filed at the Board. Where the direct pay fee decision was not appealed and a reasonableness review request is not of record, funds will be released as provided in either M21-5, Chapter 8, Section B, 4.e or f, depending on whether or not an assessment is required in the case.

As specified in M21-4, Appendix B, EP 400 should be pending and must be cleared when funds are released. Pursuant to M21-5, Chapter 8, Section A, 2.b, this is a duty of the AAFC.

If fees have been previously released prior to final adjudication and an EP 400 is not pending, refer to the actions provided in M21-5, Chapter 8, Section B, 6.c.

**8.B.4.d.**

**Releasing Funds When an Assessment Is Required**

Except as provided by M21-5, Chapter 8, Section B, 4.f, the finance activity will withhold an assessment from payment to the agent or attorney prior to releasing the fees when fees are awarded to an accredited agent or attorney.

The table below describes the process for releasing funds for agent or attorney fees when an assessment is required.

| Stage | Who Is Responsible | Description |
|-------|--------------------|-------------|
| 1 | AAFC | Calculates the assessment, up to 5 percent of the fee amount, not to exceed $100.00, at the time the fee eligibility decision is prepared as provided in M21-5, Chapter 8, Section B, 3.e. |
| 2 | AAFC | When the 65-day appeal period has expired (or an appellate decision has been issued on a fee matter), <ul><li>prepares and sends *Fee Release Memorandum* via local procedures instructing finance activity to<ul><li>withhold the assessment (sets out the amount of the assessment), and</li><li>release fees</li></ul></li><li>uploads memo to the eFolder, and</li><li>establishes "Attorney Fee Release" tracked item to the EP 400 with a 10-day suspense, and</li><li>closes "Attorney Fee" tracked item.</li></ul> |
| 3 | finance activity | <ul><li>Pays the balance due to the agent or attorney based on current procedures</li><li>uploads the SF 1047/Public Voucher to the eFolder (legacy process) or ensures the fiscal print was successfully uploaded into the eFolder, and</li><li>informs the AAFC via local procedures that funds have been released.</li></ul> |
| 4 | AAFC | Clears EP 400. |

*Important*:
- The memorandum must include the name of the AAFC who prepared it.

- The finance activity will not release funds without a memorandum from the AAFC.

***Notes***:

- VA can deduct an assessment fee of up to 5 percent of the past-due benefit payment, up to $100, each time fees are paid under 38 CFR 14.636(h).  An assessment is required each time an award action is taken on an issue under the fee agreement, including on a reviewed or appealed "downstream" issue. ***Example***:  If the original issue was entitlement to SC, downstream issues would include a subsequent review request or appeal on the effective date of the grant and/or evaluation of the disability.
- Only one assessment of up to $100 is to be charged and deducted even if fees must be paid multiple times for different transactions (e.g., dependency, AEW) if the past-due benefits are based on the same rating.

The table below describes the process for releasing funds when an assessment is not required for cases in which the notice of disagreement was received on or before June 19, 2007.

| Stage | Who Is Responsible | Description |
|-------|--------------------|-------------|
| 1 | AAFC | • Prepares and sends *Fee Release Memorandum* via local procedures instructing finance activity to release fees<br>• uploads memo to the eFolder, and<br>• establishes "Attorney Fee Release" tracked item to the EP 400 with a 10-day suspense, and<br>• closes "Attorney Fee" tracked item. |
| 2 | finance activity | • Releases funds<br>• uploads the SF 1047 or fiscal print to the eFolder, and<br>• informs the AAFC via local procedures that funds have been released. |
| 3 | AAFC | Clears EP 400. |

*Important*:
• The memorandum must be signed by the AAFC who prepared it.
• The finance activity will not release funds without a memorandum from the AAFC.

**8.B.4.f.  Taking Action if the Claimant Dies Before the Decision Is Promulgated**

If the claimant dies after the rating decision is signed and dated by the decision maker, but before the decision is promulgated (in other words, before a portion of the award has been made available for payment of fees), the AAFC will

- calculate the amount of fees
- request transactions to make funds available for fees, and
- make a fee eligibility decision.

*Important*:  The AAFC must establish an EP 400 prior to calculating the amount of fees.

*Note*:  If there is no accrued claimant, then the balance of the past-due benefits (80 percent) is not released but is kept in VA's entitlement fund.

*Reference*:  For more information on accrued benefits, see M21-1, Part XI, Subpart ii, 3.

**8.B.4.g.  Mandatory Use of the *Fee Release Memorandum***

AAFCs must use the *Fee Release Memorandum* in all cases when VBMS-A is used to enter the agent/attorney fee deduction.

AAFCs will continue to use local station/legacy practices to release fees previously processed by finance prior to July 25, 2022.

## 5.  Reasonableness Review of Fees by the Office of General Counsel (OGC)

| | |
|---|---|
| Introduction | This topic contains information on OGC agent or attorney fee reasonableness reviews, including |

- what is a reasonableness review
- time limit for motions for reasonableness review
- referring claimant statements to OGC for consideration of reasonableness review
- referral required
  - by fee eligibility for multiple agents/attorneys, and
  - when agent/attorney loses VA-accreditation
- importance of prompt referrals to OGC
- process for referrals for reasonableness review, and
- reasonableness referral follow-up.

| | |
|---|---|
| **Change Date** | September 17, 2024 |

| | |
|---|---|
| 8.B.5.a. What Is a Reasonableness Review | A ***reasonableness review*** is an analysis and determination by OGC, initiated by a motion filed by the claimant/appellant (or by OGC's own motion) for review under 38 CFR 14.636(i), of whether a fee meets the requirement in 38 CFR 14.636(e) that fees be reasonable.

When conducting a reasonableness review, OGC rarely addresses issues of eligibility. OGC only addresses eligibility under 38 CFR 14.636(c) when the fee agreement does not instruct VA to pay the fee directly out of past-due benefits.

As contrasted with the bases for an appeal from a RO fee eligibility determination listed in M21-5, Chapter 8, Section B, 4.a, a motion for a reasonableness review is appropriate when a claimant believes that
- the agent or attorney did not earn the fee called for in the fee agreement
- the fee is too high, or
- the fee is otherwise unreasonable.

***Important***: Unauthorized representation and solicitation of fees by unaccredited attorneys or agents are serious matters and should be reported to OGC. Indications of predatory practices, fraud, or otherwise unlawful acts by representatives may also be reported to the OIG Hotline.

***Reference***: For more information on motions for reasonableness reviews see the OGC Fact Sheet, "How to Challenge a Fee." |

| | |
|---|---|
| **8.B.5.b.  Time Limit for Motions For Reasonableness Review** | OGC may only review the fee agreement on motion before the expiration of 120 days after final VA action. |
| | In most cases, final VA action means 120 days from the date of the fee decision. VA will refer *all* reasonableness requests to OGC for review. |
| | **Note**:  Release of fees may take place after 60 days if no direct appeal to the Board has been filed or no reasonableness review has been requested at that time. |

| | |
|---|---|
| **8.B.5.c.  Referring Claimant Statements to OGC for Consideration of Reasonableness Review** | Although 38 CFR 14.636(i) requires that a claimant file a motion for reasonableness review with OGC, refer the case to OGC for consideration of a reasonableness review when the claimant submits a statement to the AOJ,<br>• requesting review of a fee's reasonableness, or<br>• communicating that<br>   o the agent or attorney fee amount or percentage is too high or unreasonable<br>   o the agent or attorney did not earn the fee called for in the fee agreement<br>   o the agent or attorney should be paid for fees only until the date the representation was revoked, or<br>   o the claimant does not want to pay the agent or attorney. |

**Important**:
- The examples in this list are not exclusive.  For example, a document styled as an appeal in response to a RO decision finding an agent or attorney eligible for fees may also state, or be reasonably read as stating, that the claimant desires a reasonableness review.
- Do not refer the case for a reasonableness review solely on the basis that the fee agreement specifies a fee greater than 20 percent.  The intent of this block is to provide guidance on when statements received from the claimant should be referred to OGC so they can make the determination on whether reasonableness review is appropriate.

**References**:  For more information on
- required referral for reasonableness review in cases involving multiple agents or attorneys, see M21-5, Chapter 8, Section B, 5.d
- the RO process for referrals for reasonableness review, see M21-5, Chapter 8, Section B, 5.g, and
- the requirements for direct payment of fees and handling cases where an agreement shows a fee of greater than 20 percent, see M21-5, Chapter 8, Section A, 1.e.

| 8.B.5.d.  Referral Required by Fee Eligibility for Multiple Agents/Attorneys | An RO eligibility determination finding two or more agents/attorneys eligible for payment of fees must be referred to OGC for a reasonableness review regardless of whether the claimant submits any statement implicating reasonableness of fees. |
|---|---|

| 8.B.5.e.  Referral Required when Agent/Attorney Loses VA-Accreditation | The AAFC must submit a reasonableness review to OGC if an agent or attorney was previously accredited and validly represented a claimant for a period of time but lost accreditation prior to the decision granting entitlement. The AAFC mujst withhold for fees for the entire period and send the decision notice *Agent/Attorney Loss of Accreditation* to the agent/attorney and the claimant along with appeal rights. |
|---|---|
| | To identify the date accreditation was lost, the AAFC must email the OGC Accreditation Mailbox. |
| | **Reference**:  For more information on checking VA-accreditation see M21-5, Chapter 8, Section A, 3.b. |

| 8.B.5.f. Importance of Prompt Referrals to OGC | It is **urgent** to provide information necessary for OGC's reasonableness review **on the earliest possible date** after a statement is received from the claimant that can be construed as a possible reasonableness request or after a determination is made finding multiple agents or attorneys eligible to fees.  **Do not delay referral** of cases implicating reasonableness review to OGC. |
|---|---|
| | **Explanation**:  Timely action by the Veterans Benefits Administration in forwarding information to OGC on possible requests for reasonableness review maximizes the potential that in cases where a claimant's motion is deficient in some respect, OGC will be able to reach out to the claimant for corrective action before the expiration of the 120-day filing deadline. |

8.B.5.g. Process for Referrals for Reasonableness Review

The table below shows the process for referrals to OGC for their review and determination on reasonableness of fees.

| Stage | Description |
|-------|-------------|
| 1 | The AOJ informs the claimant and agent/attorney that it is forwarding a reasonableness review request/statement to OGC for evaluation of whether it meets the requirements. *Important*: Send the OGC Fact Sheet, "How to Challenge a Fee," with the notification. |

| Stage | Description |
|---|---|
| 2 | The AOJ provides information to OGC.   During this stage the AAFC e-mails OGC at OGCFeeReasonableness@va.gov<br>• explaining that either<br>  ○ the AOJ has received a written communication from the claimant that is possibly a request for reasonableness review,<br>  ○ two or more agents/attorneys have been found eligible for payment of fees, or<br>  ○ an agent or attorney was previously accredited and validly represented a claimant for a period of time but lost accreditation prior to the decision granting entitlement, and<br>• including<br>  ○ the written communication from the claimant interpreted as a reasonableness review, and<br>  ○ a copy of all applicable fee eligibility decisions.<br><br>*Notes*:<br>• The AAFC must<br>  ○ upload a copy of the e-mail to OGC into VBMS<br>  ○ change the EP 400-AFM to an EP 400-ORR and close the "Attorney Fee" tracked item previously established to control the 65-day suspense<br>  ○ add a new "Attorney Fee" tracked item with "referral to OGC" to the EP 400-ORR, and<br>  ○ ensure that the following fee-related documents are labeled in VBMS so that they can be identified by OGC:<br>    ▪ the fee agreement(s)<br>    ▪ all VA appointment forms (*VA Form 21-22a* and *VA Form 21-22, Appointment of Veterans Service Organization as Claimant's Representative*) for individuals and organizations that provided representation during the course of the claim, and<br>    ▪ the benefits decision that resulted in the award of fees. |
| 3 | Upon receipt of the claimant's information from the AOJ, OGC<br>• reviews the information provided<br>• reviews other documents as needed from the eFolder, and<br>• (if necessary) informs the claimant in writing of the requirements in 38 CFR 14.636(i) for requesting OGC review of the fee agreement for reasonableness. |

| Stage | Description |
|-------|-------------|
| 4 | Once a reasonableness decision has been issued by OGC, the AAFC will:<br><br>• release the funds as directed by OGC's decision. **Note**: If funds were previously released based on expiration of the appeal period (this may occur when the reasonableness request is submitted directly to OGC or simply received after the 65-day appeal period), due process procedures may need to be followed to recoup the funds. *In this scenario, the EP 400-ORR should remain active until finance recoupment of funds and proper re-disbursement is completed*.<br>• close the "Attorney Fee" tracked item with "referral to OGC" and<br>• clear EP 400-ORR |

8.B.5.h.

Reasonableness Referral Follow-Up

OGC decides reasonableness reviews based upon the date that VBA refers the case to OGC (or when the reasonableness review request is received from the claimant). As such, AAFCs should not send any status requests to OGC unless the referral date is prior to the date published in the monthly Agent and Attorney Fee Call Bulletin (provided monthly by OGC).

If an AAFC receives a case based on expiration of the 60-day suspense period, they should ensure that the case was properly referred to OGC and update the suspense for another 60 days without follow-up when the referral date is after the date published in the monthly Agent and Attorney Fee Call Bulletin.

## 6. Corrective Action for Failure to Make Funds Available For Payment of Fees and Recouping Fee Payments

Introduction | This topic contains information on failure to withhold amounts from past-due benefits or otherwise make funds available for payment of fees, including

- when to consider action for failure to make funds available for fees
- effect of VA failure to make funds available on fee entitlement
- corrective action for failure to make funds available for payment of fees when
    - the award did not result in a retroactive payment, and
    - a retroactive payment of past-due benefits has been released, and
- recovery of fees paid by VA in the absence of a non-recurrent payment to the claimant because of an offset/reduction.

**Change Date** | March 6, 2024

**8.B.6.a. When to Consider Action for Failure to Make Funds Available for Fees**

Corrective action is required when

- substantive and procedural requirements in 38 CFR 14.636(g) have been met,
- contains additional fee terms specified in 38 CFR 14.636(h) to the extent consistent with case law,
- VA failed to perform financial transactions to make funds available for direct payment of fees before an award of past-due benefits was made as required in M21-5, Chapter 8, Section B, 2, **and**
- the failure is either
  - discovered after VA has awarded and released past-due benefits to the claimant, **or**
  - discovered in cases where there the award did not include a non-recurrent payment to the claimant because of an offset or reduction as provided in M21-5, Chapter 8, Section B, 2.e.

**Note**:  VA's failure to perform finance transactions to make funds available for payment of fees in cases where the award did not result in a non-recurrent payment because of a qualifying offset/reduction, requires corrective action only when the fee issue was pending on or after January 30, 2020 – the date of *Rosinski v. Wilkie*, 32 Vet. App. 264 (2020).  Prior to that date, VA's interpretation of 38 CFR 14.636(h) was that, with certain exceptions, a fee agreement would only be honored and fees could only be paid under the direct fee pay program if the past-due benefits awarded resulted in a non-recurrent payment to the claimant from which owed fee amounts could be withheld.

An assertion or discovery after January 30, 2020, that VA failed to perform finance transactions to make funds available for payment of fees in a fee case falling under the *Rosinski* holding, but finally decided prior to the date of that holding, requires no corrective action.

**References**:  For more information on
- guidance on withholding, paying fees and corrective action for failure to withhold prior to the January 30, 2020, decision in *Rosinski*, see the historical M21-1, Part I, 3.C attachment *Historical_M21-1I_3_SecC_1-24-20.docx*, and
- guidance on entitlement criteria applicable prior to February 19, 2019, see the historical M21-1, Part I, 3.C attachment *Historical_M21-1I_3_SecC_4-28-17.docx*.

**8.B.6.b. Effect of VA Failure to Make Funds Available on Fee Entitlement**

VA's failure to perform financial transactions to make funds available for possible direct payment of fees does not relieve VA of its obligation to pay an agent or attorney the fees due.

8.B.6.c.
Corrective Action for Failure to Make Funds Available for Payment of Fees when the Award did not Result in a Retroactive Payment

When VA has failed to perform financial transactions to make funds available for direct payment of fees and it was asserted or discovered *after* an award was completed that did not result in a retroactive payment to the claimant due to qualifying reduction/offset, follow the chart below to take corrective action (Complete *Rosinski):*

| Stage | Who Is Responsible | Description |
|---|---|---|
| 1 | AAFC (Initial Reviewer) | • Calculates the appropriate amount of fees as specified in M21-5, Chapter 8, Section B, 2<br>• establishes an EP 400 "Attorney Fee Memo" with the date of claim as the date of the award action that failed to withhold fees<br>• adds "Attorney Fee" tracked item with a 3-day suspense, and<br>• routes the calculator to the AAFC authorizer for review. |
| 2 | AAFC (Authorizer) | Verifies the accuracy of the calculator.<br>• If correct, the processing moves on to Stage 3.<br>• If incorrect, uses the deferral functionality in VBMS to return for correction. |
| 3 | AAFC (Authorizer) | • Uploads the calculator to the eFolder<br>• closes "Attorney Fee" tracked item for the calculator review, and<br>• reviews the eFolder to determine if past due benefits were released based on the processing of an Audit Error Worksheet.<br>  ○ If the past due benefits were *NOT* released, move to Stage 4.<br>  ○ If the past due benefits *WERE* released, follow the guidance in M21-5, Chapter 8, Section B, 6.d to notify the claimant of the failure to withhold and establish a debt. |

| Stage | Who Is Responsible | Description |
|-------|-------------------|-------------|
| 4 | AAFC (Authorizer) | • Adds "Attorney Fee" tracked item with a 65-day suspense<br>• sends the *All Requirements Met, Calculations With Offset Summary Of The Case Fee Decision* letter to the agent/attorney and claimant, and<br>• performs a one-time clear of EP 290, with the date of claim as the date the fee decision notice is generated. |
| 5 | AAFC (Authorizer) | After expiration of the 65-day suspense:<br>• reviews the eFolder to confirm that the past due benefits are still being withheld due to a reduction/offset<br>• requests that the finance activity initiates the required transactions by completing and sending a *Fee Release Memorandum* selecting the action box labeled "No Fee Withheld"<br>• closes "Attorney Fee" tracked item, and<br>• establishes "Attorney Fee Release" tracked item with a 10-day suspense. |
| 6 | finance activity | Releases funds and uploads verification to the eFolder. |
| 7 | AAFC (Authorizer) | Closes "Attorney Fee Release" tracked item and clears EP 400. |

***References***:  For more information on
- calculating the amount that should have been made available for payment of fees, see M21-5, Chapter 8, Section B, 2
- guidance on withholding, paying fees and corrective action for failure to withhold prior to the January 30, 2020, decision in *Rosinski*, see the historical M21-1, Part I, 3.C attachment *Historical_M21-1I_3_SecC_1-24-20.docx*
- guidance on entitlement criteria applicable prior to February 19, 2019, see the historical M21-1, Part I, 3.C attachment *Historical_M21-1I_3_SecC_4-*

*28-17.docx*, and

- the Letter Creator tool, see the *Letter Creator User Guide*.

**8.B.6.d.**

**Corrective Action for Failure to Make Funds Available for Payment of Fees when a Retroactive Payment of Past-Due Benefits has been Released**

When VA has failed to perform financial transactions to make funds available for direct payment of fees and it was asserted or discovered *after* a claimant has already received a retroactive payment of past-due benefits, follow the chart below to take corrective action (Non-*Rosinski*/Partial *Rosinski)*:

| Stage | Who Is Responsible | Description |
|-------|-------------------|-------------|
| 1 | AAFC<br>(Initial Reviewer) | • Calculates the appropriate amount of fees as specified in M21-5, Chapter 8, Section B, 2<br>• establishes an EP 400 "Attorney Fee Memo" with the date of claim as the date of the award action that failed to withhold fees<br>• adds "Attorney Fee" tracked item with a 3-day suspense, and<br>• routes the calculator to the AAFC authorizer for review. |
| 2 | AAFC<br>(Authorizer) | Verifies the accuracy of the calculator.<br>• If correct, the processing moves on to Stage 3.<br>• If incorrect, uses the deferral functionality in VBMS to return for correction. |

| Stage | Who Is Responsible | Description |
|-------|-------------------|-------------|
| 3 | AAFC (Authorizer) | <ul><li>Digitally signs and uploads the calculator to the eFolder</li><li>closes "Attorney Fee" tracked item for the calculator review, and clears EP 400</li><li>contacts the claimant via telephone to explain the failure to withhold situation</li><li>documents the contact on VA Form 27-0820, *Report of General Information*, and uploads to the eFolder.</li><li>sends the agent/attorney and the claimant the *All Requirements Met, Fees Not Withheld Summary Of The Case Fee Decision*, and</li><li>performs a one-time clear of EP 290, with the date of claim as the date the fee decision notice is generated.</li></ul><br>At the same time the fee decision is sent:<ul><li>sends the *Debt to Veteran for Failure to Withhold Attorney Fee Letter* only to the claimant and current representative (if any)</li><li>establishes an EP 600, in accordance with the note below, and</li><li>adds corresponding "Attorney Fee" tracked item with a 65-day suspense.</li></ul> |

| Stage | Who Is Responsible | Description |
|---|---|---|
| 4 | AAFC (Authorizer) | When the 65-day suspense has expired: <ul><li>prepares, uploads to the efolder, and sends the *Fee Release Memorandum* to communicate to finance activity to initiate the required transaction to pay the agent/attorney and establish a debt on the claimant</li><li>establishes "Attorney Fee Release" tracked item with a 10-day suspense, ***and then***</li><li>closes "Attorney Fee" tracked item.</li></ul> |
| 5 | finance activity | Releases funds, establishes a debt, and uploads verification to the eFolder. |
| 6 | AAFC (Authorizer) | <ul><li>Sends the *Fee Recoupment Procedures – Final Notice* letter only to the claimant and current representative (if any) and</li><li>closes "Attorney Fee Release" tracked item and clear the EP 600.</li></ul> |

**Note**: In cases where the claims processor correctly performed the necessary finance transactions to make funds available, but due to system failure only part of the fee was correctly deducted, procedures found in this block should only be performed for the *amount that did not properly withhold*. A review of the initial fee decision and audit should be completed, and if accurate and uncontested by either party, the amount that *did properly deduct*, should be released following the initial 65-day appeal period.

**Important**: The AAFC must select the appropriate EP 600 based on the claim type for which the failure to process agent/attorney fees was based upon:

- EP 600 - Attorney Fee Predetermination Notice - Rating: non-DROC related compensation rating workload.
- EP 600 - Attorney Fee Predetermination Notice - NR: non-DROC related compensation non-rating workload.
- EP 600 - DROC - Attorney Fee Predetermination Notice: all DROC related workload.
- EP 600 - PMC - Atty Fee Predetermination Notice - Rating: non-DROC related PMC rating workload (Pension, DIC, Month of Death, and Burial

Benefits).

- EP 600 - PMC - Attorney Fee Predetermination Notice - NR: non-DROC related PMC non-rating workload (Pension, DIC, Month of Death, and Burial Benefits).

Following the 65-day appeal period, end products with the above claim labels are routed by the National Work Queue (NWQ) to all stations based on available capacity and the identified work group (Rating, Non-Rating, DROC, Pension, etc.) identified by the selected claim label.

**References**:  For more information on

- calculating the amount that should have been made available for payment of fees, see M21-5, Chapter 8, Section B, 2
- guidance on withholding, paying fees and corrective action for failure to withhold prior to the January 30, 2020, decision in *Rosinski*, see the historical M21-1, Part I, 3.C attachment *Historical_M21-1I_3_SecC_1-24-20.docx*
- guidance on entitlement criteria applicable prior to February 19, 2019, see the historical M21-1, Part I, 3.C attachment *Historical_M21-1I_3_SecC_4-28-17.docx*, and
- the Letter Creator tool, see the *Letter Creator User Guide*.

**8.B.6.e.**

**Recovery of Fees Paid by VA In the Absence of a Non-Recurrent Payment to the Claimant Because of Offset/Reduction**

When VA pays fees to an agent or attorney based on an award that did not result in a non-recurring payment to the claimant, VA cannot recover the fees by creating a debt against future benefits paid to the claimant.

However, VA may recoup the agent/attorney fees previously paid in such circumstances by reducing the retroactive payment from a subsequent award of benefits to the claimant *if* that award covers the same past-due benefits period as the prior award for which agent/attorney fees were paid.

*Example*: An award of past-due benefits did not result in a retroactive payment to a military retiree because of the Veteran's receipt of MRP. Fees of 20 percent of the pre-reduction amount of the award are paid and released by finance from VA appropriation funds to the attorney. An AEW is subsequently generated, authorizing Concurrent Retirement and Disability Pay (or Combat Related Special Compensation). The Veteran is now entitled to a retroactive payment for the same past-due benefits period covered by the prior award. VA must reduce the Veteran's non-recurrent compensation payment in the amount of attorney fees that VA previously paid.

If the AEW results in an award covering a later period than for which fees were previously paid, VA would not be permitted to recoup fees that VA paid from the non-recurrent compensation due to the Veteran because that compensation would constitute future benefits with respect to that particular attorney fee.

*Note*: All Benefit Eligibility Support Team (BEST) AAFCs processing AEWs that involve fees that *will be* or *were* paid from VA funds must establish a collectible receivable (04E transaction) prior to the authorization of the AEW award, regardless if the AEW was generated prior to or after the release of funds. BEST AAFCs will determine the amount of the collectible receivable (04E) by analyzing the net effect of the award that granted and withheld benefits (ex. award processing a higher-level review grant with military retired pay withholdings) and the fee deduction. The collectible receivable established (04E) will send the funds directly to appropriations (VA funds).

The AAFC should send a memorandum with the below language to finance prior to promulgation of the award.

"Please process an 04E transaction for **[amount of fee]** to recoup from the claimant the agent/attorney fees paid/to be paid via VA funds related to award action dated **[enter date of associated award with insufficient funds]**. When complete, please notify the AAFC **[name of employee who submitted the request]**."

*Reference*:  For more information on processing AEWs, see M21-1, Part VI, Subpart ii, 4.E.

## 7.  Exhibit 1:   Decision Notice – *Direct Pay Fee Agreement Filed by More Than One Agent/Attorney*

Introduction

This topic contains a sample notice to send the agent or attorney and claimant when more than one attorney/agent has filed a direct pay fee agreement.

**Change Date**

December 22, 2022

**8.B.7.a.  Decision Notice –More Than One Agent/Attorney Filed a Direct-Pay Fee Agreement**

Below is a sample notice to send the agent or attorney and claimant when more than one attorney/agent has filed a direct pay fee agreement.

***Note***:  Send a copy of the direct pay fee decision shown below to each agent or attorney and to the claimant.

**[Attorney/Agent's OR Claimant's Name]**
**[Attorney/Agent's OR Claimant's Address]**

Re: **[Veteran's claim number and claimant's name]**

Dear **[attorney/agent's OR claimant's name]**:

**Summary of the Case**

**[Attorney/Agent 1 name]** and **[Attorney/Agent 2 name]** each filed a direct pay fee agreement in the above-cited case.

In a **[rating or Court or Board of Veterans' Appeals]** decision dated **[date]**, benefits were awarded for the following issue(s): **[issues decided]**. **[20 percent (or less depending on the terms of the fee agreements)]** of past-due benefits, amounting to **[amount]** has been withheld for possible payment of fees.

**Requirements for Direct Payment of Fees**

38 CFR 14.636 provides that agents or attorneys may charge a claimant fees for representation after notice of an initial decision on a claim has been issued, if

- the initial decision on a claim was on or after February 19, 2019, and
- the agent or attorney has complied with regulatory power of attorney requirements in 38 CFR 14.631 and fee agreement requirements in 38 CFR 14.636(g).

In addition, 38 CFR 14.636(h), provides that if a fee agreement specifies that fees are to be paid directly by VA to an agent or attorney from past-due benefits, the following requirements must be met for direct payment of fees:

- The total fee payable cannot exceed 20 percent of past-due benefits.
- The fee must be contingent on a favorable outcome.
- The award of past-due benefits must result in a non-recurrent payment to the claimant.

Prior to February 19, 2019, representation for a fee was only permitted after a notice of disagreement (NOD) was filed. However, for NODs filed on or before June 19, 2007, agents and attorneys may charge only for services provided where the following two additional requirements are met:

- A final decision was promulgated by the Board of Veterans' Appeals (BVA) with respect to the issue, or issues, involved in the appeal.
- The attorney or agent was retained not later than one year following the date that the BVA decision was promulgated.

- This requirement will be met with respect to all successor attorneys or agents acting in the continuous prosecution of the same matter if the predecessor was hired within the required timeframe.
- This limitation does not apply if the agent or attorney was retained while the case was pending before a court.

**What We Decided and Why**

**[Use the following paragraph if each attorney/agent is entitled to the entire 20% (or less) fee:]**

In this case, all of the requirements for direct payment of fees have been met by both **[attorney/agent 1]** and by **[attorney/agent 2]**. Since each attorney/agent meets the legal criteria for payment of the entire 20 percent of past-due benefits, the case will be immediately referred to the Office of General Counsel (OGC) for a reasonableness determination (prior to expiration of the appeal period) and fees will not be distributed until OGC determines the amount, if any, that is reasonably payable to each representative from the 20 percent.

**[Use the following paragraph if only one attorney/agent is legally entitled to fees, but not the other.]**

In this case, all of the requirements for direct payment of fees have been met by **[attorney/agent 1]** but not by **[attorney/agent 2]**. The following criteria have not been met by **[attorney/agent 2]: [List criteria that were not met. Use the current regulation for representation related to an initial decision issued on or after February 19, 2019. Use the prior law applicable at the time (see 38 CFR 14.63 and M21-1 Part I, 3.C) where a NOD was filed on or after June 20, 2007, or on or before June 19, 2007.]** As a result, if no appeal is received in accordance with the attached notice, VA will pay **[attorney or agent 1]** a fee in the amount of **[amount after assessment deducted]**. Per 38 CFR 14.636(h), an assessment in the amount of **[amount]** has been deducted from the fees.

**[Use the following paragraph if neither attorney/agent is entitled to direct payment of fees:]**

Direct payment of fees is denied because neither representative has met the following requirement or requirements:

**[List the requirement or requirements that have not been met by each attorney/agent. Use the current regulation for representation related**

to an initial decision issued on or after February 19, 2019.  Use the prior law applicable at the time where a NOD was filed on or after June 20, 2007, or on or before June 19, 2007.]

**What You Should Do If You Disagree With Our Decision**

If you do not agree with this contested claim decision, you have 60 days from the date of this letter to seek further review.

Please see the enclosed *VA Form 20-0998, Your Right To Seek Review Of Our Decision*.  It explains your options for an additional review.  You may obtain any of the required applications by downloading them from www.va.gov/vaforms/ or by contacting us.  You can also learn more about the disagreement process at www.va.gov/decision-reviews.   If you would like to obtain or access evidence used in making this decision, please contact us as noted below.   Some evidence may be obtained by signing in at www.va.gov.

Sincerely,

Veterans Service Center Manager OR Pension Management Center Manager

*Enclosures: VA Form 20-0998, Your Right to Seek Review Of Our Decision*
           *Where to Send Written Correspondence*

## 8.  Exhibit 2:   Decision Notice – *No Direct Pay Fee Agreement was Filed*

| | |
|---|---|
| Introduction | This topic contains a sample notice to send the agent or attorney and claimant when a subsequent denial of fees is necessary based on a valid fee agreement that was associated with the file after authorization of payment, due to a missing VA file number or Social Security Number. |
| **Change Date** | December 22, 2023 |

**8.B.8.a. Decision Notice – No Direct Pay Fee Agreement was Filed**

Below is a sample notice to send the agent or attorney and claimant when a subsequent denial of fees is necessary based on a valid fee agreement that was associated with the file after authorization of payment, due to a missing VA file number or Social Security Number.

**[Attorney/Agent's OR Claimant's Name]**
**[Attorney/Agent's OR Claimant's Address]**

Re: **[Veteran's claim number and claimant's name]**

Dear **[attorney/agent's OR claimant's name]**:

**Summary of the Case**

A valid direct-pay fee agreement was filed with the Department of Veterans Affairs (VA), requesting direct payment of **[Percentage Withheld]**% of the award of past-due benefits.

In a **[rating or Court or Board of Veterans' Appeals]** decision dated **[date]**, benefits were awarded for the following issue(s):  **[issues decided]**.

The amount of past-due benefits, which is computed from the effective date of the award through the date of the decision, is $**[Retroactive Amount for Fees]**. The amount withheld for fees is $**[Agent/Attorney Fee]** which is **[Fee Percentage]**% of past-due benefits.

**Requirements for Direct Payment of Fees**

38 CFR 14.636 provides that agents or attorneys may charge a claimant fees for representation after notice of an initial decision on a claim has been issued, if

- the initial decision on a claim was on or after February 19, 2019, and
- the agent or attorney has complied with regulatory power of attorney requirements in 38 CFR 14.631 and fee agreement requirements in 38 CFR 14.636(g).

In addition, 38 CFR 14.636(h), provides that if a fee agreement specifies that fees are to be paid directly by VA to an agent or attorney from past-due benefits, the following requirements must be met for direct payment of fees:

- The total fee payable cannot exceed 20 percent of past-due benefits.
- The fee must be contingent on a favorable outcome.
- The award of past-due benefits must result in a non-recurrent payment to the claimant.

Prior to February 19, 2019, representation for a fee was only permitted after a notice of disagreement (NOD) was filed. However, for NODs filed on or before June 19, 2007, agents and attorneys may charge only for services provided where the following two additional requirements are met:

- A final decision was promulgated by the Board of Veterans' Appeals (BVA) with respect to the issue, or issues, involved in the appeal.

- The attorney or agent was retained not later than one year following the date that the BVA decision was promulgated.
    - This requirement will be met with respect to all successor attorneys or agents acting in the continuous prosecution of the same matter if the predecessor was hired within the required timeframe.
    - This limitation does not apply if the agent or attorney was retained while the case was pending before a court.

**What We Decided and Why**

No direct pay fee agreement was associated with the claims folder prior to the release of past-due benefits, due to non-compliance with the requirement to include the file number or SSN per 38 CFR 14.636(g). Therefore, direct payment of fees is denied.

**What You Should Do If You Disagree With Our Decision**

If you do not agree with this contested claim decision, you have 60 days from the date of this letter to seek further review in order to preserve your earliest effective benefit date.

Please see the enclosed *VA Form 20-0998, Your Right To Seek Review Of Our Decision*. It explains your options for an additional review. You may obtain any of the required applications by downloading them from www.va.gov/vaforms/ or by contacting us. You can also learn more about the disagreement process at www.va.gov/decision-reviews. If you would like to obtain or access evidence used in making this decision, please contact us as noted below. Some evidence may be obtained by signing in at www.va.gov.

Sincerely,

Veterans Service Center Manager OR Pension Management Center Manager

*Enclosure: VA Form 20-0998, Your Right to Seek Review of Our Decision*
           *Where to Send Written Correspondence*

| Introduction | This topic contains a sample notice to send the agent or attorney and claimant when requirements for the entitlement to agent/attorney fees exist but there is an existing debt to the United States Government. |
|---|---|
| **Change Date** | December 22, 2023 |

**8.B.9.a Decision Notice – Fee Cases Involving Debts to the United States Government**

Below is a sample notice to send the agent or attorney and claimant when the requirements for entitlement to agent/attorney fees exist but there is an existing debt to the United States Government.

**[Attorney/Agent's OR Claimant's Name]**
**[Attorney/Agent's OR Claimant's Address]**

Re: **[Veteran's claim number and claimant's name]**

Dear **[attorney/agent's OR claimant's name]**:

**Summary of the Case**

A valid direct-pay fee agreement was filed with the Department of Veterans Affairs (VA), requesting direct payment of **[Percentage Withheld]**% of the award of past-due benefits.

In a **[rating or Court or Board of Veterans' Appeals]** decision dated **[date]**, benefits were awarded for the following issue(s): **[issues decided]**. The amount of past-due benefits, which is computed from the effective date of the award through the date of the decision, is $**[Retroactive Amount for Fees]**.

**The claimant has an existing debt to the United States Government that may completely or partially exceed the amount of past-due benefits. The Office of General Counsel Precedent Opinion, VAOPGCPREC 12-93, directs VA to satisfy the debt to the United States Government prior to the direct payment of fees under 38 U.S.C. § 5314. This decision outlines any entitlement to fees. However, the VA may not be able to carry out the direct payment of fees based on the amount of existing debt. Any remaining funds will be used to satisfy the direct pay fee agreement. Any funds that cannot be paid directly by the VA should be handled outside of VA processing.**

**Requirements for Direct Payment of Fees**

38 CFR 14.636 provides that agents or attorneys may charge a claimant fees for representation after notice of an initial decision on a claim has been issued, if
- the initial decision on a claim was on or after February 19, 2019, and
- the agent or attorney has complied with regulatory power of attorney requirements in 38 CFR 14.631 and fee agreement requirements in 38 CFR 14.636(g).

In addition, 38 CFR 14.636(h), provides that if a fee agreement specifies that fees are to be paid directly by VA to an agent or attorney from past-due benefits, the following requirements must be met for direct payment of fees:
- The total fee payable cannot exceed 20 percent of past-due benefits.
- The fee must be contingent on a favorable outcome.

- The award of past-due benefits must result in a non-recurrent payment to the claimant.

Prior to February 19, 2019, representation for a fee was only permitted after a notice of disagreement (NOD) was filed. However, for NODs filed on or before June 19, 2007, agents and attorneys may charge only for services provided where the following two additional requirements are met:

- A final decision was promulgated by the Board of Veterans' Appeals (BVA) with respect to the issue, or issues, involved in the appeal.
- The attorney or agent was retained not later than one year following the date that the BVA decision was promulgated.
  - This requirement will be met with respect to all successor attorneys or agents acting in the continuous prosecution of the same matter if the predecessor was hired within the required timeframe.
  - This limitation does not apply if the agent or attorney was retained while the case was pending before a court.

**What We Decided and Why**
(Use the decision paragraph below if the debt exceeds the fee)

The claimant has an existing debt to the United States Government in the amount of $[list debt amount], which exceeds the past-due benefits. Therefore, this case is not eligible for the direct payment of fees.

(Use the decision paragraph below if the debt does not exceed the fee)

The claimant has an existing debt to the United States Government in the amount of $[list debt amount], which will reduce the past-due benefits available for the direct payment of fees. As a result, VA will withhold from the award and pay the agent or attorney fees of $[amount available after the debt minus the assessment fee]. VA will deduct an assessment of $[assessment fee amount]. The remaining $[fee amount that cannot be paid via direct payment] is not eligible for the direct payment of fees.

**What You Should Do If You Disagree With Our Decision**

If you do not agree with this contested claim decision, you have 60 days from the date of this letter to seek further review in order to preserve your earliest effective benefit date.

Please see the enclosed *VA Form 20-0998, Your Right To Seek Review Of Our Decision*. It explains your options for an additional review. You may obtain any of the required applications by downloading them from www.va.gov/vaforms/ or by contacting us. You can also learn more about

the disagreement process at www.va.gov/decision-reviews.   If you would like to obtain or access evidence used in making this decision, please contact us as noted below.   Some evidence may be obtained by signing in at www.va.gov.

Sincerely,

Veterans Service Center Manager OR Pension Management Center Manager

Enclosure:  VA Form 20-0998, Your Right to Seek Review of Our Decision
                    Where to Send Written Correspondence

<-- Previous Section  Next Section -->

To Top
You can view this article at:
https://www.knowva.ebenefits.va.gov/system/templates/selfservice/va_ssnew/help/customer/locale/en-US/portal/554400000001018/content/554400000205497/M21-5-Chapter-8-Section-B-Processing-a-Case-Seeking-Direct-Payment-of-Fees

# EXHIBIT C

# Key Changes

| Changes Included in This Revision | The table below describes the changes included in this revision of Veterans Benefits Manual M21-5, Chapter 8, Section B "Processing a Case Seeking Direct Payment of Fees." |

*Notes*:
- The term *regional office* (*RO*) also includes pension management center (PMC) and decision review operations center (DROC), where appropriate.
- Unless otherwise noted, the term "claims folder" refers to the official, numbered, Department of Veterans Affairs (VA) repository – whether paper or electronic – for all documentation relating to claims that a Veteran and/or their survivors file with VA.
- Minor editorial changes have also been made to improve clarity and readability.

| Reason(s) for Notable Change | Citation |
|---|---|
| To update process for possible direct payment of fees. | M21-5, Chapter 8, Section B, Topic 1, Block a |
| To update process for direct payment of fees when incompetency is proposed. | 8.B.1.b |
| To update procedures on when to request finance transactions or utilize award actions for possible direct payment of fees. | 8.B.2.a |
| To remove block - award actions to effectuate a fee deduction and make funds available for payment of fees. The delineation is no longer necessary due to a new financial transaction. | 8.B.2.h |
| To add block - handling cases involving an existing debt against the United States Government. | 8.B.2.i |
| To update language in the *No Direct Pay Fee Agreement Filed* sample letter | 8.B.8 |
| To add new exhibit - decision notice – fee cases involving debts to the United States Government. | 8.B.9 |

| Authority | By Direction of the Under Secretary for Benefits |

| Signature | Timothy Sirhal, Executive Director
Office of Administrative Review |

# Section B.  Processing a Case Seeking Direct Payment of Fees

## Overview

**In This Section**    This section contains the following topics:

| Topic | Topic Name |
|---|---|
| 1 | Process for Considering Direct Payment of Fees |
| 2 | Making Funds Available for Potential Payment of Fees and Authorizing the Claimant's Award |
| 3 | Making the Fee Eligibility Decision and Sending Decision Notice |
| 4 | Releasing Funds and Appeals of Eligibility Determinations |
| 5 | Reasonableness Review of Fees by the Office of General Counsel (OGC) |
| 6 | Corrective Action for Failure to Make Funds Available for Payment of Fees and Recouping Fee Payments |
| 7 | Exhibit 1:  Decision Notice – *Direct Pay Fee Agreement Filed by More Than One Agent/Attorney* |
| 8 | Exhibit 2:  Decision Notice – *No Direct Pay Fee Agreement was Filed* |
| 9 | Exhibit 3:  Decision Notice – *Fee Cases Involving Debts to the United States Government* |

# 1. Process for Considering Direct Payment of Fees

| Introduction | This topic contains information on the process for considering direct payment of fees, including

• process for possible direct payment of fees, and
• direct payment of fees when incompetency is proposed. |

| Change Date | <mark>December ~~12~~ 22, 2023</mark> |

| 8.B.1.a. Process for Possible Direct Payment of Fees | The table below describes the process to follow for the possible direct payment of fees.  AAFCs should reference M21-5, Chapter 8, Section B.2.a to determine when a fee deduction is required. |

| Stage | Who Is Responsible | Description | Reference |
|-------|--------------------|-------------|-----------|
| 1 | AAFC (Initial reviewer) | • In VBMS-A, enters all necessary award decisions (ex: dependency, offsets, basic eligibility) ***prior to*** navigating to the "Agent/Attorney Fee" tab<br>• Calculates the amount of fees using the VBMS-A *Automated Fee Calculator* found in the "Agent/Attorney Fee" tab, unless there is an exception.  See M21-5, Chapter 8, Section B, 2.a-b<br>    ○ Enter the "Fee Percentage"<br>    ○ Enter the "Calculate Through Date" (Date of Decision)<br>    ○ If there is no assessment fee, uncheck "Apply | • M21-5, Chapter 8, Section A, 2.b, and<br>• M21-5, Chapter 8, Section B, 2.b-g |

| | | | |
|---|---|---|---|
| | | Assessment Fee" box<br>   ◦ Click "Calculate Agent/Attny Fee"<br>• Completes the manual *Agent/Attorney Fee Calculator* and ensures the automated VBMS-A *Automated Fee Calculator* amounts match<br>   ◦ If there is a discrepancy, utilize the override functionality<br><br>• Generates the award as specified in M21-1, Part VI, Subpart i, 1.A.2.c<br>• Adds the "Attorney Fee" tracked item with a three-day suspense, and<br>• routes the award to an AAFC authorizer, making the *Agent/Attorney Fee Calculator* available for review. | |
| 2 | AAFC (Authorizer) | Verifies the "Fee Percentage," "Calculate Through Date," and "Apply Assessment Fee" fields have been correctly entered in VBMS-A.  Verifies accuracy of the *Agent/Attorney Fee Calculator.*<br><br>• If correct, the processing moves on to Stage 3. | • M21-5, Chapter 8, Section A, 2.b, and<br>• M21-5, Chapter 8, Section B, 2.f. |

| | | | |
|---|---|---|---|
| | | • If incorrect, uses the deferral functionality in VBMS to return for correction. | |
| 3 | AAFC (Authorizer) | • Uploads the calculator to the eFolder, including the names of the preparer and approver<br>• takes and uploads a screenshot of all applicable current award lines from the "Award Information" screen<br>• prepares decision notices on direct payment of fees to the claimant and agent/attorney<br>• performs a one-time clear of EP 290, with date the fee decision notice is generated as the date of claim<br>• review the award information screen to determine if there is an existing debt to the United States Government, see M21-5, Chapter 8, Section B.2.i<br>• ensures decision notice to the claimant and representative are released<br>• establishes an End Product (EP) 400 for control as specified in M21-4, Appendix B with date the decision notice is | • M21-5, Chapter 8, Section A.2.b, and<br>• M21-5, Chapter 8, Section B.2.f. |

| | | | |
|---|---|---|---|
| | | generated as the date of claim, and<br>• establish "Attorney Fee" tracked item to the EP 400, updating the suspense to reflect 65 days from the date on the fee decision notice. | |
| 4 | Board of Veterans' Appeals (Board)/U.S. Court of Appeals for Veterans Claims (CAVC) | Determines the issue of entitlement to direct payment of fees.<br><br>***Important***:  In fee cases where there is no appeal, the processing moves from Stage 3 to 5. | M21-5, Chapter 8, Section B, 4. |
| 5 | AAFC | When the 65-day period has expired for direct appeal to the Board and no appeal or reasonableness review has been filed (or an appellate decision has been issued on a fee matter),<br>• prepares and sends *Fee Release Memorandum* instructing finance activity to release funds<br>• uploads *memo* to the eFolder, and<br>• establishes "Attorney Fee Release" tracked item to the EP 400 with a 10-day suspense. | • M21-5, Chapter 8, Section A, 2.b<br>• M21-5, Chapter 8, Section B. 4, and<br>• M21-5, Chapter 8, Section B, 2.g. |
| 6 | finance activity | Releases funds and uploads verification to the eFolder that funds have been released. | M21-5, Chapter 8, Section B, 4. |
| 7 | AAFC | Clears EP 400. | • M21-5, Chapter 8, Section A, 2.b, and<br>• M21-5 Chapter 8, |

| | | | Section B, 4. |
|---|---|---|---|
| | | | |

---

**8.B.1.b. Direct Payment of Fees When Incompetency is Proposed**

The table below describes additional procedures to complete a *Pending Fiduciary Withholding Calculator* in conjunction with the guidance outlined in M21-5, Chapter 8, Section B, 1.a for the possible direct payment of fees when there is a proposal of incompetency.

| Stage | Who Is Responsible | Description |
|---|---|---|
| 1 | AAFC (Initial Reviewer) | • After completing the *Agent/Attorney Fee Calculator* and the VBMS-A *Automated Fee Calculator*, calculates the amount of retroactive funds to be withheld using the *Pending Fiduciary Withholding Calculator,* and<br>• enters individual withholding lines for "pending appointment of fiduciary" on the "Other Adjustments" tab in VBMS-A.<br><br>***Important***:  The net effect on the award must reflect the exact amount of fees due to the agent/attorney. |
| 2 | AAFC (Authorizer) | Verifies the accuracy of "Fee Percentage," "Calculate Through Date," and "Apply Assessment Fee" fields in the VBMS-A *Automated Fee Calculator*. Verifies the accuracy of the *Pending Fiduciary Withholding Calculator* and ensures the "pending appointment of fiduciary" withholding lines were entered correctly.  Verifies the net effect matches the "Agent/Attorney Fee" deduction amount in VBMS-A.<br><br>• If correct, the processing moves on to Stage 3. |

| | | |
|---|---|---|
| | | • If incorrect, uses the deferral functionality in VBMS to return for correction. |
| 3 | AAFC (Authorizer) | • ~~Digitally signs and u~~Uploads the *Pending Fiduciary Withholding Calculator* to the eFolder and<br>• continues processing the case by following the guidance outlined in M21-5, Chapter 8, Section B, 1.a. |

**Important**:
- *Do not* hold agent/attorney fees approved under the eligibility decision until a fiduciary is appointed, as this could result in considerable delay of payment to the agent/attorney.
- The calculators referred to in the table above are evidentiary and must be included in the claims folder.
- Authorization and payment of the remaining past-due amount (funds not made available for direct fee payment) in a case of an incompetent claimant must follow the guidance in M21-1, Part X, Subpart ii, 6.D.2.

**Reference**: For more information on general authorization information on incompetency and fiduciary cases, see M21-1, Part X, Subpart ii, 6.C.

# 2. Making Funds Available for Potential Payment of Fees and Authorizing the Claimant's Award

**Introduction**    This topic contains information on requesting finance activity transactions in preparation for potential payment of fees and authorizing the claimant's award, including

- when to request finance transactions or utilize award actions for possible direct payment of fees
- VBMS-A Automated Fee Calculator overrides
- calculating the amount needed for possible payment of fees
- period to use for calculating past-due benefits
- mandatory agent/attorney fee calculator
- calculation of past-due benefits – reductions, offsets, and overpayment
- taking action based on the past-due benefit calculation
- ~~award actions to effectuate a fee deduction and make funds available for payment of fees, and~~
- handling cases involving Equal Access to Justice Act (EAJA) fees, and
- handling cases involving an existing debt to the United States Government

**Change Date**    ~~September 25~~December 22, 2023

**8.B.2.a. When to Request Finance Transactions or Utilize Award Actions for Possible Direct Payment of Fees**    The AAFC must utilize award actions in VBMS-A or request that the finance activity perform finance transactions to make funds available for possible payment of fees in a case when

- substantive and procedural requirements in 38 CFR 14.636(g) have been met
- contains additional fee terms specified in 38 CFR 14.636(h) to the extent consistent with case law, and
- an award of past-due benefits has been prepared by AAFC authorization activity and is in pending status.

*Note*: A fee deduction is required when a grant of benefits is made under any of the AMA decision review lanes (supplemental claim, higher-level review, or direct appeal to the Board) as well as grants of individual unemployability and clear and unmistakable error under any claim type. The AAFC will make the final adjudication determining whether direct payment of fees are payable or not payable. A deduction of fees does not always represent fee entitlement.

The manual Agent/Attorney Fee Calculator requires only a single AAFC review/signature when it is being routed through finance for an upfront fee deduction as finance personnel complete the second review of the audit.

***Important***: Effective April 23, 2023, new functionality in VBMS-A automated calculations of the agent/attorney fee amount. Users are still required to complete the manual *Agent/Attorney Fee Calculator.*

In all cases, except for decisions involving eligibility to ~~accrued benefits,~~ the month of the Veteran's death, and apportionments, AAFCs are required to utilize VBMS-A to process the fee deduction amount to make funds available for the potential direct payment of fees. The "Agent/Attorney Fee" amount displayed in VBMS-A should reflect the entire fee amount, including the assessment fee if applicable, to be paid even if the total fee amount is greater than the retroactive payment of past-due benefits to the claimant.

This policy applies

- even if, in designated cases, there will be no payout to the claimant from which fees can be withheld
- even if the agent or attorney is no longer the representative, unless the agent or attorney has waived any entitlement to fees in writing (in any form approved for submissions including but not necessarily limited to submissions by mail or e-mail), and
- each time the amount of past-due benefits arising from a particular rating decision changes, including
  - when dependency information is received within 1 year of the date of the rating decision, or
  - when the Veteran is subsequently found eligible for concurrent receipt of military retired pay (MRP) for any time during the past-due benefits period.

***References***: For more information on
- when entering finance transactions into VBMS-A occurs in the process for direct payment of fees and who performs the tasks, see M21-5, Chapter 8, Section B, 1.a
- what constitutes a valid fee agreement, see
  - 38 CFR 14.636(g)(1) and (2), and
  - M21-5, Chapter 8, Section A, 1.b and d
- regulatory standard for the amount of past-due benefits, see 38 CFR 14.636(h)(3)
- calculation of past-due benefits for direct fee purposes in reduction or offset cases where there may not be a payout, see M21-5, Chapter 8, Section B, 2.e, and
- handling cases where funds were not made available for potential payment of fees, see M21-5, Chapter 8, Section B, 6.

| | |
|---|---|
| **8.B.2.b. VBMS-A Agent/Attorney** | The VBMS-A *Automated Fee Calculator* cannot be utilized for awards involving the following: |

| | |
|---|---|
| **Fee Calculator Overrides** | • requirement to utilize the entry of priors<br>• requirement to utilize the generate award override (GAO)<br>• use of pension protected rates<br>• unprocessed Cost of Living Adjustment (COLA) adjustments |

The "Calculator Override" box must be selected to input the correct fee deduction amount in the cases listed above, and during other scenarios that would prohibit the automated calculation.

Users must complete the *Agent/Attorney Fee Calculator* as referenced in M21-5, Chapter 8, Section B, 2.e.  The AAFC must enter the "Retroactive Amount for Fees*," "*Agent/Attorney Fee," and the "Assessment Fee Amount" fields*.  The "Agent/Attorney Fee" amount in VBMS-A should reflect the entire fee amount, including the assessment fee if applicable.

*Note*:  The override functionality should also be utilized when the VBMS-A *Automated Fee Calculator* results in incorrect amounts that are identified/verified through comparison of the *Agent/Attorney Fee Calculator*.

***References***:  For more information on the
• regulatory standard for the amount of past-due benefits, see 38 CFR 14.636(h)(3)
• period to use for calculating the past-due benefit amount, see M21-5, Chapter 8, Section B, 2.c, and
• mandatory use of the *Agent/Attorney Fee Calculator*, see M21-5, Chapter 8, Section B, 2.e.

_____

| | |
|---|---|
| **8.B.2.c. Calculating the Amount Needed for Possible Payment of Fees** | The amount that must be made available for potential payment of fees is 20 percent or less (as specified in the direct pay fee agreement) of the past-due benefit, defined in the regulation as the total amount of recurring payments that accrued during the defined period.<br><br>References:  For more information on the<br>• regulatory standard for the amount of past-due benefits, see 38 CFR 14.636(h)(3)<br>• period to use for calculating the past-due benefit amount, see M21-5, Chapter 8, Section B, 2.d, and<br>• mandatory use of the Agent/Attorney Fee Calculator, see M21-5, Chapter 8, Section B, 2.e. |

| | |
|---|---|
| **8.B.2.d.  Period to Use for Calculating Past-Due Benefits** | 38 CFR 14.636 states that in calculating the past-due benefit, total the payments that accrued during the period<br><br>• *from* the effective date of the award<br>• *through* the *date* of the decision awarding benefits, not the |

– date of the notification letter, or
– last day of the month in which the decision awarding benefits was made.

***Important***:  [38 CFR 14.636(h)(3)](#) provides that past-due benefits accrue between the effective date of the award and the date of the grant of the benefit by the agency of original jurisdiction (AOJ), Board, or an appellate court.  However, in some cases the RO, in implementing an award, must decide a matter that the Board did not (for example initial evaluation and effective date).  [38 CFR 14.636(h)(3)(i)](#) explains that when the benefit granted is service connection (SC) then the past-due benefits will be based on an initial disability rating assigned by the AOJ.  In that case, the past-due benefit sum is calculated from the effective date of the award to the date of the initial disability rating.  Although not explicitly discussed in the regulation, anytime the AOJ is required to assign the effective date of the award the period should also be calculated through the date of the implementing rating by the AOJ.  Where a decision by the Board addresses everything needed to implement the decision, such as evaluation and effective date, use the date of the Board decision awarding benefits.

***Note***:  Non-monetary benefits such as dependents educational assistance (DEA) do not impact the period for which fees are entitled.

***References***:  For more information on
- past-due benefits, see
  – [VAOPGCPREC 18-1995](#)
  – [38 CFR 14.636(h)(3)](#), and
- mandatory use of the Agent/Attorney Fee Calculator, see M21-5, Chapter 8, Section B, 2.e.

---

**8.B.2.e. Mandatory Agent/Attorney Fee Calculator**

The AAFC will use the *Agent/Attorney Fee Calculator* to calculate the

- amount of past-due benefits awarded
- agent or attorney fee, if entitlement to a fee is established
- amount that will be paid to the Veteran/beneficiary, if fees are payable, and
- applicable assessment.

The worksheet of calculator results must be uploaded to VBMS.

***Note***:  When using the calculator to correct a prior VA administrative error in the calculation of fees on an award do not charge an additional assessment.

***References***:  For more information on
- the role of the AAFC in calculating the amount of past-due benefits and the amount to be made available for fees, see M21-5, Chapter 8, Section B, 1.a
- the amount of past-due benefits to make available for potential payment, see M21-5, Chapter 8, Section B, 2.b

- the period to use when calculating past-due benefits, see M21-5, Chapter 8, Section B, 2.d, and
- assessments, see M21-5, Chapter 8, Section B, 3.e.

---

**8.B.2.f.
Calculation of
Past-Due
Benefits –
Reductions,
Offsets, and
Overpayment**

In some cases, the gross amount of an award of past-due benefits will require adjustment due to operation of another legal provision, such as those relating to concurrent receipt. In those cases, the claimant will not receive the full amount or value of the award and might not receive any payment.

Calculating the past-due award amount for fee purposes using the post-adjustment amount and requiring a non-recurring payment to the claimant as opposed to using the full award amount based on evaluation and effective date in these cases can affect the value of the agent's or attorney's fee.

The court, in *Rosinski v. Wilkie*, 32 Vet. App. 264 (Fed. Cir. 2020), addressed VA's obligations to agents/attorneys under 38 U.S.C. 5904(d) in cases when deciding entitlement to direct payment of fees, but an applicable statutory provision requires a reduction or elimination of payment. The court held that in a case involving MRP, fees must be calculated and directly paid to the agent/attorney based on the pre-reduction amount of the award. A non-recurring payment to the claimant is not a pre-requisite to payment of fees under a direct pay fee agreement.

In the following categories of cases, which implicate award adjustments, calculate past-due benefits based on the award amount prior to reduction.

- MRP
- drill pay
- severance or separation pay
- benefits payable under 38 U.S.C. 1151 after settlement of a tort claim
- limits on compensation payments to incarcerated Veterans under 38 U.S.C. 5313, and
- Survivor Benefit Plan payments.

Where an agent/attorney seeks direct payment of fees based on the invalidation of a debt or the waiver of an overpayment, the amount of past-due benefits is the total that VA has recouped from the claimant as of the date of the decision invalidating the debt or granting the waiver, *not* the full amount of the debt.

*References*: For more information on
- elections and waivers in MRP cases and concurrent entitlement, see M21-1, Part VI, Subpart ii, 4.A
- prohibition against duplication of VA compensation and certain separation benefits and recoupment, see M21-1, Part VI, Subpart ii, 2
- effects of incarceration on VA benefits, see M21-1, Part VI, Subpart iii, 1.A

- fees in cases involving limitations to compensation for incarcerated Veterans under 38 U.S.C. 5313, see *Snyder v. Nicholson*, 489 F.3d. 1213 (Fed. Cir. 2007)
- fees involving representation on invalidation of a debt or waiver of overpayment, see *Gumpenberger v. Wilkie*, 973 F. 3d 1779 (Fed. Cir. 2020)
- recovering fee amounts paid by VA when, due to reduction, there was not a non-recurring payment to the claimant from which to directly pay fees, see M21-5, Chapter 8, Section B, 6.e, and
- withholding, paying fees, and corrective action for failure to withhold prior to the January 30, 2020, decision in *Rosinski*, see the historical M21-1, Part I, Chapter 3.C attachment *Historical_M21-1I_3_SecC_1-24-20.docx*.

---

**8.B.2.g. Taking Action Based on the Past-Due Benefit Calculation**

The table below provides guidance on the next action to take based on the past-due benefit amount calculation derived from M21-5, Chapter 8, Section B, 2.c-e.

| If the calculated amount of past-due benefits awarded (before offset or reduction as applicable) is ... | Then ... |
| --- | --- |
| is $0 | - perform a one-time clear of EP 290, *Attorney Fee Eligibility Determination*, and<br>- deny direct payment of fees.<br><br>*Note*: The award of past-due benefits (before offset or reduction) must result in a non-recurrent payment to the claimant in order for an agent/attorney to be eligible for direct payment of fees. Use the sample decision language in M21-5, Chapter 8, Section B, 8, to deny eligibility to direct payment of fees when the grant of benefits did *not* change the combined evaluation and, as such, the award of past-due benefits did not result in a retroactive payment to the claimant. |
| is greater than $0 | Follow the guidance in M21-5, Chapter 8, Section B, 1.a, outlining the process of direct payment of fees. |

*References*: For more information on
- duties of the AAFC, see M21-5, Chapter 8, Section A, 2.b
- requesting transactions to make funds available for payment of fees, see M21-5, Chapter 8, Section B, 2.h

- making a direct pay fee decision, see M21-5, Chapter 8, Section B, 3
- EPs 290 and 400, see [M21-4, Appendix B](), and
- releasing fee amounts, see M21-5, Chapter 8, Section B, 4.

---

**8.B.2.h. Award Actions to Effectuate a Fee Deduction and Make Funds Available for Payment of Fees**

The table below lists the steps for the AAFC to use award actions to effectuate either a withholding from past-due benefits, or alternatively, make funds available to pay fees in cases under M21-5, Chapter 8, Section B, 2.f.

| Applicability of *Rosinski* holding | If … | Actions prior to Authorization … | After 65-day appeal period… |
|---|---|---|---|
| Non *Rosinski* | there is no offset at issue (or if an offset is at issue but the retroactive payment covers the offset withholding *and* the *entire* fee) | Utilize the VBMS—A *Automated Fee Calculator* to establish the fee deduction. | Complete the *Fee Release Memorandum* by selecting the action box labeled "Complete Fees Withheld." |
| Partial *Rosinski* | an offset is at issue and the retroactive payment covers the offset withholding but only part of the fee | Utilize the VBMS-A *Automated Fee Calculator* to establish the fee deduction. | Complete the *Fee Release Memorandum* by selecting the action box labeled "Partial Fee Withheld." |
| Complete *Rosinski* | an offset is at issue and the retroactive payment covers the offset withholding but *none* of the fee, | Utilize the VBMS-A *Automated Fee Calculator* to establish the fee deduction. | Complete and send the *Fee Release Memorandum* by selecting the action box labeled "No Fee Withheld." |

**8.B.2.h. Handling Cases Involving Equal Access to Justice Act (EAJA) Fees**

Equal Access to Justice Act (EAJA) fees are payments that a court has ordered VA to pay to an attorney for representation before the court.

*Important*:  EAJA fees are not paid from the claimant's award.  They may appear on the Veteran's electronic record as a payment made jointly to the claimant and the attorney but should never be offset from a direct payment of fees, even when VA fails to withhold fees.

Where a claimant's attorney receives fees for the same work under VA's fee statute and EAJA, the attorney is responsible for refunding the amount of the smaller fee to the claimant.

*References*:  For more information on
- the EAJA offset provision, see *Ravin v. Wilkie*, 30 Vet.App. 310 (2019), and
- failure to enter transactions to make funds available for payment of fees, see
  - M21-5, Chapter 8, Section B, 6, and
  - VAOPGCPREC 12-1997.

**8.B.2.i.  Handling Cases Involving an Existing Debt to the United States Government**

In some cases, requirements for the entitlement to agent/attorney fees exist; however, there is an existing debt to the United States Government that may reduce or remove the amount of fees that VA is able to pay the attorney directly.

In VAOPGCPREC 12-93 Payment of Attorney Fees from Past-due Benefits when Veteran's Indebtedness to the U.S. Exceeds Total Amount of Past-due Benefits, the Office of General Counsel concluded that the direct payment of fees under 38 U.S.C. § 5904(d) would be based on the amount available after the indebtedness was satisfied.

AAFCs must review the file to determine if the past-due benefits will be used to satisfy an existing debt. If an existing debt will reduce or remove VA's ability to pay attorney fees directly, the AAFC is responsible for using the fee eligibility decision verbiage found in M21-5, Chapter 8, Section B.9.a.

# 3.  Making the Fee Eligibility Decision and Sending Decision Notice

| | |
|---|---|
| **Introduction** | This topic contains information on making an agent or attorney fee eligibility decision and sending decision notice, including<br><br>• when to make a fee decision and send decision notice<br>• responsibility for making the fee decision and sending decision notice<br>• criteria for determining eligibility to direct payment of fees<br>• generating decision notice for a fee decision, and<br>• calculating agent or attorney assessments when making the fee decision. |
| **Change Date** | October 5, 2023 |
| **8.B.3.a.  When to Make a Fee Decision and Send Decision Notice** | A Summary of Case Fee decision notice letter is required when there is a valid fee agreement of record, executed during the retroactive period, and valid representation as stated in M21-5, Chapter 8, Section B, 2.a.<br><br>There are two scenarios that do not require a fee eligibility decision. A fee eligibility decision should not be issued if the rating or non-rating decision only denies and/or confirms and continues benefits.  Additionally, a fee eligibility decision should not be issued on an original claim (EP 110, EP 010, EP 180, etc.) for benefits that is being adjudicated for the first time.<br><br>When generating the fee eligibility decision notice, a one-time clear of EP 290, *Attorney Fee Eligibility Determination*.<br><br>***References***:  For more information on<br>• the stages in the process for direct payment of fees, see M21-5, Chapter 8, Section B, 1.a<br>• making a decision on the basis that the calculated past-due benefits is $0, see M21-5, Chapter 8, Section B, 2.g<br>• use of EP 290 for fee case, see M21-4, Appendix B, and<br>• the claim label *Attorney Fee Eligibility Determination*, see M21-4, Appendix C. |
| **8.B.3.b. Responsibility for Making the Fee Decision and Sending Decision Notice** | The Authorizing AAFC at the station that processes the represented claimant's award of past-due benefits is responsible for determining eligibility to direct payment of fees and generating and sending decision notice. |

| | |
|---|---|
| **8.B.3.c. Criteria for Determining Eligibility to Direct Payment of Fees** | Determine eligibility by evaluating whether the facts meet the regulatory criteria from 38 CFR 14.636, as discussed in M21-5, Chapter 8, Section A, 1. |
| | *Important*: For fee cases to which the guidance in effect prior to February 19, 2019, is applicable, previously issued guidance can be found in the historical M21-1, Part I, 3.C attachment *Historical_M21-1I_3_SecC_4-28-17.docx*. |

| | |
|---|---|
| **8.B.3.d. Generating Decision Notice for a Fee Decision** | The decision notice on direct payment of feesis created using the "Summary of Case Fee Decision Notice Letter" section of the Agent/Attorney Fee Tab in VBMS-A. |
| | *Note*: The Letter Creator tool may be used in scenarios that would prohibit the use of VBMS-A fee decision notice functionality. |
| | *Important*: Send the OGC Fact Sheet, "How to Challenge a Fee," with the fee decision notification. |
| | *References*: For more information on <br>• the letter to send when a representative is not accredited, see M21-5, Chapter 8, Section A, 3.b <br>• providing notice when a fee agreement is submitted by an agent or attorney but there is no *VA Form 21-22a* of record, see M21-5, Chapter 8, Section A, 3.c <br>• the letter to send when a fee agreement is unacceptable, see M21-5, Chapter 8, Section A, 3.d, and <br>• Letter Creator tool, see the *Letter Creator User Guide*. |

| | |
|---|---|
| **8.B.3.e. Calculating Agent or Attorney Assessments When Making the Fee Decision** | 38 CFR 14.636(h) provides that VA will charge and collect an assessment in the amount of 5 percent of the awarded fee not to exceed $100. |
| | The actual collection of the assessment amount does not occur until fee amounts are released and this in turn is dependent on whether there is an appeal on the fee eligibility decision. However, the AAFC must calculate the assessment at the time the fee decision is made and information on the assessment must be included in the decision notice. |

# 4.  Releasing Funds and Appeals of Eligibility Determinations

**Introduction**       This topic contains information on releasing funds and appeals of eligibility determinations, including

- fee eligibility appeals
- prohibitions on releasing funds and appeal rights
- releasing funds
    - when the fee decision is not appealed, and
    - when an assessment
        - is required, and
        - is not required
- taking action if the claimant dies before the decision is promulgated, and
- mandatory use of the *Fee Release Memorandum*

**Change Date**       December 12, 2023

**8.B.4.a. Fee Eligibility Appeals**       A claimant may file an appeal to the Board from an RO eligibility determination that fees are payable from past-due benefits.  Bases may include that

- the case for which a fee is being sought was not decided on a qualifying review from an initial decision
- the claimant did not sign a *VA Form 21-22a* authorizing representation from the agent or attorney seeking a fee, or
- the claimant did not sign a written agreement to pay an agent/attorney fee from past-due benefits.

*Important*:  Appeals from fee eligibility decisions are considered contested.  A party to a contested claim must file an appeal directly to the Board within 60 days of the date of the decision notice.  Decision notices on fee eligibility attach the *VA Form 20-0998, Your Right to Seek Review of Our Decision*, which provides information on how to appeal to the Board and time limits for appeals of contested claims.

*References*:  For more information on
- contested claims and appeals, see [M21-1, Part VI, Subpart iii, 3](#)
- reasonableness reviews, see M21-5, Chapter 8, Section B, 5
- organizational responsibility for handling appeals from direct pay fee eligibility determinations, see M21-5, Chapter 8, Section A, 2.a, and
- guidance on appeals prior to February 19, 2019, see the [historical M21-1, Part I, 3.C](#) attachment *Historical_M21-1I_3_SecC_4-28-17.docx*.

| 8.B.4.b. Prohibitions on Releasing Funds and Appeal Rights | Regardless of whether the decision on eligibility to fees is an award or denial of fees, do not release funds until the period has expired for direct appeal to the Board or the Board has issued a decision on eligibility to fees. |
|---|---|

*Important*: VA does not honor requests to expedite payment of fees, even when the claimant and/or the agent or attorney have waived the right to appeal.

*Note*: The AAFC can determine if an appeal has been filed, and whether an appeal that has been filed is still pending, by reviewing the Board's Caseflow applications or the Veterans Appeals Control and Locator System (VACOLS) for legacy appeals.

*References*: For more information on releasing funds when a fee determination

- has been appealed, see M21-5, Chapter 8, Section B, 4.c., and
- has not been appealed, see M21-5, Chapter 8, Section B, 4.d.

---

**8.B.4.c. Releasing Funds When the Fee Decision Is Not Appealed**

The AAFC will check Caseflow (or VACOLS for legacy appeals) 65 days after the issuance of the direct pay fee decision to determine if an appeal was filed at the Board. Where the direct pay fee decision was not appealed and a reasonableness review request is not of record, funds will be released as provided in either M21-5, Chapter 8, Section B, 4.e or f, depending on whether or not an assessment is required in the case.

As specified in M21-4, Appendix B, EP 400 should be pending and must be cleared when funds are released. Pursuant to M21-5, Chapter 8, Section A, 2.b, this is a duty of the AAFC.

If fees have been previously released prior to final adjudication and an EP 400 is not pending, refer to the actions provided in M21-5, Chapter 8, Section B, 6.c.

---

**8.B.4.d. Releasing Funds When an Assessment Is Required**

Except as provided by M21-5, Chapter 8, Section B, 4.f, the finance activity will withhold an assessment from payment to the agent or attorney prior to releasing the fees when fees are awarded to an accredited agent or attorney.

The table below describes the process for releasing funds for agent or attorney fees when an assessment is required.

| Stage | Who Is Responsible | Description |
|---|---|---|
| 1 | AAFC | Calculates the assessment, up to 5 percent of the fee amount, not to exceed $100.00, at the time the fee eligibility decision is prepared as |

| | | provided in M21-5, Chapter 8, Section B, 3.e. |
|---|---|---|
| 2 | AAFC | When the 65-day appeal period has expired (or an appellate decision has been issued on a fee matter), <br> • prepares and sends *Fee Release Memorandum* via local procedures instructing finance activity to <br>  • withhold the assessment (sets out the amount of the assessment), and <br>  • release fees <br> • uploads memo to the eFolder, and <br> • establishes "Attorney Fee Release" tracked item to the EP 400 with a 10-day suspense, and <br> • closes "Attorney Fee" tracked item. |
| 3 | finance activity | • Pays the balance due to the agent or attorney based on current procedures <br> • uploads the SF 1047/Public Voucher to the eFolder (legacy process) or ensures the fiscal print was successfully uploaded into the eFolder, and <br> • informs the AAFC via local procedures that funds have been released. |
| 4 | AAFC | Clears EP 400. |

***Important***:
- The memorandum must include the name of the AAFC who prepared it.
- The finance activity will not release funds without a memorandum from the AAFC.

***Notes***:
- VA can deduct an assessment fee of up to 5 percent of the past-due benefit payment, up to $100, each time fees are paid under 38 CFR 14.636(h). An assessment is required each time an award action is taken on an issue under the fee agreement, including on a reviewed or appealed "downstream" issue. ***Example***: If the original issue was entitlement to SC, downstream issues would include a subsequent review request or appeal on the effective date of the grant and/or evaluation of the disability.
- Only one assessment of up to $100 is to be charged and deducted even if fees must be paid multiple times for different transactions (e.g., dependency, AEW) if the past-due benefits are based on the same rating.

**8.B.4.e.
Releasing
Funds When an
Assessment Is
Not Required**

The table below describes the process for releasing funds when an assessment is not required for cases in which the notice of disagreement was received on or before June 19, 2007.

| Stage | Who Is Responsible | Description |
|-------|-------------------|-------------|
| 1 | AAFC | • Prepares and sends *Fee Release Memorandum* via local procedures instructing finance activity to release fees<br>• uploads memo to the eFolder, and<br>• establishes "Attorney Fee Release" tracked item to the EP 400 with a 10-day suspense, and<br>• Closes "Attorney Fee" tracked item. |
| 2 | finance activity | • Releases funds<br>• uploads the SF 1047 or fiscal print to the eFolder, and<br>• informs the AAFC via local procedures that funds have been released. |
| 3 | AAFC | Clears EP 400. |

*Important*:
• The memorandum must be signed by the AAFC who prepared it.
• The finance activity will not release funds without a memorandum from the AAFC.

**8.B.4.f.  Taking
Action if the
Claimant Dies
Before the
Decision Is
Promulgated**

If the claimant dies after the rating decision is signed and dated by the decision maker, but before the decision is promulgated (in other words, before a portion of the award has been made available for payment of fees), the AAFC will

• calculate the amount of fees
• request transactions to make funds available for fees, and
• make a fee eligibility decision.

*Important:* The AAFC must establish an EP 400 prior to calculating the amount of fees.

*Note*:  If there is no accrued claimant, then the balance of the past-due benefits (80 percent) is not released but is kept in VA's entitlement fund.

*Reference*:  For more information on accrued benefits, see M21-1, Part XI, Subpart ii, 3.

**8.B.4.g. Mandatory Use of the *Fee Release Memorandum***

AAFCs must utilize the *Fee Release Memorandum* in all cases when VBMS-A is used to enter the agent/attorney fee deduction.

AAFCs will continue to use local station/legacy practices to release fees previously processed by finance prior to July 25, 2022.

# 5.  Reasonableness Review of Fees by the Office of General Counsel (OGC)

| | |
|---|---|
| **Introduction** | This topic contains information on OGC agent or attorney fee reasonableness reviews, including<br><br>• what is a reasonableness review<br>• time limit for motions for reasonableness review<br>• referring claimant statements to OGC for consideration of reasonableness review<br>• referral required<br>    • by fee eligibility for multiple agents/attorneys, and<br>    • when agent/attorney loses VA-accreditation<br>• importance of prompt referrals to OGC,<br>• process for referrals for reasonableness review, and<br>• reasonableness referral follow-up |

| | |
|---|---|
| **Change Date** | December 12, 2023 |

| | |
|---|---|
| **8.B.5.a.  What Is a Reasonableness Review** | A ***reasonableness review*** is an analysis and determination by OGC, initiated by a motion filed by the claimant/appellant (or by OGC's own motion) for review under [38 CFR 14.636(i)](#), of whether a fee meets the requirement in [38 CFR 14.636(e)](#) that fees be reasonable.<br><br>When conducting a reasonableness review, OGC rarely addresses issues of eligibility. OGC only addresses eligibility under [38 CFR 14.636(c)](#) when the fee agreement does not instruct VA to pay the fee directly out of past-due benefits.<br><br>As contrasted with the bases for an appeal from a RO fee eligibility determination listed in M21-5, Chapter 8, Section B, 4.a, a motion for a reasonableness review is appropriate when a claimant believes that<br><br>• the agent or attorney did not earn the fee called for in the fee agreement<br>• the fee is too high, or<br>• the fee is otherwise unreasonable.<br><br>***Reference***: For more information on motions for reasonableness reviews see the OGC Fact Sheet, "[How to Challenge a Fee](#)." |

| | |
|---|---|
| **8.B.5.b.  Time Limit for Motions For** | OGC may only review the fee agreement on motion before the expiration of 120 days after final VA action. |

| | |
|---|---|
| **Reasonableness Review** | In most cases, final VA action means 120 days from the date of the fee decision. VA will refer all reasonableness requests to OGC for review.<br><br>*Note*: Release of fees may take place after 60 days if no direct appeal to the Board has been filed or no reasonableness review has been requested at that time. |

| | |
|---|---|
| **8.B.5.c. Referring Claimant Statements to OGC for Consideration of Reasonableness Review** | Although [38 CFR 14.636(i)](#) requires that a claimant file a motion for reasonableness review with OGC, refer the case to OGC for consideration of a reasonableness review when the claimant submits a statement to the AOJ,<br><br>• requesting review of a fee's reasonableness, or<br>• communicating that<br>  – the agent or attorney fee amount or percentage is too high or unreasonable<br>  – the agent or attorney did not earn the fee called for in the fee agreement<br>  – the agent or attorney should be paid for fees only until the date the representation was revoked, or<br>  – the claimant does not want to pay the agent or attorney.<br><br>*Important*:<br>• The examples in this list are not exclusive.  For example, a document styled as an appeal in response to a RO decision finding an agent or attorney eligible for fees may also state, or be reasonably read as stating, that the claimant desires a reasonableness review.<br>• Do not refer the case for a reasonableness review solely on the basis that the fee agreement specifies a fee greater than 20 percent.  The intent of this block is to provide guidance on when statements received from the claimant should be referred to OGC so they can make the determination on whether reasonableness review is appropriate.<br><br>*References*:  For more information on<br>• required referral for reasonableness review in cases involving multiple agents or attorneys, see M21-5, Chapter 8, Section B, 5.d.<br>• the RO process for referrals for reasonableness review, see M21-5, Chapter 8, Section B, 5.g, and<br>• the requirements for direct payment of fees and handling cases where an agreement shows a fee of greater than 20 percent, see M21-5, Chapter 8, Section A, 1.e. |

| | |
|---|---|
| **8.B.5.d. Referral Required by Fee Eligibility for Multiple Agents/ Attorneys** | An RO eligibility determination finding two or more agents/attorneys eligible for payment of fees must be referred to OGC for a reasonableness review regardless of whether the claimant submits any statement implicating reasonableness of fees. |

| 8.B.5.e. Referral Required when Agent/Attorney Loses VA-Accreditation | The AAFC must submit a reasonableness review to OGC if an agent or attorney was previously accredited and validly represented a claimant for a period of time but lost accreditation prior to the decision granting entitlement. The AAFC must withhold for fees for the entire period and send the decision notice *Agent/Attorney Loss of Accreditation* shown in M21-5, Chapter 8, Section B, 9 to the agent/attorney and the claimant along with appeal rights.

To identify the date accreditation was lost, the AAFC must email the OGC Accreditation Mailbox.

***Reference:*** For more information on checking VA-accreditation see M21-5, Chapter 8, Section A, 3.b. |
| --- | --- |

| 8.B.5.f. Importance of Prompt Referrals to OGC | It is ***urgent*** to provide information necessary for OGC's reasonableness review ***on the earliest possible date*** after a statement is received from the claimant that can be construed as a possible reasonableness request or after a determination is made finding multiple agents or attorneys eligible to fees. ***Do not delay referral*** of cases implicating reasonableness review to OGC.

***Explanation***: Timely action by the Veterans Benefits Administration in forwarding information to OGC on possible requests for reasonableness review maximizes the potential that in cases where a claimant's motion is deficient in some respect, OGC will be able to reach out to the claimant for corrective action before the expiration of the 120-day filing deadline. |
| --- | --- |

| 8.B.5.g. Process for Referrals for Reasonableness Review | The table below shows the process for referrals to OGC for their review and determination on reasonableness of fees. |
| --- | --- |

| Stage | Description |
| --- | --- |
| 1 | The AOJ informs the claimant and agent/attorney that it is forwarding a reasonableness review request/statement to OGC for evaluation of whether it meets the requirements.

***Important***: Send the OGC Fact Sheet, "How to Challenge a Fee," with the notification. |
| 2 | The AOJ provides information to OGC. During this stage the AAFC e-mails OGC at OGCFeeReasonableness@va.gov

• explaining that either
  – the AOJ has received a written communication from the claimant that is possibly a request for reasonableness review,
  – two or more agents/attorneys have been found eligible for payment of fees, or |

|   |   |
|---|---|
|   |     &ndash; an agent or attorney was previously accredited and validly represented a claimant for a period of time but lost accreditation prior to the decision granting entitlement, and<br>• including<br>    &ndash; the written communication from the claimant interpreted as a reasonableness review, and<br>    &ndash; a copy of all applicable fee eligibility decisions.<br><br>***Notes***:<br>• The AAFC must<br>    &ndash; upload a copy of the e-mail to OGC into VBMS<br>    &ndash; change the EP 400-AFM to an EP 400-ORR and close the "Attorney Fee" tracked item previously established to control the 65-day suspense<br>    &ndash; add a new "Attorney Fee" tracked item with "referral to OGC" to the EP 400-ORR, and<br>    &ndash; ensure that the following fee-related documents are labeled in VBMS so that they can be identified by OGC:<br>        • the fee agreement(s)<br>        • all VA appointment forms (*VA Form 21-22a* and *VA Form 21-22, Appointment of Veterans Service Organization as Claimant's Representative*) for individuals and organizations that provided representation during the course of the claim, and<br>        • the benefits decision that resulted in the award of fees. |
| 3 | Upon receipt of the claimant's information from the AOJ, OGC<br><br>• reviews the information provided<br>• reviews other documents as needed from the eFolder, and<br>• (if necessary) informs the claimant in writing of the requirements in [38 CFR 14.636(i)](#) for requesting OGC review of the fee agreement for reasonableness. |
| 4 | Once a reasonableness decision has been issued by OGC, the AAFC will:<br><br>• release the funds as directed by OGC's decision. ***Note***: If funds were previously released based on expiration of the appeal period (this may occur when the reasonableness request is submitted directly to OGC or simply received after the 65-day appeal period), due process procedures may need to be followed to recoup the funds. *In this scenario, the EP 400-ORR should remain active until finance recoupment of funds and proper re-disbursement is completed.*<br>• close the "Attorney Fee" tracked item with "referral to OGC" and<br>• clear EP 400-ORR |

**8.B.5.h. Reasonableness Referral Follow-Up**

If an AAFC receives a case based on expiration of the initial 60-day suspense period that is pending with OGC, they should ensure that the case was properly referred to OGC and update the suspense for another 60 days without follow-up.

In cases where it is not clear whether the case was properly referred or where the case has been pending for over 120 days, an email follow-up is appropriate.

After the initial 120-day follow-up has been sent, update the tracked item suspense date for an additional 60 days. Additional follow-up requests may be sent after the initial 120 follow-up, in 60-day increments.

# 6. Corrective Action for Failure to Make Funds Available For Payment of Fees and Recouping Fee Payments

**Introduction**    This topic contains information on failure to withhold amounts from past-due benefits or otherwise make funds available for payment of fees, including

- when to consider action for failure to make funds available for fees
- effect of VA failure to make funds available on fee entitlement
- corrective action for failure to make funds available for payment of fees when:
  - the award did not result in a retroactive payment and
  - retroactive payment of past-due benefits has been released, and
- recovery of fees paid by VA in the absence of a non-recurrent payment to the claimant because of an offset/reduction.

**Change Date**    ~~December 12, 2023~~ December 22, 2023

**8.B.6.a. When to Consider Action for Failure to Make Funds Available for Fees**    Corrective action is required when

- substantive and procedural requirements in 38 CFR 14.636(g) have been met,
- contains additional fee terms specified in 38 CFR 14.636(h) to the extent consistent with case law,
- VA failed to perform financial transactions to make funds available for direct payment of fees before an award of past-due benefits was made as required in M21-5, Chapter 8, Section B, 2, *and*
- the failure is either
  - discovered after VA has awarded and released past-due benefits to the claimant, *or*
  - discovered in cases where the award did not include a non-recurrent payment to the claimant because of an offset or reduction as provided in M21-5, Chapter 8, Section B, 2.e.

*Note*:  VA's failure to perform finance transactions to make funds available for payment of fees in cases where the award did not result in a non-recurrent payment because of a qualifying offset/reduction, requires corrective action only when the fee issue was pending on or after January 30, 2020 – the date of *Rosinski v. Wilkie*, 32 Vet. App. 264 (2020). Prior to that date, VA's interpretation of 38 CFR 14.636(h) was that, with certain exceptions, a fee agreement would only be honored and fees could only be paid under the direct fee pay program if the past-due benefits awarded resulted in a non-recurrent payment to the claimant from which owed fee amounts could be withheld.

An assertion or discovery after January 30, 2020, that VA failed to perform finance transactions to make funds available for payment of fees in a fee case falling under the *Rosinski* holding, but finally decided prior to the date of that holding, requires no corrective action.

***References***:  For more information on

- guidance on withholding, paying fees and corrective action for failure to withhold prior to the January 30, 2020, decision in *Rosinski*, see the historical M21-1, Part I, 3.C attachment *Historical_M21-1I_3_SecC_1-24-20.docx* and
- guidance on entitlement criteria applicable prior to February 19, 2019, see the historical M21-1, Part I, 3.C attachment, *Historical_M21-1I_3_SecC_4-28-17.docx*.

---

**8.B.6.b.  Effect of VA Failure to Make Funds Available on Fee Entitlement**

VA's failure to perform financial transactions to make funds available for possible direct payment of fees does not relieve VA of its obligation to pay an agent or attorney the fees due.

---

**8.B.6.c. Corrective Action for Failure to Make Funds Available for Payment of Fees when the Award did not Result in a Retroactive Payment**

When VA has failed to perform financial transactions to make funds available for direct payment of fees and it was asserted or discovered *after* an award was completed that did not result in a retroactive payment to the claimant due to qualifying reduction/offset, follow the chart below to take corrective action (Complete *Rosinski*):

| Stage | Who Is Responsible | Description |
|-------|--------------------|-------------|
| 1 | AAFC (Initial Reviewer) | - Calculates the appropriate amount of fees as specified in M21-5, Chapter 8, Section B, 2<br>- establishes an EP 400 "Attorney Fee Memo" with the date of claim as the date of the award action that failed to withhold fees<br>- adds "Attorney Fee" tracked item with a 3-day suspense, and<br>- routes the calculator to the AAFC authorizer for review. |
| 2 | AAFC (Authorizer) | Verifies the accuracy of the calculator.<br><br>- If correct, the processing moves on to Stage 3. |

| | | |
|---|---|---|
| | | • If incorrect, uses the deferral functionality in VBMS to return for correction. |
| 3 | AAFC (Authorizer) | • ~~Digitally signs and u~~Uploads the calculator to the eFolder<br>• closes "Attorney Fee" tracked item for the calculator review, and<br>• reviews the eFolder to determine if past due benefits were released based on the processing of an Audit Error Worksheet.<br><br>• If the past due benefits were *NOT* released, move to Stage 4.<br>• If the past due benefits *WERE* released, follow the guidance in in M21-5, Chapter 8, Section B, 6.d to notify the claimant of the failure to withhold and establish a debt. |
| 4 | AAFC (Authorizer) | • Adds "Attorney Fee" tracked item with a 65-day suspense<br>• sends the *All Requirements Met, Calculations With Offset Summary Of The Case Fee Decision* letter to the agent/attorney and claimant, and<br>• performs a one-time clear of EP 290, with the date of claim as the date the fee decision notice is generated. |
| 5 | AAFC (Authorizer) | After expiration of the 65-day suspense:<br>• reviews the eFolder to confirm that the past due benefits are still being withheld due to a reduction/offset<br>• requests that the finance activity initiates the required |

| | | transactions by completing and sending a *Fee Release Memorandum* selecting the action box labeled "No Fee Withheld" |
|---|---|---|
| | | • closes "Attorney Fee" tracked item, and |
| | | • establishes "Attorney Fee Release" tracked item with a 10-day suspense. |
| 6 | finance activity | Releases funds and uploads verification to the eFolder. |
| 7 | AAFC (Authorizer) | Closes "Attorney Fee Release" tracked item and clears EP 400. |

***References***: For more information on

- calculating the amount that should have been made available for payment of fees, see M21-5, Chapter 8, Section B, 2
- guidance on withholding, paying fees and corrective action for failure to withhold prior to the January 30, 2020, decision in *Rosinski*, see the historical M21-1, Part I, 3.C attachment *Historical_M21-1I_3_SecC_1-24-20.docx*
- guidance on entitlement criteria applicable prior to February 19, 2019, see the historical M21-1, Part I, 3.C attachment, *Historical_M21-1I_3_SecC_4-28-17.docx*, and
- the Letter Creator tool, see the *Letter Creator User Guide*.

_____

**8.B.6.d. Corrective Action for Failure to Make Funds Available for Payment of Fees when a Retroactive Payment of Past-Due Benefits has been Released**

When VA has failed to perform financial transactions to make funds available for direct payment of fees and it was asserted or discovered *after* a claimant has already received a retroactive payment of past-due benefits, follow the chart below to take corrective action (Non-*Rosinski*/Partial *Rosinski*):

| Stage | Who Is Responsible | Description |
|---|---|---|
| 1 | AAFC (Initial Reviewer) | • Calculates the appropriate amount of fees as specified in M21-5, Chapter 8, Section B, 2 |
| | | • establishes an EP 400 "Attorney Fee Memo" with the date of claim as the date of the award action that failed to withhold fees |
| | | • adds "Attorney Fee" tracked item with a 3-day suspense, and |

| | | |
|---|---|---|
| | | • routes the calculator to the AAFC authorizer for review. |
| 2 | AAFC (Authorizer) | Verifies the accuracy of the calculator.<br><br>• If correct, the processing moves on to Stage 3.<br>• If incorrect, uses the deferral functionality in VBMS to return for correction. |
| 3 | AAFC (Authorizer) | • Digitally signs and uploads the calculator to the eFolder<br>• closes "Attorney Fee" tracked item for the calculator review, and clears EP 400<br>• contacts the claimant via telephone to explain the failure to withhold situation<br>• documents the contact on VA Form 27-0820, *Report of General Information*, and uploads to the eFolder.<br>• sends the agent/attorney and the claimant the *All Requirements Met, Fees Not Withheld Summary Of The Case Fee Decision*, and<br>• performs a one-time clear of EP 290, with the date of claim as the date the fee decision notice is generated.<br><br>At the same time the fee decision is sent:<br>• sends the *Debt to Veteran for Failure to Withhold Attorney Fee Letter* only to the claimant and current representative (if any)<br>• establishes an EP 600, in accordance with the note below, and<br>• adds corresponding "Attorney Fee" tracked item with a 65-day suspense. |

| 4 | AAFC (Authorizer) | When the 65-day suspense has expired:<br>• prepares, uploads to the efolder, and sends the *Fee Release Memorandum* to communicate to finance activity to initiate the required transaction to pay the agent/attorney and establish a debt on the claimant<br>• establishes "Attorney Fee Release" tracked item with a 10-day suspense, ***and then***<br>• closes "Attorney Fee" tracked item. |
|---|---|---|
| 5 | finance activity | Releases funds, establishes a debt, and uploads verification to the eFolder. |
| 6 | AAFC (Authorizer) | • Sends the *Fee Recoupment Procedures – Final Notice* letter only to the claimant and current representative (if any) and<br>• closes "Attorney Fee Release" tracked item and clear the EP 600. |

***Note***:  The AAFC must select the appropriate EP 600 based on the claim type for which the failure to process agent/attorney fees was based upon:

- EP 600 – Attorney Fee Predetermination Notice – Rating: non-DROC related compensation rating workload.

- EP 600 - Attorney Fee Predetermination Notice – NR: non-DROC related compensation non-rating workload.

- EP 600 - DROC - Attorney Fee Predetermination Notice: all DROC related workload.

- EP 600 - PMC - Atty Fee Predetermination Notice – Rating: non-DROC related PMC rating workload (Pension, DIC, Month of Death, and Burial Benefits).

- EP 600 - PMC - Attorney Fee Predetermination Notice – NR: non-DROC related PMC non-rating workload (Pension, DIC, Month of Death, and Burial Benefits).

Following the 65-day appeal period, end products with the above claim labels are routed by the National Work Queue (NWQ) to all stations based on available capacity and the identified work group (Rating, Non-Rating, DROC, Pension, etc.) identified by the selected claim label.

*References*:  For more information on

- calculating the amount that should have been made available for payment of fees, see M21-5, Chapter 8, Section B, 2
- guidance on withholding, paying fees and corrective action for failure to withhold prior to the January 30, 2020, decision in *Rosinski*, see the historical M21-1, Part I, 3.C attachment *Historical_M21-1I_3_SecC_1-24-20.docx*
- guidance on entitlement criteria applicable prior to February 19, 2019, see the historical M21-1, Part I, 3.C attachment, *Historical_M21-1I_3_SecC_4-28-17.docx*, and
- the Letter Creator tool, see the *Letter Creator User Guide*.

_____

**8.B.6.e. Recovery of Fees Paid by VA In the Absence of a Non-Recurrent Payment to the Claimant Because of an Offset/ Reduction**

When VA pays fees to an agent or attorney based on an award that did not result in a non-recurring payment to the claimant, VA cannot recover the fees by creating a debt against future benefits paid to the claimant.

However, VA may recoup the agent/attorney fees previously paid in such circumstances by reducing the retroactive payment from a subsequent award of benefits to the claimant *if* that award covers the same past-due benefits period as the prior award for which agent/attorney fees were paid.

*Example*:  An award of past-due benefits did not result in a retroactive payment to a military retiree because of the Veteran's receipt of MRP.  Fees of 20 percent of the pre-reduction amount of the award are paid and released by finance from VA appropriation funds to the attorney.  An AEW is subsequently generated, authorizing Concurrent Retirement and Disability Pay (or Combat Related Special Compensation).  The Veteran is now entitled to a retroactive payment for the same past-due benefits period covered by the prior award.  VA must reduce the Veteran's non-recurrent compensation payment in the amount of attorney fees that VA previously paid.

If the AEW results in an award covering a later period than for which fees were previously paid, VA would not be permitted to recoup fees that VA paid from the non-recurrent compensation due to the Veteran because that compensation would constitute future benefits with respect to that particular attorney fee.

*Note:*  All Benefit Eligibility Support Team (BEST) AAFCs processing AEWs that involve fees that *will be* or *were* paid from VA funds must establish a collectible receivable (04E transaction) prior to the authorization of the AEW award, regardless if the AEW was generated prior to or after the release of fees. BEST AAFCs will determine the amount of the collectible receivable (04E) by analyzing the net effect of the award that granted and withheld benefits (ex. award processing a higher-level review grant with military retired pay withholdings) and the fee deduction. The collectible receivable established (04E) will send the funds directly to appropriations (VA funds).

The AAFC should send a memorandum with the below language to finance prior to promulgation of the award.

> "Please process an 04E transaction for **[amount of fee]** to recoup from the claimant the agent/attorney fees paid/to be paid via VA funds related to award action dated **[enter date of associated award with insufficient funds]**. When complete, please notify the AAFC **[name of employee who submitted the request]**."

***Reference***:  For more information on processing AEWs, see [M21-1, Part VI, Subpart ii, 4.E](#).

# 7. Exhibit 1: Decision Notice – *Direct Pay Fee Agreement Filed by More Than One Agent/Attorney*

| | |
|---|---|
| **Introduction** | This topic contains a sample notice to send the agent or attorney and claimant when more than one attorney/agent has filed a direct pay fee agreement. |
| **Change Date** | July 25, 2022 |
| **8.B.7.a. Decision Notice –More Than One Agent/Attorney Filed a Direct-Pay Fee Agreement** | Below is a sample notice to send the agent or attorney and claimant when more than one attorney/agent has filed a direct pay fee agreement.<br><br>*Note*:  Send a copy of the direct pay fee decision shown below to each agent or attorney and to the claimant. |

---

**[Attorney/Agent's OR Claimant's Name]**
**[Attorney/Agent's OR Claimant's Address]**

Re:  **[Veteran's claim number and claimant's name]**

Dear **[attorney/agent's OR claimant's name]**:

**Summary of the Case**

**[Attorney/Agent 1 name]** and **[Attorney/Agent 2 name]** each filed a direct pay fee agreement in the above-cited case.

In a **[rating or Court or Board of Veterans' Appeals]** decision dated **[date]**, benefits were awarded for the following issue(s)the following claims were awarded to the claimant: **[issues decidedlist claims]**. **[20 percent (or less depending on the terms of the fee agreements)]** of past-due benefits, amounting to **[amount]** has been withheld for possible payment of fees.

**Requirements for Direct Payment of Fees**

38 CFR 14.636 provides that agents or attorneys may charge a claimant fees for representation after notice of an initial decision on a claim has been issued, if
• the initial decision on a claim was on or after February 19, 2019, and
• the agent or attorney has complied with regulatory power of attorney requirements in 38 CFR 14.631 and fee agreement requirements in 38 CFR 14.636(g).

In addition, 38 CFR 14.636(h), provides that if a fee agreement specifies that fees are to be paid directly by VA to an agent or attorney from past-due benefits, the following requirements must be met for direct payment of fees:
• The total fee payable cannot exceed 20 percent of past-due benefits.
• The fee must be contingent on a favorable outcome.

- The award of past-due benefits must result in a non-recurrent payment to the claimant.

Prior to February 19, 2019, representation for a fee was only permitted after a notice of disagreement (NOD) was filed. However, for NODs filed on or before June 19, 2007, agents and attorneys may charge only for services provided where the following two additional requirements are met:
- A final decision was promulgated by the Board of Veterans' Appeals (BVA) with respect to the issue, or issues, involved in the appeal.
- The attorney or agent was retained not later than one year following the date that the BVA decision was promulgated.
  - This requirement will be met with respect to all successor attorneys or agents acting in the continuous prosecution of the same matter if the predecessor was hired within the required timeframe.
  - This limitation does not apply if the agent or attorney was retained while the case was pending before a court.

**What We Decided and Why**

**[Use the following paragraph if each attorney/agent is entitled to the entire 20% (or less) fee:]**

In this case, all of the requirements for direct payment of fees have been met by both **[attorney/agent 1]** and by **[attorney/agent 2]**. Since each attorney/agent meets the legal criteria for payment of the entire 20 percent of past-due benefits, the case will be immediately referred to the Office of General Counsel (OGC) for a reasonableness determination (prior to expiration of the appeal period) and fees will not be distributed until OGC determines the amount, if any, that is reasonably payable to each representative from the 20 percent.

**[Use the following paragraph if only one attorney/agent is legally entitled to fees, but not the other.]**

In this case, all of the requirements for direct payment of fees have been met by **[attorney/agent 1]** but not by **[attorney/agent 2]**. The following criteria have not been met by **[attorney/agent 2]**: **[List criteria that were not met. Use the current regulation for representation related to an initial decision issued on or after February 19, 2019. Use the prior law applicable at the time (see 38 CFR 14.63 and M21-1 Part I, 3.C) where a NOD was filed on or after June 20, 2007, or on or before June 19, 2007.]** As a result, if no appeal is received in accordance with the attached notice, VA will pay **[attorney or agent 1]** a fee in the amount of **[amount after assessment deducted]**. Per 38 CFR 14.636(h), an assessment in the amount of **[amount]** has been deducted from the fees.

**[Use the following paragraph if neither attorney/agent is entitled to direct payment of fees:]**

Direct payment of fees is denied because neither representative has met the following requirement or requirements:

**[List the requirement or requirements that have not been met by each attorney/agent. Use the current regulation for representation related to an initial decision issued on or after February 19, 2019. Use the prior law applicable at the time where a NOD was filed on or after June 20, 2007, or on or before June 19, 2007.]**

**What You Should Do If You Disagree With Our Decision**

If you do not agree with this contested claim decision, you have 60 days from the date of this letter to seek further review.

Please see the enclosed *VA Form 20-0998, Your Right To Seek Review Of Our Decision*. It explains your options for an additional review. You may obtain any of the required applications by downloading them from www.va.gov/vaforms/ or by contacting us. You can also learn more about the disagreement process at www.va.gov/decision-reviews. If you would like to obtain or access evidence used in making this decision, please contact us as noted below. Some evidence may be obtained by signing in at www.va.gov.

Sincerely,

Veterans Service Center Manager OR Pension Management Center Manager

Enclosures: *VA Form 20-0998, Your Right To Seek Review Of Our Decision*
           Where to Send Written Correspondence

---

## 8. Exhibit 2: Decision Notice – *No Direct Pay Fee Agreement was Filed*

---

| **Introduction** | This topic contains a sample notice to send the agent or attorney and claimant when a subsequent denial of fees is necessary based on a valid fee agreement that was associated with the file after authorization of payment, due to a missing VA file number or Social Security Number. |

---

| **Change Date** | <mark>December 22</mark>~~September 25~~, 2023 |

---

| **8.B.8.a. Decision Notice –No Direct Pay Fee Agreement was Filed** | Below is a sample notice to send the agent or attorney and claimant when a subsequent denial of fees is necessary based on a valid fee agreement that was associated with the file after authorization of payment, due to a missing VA file number or Social Security Number. |

---

**Attorney/Agent's OR Claimant's Name]**
**[Attorney/Agent's OR Claimant's Address]**

Re: **[Veteran's claim number and claimant's name]**

Dear **[attorney/agent's OR claimant's name]**:

**Summary of the Case**

~~You and **[Attorney/Agent name]** properly filed a valid direct-pay fee agreement with the Department of Veterans Affairs (VA), requesting direct payment of 20% of the award of past-due benefits for fees.~~
A valid direct-pay fee agreement was filed with the Department of Veterans Affairs (VA), requesting direct payment of **[Percentage Withheld]**% of the award of past-due benefits.

In a **[rating or Court or Board of Veterans' Appeals]** decision dated **[date]**, benefits were awarded for the following issue(s): **[Issues Decided]**~~the following claims were awarded to the claimant: [list claims].~~

The amount of past-due benefits, which is computed from the effective date of the award through the date of the decision, is $**[Retroactive Amount for Fees]**. The amount withheld for fees is $**[Agent/Attorney Fee]** which is **[Fee Percentage]**% of past-due benefits.

**Requirements for Direct Payment of Fees**

38 CFR 14.636 provides that agents or attorneys may charge a claimant fees for representation after notice of an initial decision on a claim has been issued, if

- the initial decision on a claim was on or after February 19, 2019, and
- the agent or attorney has complied with regulatory power of attorney requirements in 38 CFR 14.631 and fee agreement requirements in 38 CFR 14.636(g).

In addition, 38 CFR 14.636(h), provides that if a fee agreement specifies that fees are to be paid directly by VA to an agent or attorney from past-due benefits, the following requirements must be met for direct payment of fees:

- The total fee payable cannot exceed 20 percent of past-due benefits.
- The fee must be contingent on a favorable outcome.
- The award of past-due benefits must result in a non-recurrent payment to the claimant.

Prior to February 19, 2019, representation for a fee was only permitted after a notice of disagreement (NOD) was filed. However, for NODs filed on or before June 19, 2007, agents and attorneys may charge only for services provided where the following two additional requirements are met:

- A final decision was promulgated by the Board of Veterans' Appeals (Board) with respect to the issue, or issues, involved in the appeal.
- The attorney or agent was retained not later than one year following the date that the Board decision was promulgated.
  - This requirement will be met with respect to all successor attorneys or agents acting in the continuous prosecution of the same matter if the predecessor was hired within the required timeframe.
  - This limitation does not apply if the agent or attorney was retained while the case was pending before a court.

**What We Decided and Why**

No direct pay fee agreement was associated with the claims folder prior to the release of past-due benefits, due to non-compliance with the requirement to include the file number or SSN per 38 CFR 14.636(g). Therefore, direct payment of fees is denied.

**What You Should Do If You Disagree With Our Decision**

If you do not agree with this contested claim decision, you have 60 days from the date of this letter to seek further review.

Please see the enclosed *VA Form 20-0998, Your Right To Seek Review Of Our Decision*. It explains your options for an additional review. You may obtain any of the required applications by downloading them from www.va.gov/vaforms/ or by contacting us. You can also learn more about the disagreement process at www.va.gov/decision-reviews. If you would like to obtain or access evidence used in making this decision, please contact us as noted below. Some evidence may be obtained by signing in at www.va.gov.

Sincerely,

Veterans Service Center Manager OR Pension Management Center Manager

Enclosures: *VA Form 20-0998, Your Right To Seek Review Of Our Decision*

Where to Send Written Correspondence

## 9. Exhibit 3: Decision Notice – *Fee Cases Involving Debts to the United States Government*

| | |
|---|---|
| **Introduction** | This topic contains a sample notice to send the agent or attorney and claimant when requirements for the entitlement to agent/attorney fees exist but there is an existing debt to the United States Government. |
| **Change Date** | December 22, 2023 |
| **8.B.9.a. Decision Notice – Fee Cases Involving Debts to the United States Government** | Below is a sample notice to send the agent or attorney and claimant when the requirements for entitlement to agent/attorney fees exist but there is an existing debt to the United States Government. |

**[Attorney/Agent's OR Claimant's Name]**
**[Attorney/Agent's OR Claimant's Address]**

Re: **[Veteran's claim number and claimant's name]**

Dear **[attorney/agent's OR claimant's name]**:

**Summary of the Case**

A valid direct-pay fee agreement(s) was filed with the Department of Veterans Affairs (VA), requesting direct payment of **[Percentage Withheld]**% of the award of past-due benefits.

In a **[rating or Court or Board of Veterans' Appeals]** decision dated **[date]**, benefits were awarded for the following issue(s): **[Issues Decided].**
The amount of past-due benefits, which is computed from the effective date of the award through the date of the decision, is $[Retroactive Amount for Fees].

**The claimant has an existing debt to the United States Government that may completely or partially exceed the amount of past-due benefits. The Office of General Counsel Precedent Opinion, VAOPGCPREC 12-93, directs VA to satisfy the debt to the United States Government prior to the direct payment of fees under 38 U.S.C. § 5314. This decision outlines any entitlement to fees. However, the VA may not be able to carry out the direct payment of fees based on the amount of the existing debt. Any remaining funds will be used to satisfy the direct pay fee agreement. Any funds that cannot be paid directly by the VA should be handled outside of VA processing.**

**Requirements for Direct Payment of Fees**
38 CFR 14.636 provides that agents or attorneys may charge a claimant fees for representation after notice of an initial decision on a claim has been issued, if

- the initial decision on a claim was on or after February 19, 2019, and
- the agent or attorney has complied with regulatory power of attorney requirements in 38 CFR 14.631 and fee agreement requirements in 38 CFR 14.636(g).

In addition, 38 CFR 14.636(h), provides that if a fee agreement specifies that fees are to be paid directly by VA to an agent or attorney from past-due benefits, the following requirements must be met for direct payment of fees:

- The total fee payable cannot exceed 20 percent of past-due benefits.
- The fee must be contingent on a favorable outcome.
- The award of past-due benefits must result in a non-recurrent payment to the claimant.

Prior to February 19, 2019, representation for a fee was only permitted after a notice of disagreement (NOD) was filed. However, for NODs filed on or before June 19, 2007, agents and attorneys may charge only for services provided where the following two additional requirements are met:

- A final decision was promulgated by the Board of Veterans' Appeals (BVA) with respect to the issue, or issues, involved in the appeal.
- The attorney or agent was retained not later than one year following the date that the BVA decision was promulgated.
  - This requirement will be met with respect to all successor attorneys or agents acting in the continuous prosecution of the same matter if the predecessor was hired within the required timeframe.
  - This limitation does not apply if the agent or attorney was retained while the case was pending before a court.

## What We Decided and Why

(Use the decision paragraph below if the debt exceeds the fee)

The claimant has an existing debt to the United States Government in the amount of $[list debt amount], which exceeds the past-due benefits. Therefore, this case is not eligible for the direct payment of fees.

(Use the decision paragraph below if the debt does not exceed the fee)

The claimant has an existing debt to the United States Government in the amount of $[list debt amount], which will reduce the past-due benefits available for the direct payment of fees. As a result, VA will withhold from the award and pay the agent or attorney fees of $[amount available after the debt minus the assessment fee]. VA will deduct an assessment of $[assessment fee amount]. The remaining $[fee amount that cannot be paid via direct payment] is not eligible for the direct payment of fees.

## What You Should Do If You Disagree With Our Decision

If you do not agree with this contested claim decision, you have 60 days from the date of this letter to seek further review in order to preserve your earliest effective benefit date.

Please see the enclosed *VA Form 20-0998, Your Right To Seek Review Of Our Decision*.  It explains your options for an additional review.  You may obtain any of the required applications by downloading them from www.va.gov/vaforms/ or by contacting us.  You can also learn more about the disagreement process at www.va.gov/decision-reviews.  If you would like to obtain or access evidence used in making this decision, please contact us as noted below.   Some evidence may be obtained by signing in at www.va.gov.

Sincerely,

Veterans Service Center Manager OR Pension Management Center Manager

*Enclosure:  VA Form 20-0998, Your Right to Seek Review of Our Decision*

*Where to Send Written Correspondence*

# EXHIBIT D

No. _____

# United States Court of Appeals for the Federal Circuit

---

NATIONAL ORGANIZATION OF VETERANS' ADVOCATES, INC.;
DEREK DEBUS; AND WESLEY A. MCCAULEY

*Petitioners,*

v.

TODD B. HUNTER,
ACTING SECRETARY OF VETERANS AFFAIRS,

*Respondent.*

---

## DECLARATION OF DEREK DEBUS

---

I, Derek Debus, declare as follows:

1.    I am an attorney licensed to practice in Arizona. I am also accredited by the Department of Veterans Affairs ("VA") and admitted to practice before the Court of Appeals for Veterans Claims ("CAVC"). I make this declaration based on personal knowledge.

2. I am currently a member of the National Organization of Veterans' Advocates, Inc. ("NOVA"). I have been a member of NOVA since July 2021.

3. In my legal practice, I regularly represent veterans who have been denied disability benefits by VA. I have also represented veterans at CAVC. I typically represent veterans on a contingency-fee basis.

4. As part of my practice, I regularly represent clients with outstanding debts to the United States. For example, I recently assisted a veteran with obtaining an increased rating for service-connected posttraumatic stress disorder. As a result of my efforts, VA increased the evaluation from 50 percent to 70 percent and awarded past-due benefits of $1,548.15 on January 9, 2024.

5. In that case, VA recognized that my client and I had properly filed a valid direct-pay fee agreement, requesting direct payment of 20% of the award of past-due benefits. But VA nevertheless denied direct payment because my client had "an existing debt to the United States Government in the amount of $3,291.00[,] which exceeds the past due benefits." A true and correct copy of that fee denial is attached to this

declaration as Exhibit D-1, with minor redactions to protect my client's privacy.

6.      I have filed a notice of disagreement with respect to this fee decision.

7.      Prior to VA's change of the M21-5 Manual in December 2023, I had never been denied direct payment of fees on the ground that I assisted a veteran with an outstanding debt.

8.      I have therefore been adversely affected in my law practice because of Chapter 8, Section B(2)(i) of the M21-5 Manual and 38 C.F.R. § 14.636(h)(1)(iii). Given VA's restrictions on the payment of contingency fees and the amount of work required to succeed on any appeal, I am considering declining representation of veterans who have an outstanding debt to the United States, because I can no longer receive direct payment of fees for such successful representation.

9.      If the Federal Circuit invalidates Chapter 8, Section B(2)(i) of the M21-5 Manual and 38 C.F.R. § 14.636(h)(1)(iii), I would be able to continue representing such clients on a contingency-fee basis with direct payment from VA. I thus have a direct stake in the outcome of this case,

because if the case succeeds, I will be able to assist more veterans and earn additional fees via direct payment.

***

I declare under penalty of perjury that the foregoing is true and correct. Executed on January 27th, 2025.

Derek Debus, Esq.

# EXHIBIT D-1



# DEPARTMENT OF VETERANS AFFAIRS

January 11, 2024

DEREK D DEBUS
DEREK DOUGLAS DEBUS
██████████████████
██████████
SCOTTSDALE AZ ██████████

In reply, refer to:
304/KD
File Number: ██████████
██████████████

Dear DEREK D DEBUS:

The claimant has an existing debt to the United States Government that may completely or partially exceed the amount of past due benefits. The Office of General Counsel Precedent Opinion VAOPGCPREC 12-93 directs VA to satisfy the debt to the United States Government prior to the direct payment of fees under 38 USC 5314. This decision outlines any entitlement to fees. However VA may not be able to carry out the direct payment of fees based on the amount of the existing debt. Any remaining funds will be used to satisfy the direct pay fee agreement. Any funds that cannot be paid directly by VA should be handled outside of VA processing.

## Summary of the Case

A valid direct-pay fee agreement(s) was filed with the Department of Veterans Affairs (VA), requesting direct payment of 20% of the award of past-due benefits.

In a Rating Decision dated January 9, 2024, benefits were awarded for the following issue(s):
- Evaluation of posttraumatic stress disorder (PTSD), which is currently 50 percent disabling, is increased to 70 percent effective August 26, 2023.

The amount of past-due benefits, which is computed from the effective date of the award through the date of the decision, is $1,548.15. The amount withheld for fees is $309.63 which is 20% of past due benefits.

## Requirements for Direct Payment of Fees

On or after February 19, 2019, agents or attorneys may generally charge for representation provided to claimants or appellants pursuing certain reviews of decisions by agencies of original jurisdiction. These reviews may include supplemental claims, higher-level reviews, appeals to the Board of Veterans' Appeals (Board), or clear and unmistakable errors. For the provisions relating to the payment of fees, see 38 U.S.C. 5904 and 38 CFR 14.636.



Before February 19, 2019, fees were only payable for representation after a notice of disagreement (NOD) was filed with respect to a decision.

For NODs filed on or before June 19, 2007, agents and attorneys could charge only for services provided after both of the following additional conditions have been met:

- The Board promulgated a final decision, and
- The attorney or agent was retained not later than one year following the date of that Board decision. This condition will be met with respect to all successor attorneys or agents acting in the continuous prosecution of the same matter if the predecessor was hired within the required timeframe. However, this limitation does not apply if the agent or attorney was retained while the case was pending before a court.

If a fee agreement specifies that fees are to be paid directly by VA to an agent or attorney from past due benefits, the following requirements must be met for direct payment of fees:

- The total fee payable cannot exceed 20 percent of past-due benefits, and
- The fee must be contingent on a favorable outcome.

## What We Decided and Why

The claimant has an existing debt to the United States Government in the amount of $3,291.00 which exceeds the past due benefits. Therefore this case is not eligible for direct payment of fees.

All of the requirements for direct payment of fees have been met. As a result, VA will pay the agent or attorney fees of $294.15. VA will deduct an assessment of $15.48 from the fees, per 38 U.S.C 5904(a)(6).

## What You Should Do If You Disagree With Our Decision

This decision is considered a contested claim. If you disagree with this decision on fee eligibility, you have 60 days from the date on your decision notice to file an appeal directly to the Board.

You also have 120 days of the date on your decision notice to file a motion for a reasonableness review if you believe the fee is too high or otherwise unreasonable. Instructions for filing a motion can be found on the enclosed How to Challenge a Fee document. See 38 CFR 14.636(e).

Please see the enclosed VA Form 20-0998, Your Right to Seek Review of Our Decision. You may obtain any of the required applications by downloading them from www.va.gov/vaforms or by contacting us. More information about the disagreement process at www.va.gov/decision-reviews. If you would like to obtain or access evidence used in making this decision, please contact us as noted below. Some evidence may be obtained by signing in at www.va.gov.

## What is VA.gov?

VA.gov provides electronic resources in a self-service environment to Servicemembers, Veterans, and their families.  Use of these resources often helps us serve you faster!  Through the VA.gov website you can:



- Submit claims for benefits and/or upload documents directly to the VA
- Request to add or change your dependents
- Update your contact and direct deposit information and view payment history
- Track the status of your claim or appeal
- Obtain verification of military service, civil service preference, or VA benefits
- And much more!

Enrolling in VA.gov is easy. Just visit www.va.gov for more information. If you submit a claim in the future, consider filing through VA.gov. Filing electronically, especially if you participate in our fully developed claim program, may result in a faster decision than if you submit your claim through the mail.

## Where to Send Written Records

Please mail all written responses to the **Compensation Benefits** address listed on the attached Where to Send Your Correspondence chart.

## If You Have Questions or Need Assistance

If you have any questions or need assistance with this claim, you may contact us by telephone, e-mail, or letter.

| If you | Here is what to do. |
|---|---|
| Telephone | Call us at 1-800-827-1000. If you use a Telecommunications Device for the Deaf (TDD), the Federal number is 711. |
| Use the Internet | Send electronic inquiries through the Internet at https://www.va.gov/contact-us/. |
| Write | VA now uses a centralized mail system. For all written communications, put your full name and VA file number on the letter. Please mail all written correspondence to the appropriate address listed on the attached *Where to Send Your Correspondence*. |

In all cases, be sure to refer to VA file number ▮▮▮▮▮▮▮.

If you are looking for general information about benefits and eligibility, you should visit our web site at https://www.va.gov or contact us, or explore our FAQs and other resources at https://www.va.gov/contact-us/.



File Number: █████████

Respectfully,

**Regional Office Director**

Enclosure(s):   VA Form 20-0998
How to Challenge a Fee
Where to Send Your Correspondence





# YOUR RIGHT TO SEEK REVIEW OF OUR DECISION

This document outlines your right to seek review of our decision on any issue with which you disagree. You may generally select one of three different review options for each issue decided by VA. However, you may not request review of the same issue using more than one option at the same time. Below is information on the three different review options.

| | Supplemental Claim | Higher-Level Review | Board Appeal |
|---|---|---|---|
| **What Is This?** | A reviewer will determine whether new and relevant evidence changes the prior decision. | An experienced claims adjudicator will review your decision using the same evidence VA considered in the prior decision. | A Veterans Law Judge at the Board of Veterans' Appeals (Board) will review your decision. |
| **By Selecting This Option** | You are adding or identifying new and relevant evidence to support your claim that we did not previously consider. VA will assist you in gathering new and relevant evidence that you identify to support your claim. | You have no additional evidence to submit to support your claim, but you believe there was an error in the prior decision. You can request an optional, one-time, informal conference with a Higher-Level Reviewer to identify specific errors in the case, although requesting this conference may delay the review. | You must choose a docket: **Direct Review** - You do not want to submit evidence or have a hearing. **Evidence Submission** - You choose to submit additional evidence without a hearing. **Hearing** - You choose to have a hearing with a Veterans Law Judge. |
| **Goal To Complete** | **125 days** on average | **125 days** on average | **365 days** on average for Direct Review (longer for the other options) |
| **Form To File\*** | **VA Form 20-0995,** *Decision Review Request: Supplemental Claim* | **VA Form 20-0996,** *Decision Review Request: Higher-Level Review* | **VA Form 10182,** *Decision Review Request: Board Appeal (Notice of Disagreement)* |
| **Scan QR Code to Access Form** | [QR Code] | [QR Code] | [QR Code] |
| **Further Options After This Decision Review** | You may request another Supplemental Claim, a Higher-Level Review, or a Board Appeal. | You may request a Supplemental Claim or a Board Appeal. | You may request a Supplemental Claim or appeal to the U.S. Court of Appeals for Veterans Claims. |

 For most VA benefits, **you have 1 year from the date on your decision notice to request a decision review to ensure the earliest possible effective date.** Consult your decision notice for specific limitations.

\* All forms listed are available at www.va.gov/find-forms/ or use your mobile device camera to scan the QR code to take you directly to the form you select.

If you do not submit a decision review request within the required time, you may only seek review through the following:

• A request to revise the decision based on a clear and unmistakable error, or

• A Supplemental Claim. If you file a Supplemental Claim after the **1-year** time limit, the effective date for any resulting award of benefits generally will be tied to the date VA receives the Supplemental Claim.

While most decision review options are available to you, there are limitations based on the type of decision you received.

• If you are a party to a **contested claim** - such as claims for apportionment, attorney fee disagreement, or multiple parties filing for survivor's benefits - your *only* option for disagreeing with your decision is to file a Board Appeal within **60 days** of the date on your decision notice.

• If you are seeking review of an **insurance decision** you have an *additional* option to challenge VA's decision by filing a complaint with a United States district court in the jurisdiction in which you reside within 6 years from when the right of action first accrues. Consult your decision notice for details on what options are available and where to send the request.

### Get Help with Your Review Request:

For more information on all the available review options, contact us at 1-800-827-1000 or visit www.va.gov/decision-reviews/. If you need help filing a decision review, you may want to work with an accredited attorney, claims agent, or a Veterans Service Organization (VSO) representative. Additional information about working with an accredited attorney, claims agent, or VSO representative is available at www.va.gov/decision-reviews/get-help-with-review-request/. You can find a searchable database of VA-recognized representatives at www.va.gov/ogc/apps/accreditation.

## Scan the QR Code to Open the Appropriate Decision Review Website Page



**Supplemental Claim**   **Higher-Level Review**   **Board Appeal**







# VA ACCREDITATION PROGRAM
## HOW TO CHALLENGE A FEE

## WHAT A CLAIMANT SHOULD KNOW ABOUT CHALLENGING A FEE CALLED FOR IN A FEE AGREEMENT WITH AN ATTORNEY OR AGENT

What if I believe that the attorney or claims agent that represented me did not earn the fee called for in our fee agreement?  If you believe the fee is too high, or otherwise unreasonable, you can file a motion challenging the reasonableness of the fee.  The Office of General Counsel (OGC) of the Department of Veterans Affairs (VA) will review fee agreement for reasonableness if you file a timely motion with our office.[1]

### How Do I File a Motion With OGC?

**I. What Are the Requirements for My Motion?**  There is no requirement to use any particular format or specific writing style when writing your motion.  For example, your motion could simply be a letter from you to OGC.  However, OGC will not review your fee agreement unless your motion meets **all** of the following requirements:

- Your motion must be in writing.  A telephone call to your VA regional office, or to OGC, does not satisfy this requirement.
- Your motion must include your full name and VA file number.
- Your motion must state and explain the reason(s) why the fee called for in the agreement is unreasonable, i.e., the reason(s) the attorney or claim agent did not earn the fee.
- You must attach to your motion any evidence you want OGC to consider.

**II. Do I Have To Inform the Attorney or Claims Agent of My Motion?**  Yes, you must serve a copy of your motion on the attorney or claims agent involved in this matter by mailing or delivering it to him or her.

**III. How Do I File My Motion With OGC and Prove that I Served It On the Attorney or Claims Agent?**  To begin OGC's review of your fee agreement, you must mail a motion, as well as proof of service (meaning proof that you have sent the motion to the attorney or claims agent involved in this matter), to the following address:

> Department of Veterans Affairs
> Office of General Counsel (022D)
> 810 Vermont Avenue, NW
> Washington, DC 20420

---

[1] An attorney or claims agent may only charge you for assistance with your claim if: (1) a notice of disagreement was filed with your claim, (2) you signed a VA Form 21-22a authorizing the attorney or claims agent to represent you, and (3) you signed a written agreement to pay the attorney or claims agent.  If you believe that these requirements have not been met, but you have received a letter from VA stating that the attorney or claims agent is eligible to be paid, you should file a notice of disagreement (NOD) with the RO.  Please note that your NOD must be received within 60 days of the date of that letter.

For More Information: Visit the VA Office of General Counsel website at:
http://www.va.gov/ogc/accreditation.asp

- Proof of service consists of a statement by the person who sent or delivered the motion. The statement must include the date and manner of service, the name of the person served, and the address of the place of delivery.
- For service by regular mail, proof of service shall include the date a statement that the motion was mailed through the U.S. Postal Service.
- A sample proof of service form that is commonly used by veterans to demonstrate that they have sent their motion to an attorney or claims agent can be found on page three.
- We recommend that you submit proof of service to our office at the same time you file your motion.

**III. When Must I File My Motion?** You have **120 days** from the date of the final VA action, which in most cases means 120 days from the date of the fee eligibility decision, to file a motion for review of a fee agreement. This means that a motion meeting all of the regulation's requirements, **including proof of service,** must be filed at the address specified above prior to expiration of the 120-day time limit.

**IV. What Factors Does the OGC Consider When Making Its Decision?** The factors for determining reasonableness include:

1. The extent and type of services the representative performed;
2. The complexity of the case;
3. The level of skill and competence required of the representative in giving the services;
4. The amount of time the representative spent on the case;
5. The results the representative achieved, including the amount of any benefits recovered;
6. The level of review to which the claim was taken and the level of the review at which the representative was retained;
7. Rates charged by other representatives for similar services;
8. Whether, and to what extent, the payment of fees is contingent upon the results achieved; and
9. If the attorney or claims agent was discharged, the reasons why he was discharged.

**V. What Happens After I File My Motion?**

- The attorney or claims agent involved in this matter may file a response to your motion with OGC not later than 30 days from the date on which you serve him or her with your motion. He or she must serve you with a copy of his response.
- You will then have 15 days from the date the attorney or claim agent serves you with a response to file a reply with OGC; you must also serve the attorney or claims agent with a copy of your reply.
- OGC may extend the time period for the attorney or claims agent's response or your reply for a reasonable period of time if sufficient cause is shown.
- Fifteen days after the date on which the attorney or claims agent responds, or 30 days after you serve the attorney or claims agent, if he or she does not respond, OGC will close the record in the proceedings, and no further evidence or argument will be accepted.
- The General Counsel will issue the final decision on the matter. This decision is appealable to the Board of Veterans Appeals.

<u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury that on this _____ day of

_____, _____, I caused to be sent by first-class mail a copy of the foregoing

Motion for Review of Fee Agreement to:

_____
Attorney/Agent's Name

_____

_____
Street Address

_____
City, State Zip Code

_____
Your Signature*

_____
Print Your Name

\* **NOTE:**  Your signature indicates that you mailed your motion to the attorney/agent on the date indicated.

## Where to Send Your Correspondence

Documents may be submitted by mail, in person at a VA regional office or electronically. However, VA recommends submitting correspondence electronically as this is the fastest method of receipt.

VA provides several tools to assist in electronic submission.  To learn more about how to submit documents and claims electronically, visit www.va.gov/disability/upload-supporting-evidence. You can also go directly to access.va.gov to digitally upload any correspondence using QuickSubmit.

By visiting www.va.gov you can also check your claim status and learn about other VA benefits.

If you need assistance, you can find a local, accredited representative at https://www.benefits.va.gov/vso/

If you prefer to mail your correspondence, please use the related mailing address below:

| **Compensation Benefits**<br>Department of Veterans Affairs<br>Compensation Intake Center<br>P.O. Box 4444<br>Janesville, WI 53547<br>Toll Free Phone: 1-800-827-1000<br>Toll Free Fax: (844) 531-7818 | **Pension & Survivors Benefits**<br>Department of Veterans Affairs<br>Pension Intake Center<br>P.O. Box 5365<br>Janesville, WI 53547<br>Toll Free Phone: 1-800-827-1000<br>Toll Free Fax: (844) 655-1604 |
| --- | --- |
| **Board of Veterans' Appeals**<br>Department of Veterans Affairs<br>Board of Veterans' Appeals<br>P.O. Box 27063<br>Washington, DC 20038<br>Toll Free Fax: (844) 678-8979 | **Fiduciary**<br>Department of Veterans Affairs<br>Fiduciary Intake Center<br>P.O. Box 5211<br>Janesville, WI 53547<br>Toll Free Phone: 1-800-827-1000<br>Toll Free Fax: (888) 581-6826 |

These addresses serve **all United States and foreign locations**.



You can also send a text message to 838255 to receive confidential support 24 hours a day, 7 days a week, 365 days a year. For more information, visit www.veteranscrisisline.net

# EXHIBIT E

No. _____

# United States Court of Appeals
# for the Federal Circuit

_____

NATIONAL ORGANIZATION OF VETERANS' ADVOCATES, INC.;
DEREK DEBUS; AND WESLEY A. MCCAULEY

*Petitioners,*

v.

TODD B. HUNTER,
ACTING SECRETARY OF VETERANS AFFAIRS,

*Respondent.*

_____

## DECLARATION OF WESLEY A. MCCAULEY
_____

I, Wesley A. McCauley, declare as follows:

1.      I am a Department of Veterans Affairs ("VA") accredited agent in Georgia and am admitted to practice before the Court of Appeals for Veterans Claims ("CAVC"). I make this declaration based on personal knowledge.

2.    I am currently a member of the National Organization of Veterans' Advocates, Inc. ("NOVA"). I have been a member of NOVA since February of 2023.

3.    In my practice, I regularly represent veterans who have been denied disability benefits by VA. I have also represented veterans at CAVC, as a non-attorney practitioner. I typically represent veterans on a contingency-fee basis.

4.    As part of my practice, I regularly represent clients with outstanding debts to the United States. For example, I recently assisted a veteran with obtaining an increased level of special monthly compensation. This resulted in past due benefits of $4,462.68.

5.    In that case, VA recognized that my client and I had properly filed a valid direct-pay fee agreement, requesting direct payment of 20% of the award of past-due benefits. But VA nevertheless denied direct payment because my client had "an existing debt to the United States Government in the amount of $5,383.72 which exceeds the past due benefits." A true and correct copy of that fee denial is attached to this declaration as Exhibit E-1, with minor redactions to protect my client's privacy.

6.     Prior to VA's change of the M21-5 Manual in December 2023, I would have been awarded fees for assisting a veteran with an outstanding debt, even if that debt exceeded the amount of past-due benefits. For example, on June 9, 2023, I was awarded fees for representing the same client discussed above, despite him having an outstanding debt to the United States. A true and correct copy of that fee decision is attached as Ex. E-2, with minor redactions to protect my client's privacy.

7.     As a result of the Manual change and 38 C.F.R. § 14.636(h)(1)(iii), I have even been denied direct payment of fees due to my client's outstanding debt *after* VA originally determined that I was entitled to fees and ordered their disbursal.

8.     For example, in August 2024, as a result of my advocacy, VA increased my client's disability rating for service-connected migraine headaches from 0 percent to 50 percent, resulting in past-due benefits of $2,115.62. On August 9, 2024, VA determined that my client and I had filed a valid direct-pay fee agreement, and I was therefore entitled to "$423.12[,] which is 20% of [the] past due benefits." A true and correct

copy of that fee decision is attached to this declaration as Ex. E-3, with minor redactions to protect my client's privacy.

9. On October 17, 2024, VA directed that those fees be disbursed to me. A true and correct copy of that decision is attached as Ex. E-4, with minor redactions to protect my client's privacy.

10. However, I never received those fees. Instead, on November 15, 2024, VA informed me that my client had "an existing debt to the United States in the amount of $2334.42, which exceeds the past-due benefits," and therefore, I would not receive direct payment of fees. A true and correct copy of that decision is attached as Ex. E-5, with minor redactions to protect my client's privacy.

11. I have filed notices of disagreement with respect to the above two decisions denying fees based on my clients' outstanding debt to the United States.

12. As the foregoing demonstrates, I have been adversely affected in my practice because of Chapter 8, Section B(2)(i) of the M21-5 Manual and 38 C.F.R. § 14.636(h)(1)(iii). Given VA's restrictions on paid representation and the amount of work required to succeed on any appeal, I am considering declining representation of veterans who have

an outstanding debt to the United States because I can no longer receive direct payment of fees for such successful representation.

13.    If the Federal Circuit invalidates Chapter 8, Section B(2)(i) of the M21-5 Manual and 38 C.F.R. § 14.636(h)(1)(iii), I would be able to continue representing such clients on a contingency-fee basis with direct payment from VA. I thus have a direct stake in the outcome of this case, because if the case succeeds, I will be able to assist more veterans and earn additional fees via direct payment.

***

I declare under penalty of perjury that the foregoing is true and correct. Executed on January 24, 2025.

Wesley A. McCauley

# EXHIBIT E-1



## DEPARTMENT OF VETERANS AFFAIRS

October 24, 2024

In reply, refer to:
341/DF

████████████████

## IMPORTANT

Dear ████████████████ :

The Office of General Counsel Precedent Opinion, VAOPGCPREC 12-93, directs VA to satisfy the debt to the United States Government prior to the direct payment of fees under 38 U.S.C. subsection 5314.

## Summary of the Case

A valid direct-pay fee agreement(s) was filed with the Department of Veterans Affairs (VA), requesting direct payment of 20% of the award of past-due benefits.

In a Rating Decision dated October 22, 2024, benefits were awarded for the following issue(s):
- A clear and unmistakable error was made in the level of special monthly compensation assigned from March 13, 2023 and is changed to reflect entitlement to special monthly compensation under 38 U.S.C. 1114, subsection (p) and 38 CFR 3.350(f)(4) at the rate equal to subsection (m) on account of entitlement to the rate equal to subsection (l) with additional disability, post traumatic stress disorder with depressive features independently ratable at 100 percent from March 13, 2023..
- Entitlement to an earlier effective date for the evaluation of posttraumatic stress disorder with depressive features is denied.

The amount of past-due benefits, which is computed from the effective date of the award through the date of the decision, is $4,462.68. The amount withheld for fees is $892.54, which is 20% of past due benefits.

## Requirements for Direct Payment of Fees

On or after February 19, 2019, agents or attorneys may generally charge for representation provided to claimants or appellants pursuing certain reviews of decisions by agencies of original jurisdiction. These reviews may include supplemental claims, higher-level reviews, appeals to the Board of Veterans' Appeals (Board), or clear and unmistakable errors. For the provisions

ICN: 1045161371V145241



relating to the payment of fees, see 38 U.S.C. 5904 and 38 CFR 14.636.

Before February 19, 2019, fees were only payable for representation after a notice of disagreement (NOD) was filed with respect to a decision.

For NODs filed on or before June 19, 2007, agents and attorneys could charge only for services provided after both of the following additional conditions have been met:
- The Board promulgated a final decision, and
- The attorney or agent was retained not later than one year following the date of that Board decision. This condition will be met with respect to all successor attorneys or agents acting in the continuous prosecution of the same matter if the predecessor was hired within the required timeframe. However, this limitation does not apply if the agent or attorney was retained while the case was pending before a court.

If a fee agreement specifies that fees are to be paid directly by VA to an agent or attorney from past due benefits, the following requirements must be met for direct payment of fees:
- The total fee payable cannot exceed 20 percent of past-due benefits, and
- The fee must be contingent on a favorable outcome.

## What We Decided and Why

This decision outlines any entitlement to fees. However, the VA may not be able to carry out the direct payment of fees based on the amount of the existing debt. Any remaining funds will be used to satisfy the direct pay fee agreement. Any funds that cannot be paid directly by the VA should be handled outside of VA processing.

Based upon the law in effect at the time the request for review was filed, direct payment of fees is denied. Direct payment of fees is denied because the following requirement or requirements have not been met: The claimant has an existing debt to the United States Government in the amount of $5,383.72 which exceeds the past-due benefits. Therefore, this case is not eligible for the direct payment of fees.

## What You Should Do If You Disagree With Our Decision

This decision is considered a contested claim. If you disagree with this decision on fee eligibility, you have 60 days from the date on your decision notice to file an appeal directly to the Board.

You also have 120 days of the date on your decision notice to file a motion for a reasonableness review if you believe the fee is too high or otherwise unreasonable. Instructions for filing a motion can be found on the enclosed How to Challenge a Fee document. See 38 CFR 14.636(e).

Please see the enclosed VA Form 20-0998, Your Right to Seek Review of Our Decision. You may obtain any of the required applications by downloading them from www.va.gov/vaforms or by contacting us. More information about the disagreement process at www.va.gov/decision-reviews. If you would like to obtain or access evidence used in making this decision, please contact us as noted below. Some evidence may be obtained by signing in at www.va.gov.



File Number: ▮▮▮▮▮

## What is VA.gov?

VA.gov provides electronic resources in a self-service environment to Servicemembers, Veterans, and their families. Use of these resources often helps us serve you faster! Through the VA.gov website you can:

- Submit claims for benefits and/or upload documents directly to the VA
- Request to add or change your dependents
- Update your contact and direct deposit information and view payment history
- Track the status of your claim or appeal
- Obtain verification of military service, civil service preference, or VA benefits
- And much more!

Enrolling in VA.gov is easy. Just visit www.va.gov for more information. If you submit a claim in the future, consider filing through VA.gov. Filing electronically, especially if you participate in our fully developed claim program, may result in a faster decision than if you submit your claim through the mail.

## Where to Send Written Records

Please mail all written responses to the **Compensation Benefits** address listed on the attached Where to Send Your Correspondence chart.

## If You Have Questions or Need Assistance

If you have any questions or need assistance with this claim, you may contact us by telephone, e-mail, or letter.

| If you | Here is what to do. |
|---|---|
| Telephone | Call us at 1-800-827-1000. If you use a Telecommunications Device for the Deaf (TDD), the Federal number is 711. |
| Use the Internet | Send electronic inquiries through the Internet at https://www.va.gov/contact-us/. |
| Write | VA now uses a centralized mail system. For all written communications, put your full name and VA file number on the letter. Please mail all written correspondence to the appropriate address listed on the attached *Where to Send Your Correspondence*. |

In all cases, be sure to refer to VA file number ▮▮▮▮▮ .

If you are looking for general information about benefits and eligibility, you should visit our web site at https://www.va.gov or contact us, or explore our FAQs and other resources at



https://www.va.gov/contact-us/.

We sent a copy of this letter to WESLEY ALONZO MCCAULEY, who you have appointed as your representative(s). If you have questions or need assistance, you can also contact your representative.

Respectfully,

**Regional Office Director**

Enclosure(s):    VA Form 20-0998
                How to Challenge a Fee
                Where to Send Your Correspondence




**U.S. Department of Veterans Affairs**

# YOUR RIGHT TO SEEK REVIEW OF OUR DECISION

This document outlines your right to seek review of our decision on any issue with which you disagree. You may generally select one of three different review options for each issue decided by VA. However, you may not request review of the same issue using more than one option at the same time. Below is information on the three different review options.

| | Supplemental Claim | Higher-Level Review | Board Appeal |
|---|---|---|---|
| **What Is This?** | A reviewer will determine whether new and relevant evidence changes the prior decision. | An experienced claims adjudicator will review your decision using the same evidence VA considered in the prior decision. | A Veterans Law Judge at the Board of Veterans' Appeals (Board) will review your decision. |
| **By Selecting This Option** | You are adding or identifying new and relevant evidence to support your claim that we did not previously consider.<br><br>VA will assist you in gathering new and relevant evidence that you identify to support your claim.<br><br>You are entitled to a hearing at any time in the supplemental claim process. | You have no additional evidence to submit to support your claim, but you believe there was an error in the prior decision.<br><br>You can request an optional, one-time, informal conference with a Higher-Level Reviewer to identify specific errors in the case, although requesting this conference may delay the review. | You must choose a docket:<br><br>**Direct Review** - You do not want to submit evidence or have a hearing.<br><br>**Evidence Submission** - You choose to submit additional evidence without a hearing.<br><br>**Hearing** - You choose to have a hearing with a Veterans Law Judge. |
| **Goal To Complete** | **125 days** on average | **125 days** on average | **365 days** on average for Direct Review (longer for the other options) |
| **Form To File*** | **VA Form 20-0995**<br>*Decision Review Request: Supplemental Claim* | **VA Form 20-0996**<br>*Decision Review Request: Higher-Level Review* | **VA Form 10182**<br>*Decision Review Request: Board Appeal (Notice of Disagreement)* |
| **Scan QR Code to Access Form** | | | |
| **Further Options After This Decision Review** | You may request another Supplemental Claim, a Higher-Level Review, or a Board Appeal. | You may request a Supplemental Claim or a Board Appeal. | You may request a Supplemental Claim or appeal to the U.S. Court of Appeals for Veterans Claims. |

 For most VA benefits, **you have 1 year from the date on your decision notice to request a decision review to ensure the earliest possible effective date.** Consult your decision notice for specific limitations.

\* All forms listed are available at www.va.gov/find-forms/ or use your mobile device camera to scan the QR code to take you directly to the form you select.

If you do not submit a decision review request within the required time, you may only seek review through the following:

• A request to revise the decision based on a clear and unmistakable error, or

• A Supplemental Claim. If you file a Supplemental Claim after the **1-year** time limit, the effective date for any resulting award of benefits generally will be tied to the date VA receives the Supplemental Claim.

     ○ If you wish to have a hearing during the supplemental claim process, you can contact us online through Ask VA: https://ask.va.gov/ or call us toll-free at 1-800-827-1000 (TTY:711).

While most decision review options are available to you, there are limitations based on the type of decision you received.

• If you are a party to a **contested claim** - such as claims for apportionment, attorney fee disagreement, or multiple parties filing for survivor's benefits or claims for life insurance - your *only* option for disagreeing with your decision is to file a Board Appeal within **60 days** of the date on your decision notice.

• If you are seeking review of an **insurance decision** you have an *additional* option to challenge VA's decision by filing a complaint with a United States district court in the jurisdiction in which you reside within 6 years from when the right of action first accrues. Consult your decision notice for details on what options are available and where to send the request.

## Get Help with Your Review Request:

For more information on all the available review options, contact us at 1-800-827-1000 or visit www.va.gov/decision-reviews/. If you need help filing a decision review, you may want to work with an accredited attorney, claims agent, or a Veterans Service Organization (VSO) representative. Additional information about working with an accredited attorney, claims agent, or VSO representative is available at www.va.gov/decision-reviews/get-help-with-review-request/. You can find a searchable database of VA-recognized representatives at www.va.gov/ogc/apps/accreditation.

### Scan the QR Code to Open the Appropriate Decision Review Website Page



| Supplemental Claim | Higher-Level Review | Board Appeal |







# VA ACCREDITATION PROGRAM
## HOW TO CHALLENGE A FEE

## WHAT A CLAIMANT SHOULD KNOW ABOUT CHALLENGING A FEE CALLED FOR IN A FEE AGREEMENT WITH AN ATTORNEY OR AGENT

What if I believe that the attorney or claims agent that represented me did not earn the fee called for in our fee agreement? If you believe the fee is too high, or otherwise unreasonable, you can file a motion challenging the reasonableness of the fee. The Office of General Counsel (OGC) of the Department of Veterans Affairs (VA) will review fee agreement for reasonableness if you file a timely motion with our office.[1]

### How Do I File a Motion With OGC?

**I. What Are the Requirements for My Motion?** There is no requirement to use any particular format or specific writing style when writing your motion. For example, your motion could simply be a letter from you to OGC. However, OGC will not review your fee agreement unless your motion meets **all** of the following requirements:

- Your motion must be in writing. A telephone call to your VA regional office, or to OGC, does not satisfy this requirement.
- Your motion must include your full name and VA file number.
- Your motion must state and explain the reason(s) why the fee called for in the agreement is unreasonable, i.e., the reason(s) the attorney or claim agent did not earn the fee.
- You must attach to your motion any evidence you want OGC to consider.

**II. Do I Have To Inform the Attorney or Claims Agent of My Motion?** Yes, you must serve a copy of your motion on the attorney or claims agent involved in this matter by mailing or delivering it to him or her.

**III. How Do I File My Motion With OGC and Prove that I Served It On the Attorney or Claims Agent?** To begin OGC's review of your fee agreement, you must mail a motion, as well as proof of service (meaning proof that you have sent the motion to the attorney or claims agent involved in this matter), to the following address:

> Department of Veterans Affairs
> Office of General Counsel (022D)
> 810 Vermont Avenue, NW
> Washington, DC 20420

---

[1] An attorney or claims agent may only charge you for assistance with your claim if: (1) a notice of disagreement was filed with your claim, (2) you signed a VA Form 21-22a authorizing the attorney or claims agent to represent you, and (3) you signed a written agreement to pay the attorney or claims agent. If you believe that these requirements have not been met, but you have received a letter from VA stating that the attorney or claims agent is eligible to be paid, you should file a notice of disagreement (NOD) with the RO. Please note that your NOD must be received within 60 days of the date of that letter.

For More Information: Visit the VA Office of General Counsel website at:
http://www.va.gov/ogc/accreditation.asp

- Proof of service consists of a statement by the person who sent or delivered the motion. The statement must include the date and manner of service, the name of the person served, and the address of the place of delivery.
- For service by regular mail, proof of service shall include the date a statement that the motion was mailed through the U.S. Postal Service.
- A sample proof of service form that is commonly used by veterans to demonstrate that they have sent their motion to an attorney or claims agent can be found on page three.
- We recommend that you submit proof of service to our office at the same time you file your motion.

**III. When Must I File My Motion?** You have **120 days** from the date of the final VA action, which in most cases means 120 days from the date of the fee eligibility decision, to file a motion for review of a fee agreement. This means that a motion meeting all of the regulation's requirements, **including proof of service,** must be filed at the address specified above prior to expiration of the 120-day time limit.

**IV. What Factors Does the OGC Consider When Making Its Decision?** The factors for determining reasonableness include:

1. The extent and type of services the representative performed;
2. The complexity of the case;
3. The level of skill and competence required of the representative in giving the services;
4. The amount of time the representative spent on the case;
5. The results the representative achieved, including the amount of any benefits recovered;
6. The level of review to which the claim was taken and the level of the review at which the representative was retained;
7. Rates charged by other representatives for similar services;
8. Whether, and to what extent, the payment of fees is contingent upon the results achieved; and
9. If the attorney or claims agent was discharged, the reasons why he was discharged.

**V. What Happens After I File My Motion?**

- The attorney or claims agent involved in this matter may file a response to your motion with OGC not later than 30 days from the date on which you serve him or her with your motion. He or she must serve you with a copy of his response.
- You will then have 15 days from the date the attorney or claim agent serves you with a response to file a reply with OGC; you must also serve the attorney or claims agent with a copy of your reply.
- OGC may extend the time period for the attorney or claims agent's response or your reply for a reasonable period of time if sufficient cause is shown.
- Fifteen days after the date on which the attorney or claims agent responds, or 30 days after you serve the attorney or claims agent, if he or she does not respond, OGC will close the record in the proceedings, and no further evidence or argument will be accepted.
- The General Counsel will issue the final decision on the matter. This decision is appealable to the Board of Veterans Appeals.

<u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury that on this _____ day of

_____, _____, I caused to be sent by first-class mail a copy of the foregoing

Motion for Review of Fee Agreement to:

_____
Attorney/Agent's Name

_____

_____
Street Address

_____
City, State Zip Code

_____
Your Signature*

_____
Print Your Name

* **NOTE:** Your signature indicates that you mailed your motion to the attorney/agent on the date indicated.

## Where to Send Your Correspondence

Documents may be submitted by mail, in person at a VA regional office or electronically. However, VA recommends submitting correspondence electronically as this is the fastest method of receipt.

VA provides several tools to assist in electronic submission. To learn more about how to submit documents and claims electronically, visit www.va.gov/disability/upload-supporting-evidence. You can also go directly to access.va.gov to digitally upload any correspondence using QuickSubmit.

By visiting www.va.gov you can also check your claim status and learn about other VA benefits.

If you need assistance, you can find a local, accredited representative at https://www.benefits.va.gov/vso/

If you prefer to mail your correspondence, please use the related mailing address below:

| **Compensation Benefits** | **Pension & Survivors Benefits** |
|---|---|
| Department of Veterans Affairs | Department of Veterans Affairs |
| Compensation Intake Center | Pension Intake Center |
| P.O. Box 4444 | P.O. Box 5365 |
| Janesville, WI 53547 | Janesville, WI 53547 |
| Toll Free Phone: 1-800-827-1000 | Toll Free Phone: 1-800-827-1000 |
| Toll Free Fax: (844) 531-7818 | Toll Free Fax: (844) 655-1604 |
| **Board of Veterans' Appeals** | **Fiduciary** |
| Department of Veterans Affairs | Department of Veterans Affairs |
| Board of Veterans' Appeals | Fiduciary Intake Center |
| P.O. Box 27063 | P.O. Box 5211 |
| Washington, DC 20038 | Janesville, WI 53547 |
| Toll Free Fax: (844) 678-8979 | Toll Free Phone: 1-800-827-1000 |
| | Toll Free Fax: (888) 581-6826 |

These addresses serve **all United States and foreign locations**.

| Veterans Crisis Line: Dial 988 then Press 1 | You can also send a text message to 838255 to receive confidential support 24 hours a day, 7 days a week, 365 days a year. For more information, visit www.veteranscrisisline.net |
|---|---|

# EXHIBIT E-2



June 9, 2023

WESLEY A MCCAULEY



VALDOSTA, GA

In reply, refer to:
346/DROC
File Number:

To Whom It May Concern:

## Summary of the Case

You and your client properly filed a valid direct-pay fee agreement with the Department of Veterans Affairs (VA), requesting direct payment of 20% of the award of past-due benefits for fees.

In a Rating Decision dated June 5, 2023, benefits were awarded for the following issue(s):

- Evaluation of posttraumatic stress disorder with depressive features, which is currently 70 percent disabling, is increased to 100 percent effective March 13, 2023,
- Entitlement to special monthly compensation based on schedular housebound criteria being met is granted from March 13, 2023.

The amount of past-due benefits, which is computed from the effective date of the award through the date of the decision, is $936.37. The amount withheld for fees is $187.27, which is 20% of past due benefits.

## Requirements for Direct Payment of Fees

On or after February 19, 2019, agents or attorneys may generally charge for representation provided to claimants or appellants pursuing certain reviews of decisions by agencies of original jurisdiction. These reviews may include supplemental claims, higher-level reviews, notices of disagreement (NODs), or clear and unmistakable errors. For the provisions relating to the payment of fees, see 38 U.S.C. 5904 and 38 CFR 14.636.

Before February 19, 2019, fees were only payable for representation after an NOD was filed with respect to a decision.

For NODs filed on or before June 19, 2007, agents and attorneys could charge only for services provided after both of the following additional conditions have been met:

- The Board of Veterans' Appeals (BVA) promulgated a final decision, and

File Number: ▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮

- The attorney or agent was retained not later than one year following the date of that BVA decision. This condition will be met with respect to all successor attorneys or agents acting in the continuous prosecution of the same matter if the predecessor was hired within the required timeframe. However, this limitation does not apply if the agent or attorney was retained while the case was pending before a court.

If a fee agreement specifies that fees are to be paid directly by VA to an agent or attorney from past due benefits, the following requirements must be met for direct payment of fees:

- The total fee payable cannot exceed 20 percent of past-due benefits.
- The fee must be contingent on a favorable outcome, and
- The award of past-due benefits must result in a cash payment to the claimant.

## What We Decided and Why

All of the requirements for direct payment of fees have been met. Due to a temporary withholding for incompetency purposes, VA has reserved the fee amount in advance, and as a result, VA will pay the attorney or agent fees of $177.91. VA will deduct an assessment of $9.36 from the fees, per 38 U.S.C 5904(a)(6).

## What You Should Do If You Disagree With Our Decision

If the claimant does not agree with this contested claim decision, he/she may file an NOD with BVA within 60 days to preserve the earliest effective benefit date.

Please see the enclosed VA Form 20-0998, *Your Right to Seek Review of Our Decision*. The claimant may obtain any of the required applications by downloading them from www.va.gov/vaforms or by contacting us. More information about the disagreement process is available at www.va.gov/decision-reviews. To obtain or access evidence used in making this decision, please contact us as noted below. Some evidence may be obtained by signing in at www.va.gov.

## What is VA.gov?

VA.gov provides electronic resources in a self-service environment to Servicemembers, Veterans, and their families. Use of these resources often helps us serve you faster! Through the VA.gov website you can:

- Submit claims for benefits and/or upload documents directly to the VA
- Request to add or change your dependents
- Update your contact and direct deposit information and view payment history
- Track the status of your claim or appeal

File Number: ██████

██████████████

- Obtain verification of military service, civil service preference, or VA benefits
- And much more!

Enrolling in VA.gov is easy. Just visit www.va.gov for more information. If you submit a claim in the future, consider filing through VA.gov. Filing electronically, especially if you participate in our fully developed claim program, may result in a faster decision than if you submit your claim through the mail.

## If You Have Questions or Need Assistance

If you have any questions or need assistance with this claim, you may contact us by telephone, e-mail, or letter.

| If you | Here is what to do. |
|---|---|
| Telephone | Call us at 1-800-827-1000. If you use a Telecommunications Device for the Deaf (TDD), the Federal number is 711. |
| Use the Internet | Send electronic inquiries through the Internet at https://iris.custhelp.va.gov. |
| Write | VA now uses a centralized mail system.  For all written communications, put your full name and VA file number on the letter.  Please mail all written correspondence to the appropriate address listed on the attached *Where to Send Written Correspondence.* |

In all cases, be sure to refer to the claimant's VA file number.

If you are looking for general information about benefits and eligibility, you should visit our website at https://www.va.gov, or search the Frequently Asked Questions (FAQs) at https://iris.custhelp.va.gov.

Sincerely yours,

## Regional Office Director

Enclosures:     Where to Send Written Correspondence
VA Form 20-0998

cc: ██████████

# EXHIBIT E-3



**DEPARTMENT OF VETERANS AFFAIRS**

August 9, 2024

WESLEY ALONZO MCCAULEY
WESLEY A MCCAULEY
█████████████████████████
████████
VALDOSTA GA ██████

In reply, refer to:
306/MD
███████████████

## IMPORTANT

Dear WESLEY ALONZO MCCAULEY:

## Summary of the Case

A valid direct-pay fee agreement(s) was filed with the Department of Veterans Affairs (VA), requesting direct payment of 20% of the award of past-due benefits.

In a Rating Decision dated August 6, 2024, benefits were awarded for the following issue(s):
- Evaluation of migraine headaches, which is currently 0 percent disabling, is increased to 50 percent effective April 1, 2024.

The amount of past-due benefits, which is computed from the effective date of the award through the date of the decision, is $2,115.62. The amount withheld for fees is $423.12 which is 20% of past due benefits.

## Requirements for Direct Payment of Fees

On or after February 19, 2019, agents or attorneys may generally charge for representation provided to claimants or appellants pursuing certain reviews of decisions by agencies of original jurisdiction. These reviews may include supplemental claims, higher-level reviews, appeals to the Board of Veterans' Appeals (Board), or clear and unmistakable errors. For the provisions relating to the payment of fees, see 38 U.S.C. 5904 and 38 CFR 14.636.

Before February 19, 2019, fees were only payable for representation after a notice of disagreement (NOD) was filed with respect to a decision.

For NODs filed on or before June 19, 2007, agents and attorneys could charge only for services provided after both of the following additional conditions have been met:
- The Board promulgated a final decision, and
- The attorney or agent was retained not later than one year following the date of that Board decision. This condition will be met with respect to all successor attorneys or agents acting in the continuous prosecution of the same matter if the predecessor was hired within the



required timeframe. However, this limitation does not apply if the agent or attorney was retained while the case was pending before a court.

If a fee agreement specifies that fees are to be paid directly by VA to an agent or attorney from past due benefits, the following requirements must be met for direct payment of fees:
- The total fee payable cannot exceed 20 percent of past-due benefits, and
- The fee must be contingent on a favorable outcome.

## What We Decided and Why

All of the requirements for direct payment of fees have been met. As a result, VA will pay the agent or attorney fees of $401.96. VA will deduct an assessment of $21.16 from the fees, per 38 U.S.C 5904(a)(6).

## What You Should Do If You Disagree With Our Decision

This decision is considered a contested claim. If you disagree with this decision on fee eligibility, you have 60 days from the date on your decision notice to file an appeal directly to the Board.

You also have 120 days of the date on your decision notice to file a motion for a reasonableness review if you believe the fee is too high or otherwise unreasonable. Instructions for filing a motion can be found on the enclosed How to Challenge a Fee document. See 38 CFR 14.636(e).

Please see the enclosed VA Form 20-0998, Your Right to Seek Review of Our Decision. You may obtain any of the required applications by downloading them from www.va.gov/vaforms or by contacting us. More information about the disagreement process at www.va.gov/decision-reviews. If you would like to obtain or access evidence used in making this decision, please contact us as noted below. Some evidence may be obtained by signing in at www.va.gov.

## What is VA.gov?

VA.gov provides electronic resources in a self-service environment to Servicemembers, Veterans, and their families.  Use of these resources often helps us serve you faster!  Through the VA.gov website you can:

- Submit claims for benefits and/or upload documents directly to the VA
- Request to add or change your dependents
- Update your contact and direct deposit information and view payment history
- Track the status of your claim or appeal
- Obtain verification of military service, civil service preference, or VA benefits
- And much more!

Enrolling in VA.gov is easy. Just visit www.va.gov for more information. If you submit a claim in the future, consider filing through VA.gov. Filing electronically, especially if you participate in our fully developed claim program, may result in a faster decision than if you submit your



claim through the mail.

## Where to Send Written Records

Please mail all written responses to the **Compensation Benefits** address listed on the attached Where to Send Your Correspondence chart.

## If You Have Questions or Need Assistance

If you have any questions or need assistance with this claim, you may contact us by telephone, e-mail, or letter.

| If you | Here is what to do. |
|---|---|
| Telephone | Call us at 1-800-827-1000. If you use a Telecommunications Device for the Deaf (TDD), the Federal number is 711. |
| Use the Internet | Send electronic inquiries through the Internet at https://www.va.gov/contact-us/. |
| Write | VA now uses a centralized mail system. For all written communications, put your full name and VA file number on the letter. Please mail all written correspondence to the appropriate address listed on the attached *Where to Send Your Correspondence*. |

In all cases, be sure to refer to VA file number          .

If you are looking for general information about benefits and eligibility, you should visit our web site at https://www.va.gov or contact us, or explore our FAQs and other resources at https://www.va.gov/contact-us/.

Respectfully,

## Regional Office Director

Enclosure(s):     VA Form 20-0998
                  How to Challenge a Fee
                  Where to Send Your Correspondence





# YOUR RIGHT TO SEEK REVIEW OF OUR DECISION

This document outlines your right to seek review of our decision on any issue with which you disagree. You may generally select one of three different review options for each issue decided by VA. However, you may not request review of the same issue using more than one option at the same time. Below is information on the three different review options.

| | Supplemental Claim | Higher-Level Review | Board Appeal |
|---|---|---|---|
| **What Is This?** | A reviewer will determine whether new and relevant evidence changes the prior decision. | An experienced claims adjudicator will review your decision using the same evidence VA considered in the prior decision. | A Veterans Law Judge at the Board of Veterans' Appeals (Board) will review your decision. |
| **By Selecting This Option** | You are adding or identifying new and relevant evidence to support your claim that we did not previously consider.<br><br>VA will assist you in gathering new and relevant evidence that you identify to support your claim. | You have no additional evidence to submit to support your claim, but you believe there was an error in the prior decision.<br><br>You can request an optional, one-time, informal conference with a Higher-Level Reviewer to identify specific errors in the case, although requesting this conference may delay the review. | You must choose a docket:<br><br>**Direct Review** - You do not want to submit evidence or have a hearing.<br><br>**Evidence Submission** - You choose to submit additional evidence without a hearing.<br><br>**Hearing** - You choose to have a hearing with a Veterans Law Judge. |
| **Goal To Complete** | **125 days** on average | **125 days** on average | **365 days** on average for Direct Review (longer for the other options) |
| **Form To File\*** | **VA Form 20-0995,** *Decision Review Request: Supplemental Claim* | **VA Form 20-0996,** *Decision Review Request: Higher-Level Review* | **VA Form 10182,** *Decision Review Request: Board Appeal (Notice of Disagreement)* |
| **Scan QR Code to Access Form** | [QR code] | [QR code] | [QR code] |
| **Further Options After This Decision Review** | You may request another Supplemental Claim, a Higher-Level Review, or a Board Appeal. | You may request a Supplemental Claim or a Board Appeal. | You may request a Supplemental Claim or appeal to the U.S. Court of Appeals for Veterans Claims. |

 For most VA benefits, **you have 1 year from the date on your decision notice to request a decision review to ensure the earliest possible effective date.** Consult your decision notice for specific limitations.

\* All forms listed are available at www.va.gov/find-forms/ or use your mobile device camera to scan the QR code to take you directly to the form you select.

If you do not submit a decision review request within the required time, you may only seek review through the following:

• A request to revise the decision based on a clear and unmistakable error, or

• A Supplemental Claim. If you file a Supplemental Claim after the **1-year** time limit, the effective date for any resulting award of benefits generally will be tied to the date VA receives the Supplemental Claim.

While most decision review options are available to you, there are limitations based on the type of decision you received.

• If you are a party to a **contested claim** - such as claims for apportionment, attorney fee disagreement, or multiple parties filing for survivor's benefits - your *only* option for disagreeing with your decision is to file a Board Appeal within **60 days** of the date on your decision notice.

• If you are seeking review of an **insurance decision** you have an *additional* option to challenge VA's decision by filing a complaint with a United States district court in the jurisdiction in which you reside within 6 years from when the right of action first accrues. Consult your decision notice for details on what options are available and where to send the request.

## Get Help with Your Review Request:

For more information on all the available review options, contact us at 1-800-827-1000 or visit www.va.gov/decision-reviews/. If you need help filing a decision review, you may want to work with an accredited attorney, claims agent, or a Veterans Service Organization (VSO) representative. Additional information about working with an accredited attorney, claims agent, or VSO representative is available at www.va.gov/decision-reviews/get-help-with-review-request/. You can find a searchable database of VA-recognized representatives at www.va.gov/ogc/apps/accreditation.

## Scan the QR Code to Open the Appropriate Decision Review Website Page



**Supplemental Claim**

**Higher-Level Review**

**Board Appeal**





# VA ACCREDITATION PROGRAM
## HOW TO CHALLENGE A FEE

## WHAT A CLAIMANT SHOULD KNOW ABOUT CHALLENGING A FEE CALLED FOR IN A FEE AGREEMENT WITH AN ATTORNEY OR AGENT

What if I believe that the attorney or claims agent that represented me did not earn the fee called for in our fee agreement? If you believe the fee is too high, or otherwise unreasonable, you can file a motion challenging the reasonableness of the fee. The Office of General Counsel (OGC) of the Department of Veterans Affairs (VA) will review fee agreement for reasonableness if you file a timely motion with our office.[1]

## How Do I File a Motion With OGC?

**I. What Are the Requirements for My Motion?** There is no requirement to use any particular format or specific writing style when writing your motion. For example, your motion could simply be a letter from you to OGC. However, OGC will not review your fee agreement unless your motion meets **all** of the following requirements:

- Your motion must be in writing. A telephone call to your VA regional office, or to OGC, does not satisfy this requirement.
- Your motion must include your full name and VA file number.
- Your motion must state and explain the reason(s) why the fee called for in the agreement is unreasonable, i.e., the reason(s) the attorney or claim agent did not earn the fee.
- You must attach to your motion any evidence you want OGC to consider.

**II. Do I Have To Inform the Attorney or Claims Agent of My Motion?** Yes, you must serve a copy of your motion on the attorney or claims agent involved in this matter by mailing or delivering it to him or her.

**III. How Do I File My Motion With OGC and Prove that I Served It On the Attorney or Claims Agent?** To begin OGC's review of your fee agreement, you must mail a motion, as well as proof of service (meaning proof that you have sent the motion to the attorney or claims agent involved in this matter), to the following address:

> Department of Veterans Affairs
> Office of General Counsel (022D)
> 810 Vermont Avenue, NW
> Washington, DC 20420

---

[1] An attorney or claims agent may only charge you for assistance with your claim if: (1) a notice of disagreement was filed with your claim, (2) you signed a VA Form 21-22a authorizing the attorney or claims agent to represent you, and (3) you signed a written agreement to pay the attorney or claims agent. If you believe that these requirements have not been met, but you have received a letter from VA stating that the attorney or claims agent is eligible to be paid, you should file a notice of disagreement (NOD) with the RO. Please note that your NOD must be received within 60 days of the date of that letter.

For More Information: Visit the VA Office of General Counsel website at:
http://www.va.gov/ogc/accreditation.asp

- Proof of service consists of a statement by the person who sent or delivered the motion. The statement must include the date and manner of service, the name of the person served, and the address of the place of delivery.
- For service by regular mail, proof of service shall include the date a statement that the motion was mailed through the U.S. Postal Service.
- A sample proof of service form that is commonly used by veterans to demonstrate that they have sent their motion to an attorney or claims agent can be found on page three.
- We recommend that you submit proof of service to our office at the same time you file your motion.

**III.  When Must I File My Motion?**  You have __120 days__ from the date of the final VA action, which in most cases means 120 days from the date of the fee eligibility decision, to file a motion for review of a fee agreement.  This means that a motion meeting all of the regulation's requirements, __including proof of service,__ must be filed at the address specified above prior to expiration of the 120-day time limit.

**IV.  What Factors Does the OGC Consider When Making Its Decision?**  The factors for determining reasonableness include:

1. The extent and type of services the representative performed;
2. The complexity of the case;
3. The level of skill and competence required of the representative in giving the services;
4. The amount of time the representative spent on the case;
5. The results the representative achieved, including the amount of any benefits recovered;
6. The level of review to which the claim was taken and the level of the review at which the representative was retained;
7. Rates charged by other representatives for similar services;
8. Whether, and to what extent, the payment of fees is contingent upon the results achieved; and
9. If the attorney or claims agent was discharged, the reasons why he was discharged.

**V.  What Happens After I File My Motion?**

- The attorney or claims agent involved in this matter may file a response to your motion with OGC not later than 30 days from the date on which you serve him or her with your motion.  He or she must serve you with a copy of his response.
- You will then have 15 days from the date the attorney or claim agent serves you with a response to file a reply with OGC; you must also serve the attorney or claims agent with a copy of your reply.
- OGC may extend the time period for the attorney or claims agent's response or your reply for a reasonable period of time if sufficient cause is shown.
- Fifteen days after the date on which the attorney or claims agent responds, or 30 days after you serve the attorney or claims agent, if he or she does not respond, OGC will close the record in the proceedings, and no further evidence or argument will be accepted.
- The General Counsel will issue the final decision on the matter.  This decision is appealable to the Board of Veterans Appeals.

For More Information: Visit the VA Office of General Counsel website at:
http://www.va.gov/ogc/accreditation.asp

<u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury that on this _____ day of

_____, _____, I caused to be sent by first-class mail a copy of the foregoing

Motion for Review of Fee Agreement to:

_____
Attorney/Agent's Name

_____

_____
Street Address

_____
City, State Zip Code

_____
Your Signature*

_____
Print Your Name

\* **NOTE:** Your signature indicates that you mailed your motion to the attorney/agent on the date indicated.

| **Where to Send Your Correspondence** |
|---|

Documents may be submitted by mail, in person at a VA regional office or electronically. However, VA recommends submitting correspondence electronically as this is the fastest method of receipt.

VA provides several tools to assist in electronic submission. To learn more about how to submit documents and claims electronically, visit www.va.gov/disability/upload-supporting-evidence. You can also go directly to access.va.gov to digitally upload any correspondence using QuickSubmit.

By visiting www.va.gov you can also check your claim status and learn about other VA benefits.

If you need assistance, you can find a local, accredited representative at https://www.benefits.va.gov/vso/

If you prefer to mail your correspondence, please use the related mailing address below:

| **Compensation Benefits**<br>Department of Veterans Affairs<br>Compensation Intake Center<br>P.O. Box 4444<br>Janesville, WI 53547<br>Toll Free Phone: 1-800-827-1000<br>Toll Free Fax: (844) 531-7818 | **Pension & Survivors Benefits**<br>Department of Veterans Affairs<br>Pension Intake Center<br>P.O. Box 5365<br>Janesville, WI 53547<br>Toll Free Phone: 1-800-827-1000<br>Toll Free Fax: (844) 655-1604 |
|---|---|
| **Board of Veterans' Appeals**<br>Department of Veterans Affairs<br>Board of Veterans' Appeals<br>P.O. Box 27063<br>Washington, DC 20038<br>Toll Free Fax: (844) 678-8979 | **Fiduciary**<br>Department of Veterans Affairs<br>Fiduciary Intake Center<br>P.O. Box 5211<br>Janesville, WI 53547<br>Toll Free Phone: 1-800-827-1000<br>Toll Free Fax: (888) 581-6826 |

These addresses serve **all United States and foreign locations**.

| **Veterans Crisis Line:<br>Dial 988 then Press 1** | You can also send a text message to 838255 to receive confidential support 24 hours a day, 7 days a week, 365 days a year. For more information, visit www.veteranscrisisline.net |
|---|---|

# EXHIBIT E-4

# Memorandum

Date: 10/17/2024

From: Agent and Attorney Fee Coordinator/Station

Subj: Fee Release

To: Support Services Division

**General Information:**

Claimant Name (last, first): ████████████

File Number: ████████

Agent/Attorney Name (last, first):

Agent/Attorney Firm, Address, Phone Number:

WESLEY ALONZO MCCAULEY
Wesley A McCauley
████████████
Valdosta GA ██████

**Fee Information:** The total fee amount is $423.12____. This fee is associated with the Summary of the Case decision dated 08/07/2024____. Please process the following transaction as indicated below.

■ **Complete fee withheld:**
**(Applicable awards authorized prior to December 22, 2023 and ALL awards authorized on or after December 22, 2023 due to the 06J6 transaction. This includes "Partial fee" and "No fee" awards.)**
- disburse $401.96____ to the agent/attorney listed above using an 06J1 transaction; and
- disburse a VA assessment of $21.16____ to appropriations.

☐ **Partial fee withheld (Awards authorized prior to December 22, 2023):**
- disburse _____ to the agent/attorney listed above using an 06J1 transaction;
- disburse _____ to the agent/attorney listed above using an 06A transaction;
- disburse a VA assessment of _____ to appropriations; and
- (if applicable) disburse a VA assessment of _____ to appropriations using an 06A transaction.

☐ **No fee withheld (Awards authorized prior to December 22, 2023):**
- disburse _____ to the agent/attorney using an 06A transaction; and
- disburse a VA assessment of _____ using an 06A transaction to the agent cashier for deposit into 3875.

☐ **Failed to make funds available for payment of fees:**
- establish a debt of _____ against the claimant listed above using an 06J7 transaction which will also send funds to the accountable balance;
- disburse _____ to the agent/attorney listed above using an 06J1 transaction; and
- disburse a VA assessment of _____ to appropriations.

☐ **Release to claimant (add reason to additional instructions):**
- disburse _____ to the claimant listed above using an 06J1 transaction.

**Additional Instructions:**

MOHAMMED DAWAN

Digitally signed by
MOHAMMED DAWAN
Date: 2024.10.17
07:51:20 -04'00'

[Reset Form]  [Save Form]

# EXHIBIT E-5

November 15, 2024

WESLEY A MCCAULEY

VALDOSTA, GA

In reply, refer to:
306 /md
File Number:

Re: File #

Dear WESLEY :

**Summary of the Case**
A valid direct-pay fee agreement was filed with the Department of Veterans Affairs (VA), requesting direct payment of **20%** of the award of past-due benefits.

In a **Decision** dated **August 07, 2024**, benefits were awarded for the following issue(s): Evaluation of migraine headaches, which is currently 0 percent disabling, is increased to 50 percent effective April 1, 2024.  The amount of past-due benefits, which is computed from the effective date of the award through the date of the decision, is **$423.12.**

**The claimant has an existing debt to the United States Government that may completely or partially exceed the amount of past-due benefits. The Office of General Counsel Precedent Opinion, VAOPGCPREC 12-93, directs VA to satisfy the debt to the United States Government prior to the direct payment of fees under 38 U.S.C. § 5314. This decision outlines any entitlement to fees. However, the VA may not be able to carry out the direct payment of fees based on the amount of existing debt. Any remaining funds will be used to satisfy the direct pay fee agreement. Any funds that cannot be paid directly by the VA should be handled outside of VA processing.**

**Requirements for Direct Payment of Fees**
38 CFR 14.636 provides that agents or attorneys may charge a claimant fees for representation after notice of an initial decision on a claim has been issued, if

- the initial decision on a claim was on or after February 19, 2019, and
- the agent or attorney has complied with regulatory power of attorney requirements in 38 CFR 14.631 and fee agreement requirements in 38 CFR 14.636(g).

In addition, 38 CFR 14.636(h), provides that if a fee agreement specifies that fees are to be paid directly by VA to an agent or attorney from past-due benefits, the following requirements must be met for direct payment of fees:

- The total fee payable cannot exceed 20 percent of past-due benefits.
- The fee must be contingent on a favorable outcome.
- The award of past-due benefits must result in a non-recurrent payment to the claimant.

File Number:
,

Prior to February 19, 2019, representation for a fee was only permitted after a notice of disagreement (NOD) was filed. However, for NODs filed on or before June 19, 2007, agents and attorneys may charge only for services provided where the following two additional requirements are met:

- A final decision was promulgated by the Board of Veterans' Appeals (BVA) with respect to the issue, or issues, involved in the appeal.
- The attorney or agent was retained not later than one year following the date that the BVA decision was promulgated.
  - This requirement will be met with respect to all successor attorneys or agents acting in the continuous prosecution of the same matter if the predecessor was hired within the required timeframe.
  - This limitation does not apply if the agent or attorney was retained while the case was pending before a court.

**What We Decided and Why**
The claimant has an existing debt to the United States Government in the amount of $2334.42, which exceeds the past-due benefits. Therefore, this case is not eligible for the direct payment of fees.

**What You Should Do If You Disagree With Our Decision**

If you do not agree with this contested claim decision, you have 60 days from the date of this letter to seek further review in order to preserve your earliest effective benefit date.

Please see the enclosed *VA Form 20-0998, Your Right To Seek Review Of Our Decision.* It explains your options for an additional review. You may obtain any of the required applications by downloading them from www.va.gov/vaforms/ or by contacting us. You can also learn more about the disagreement process at www.va.gov/decision-reviews. If you would like to obtain or access evidence used in making this decision, please contact us as noted below. Some evidence may be obtained by signing in at www.va.gov.

Sincerely yours,

# Regional Office Director

*Enclosure: VA Form 20-0998, Your Right to Seek Review of Our Decision*
*Where to Send Written Correspondence*

# EXHIBIT F

No. _____

---

NATIONAL ORGANIZATION OF VETERANS' ADVOCATES, INC.;
DEREK DEBUS; WESLEY A. MCCAULEY,

*Petitioners,*

v.

TODD B. HUNTER,
ACTING SECRETARY OF VETERANS AFFAIRS,

*Respondent.*

---

## DECLARATION OF DIANE BOYD RAUBER

---

I, Diane Boyd Rauber, declare as follows:

1.     I am the Executive Director of the National Organization of Veterans' Advocates, Inc. ("NOVA").  I make this declaration based on personal knowledge, except where stated on information and belief.

2.     I have been the Executive Director of NOVA since May 2016.

3. NOVA is a not-for-profit national organization of attorneys and other qualified members who act as advocates for veterans seeking disability benefits through the federal veteran benefits system administered by the Department of Veterans Affairs ("VA").

4. NOVA has several categories of members: attorneys (including private, legal aid, and law school clinic), accredited agents, law office staff (including paralegals and assistants), law students, and representatives from VA-accredited veteran service organizations. Approximately 200 of NOVA's individual members are themselves veterans of the United States military who have sought or may seek disability benefits from VA.

5. NOVA's purpose is to assist veterans and their advocates in seeking disability benefits from VA, including through challenges to adverse decisions by VA's regional adjudicators and by the Board of Veterans' Appeals. NOVA's purpose is reflected in NOVA's Mission Statement, which contains the following core tenets:

- To develop through research, discussion, and the exchange of information a better understanding of federal veterans benefits law and procedure;

- To develop and encourage high standards of service and representation for all persons seeking benefits through the federal veterans benefits system and in particular those seeking judicial review of denials of veterans benefits;

- To conduct and cooperate in the conduct of courses of study for the benefit of its members and others desiring to represent persons seeking benefits through the federal veterans benefits system;

- To provide opportunity for the exchange of experience and opinions through discussion, study, and publications; and

- To do all and everything related to the above and in general to have all the powers conferred upon a corporation by the District of Columbia.

A true and correct copy of NOVA's mission statement, as reflected in NOVA's Bylaws (effective December 10, 2024), is attached hereto as Exhibit F-1.

6. In accordance with its mission, NOVA often engages in policy advocacy with Congress and VA directly on legislation, regulations, and

other policy matters that implicate NOVA's goal of helping both veterans and their advocates.

7.    In addition, NOVA regularly files petitions for review in the U.S. Court of Appeals for the Federal Circuit under 38 U.S.C. § 502 to directly challenge unlawful VA agency action. *See, e.g., Nat'l Org. of Veterans' Advocs., Inc. v. Sec'y of Veterans Affs.*, No. 24-1530, Dkt. No. 1-2 (Mar. 1, 2024); *Nat'l Org. of Veterans' Advocs., Inc. v. Sec'y of Veterans Affs.*, 981 F.3d 1360 (Fed. Cir. 2020) (en banc); *Nat'l Org. of Veterans' Advocs., Inc. v. Sec'y of Veterans Affs.*, 927 F.3d 1263 (Fed. Cir. 2019); *Nat'l Org. of Veterans' Advocs., Inc. v. Sec'y of Veterans Affs.*, 809 F.3d 1359 (Fed. Cir. 2016); *Nat'l Org. of Veterans' Advocs., Inc. v. Sec'y of Veterans Affs.*, 725 F.3d 1312 (Fed. Cir. 2013); *Nat'l Org. of Veterans' Advocs., Inc. v. Sec'y of Veterans Affs.*, 710 F.3d 1328 (Fed. Cir. 2013); *Nat'l Org. of Veterans' Advocs., Inc. v. Sec'y of Veterans Affs.*, 669 F.3d 1340 (Fed. Cir. 2012); *Nat'l Org. of Veterans' Advocs., Inc. v. Sec'y of Veterans Affs.*, 476 F.3d 872 (Fed. Cir. 2007); *Nat'l Org. of Veterans' Advocs., Inc. v. Sec'y of Veterans Affs.*, 330 F.3d 1345 (Fed. Cir. 2003); *Nat'l Org. of Veterans' Advocs., Inc. v. Sec'y of Veterans Affs.*, 314 F.3d 1373 (Fed. Cir. 2003); *Nat'l Org. of Veterans' Advocs., Inc. v. Sec'y of*

*Veterans Affs.*, 260 F.3d 1365 (Fed. Cir. 2001). NOVA's overarching purpose in these cases is to promote pro-veteran policies, to ensure that veterans are treated fairly and receive the benefits they are due under law, and to enhance the ability of veterans' advocates to advance veterans' rights in proceedings before VA and the federal courts.

8.      In this case, NOVA is challenging Chapter 8, Section B(2)(i) of the M21-5 Manual and 38 C.F.R. § 14.636(h)(1)(iii), which govern when attorneys and agents who successfully represent veterans with outstanding debts to the United States may receive fees directly from VA under valid contingency-fee agreements. These provisions restrict the ability of NOVA's members to represent veterans with outstanding debts. NOVA thus has a substantial interest in challenging the validity of these rules.

9.      Since VA changed the Manual provision in December 2023 to require enforcement of this fee limitation, I have heard from NOVA members who are directly and adversely affected by the Manual provision and regulation being challenged in this case. Specifically, NOVA members have received decisions refusing direct payment of contingency fees when they successfully represented a claimant who has

an outstanding debt to the United States. On information and belief, NOVA members report receiving direct payment of fees for assisting with such claims prior to the December 2023 Manual change, despite the regulation. If NOVA prevails in its challenge to this Manual provision and regulation, these members will directly benefit. Two of these members are also petitioners in this case, and I understand that they are filing declarations in support of their and NOVA's standing in this case.

***

I declare under penalty of perjury that the foregoing is true and correct. Executed on January 27, 2025.

Diane Boyd Rauber

# EXHIBIT F-1

# Bylaws
## As Amended December 10, 2024



# NATIONAL ORGANIZATION OF VETERANS' ADVOCATES, INC.
## BYLAWS

## ARTICLE I. NAME AND OFFICES

### Section 1. Name

The name of the Association shall be the National Organization of Veterans' Advocates, Inc.

### Section 2. Offices

The principal office of the Association shall be located in Washington, D.C. The Association may have such other offices as may from time-to-time be designated by the Board of Directors.

## ARTICLE II. PURPOSES

The purposes of this Association shall be:

1. To develop through research, discussion, and the exchange of information a better understanding of federal veterans' benefits law and procedure;

2. To develop and encourage high standards of service and representation for all persons seeking benefits through the federal veterans' benefits system and in particular those seeking judicial review of denials of veterans' benefits;

3. To conduct and cooperate in the conduct of courses of study for the benefit of its members and others desiring to represent persons seeking benefits through the federal veterans benefits system;

4. To provide opportunity for the exchange of experience and opinions through discussion, study, and publications; and,

5. To do all and everything related to the above and in general to have all the powers conferred upon a corporation by the District of Columbia.

## ARTICLE III. MEMBERSHIP

### Section 1. New Members

New membership is available to any individual who was not previously a member of NOVA, and who practices or intends to practice before the United States Court of Appeals for Veterans Claims and/or the U.S. Department of Veterans Affairs. It is not available to any person who works for the U.S. government whose duties include working on matters involving veterans' benefits. New membership is limited to the first year that an individual is a member of NOVA. New membership does not include voting privileges or eligibility to serve on the Board of Directors.

**Section 2. Sustaining Members**

Sustaining membership is available to any individual who is no longer a new member and who is admitted to practice before the United States Court of Appeals for Veterans Claims and/or the U.S. Department of Veterans Affairs. Sustaining membership is limited to practitioners actively engaged in representing claimants pursuing VA benefits either for a fee or on a pro bono basis. Membership in this category entitles members to vote at all membership meetings of the organization and to serve on the Board of Directors as further described in Article VI, Section 1. Sustaining membership is available to both attorney, as well as non-attorney practitioners. Sustaining members may make additional annual contributions to subsidize NOVA operations.

A.  Gold member status will identify those members who in addition to their annual membership dues contribute an additional $5,000 annually to NOVA. These members will be recognized annually at a NOVA membership meeting for their contribution with a plaque.

B.  Silver member status will identify those members who in addition to their annual membership dues contribute an additional $2,500 annually to NOVA. These members will be recognized annually at a NOVA membership meeting for their contribution.

C.  Bronze member status will identify those members who in addition to their annual membership dues contribute an additional $1,000 annually to NOVA. These members will be recognized annually at a NOVA membership meeting for their contribution.

**Section 3. General Members**

General membership is limited to law students, law professors, and employees of legal services organizations or any other non-profit organization who represent claimants for VA benefits without charge to the claimant.  Practitioners who represent claimants for VA benefits without charge to the claimant or receipt of remuneration of any kind for services to the claimant, including EAJA fees on behalf of themselves or their employers, may also be General members. Membership in this category does not include voting privileges or eligibility to serve on the Board of Directors.

**Section 3A. Veterans Service Organization (VSO) Members**

Accredited representatives employed by any recognized veterans service organization will be VSO members.  Membership in this category does not include voting privileges or eligibility to serve on the Board of Directors.

**Section 4. Support Staff Members**

This special category of membership is limited to the clerical and paralegal support staff of Sustaining Members. Support Staff membership does not include voting privileges or eligibility to serve on the Board of Directors, and Support Staff members may, but are not required to, attend any NOVA Conferences.

**Section 5. Honorary**

Individuals of distinction who have rendered outstanding service to the Association or distinguished members of the Association who have retired may be elected honorary members of the Association by the Board. Honorary members shall not pay dues.

## Section 6. Application Process

An individual who wishes to apply for membership in NOVA shall complete and submit the required membership fee and an application in a format approved by the Association. This application needs to be accepted by the Association before membership in NOVA is formally granted. NOVA reserves the right to reject an application for membership.

## Section 7. Voting

Only active sustaining members in good standing shall be entitled to vote.

## Section 8. Duration of Membership and Resignation

Membership in this Association may terminate by voluntary withdrawal as herein provided, or otherwise in pursuance of these bylaws. All rights, privileges, and interest of a member in or to the Association shall cease on the termination of membership. Any member may, by giving written notice of such intention, withdraw from membership. Such notice shall be presented to the Board at the next succeeding meeting of the Board. Withdrawals shall be effective upon fulfillment of all obligations to the date of withdrawal.

## Section 9. Expectations Regarding the Minimum Standards of Practice

Membership in this Association is conditioned upon each member maintaining certain minimum standards and practice before the United States Court of Appeals for Veterans Claims and/or the Department of Veterans Affairs. The expectation of membership in this Association is that a higher degree of competency will be maintained by its members to insure to veterans reliable and competent representation at the United States Court of Appeals for Veterans Claims and the Department of Veterans' Affairs. Membership in this Association is also conditioned upon the representation that, by applying for membership, the applicant fully complies with the statutes and regulations governing the charging of attorney fees. By applying for and accepting membership in this Association, the member agrees to comply with standards of practice specified by the bylaws of the National Organization of Veterans' Advocates, Inc.

## Section 10. Purpose and Intent for Setting Standards of Practice

It is the intent of this Association to ensure that its members are capable and competent to provide a minimum standard of practice as described in these bylaws. The purpose of such standards is to convey not only to the public in general, but to veterans, the Department of Veterans Affairs, and the United States Court of Appeals for Veterans Claims specifically, that the members of this Association are committed to performing at a higher standard of practice in the representation of veterans' claims before the agency of original jurisdiction, the Board of Veterans' Appeals, and the United States Court of Appeals for Veterans Claims. The purpose of describing what this Association considers minimum standards of practice is to distinguish the members of this Association by the maintenance of such standards. To that end, it is the purpose of these standards to provide a framework for identifying potential problems that may be experienced by our members. It is the intent of these bylaws to provide support and assistance to its members in achieving and maintaining these minimum standards. Any member who experiences difficulties or problems in maintaining these standards shall be expected to cooperate with this Association in determining the nature, extent, and appropriate intervention for a remedy of such difficulties. So long as a member cooperates with this Association in good faith in the evaluation and remediation of these problems, no sanctions will be undertaken.

**Section 11. Minimum Standards of Practice**

Every member of this Association agrees that they will comply with the following minimum standards of practice:

1. Representation of a veteran shall include a review of all relevant records.

2. Timely filing and responses to all Court and Department of Veterans Affairs designated time frames for pleadings, motions, appeals and responses.

3. Attendance at one NOVA Spring or Fall Conference every two years.

4. Compliance with all statutes and regulations governing the charging of attorney fees.

5. Compliance with the American Bar Association Model Rules of Professional Conduct and any applicable state ethical rules.

**Section 12.** [RESERVED]

**Section 13. Investigation of Members**

Upon notification to the Board of Directors of any problem involving the practice before the United States Court of Appeals for Veterans Claims or the Department of Veterans Affairs by any member of this Association, such problem shall be referred to a committee appointed by the Board for investigation. The Committee shall notify the member subject to such investigation in writing of the creation of such Committee and inform the member regarding the nature and scope of such investigation. The Committee shall be responsible for the preparation of a written report of its investigation for submission to the Board. Such report shall make specific findings of fact and recommendations to the Board of Directors regarding the member under investigation. A copy of the report shall be made available to the member under investigation. Such reports shall be strictly confidential and will be required to be in writing and submitted to the Secretary of the Board. Every reasonable effort will be made by this Association to assist the member in whatever manner may be required to rectify the problems identified. The failure to cooperate with or to assist the investigating committee or the Board shall be grounds for termination of membership.

**Section 14. Suspension and Expulsion**

Any member may be suspended or terminated for cause, including but not limited to any acts contrary to the purposes of this Association or upon suspension and/or disqualification of the individual from the representation of claimants by the United States Court of Appeals for Veterans Claims or the Department of Veterans Affairs. Upon such suspension and/or disqualification of the individual from the representation of claimants by the United States Court of Appeals for Veterans Claims or the Department of Veterans Affairs, the Board may order immediate removal of the individual from NOVA's public-facing directory and any NOVA committees while further action is considered as outlined below. Sufficient cause for such suspension or termination of membership shall be violation of the bylaws or any lawful rule or practice duly adopted by the Association, or any other conduct prejudicial to the interest of the Association. Suspension or expulsion shall be by two-thirds vote of the entire membership of

the Board of Directors; provided that a statement of the charges shall have been sent by certified or registered mail to the last recorded address of the member at least twenty (20) days before final action is taken thereon. This statement shall be accompanied by a notice of the time and place of

the meeting of the Board, or its designee, at which the charges shall be considered and the member shall have the opportunity to appear via telephone conference call, which is the present method of regular Board meetings. The member may in addition be represented by counsel during such Board meeting. The Board may elect to hold such a hearing in person at a full Board meeting at a place and time designated by the Board. In the event of an in-person Board meeting rather than by telephone conference call, the member and/or an attorney on behalf of a member shall be entitled to be present in order to present any defense or mitigation to such charges before Board action shall be taken.

## Section 15. Reinstatement Following Suspension or Expulsion

Any former member of this organization who was suspended or expelled from membership pursuant to these bylaws may, under certain circumstances, be considered for reinstatement of their membership. Eligibility for reinstatement will be available January 1 of the year following the period of suspension imposed by this Association and/or the period of suspension imposed by the United States Court of Appeals for Veterans Claims and/or the Department of Veterans Affairs. If the period of suspension is imposed by this organization only, and not by the Court, the decision of this organization to suspend shall include a specific period of suspension. If a person has been expelled from this organization but has not been expelled or disqualified from representation of veterans at the United States Court of Appeals for Veterans Claims and/or the Department of Veterans Affairs, the period of expulsion shall be a minimum of three years unless otherwise specified in the findings of expulsion by this organization at the time of the expulsion. These Bylaws will require a specific period of expulsion or exclusion from membership to be made at the time of the expulsion decision. Eligibility for reinstatement will be available on January 1 of the year following that period of expulsion or at such other time as the Board of Directors shall specify. If a person has been expelled from this organization as a result of disqualification of that individual from representation of claimants before the United States Court of Appeals for Veterans Claims and/or the Department of Veterans Affairs, eligibility for reinstatement will be considered January 1 of the year following the reinstatement or readmission of that member to the United States Court of Appeals for Veterans Claims and/or the Department of Veterans Affairs. Any former member seeking reinstatement of their membership in this organization shall submit a written Application for Reinstatement to the President of the Board of Directors describing the basis for the request of the former member for reinstatement. This written application shall include the remedial steps that have been taken by the former member to correct the circumstances which resulted in the former member's suspension or expulsion. Upon receipt of such a written Application for Reinstatement, the President of the Board of Directors shall circulate a copy of the same to each member of the Board of Directors. The President shall cause to be placed on the agenda of the next regularly scheduled full board meeting such Application for Reinstatement. The Board of Directors shall review the application and may exercise one of three options. Option One - to accept the application. Option Two - to reject the application. Option Three - to request from the applicant additional information or to impose certain conditions upon reinstatement. The decision of the Board of Directors shall be based upon the sound discretion of the Board and shall require a two-thirds majority vote of the entire membership of the Board of Directors for reinstatement. The decision of the Board of Directors shall be communicated to the former member seeking reinstatement in writing.

## ARTICLE IV. DUES

### Section 1. Determination

The Board of Directors shall determine the annual dues for each membership class of the Association.

### Section 2. Failure to Pay

Any member who fails to pay the appropriate membership fee within thirty (30) days from the date when due shall be notified of their delinquent account by mail, fax, or email. If payment is not made within the next succeeding thirty (30) days the Member, without further notice and without hearing, will be dropped from the rolls and thereupon forfeit all rights and privileges of membership; provided that the Board may by rule prescribe procedures for extending the time for payment of dues and continuation of membership privileges upon request of a member and for good cause shown.

## ARTICLE V. MEETINGS OF THE MEMBERSHIP

### Section 1. Annual

There shall be an annual meeting of the Association held at such place and on such date as determined by the Board. The purpose of the annual meeting is for election of members to the Board of Directors, for receiving reports of officers, directors, and committees, and for the transaction of any other business as determined by the Board. Notice of such meeting, submitted by the Secretary (or other individual designated by the Board), shall be transmitted to the last recorded address of each member at least thirty (30) days before the time appointed for the meeting. Transmission of this notice is permitted by electronic mail (e-mail), mail or via fax. In the event of a contested election, sustaining members who cannot attend the meeting may request an absentee ballot for the election. Such request must be made in writing or by email to the Executive Director must be received no later than 20 days prior to the meeting. The Executive Director, or their staff, shall timely distribute the absentee ballots. The completed absentee ballot must be received by the Secretary no later than five (5) days prior to the meeting.

### Section 2. Special

Special meetings of the Association may be called by the President or the Board, or shall be called by the President upon the written request of twenty five percent (25%) of the Sustaining members of the Association. Notice of any special meeting shall be transmitted to the last recorded address of each member at least thirty (30) days in advance, with a statement of time and place and information as to the subject or subjects to be considered. Transmission of this notice is permitted by electronic mail (email), mail or via fax.

## Section 3. Quorum

Ten (10) percent of all Sustaining members must be present in person at any meeting of the Association to constitute a quorum, and, in case there be less than this number, the presiding officer may adjourn the meeting from time to time until a quorum is present.

## Section 4. Order of Business

The usual parliamentary rules as laid down in "Robert's Rules of Order" shall govern all deliberations, when not in conflict with these bylaws.

# ARTICLE VI. BOARD OF DIRECTORS

## Section 1. General Powers

The business and affairs of the Association shall be managed by or under the direction of the Board of Directors.

## Section 2. Composition and Term

Effective with the Board election in Fall 2008, and every year thereafter, there shall be three members elected to the Board, each for a three-year term. Following the Fall 2010 election, and every year thereafter, the Board shall consist of no more than nine elected members, except as follows. The immediate past President may continue to serve for up to one year from the end of their term as President, notwithstanding that their term as an elected member of the Board has expired. The term of newly elected Board members shall commence at 12:01 a.m., January 1 of the calendar year following their election, and end at 12:00 midnight on December 31, of the third calendar year following their election. Board members may serve a maximum of three consecutive terms of three years each with a lifetime maximum of 12 years. To the extent that this cap excludes a current member of this Board (as of August 2022) from serving again, they may serve one more term of three years.

## Section 3. Eligibility for Board Membership

In order to be elected or appointed to serve on the Board of Directors, an individual must have been a Sustaining member in good standing for a cumulative of five (5) years preceding their nomination, with active participation in NOVA, and must be either admitted to practice before the U.S. Court of Appeals for Veterans Claims or the Department of Veterans Affairs, or both. New, General, Support Staff, and Honorary members, as defined in Article III, may not serve on the Board of Directors. To ensure that all Board members can exercise independent judgment in all matters coming before the Board, no more than one person employed by or affiliated with the same entity, for employment or business purposes, may serve on the Board at the same time. Should the situation arise where more than one member of or member elect to the Board have such employment or business relationship, the entirety of the Board members unaffiliated with that entity shall determine a resolution by a majority vote. Nothing herein shall be construed to prohibit a Board member or member-elect from engaging in business referral arrangements, acting as co-counsel, or similar arrangements, or otherwise being a member of or participating in professional or social organizations.

**Section 4. Nominations**

Nominations for positions on the Board of Directors shall be open each year from July 1 until 30 days prior to the Annual meeting held in conjunction with the Fall NOVA Conference. Sitting members of the Board with expiring terms in the year of the election will not be presumed to be running for reelection. The Secretary shall solicit nominees from the membership at large. These nominations must be directed to the Secretary. The Board shall select by majority vote a number of candidates equal to the number of positions on the Board to be filled at the upcoming election to appear on the ballot. Additional nominations must be endorsed with the names of not less than ten (10) Sustaining members, and such nominations must be received by the Secretary at least thirty (30) days prior to the date of the election.

The Secretary shall request that the Executive Director certify whether each nominee, individually, is eligible to serve on the Board, the Executive Director will timely provide that certification, and each certified nominee shall appear as a candidate on the ballot. Each candidate should provide to the Secretary a statement supporting their candidacy no later than two weeks prior to the election. The Secretary shall timely disseminate such statements to the membership at large. Any candidate who wishes to speak to the membership prior to balloting shall be given five (5) minutes to do so at the Annual Meeting.

Any candidate may withdraw their candidacy at any time prior to the balloting by giving written notice to the Secretary.

The Secretary shall notify the President of their intent to be a nominee for reelection. The President shall then appoint another Board member, not standing for reelection, to (1) undertake the Secretary's responsibilities for the course of the election as set forth in this section and (2) supervise and announce the results of the election.

**Section 5. Elections**

The Election of the Directors of the Board shall proceed as follows:

A. If the number of nominees is less than or equal to the number of open Board Positions, a motion, properly seconded, from a member to elect all candidates by acclamation will be accepted and voted upon by the Membership by voice vote, in lieu of the use of ballots. Otherwise, the procedure for voting by ballot in subsection B, below, will be followed.

B. If the number of nominees is greater than the number of open Board positions, or if no motion is passed to elect the nominees by acclamation as provided for in subsection A, above, each Sustaining members present shall be given a ballot and asked to write down a number of names equal to the number of open positions on the Board. (However, the Board may instead provide ballots with the names of the candidates pre-printed and ask the Sustaining members to place a mark by those candidates they wish to elect.) Any timely received absentee ballots shall be counted along with the ballots collected at the meeting. Those candidates who receive the most votes shall be elected to the Board.

C. If this process does not fill every open position, the number of Directors of the Board shall be reduced by that number until the next year's election or until filled in accordance with Section 10, below.

**Section 6. Meetings**

A. Except that the Board-elect shall have a special in-person meeting following the Organization's Annual Meeting, the Board shall meet, either in-person or by telephone conference, upon call of the President, at such times and places as the President may designate, and shall be called to meet upon demand of a majority of its members. Notice of all meetings of the Board shall be sent by electronic mail (e-mail), mail, or telephone facsimile to each member of the Board at their last recorded address at least ten (10) days in advance of such meetings. In appropriate circumstances, the Board may waive the ten days advance notice by majority vote of the full Board. The Board may meet in executive session when deemed necessary.

B. Following the Annual Meeting each fall, there shall be a special in-person meeting of all continuing and newly elected Board Members for the sole purpose of electing officers to serve the following year. The current President shall preside.

**Section 7. Quorum**

A majority of the Board shall constitute a quorum at any meeting of the Board. Any less number may adjourn from time to time until a quorum be present.

**Section 8. Compensation**

Board members as such shall not receive any compensation for their services as members, but the Board may by resolution authorize reimbursement of expenses incurred in the performance of their duties. Such authorization may prescribe procedures for approval and payment of such expenses by designated officers of the Association. Nothing herein shall preclude a member from serving the Association in any other capacity and receiving compensation for such services.

**Section 9. Resignation or Removal**

Any member may resign at any time by giving written notice to the President or Secretary. Such resignation shall take effect at the time specified therein, or, if no time is specified, at the time of acceptance thereof as determined by the President or the Board. Any Board member who shall have missed three consecutive full Board meetings shall be considered to have voluntarily forfeited their position as a member of the Board of Directors. No vote for removal shall be required. The removal shall be noted by the Secretary in the minutes of the next full Board meeting. Removal for cause shall require a two-thirds majority vote of a quorum at a full Board meeting, following notice to the Board member at any regularly scheduled or special Board meeting.

**Section 10. Vacancies**

Any vacancies that may occur on the Board by reason of death, resignation or otherwise may be filled by an individual selected by the remaining members of the Board for the unexpired term.

**Section 11. Resolutions**

Board members may pass a resolution without meeting or without ten (10) days advance notice if the resolution is agreed upon by the majority of the members of the Board.

# ARTICLE VII. OFFICERS

### Section 1. Officers

The officers of this Association shall be a President, a Vice President, a Secretary and a Treasurer. These officers shall be elected every year by the Board at the special Board-elect meeting held following the Organization's Annual Meeting each Fall. Election shall be by ballot and a majority of the votes cast shall elect unless a motion for election by acclamation is passed. The new officers shall take office at 12:01 a.m., January 1, of the calendar year following their election, and shall serve until 12:00 midnight on December 31, of that year.

### Section 2. Assistant Officers

The President may, with the approval of the Board, appoint such assistant officers as may be necessary to manage the affairs of the Association.

### Section 3. Succession

Should the President become unable or unwilling to complete their term as President, the Vice President shall automatically succeed the President until a new President is elected by a majority vote of the Board.

### Section 4. Vacancies

Vacancies shall be filled at the next regular meeting of the Board or at any special meeting called by the Board for the purpose of filling a vacancy.

### Section 5. President

The President shall be selected by a majority vote of the members of the Board. The President is charged with the responsibility for the management and direction of all operations, programs, activities, and affairs of the Association, including employment and termination of employment, and the determination of compensation of members of the staff and support personnel, functioning within the framework of policy aims and programs as generally determined by the Board. The President shall preside at meetings of the Association, and of the Board of Directors, and shall be a member ex-officio, with right to vote, of all committees. The President shall also, at the annual meeting of the Association and at such other times as the President shall deem proper, communicate to the Association or to the Board such matters and make such suggestions as may in the President's opinion tend to promote the welfare and increase the usefulness of the Association, and shall perform such other duties as are necessarily incident to the office of President or as may be prescribed by the Board. An individual must have served as a member of the Board for at least two years in order to be elected President and may serve as President up to three consecutive years.

## Section 6. Vice President

The Vice President may be designated by the President to perform the President's duties, in the event of their temporary disability or absence from meetings and shall have such other duties as the President or the Board of Directors may assign.

## Section 7. Secretary

The Secretary shall give notice and attend all meetings of the Association, keep a record of all proceedings, attest documents, supervise elections and announce and certify the outcome of elections, and perform such other duties as are usual for such official or as may be duly assigned.

## Section 8. Treasurer

The Treasurer shall be responsible for overseeing the financial affairs of the Organization, including the maintenance of a roster of paid members, the accounting for all income and disbursements, and the implementation of the Financial Policy of the Board of Directors. The Treasurer shall be bonded. The funds, books and vouchers in the Treasurer's keeping and those under the Treasurer's review shall at all times be subject to verification and inspection by the Board or its designees.

## ARTICLE VIII. COMMITTEES

## Section 1. [RESERVED]

## Section 2. Seminar Committee

A Seminar Committee shall be appointed by the President, whose duty it shall be to plan the Seminars for the Association. This Committee's report shall be submitted to the Board prior to each Seminar for its approval.

## Section 3.  Webinar Committee

A Webinar Committee shall be appointed by the President, whose duty it shall be to plan the Webinars for the Association. This Committee's report shall be submitted to the Board prior to each Webinar for its approval.

## Section 4. Executive Committee

The Executive Committee shall be composed of the elected officers of the Association (President, Vice President, Secretary and Treasurer). A majority of the members of the Executive Committee shall constitute a quorum. Between meetings of the Board of Directors, the Executive Committee may perform those functions of the Board that must necessarily be performed prior to the next scheduled meeting of the Board and where the convening of a special Board meeting is deemed impractical by the Executive Committee, but not inconsistent with any prior action taken by the Board. The Executive Committee shall report any actions taken by the Executive Committee to the full Board at (i) its next succeeding meeting, or (ii) if that meeting is more than 20 days after the Executive Committee meeting, then by written notice mailed within 10 days of the date of the Executive Committee meeting at    hich such action was taken.

**Section 5. Ethics Committee**

The President shall appoint an Ethics Committee whose duty it shall be to provide guidance and recommendations for relevant ethics sessions at NOVA seminars and webinars.

**Section 6. Amicus and Litigation Committee**

There shall be a Committee of the Board of Directors to recommend in which cases this Organization should submit amicus curiae briefs to the United States Court of Appeals for Veterans Claims, United States Court of Appeals for the Federal Circuit, the United States Supreme Court, and any other court in which issues involving veterans' law may be pending. In addition, the Committee shall be responsible for any litigation deemed appropriate for the organization to initiate challenging actions of the Department of Veterans Affairs. It shall be the responsibility of the Committee to determine the cases in which litigation will be initiated or amicus briefs will be filed and to solicit attorneys to prepare and submit those briefs. The Committee shall consist of the Executive Director, the Chairpersons of the Congressional Testimony and Regulatory Comment Committees, and any other sustaining members appointed by the Board. The President shall select the Chairperson from those appointed.

**Section 7. Congressional Testimony Committee**

A Congressional Testimony Committee shall be appointed by the President after the Annual Meeting whose duty it shall be to review Congressional testimony drafted by the Executive Director or others prior to its submission to the Board.

**Section 8. Regulation Comment Committee**

A Regulation Comment Committee shall be appointed by the President, whose duty it shall be to review comments on proposed regulations drafted by the Executive Director or others prior to its submission to the Board.

**Section 9. Authority of President to Create New Committees**

Such other committees, standing or special, shall be appointed by the President as the Organization or the Executive Board shall from time to time deem necessary to carry on the work of the Organization. The President shall be *ex officio* a member of all committees.

## ARTICLE IX. ADMINISTRATIVE STAFF

The Board of Directors may retain the services of an individual to serve as the Executive Director of the Organization, and such other staff as the Board deems necessary. These individuals may serve as employees or be retained as independent contractors, subject to the discretion of the Board. It shall be the duty of the Executive Director and other administrative staff to conduct the business of the Organization and to carry out its policies at the direction of the Board of Directors. No employee or independent contractor of the Organization shall be eligible to be a member of the Organization while so employed.

## ARTICLE X. LIMITATION OF LIABILITIES

Nothing herein shall constitute members of the Association as partners for any purpose. No member, officer, agent, or employee of the Association shall be liable for the acts or failure to act on the part of any other member, officer, agent, or employee of the Association. Nor shall any member, officer, agent, or employee be liable for their acts or failure to act under these bylaws, excepting only acts or omissions to act arising out of willful misfeasance. (09/25/2008)

## ARTICLE XI. FISCAL YEAR

The fiscal year shall commence on the first day of January and shall end on the thirty-first day of December.

## ARTICLE XII. SEAL

The Association shall have a seal of such design as the Board of Directors may adopt.

## ARTICLE XIII. INDEMNIFICATION

The Association shall provide for indemnification by the Association of any and all of its Board of Directors members, officers or former Board of Directors members or officers against expenses actually and necessarily incurred by them in connection with the defense of any action, suit, or proceeding in which they or any of them are made parties, or a part, by reason of having been Board of Directors members or officers of the Association, except in relation to matters as to which such Board of Director members or officer or former Board of Director members or officer shall be adjudged in such action, suit, or proceeding to be liable for negligence or misconduct in the performance of duty and to such matters as shall be settled by agreement predicated on the existence of such liability for negligence or misconduct.

## ARTICLE XIV. ASSOCIATION ASSETS

### Section 1. Rights of Proprietorship

Membership in the Association is a privilege and not a property right. No member shall have any ownership or property right in the funds, property, or other assets of the Association.

### Section 2. Dissolution of the Association

On dissolution of the Association, any funds remaining shall be distributed to one or more regularly organized and qualified charitable, educational, scientific, or philanthropic organization to be selected by the Board of Directors.

## ARTICLE XV. VOTING PROCEDURES

Voting on any matter by the Board of Directors, may be conducted by e-mail, mail, telephone, or fax, if authorized by the President or a majority vote of the Board of Directors.

# **ARTICLE XVI. AMENDMENTS**

These bylaws may be amended, repealed, or altered in whole or in part upon a vote of two thirds of the members of the Board of Directors at any meeting called in conformance with Section 6 of Article VI, provided that a copy of any amendment proposed for consideration shall have been transmitted to each Board of Directors member at least thirty (30) days prior to the date of the meeting. Transmission of the amendment proposed for consideration is permitted by e-mail, mail, or fax.